Tyler M. Paetkau (SBN 146305)
HUSCH BLACKWELL LLP
1999 Harrison St., Suite 700
Oakland, CA  94612
*Telephone:* 510.768.0650
*Facsimile:*  510.768.0651
Tyler.Paetkau@huschblackwell.com

Attorneys for Defendant
Transdev Alternative Services, Inc.

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWANDIE TIO, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSDEV ALTERNATIVE SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>*[Removal from Santa Clara Superior Court Case No. 22CV400828]*<br><br>**NOTICE OF REMOVAL BY DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC.**<br><br>State Court Complaint Filed:  July 19, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**: Please take notice that Defendant TRANSDEV ALTERNATIVE SERVICES, INC. ("Transdev"), by and through its undersigned attorneys, hereby removes the above-captioned civil action ("Action") filed by Plaintiff IRWANDIE TIO, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act ("Plaintiff"), from the Superior Court of the State of California, County of Santa Clara ("State Court"), to the United States District Court for the Northern District of California ("Court"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.  As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Transdev states:

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this Action under diversity jurisdiction.

2.    The diversity statute grants the Court original jurisdiction over this Action because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states, California (Plaintiff's citizenship) and Maryland and Illinois (Transdev's citizenship). *See* 28 U.S.C. § 1332.

## II.    PROCEDURAL HISTORY

3.    On July 19, 2022, Plaintiff filed a complaint in the Superior Court of California, County of Santa Clara, titled *Irwandie Tio, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act v. Transdev Alternative Services, Inc., a Delaware corporation; and DOES 1 through 100, inclusive,* Santa Clara Superior Court Case No. 22CV400828 ("Complaint"). (*See* Complaint, attached as Exhibit A.)

4.    In the Complaint, Plaintiff purports to sue on his behalf and on behalf of "other aggrieved employees," defined by Plaintiff as "hourly-paid or non-exempt employees who worked for any of the Defendants in the State of California, including but not limited to all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California who earn shift differentials/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the correct regular rate of pay used to calculate the overtime pay" (hereinafter "Aggrieved Employees"). (*See* Complaint, at ¶ 19, Exhibit A.)

5.    On behalf of himself and the Aggrieved Employees, Plaintiff asserts a single cause of action for civil penalties under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698, *et seq.*, alleging (1) failure to pay overtime, (2) failure to provide meal and rest periods, (3) failure to pay minimum wages, (4) failure to timely pay wages, (5) failure to provide complete and keep accurate wage statements and payroll records, and (6) failure to reimburse employees for business-related expenses and costs. (*See generally* Complaint, Exhibit A.)

6.    On July 19, 2022, Plaintiff also filed a Civil Case Cover Sheet. (*See* Civil Case Cover Sheet, attached as Exhibit B.)

7.    On August 5, 2022, Plaintiff served a copy of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference, and Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline to Transdev. (*See* copy of all documents served on Transdev, attached as Exhibit C.)

8.    On September 2, 2022, Transdev filed an Answer to Plaintiff's Complaint in State Court. (*See* Answer, attached as Exhibit D.[1])

9.    Based on information and belief, no other pleadings were filed in this matter.

## III.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

10.    Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

11.    Under 28 U.S.C. § 1446(c)(2)(A)(i), the notice of removal may assert the amount in controversy where the initial pleading seeks either nonmonetary relief or a money judgment "where the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."

12.    If the Court finds that there is complete diversity and determines by a preponderance of the evidence that the amount asserted in the notice for removal under § 1446(c)(2)(A) exceeds $75,000, then removal on that basis is proper. *See id*. at § (c)(2)(B).

### A.    Complete Diversity of Citizenship Exists.

13.    Plaintiff Irwandie Tio is a citizen of California. (*See* Complaint, ¶ 5, Exhibit A.) His employment records also reflect that he lived, worked, and was physically present in the State of California throughout his employment. Thus, at all relevant times, Plaintiff Irwandie Tio was a citizen of the State of California.

14.    Transdev is, and at all relevant times was, a citizen of Maryland (its state of incorporation) and Illinois (its principal place of business). Whereas it is properly registered to conduct business in the State of California, Transdev is not, and was not at any relevant time, a

---

[1]  At the time of filing this Notice of Removal, the Clerk of the Court had not docketed Transdev's Answer.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

citizen of the State of California. *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of the State where it is incorporated and of the State where it has its principal place of business).

15.    The Complaint also names Defendants Does 1-100.  The Complaint does not allege the citizenship of the fictional Doe Defendants.  For removal purposes, the Court must disregard the citizenship of fictitiously named "Doe" defendants.  *See* 28 U.S.C. § 1441(a).

16.    Federal "district courts in California routinely exercise jurisdiction over PAGA claims when complete diversity exists between the PAGA plaintiff and the defendant."  *Olson v. Michaels Stores, Inc.*, No. CV1703403ABGJSX, 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017) (C.D. Cal. Aug. 2, 2017); *see also Solis v. Dunbar Armored, Inc.*, No. 17-CV-2193 DMS (JLB), 2018 WL 259200, at *2 (S.D. Cal. Jan. 2, 2018) (holding complete diversity existed in PAGA action and reasoning that "although California may be a real party in interest to a PAGA action, this does not convert California into an actual party to all PAGA litigation.  This is because when the state, a real party in interest has declined to bring the action or intervene, there is no basis for deeming it a 'party.'"); *Gunther v. International Bus. Mach. Corp.*, 2016 WL 3769335, at *3 (C.D. Cal. July 14, 2016); *Chavez v. Time Warner Cable LLC*, No. CV 12-5291-RGK (RZX), 2016 WL 1588096, at *3 (C.D. Cal. Apr. 20, 2016); *Lopez v. Ace Cash Express, Inc.*, 2015 WL 1383535, at *2 n.2 (C.D. Cal. Mar. 24, 2015); *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *8 (E.D. Cal. June 2, 2011).

17.    Based on the foregoing, complete diversity between Plaintiff and Transdev is established because Plaintiff and Transdev are citizens of different states.

**B.    The Amount in Controversy Exceeds the Sum or Value of $75,000, Exclusive of Interest and Costs.**

18.    Plaintiff's Complaint does not specify the damages he seeks against Transdev, but does allege the "amount in controversy . . . is less than seventy-five thousand dollars ($75,000)."  (*See* Complaint, ¶1, Exhibit A.)  This is nothing but an impermissible attempt to avoid diversity jurisdiction. As explained below, the amount in controversy far exceeds $75,000.  *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (the amount in controversy alleged by the plaintiff must be in good faith); *Choudhuri v. Wells Fargo Bank, N.A.*,

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

15-CV-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) ("But making a claim in 'good faith' means that a plaintiff's 'estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.'" *Choudhuri v. Wells Fargo Bank, N.A.*, 15-CV-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) (citing *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004)); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (when "damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds" $75,000); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) ("By choosing to over plead in his complaint, plaintiff has chosen to accept the risk that he will plead himself into federal court").

19.     The Ninth Circuit applies a preponderance of evidence burden of proof to a removing defendant. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007). However, the law does not require the removing defendant to research, state, and prove the exact amount the plaintiff sought by filing suit. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Where the complaint is ambiguous, "a defendant's reasonable extrapolations from the plaintiff's allegations" may be sufficient to establish the amount in controversy. *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1041 (N.D. Cal. 2014).

20.     In the Prayer for Relief, Plaintiff alleges this case is "in excess of twenty-five thousand dollars ($25,000)." (*See* Complaint, Exhibit A.) In the Civil Case Cover Sheet, Plaintiff designated this case as an unlimited civil case, where the amount demanded exceeds $25,000.00. (*See* Civil Cover Sheet, Exhibit B.) As such, Plaintiff admits that the damages sought for the causes of action asserted in the Complaint, at minimum, exceed $25,000 – the jurisdictional minimum amount for an unlimited civil case under California Code of Civil Procedure section 85. However, as explained below, the actual amount in controversy in this case far exceeds $25,000.

21.     In the Prayer for Relief, Plaintiff seeks monetary relief, including (a) recovery of civil penalties under the PAGA and (b) an award of statutory attorneys' fees and cost of suit, as allowable under the law, including but not limited to, under Labor Code section 2699. (*See*

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

1  Complaint, Exhibit A.)

2      22.    Although Transdev denies that it is liable for any damages allegedly incurred by

3  Plaintiff, for purposes of establishing diversity jurisdiction, the Court must presume that Plaintiff

4  will prevail on each of the asserted claims.  Here, Plaintiff seeks relief for alleged violations of the

5  PAGA, alleging (1) failure to pay overtime, (2) failure to provide meal and rest periods, (3) failure

6  to pay minimum wages, (4) failure to timely pay wages, (5) failure to provide complete and keep

7  accurate wage statements and payroll records, and (6) failure to reimburse employees for business-

8  related expenses and costs.  (*See generally* Complaint, Exhibit A.)

9      23.    Plaintiff seeks relief as follows:

10  Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all
   aggrieved employees, requests and is entitled to recover from Defendants and each of them,
11  attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all
   penalties pursuant to PAGA against Defendants, and each of them, including but not limited
12  to:

13          a.    Penalties under California Labor Code section 2699 in the amount of
               a hundred dollars ($100) for each aggrieved employee per pay period
14              for the initial violation, and two hundred dollars ($200) for each
               aggrieved employee per pay period for each subsequent violation;
15
16          b.    Penalties under California Code of Regulations Title 8 Section 11010
               et seq. in the amount of fifty dollars ($50) for each aggrieved
17              employee per pay period for the initial violation, and one hundred
               dollars ($100) for each aggrieved employee per pay period for each
18              subsequent violation;

19          c.    Penalties under California Labor Code section 210 in addition to, and
               entirely independent and apart from, any other penalty provided in the
20              California Labor Code in the amount of a hundred dollars ($100) for
               each aggrieved employee per pay period for the initial violation, and
21              two hundred dollars ($200) for each aggrieved employee per pay
               period for each subsequent violation; and
22
23          d.    Any and all additional penalties and sums as provided by the
               California Labor Code and/or other statutes.  (*See* Complaint, ¶62,
24              Exhibit A.)

25      24.    Plaintiff alleges Transdev employed him from February 2021 to October 2021.  (*See*

26  Complaint, at ¶20, Exhibit A.)  Thus, for purposes of calculating the amount in controversy,

27  Transdev employed Plaintiff Tio for approximately 38 weeks, or 19 pay periods, within the relevant

28  statutes of limitations.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

25.    First, under the PAGA the civil penalties are one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation. Cal. Lab. Code § 2699, subd. (f)(2). Plaintiff does not specify when or which violations allegedly occurred under the PAGA. Assuming an alleged violation of each of the Labor Codes occurred during each pay period, the amount in controversy for this claim is at least $18,500 ($100 x 5 (each first violation) + $200 x 5 (each subsequent violation) x 18 (pay periods) = $18,500).

26.    Second, Plaintiff's allegations of failure to pay overtime add to the amount in controversy.  Cal. Code Regs. tit. 8, § 11090 provides an initial penalty of $50.00 and $100.00 for subsequent violations for unpaid overtime.  Plaintiff does not limit this allegation to any particular period.  Plaintiff also does not specifically state how many hours on average he worked every day or every week for purposes of determining overtime.  Plaintiff merely states that Transdev "failed to pay overtime wages to Plaintiff and the other aggrieved employees.  Plaintiff and the other aggrieved employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation." (*See* Complaint, at ¶39, Exhibit A.)  Assuming Plaintiff seeks penalties for unpaid overtime for each paid period, the amount in controversy for this claim is at least $1,850 ($50 (first violation) + $100 (each subsequent violation) x 18 (pay periods) = $1,850).

27.    Third, Plaintiff's claims for violations of California meal and rest period laws add to the amount of controversy. Assuming Transdev did not provide lawful meal and rest periods as Plaintiff alleges in the Complaint, then Plaintiff could recover an initial penalty of $50.00 and $100.00 for subsequent violations.  Cal. Lab. Code § 558(a)(1)-(2).  If Transdev failed to provide Plaintiff with meal and rest periods each pay period, as alleged by Plaintiff, which were "short, late, interrupted, or altogether missed," then the amount of controversy for this claim is at least $1,850 ($50 (first violation) + $100 (each subsequent violation) x 18 (pay periods) = $1,850).

28.    Fourth, Plaintiff's claim for failure to pay minimum wage adds to the amount in controversy.  Cal. Lab. Code, § 1197.1, subds. (a)(1)-(2) provides an initial penalty of $100.00 penalty and $250.00 for subsequent violations of the minimum wage obligation.  Plaintiff's

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

1   Complaint does not allege the number of hours he worked for which he was not paid the statutory

2   minimum wage.  However, assuming Transdev did not pay Plaintiff minimum wage each pay

3   period, then the amount of controversy for this claim is at least $4,600 ($100 (first violation) + $250

4   (each subsequent violation) x 18 (pay periods) = $4,600).

5          29.      Fifth, Plaintiff's claim for failure to provide accurate wage statements adds to the

6   amount in controversy.  An employer's failure to comply with California Labor Code section 226(a)

7   entitles an employee "to recover the greater of all actual damages or fifty dollars ($50) for the initial

8   pay period in which a violation occurs and one hundred dollars ($100) per employee for each

9   violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars."

10  Cal. Lab. Code § 226(e)(1).  Plaintiff does not allege that this conduct was limited to any period of

11  time.  Therefore, assuming this alleged conduct occurred each pay period, the amount of controversy

12  for this claim is at least $1,850 ($50 (first violation) + $100 (each subsequent violation) x 18 (pay

13  periods) = $1,850).

14         30.      The total amount in controversy arising from civil penalties for Plaintiff's claims is

15  at least $28,650 ($18,500 (PAGA civil penalties) + $1,850 (failure to pay overtime) + $1,850 (failure

16  to provide meal and rest periods) + $4,600 (failure to pay minimum wage) + $1,850 (failure to

17  provide accurate wage statements) = $28,650).

18         31.      Most importantly, Plaintiff also seeks reasonable attorney's fees as provided for

19  under California Labor Code sections 210, 218.5, and 2699, and "any other applicable statute." (*See*

20  Complaint, ¶64, Exhibit A.)  Where a Plaintiff seeks attorneys' fees authorized by statute, such fees

21  may be included in the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

22  (9th Cir. 1998).  The fees may consist of all that would accrue when the action is resolved.  *Fritsch*

23  *v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  District courts may

24  properly rely on their expertise in determining whether the amount in controversy, including

25  attorneys' fees, exceeds the jurisdictional threshold.  *Id*. at 795.  Here, even a conservative estimate

26  of attorneys' fees in cases like this one would support an amount in controversy that exceeds the

27  jurisdictional amount.

28

32.    As one federal district court noted in 2016, "recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours." *Stainbrook v. Target Corp.*, No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *5 (C.D. Cal. June 8, 2016) (internal citations and quotation marks omitted); *see also Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (noting "attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case"); *Park v. Joong-Ang Daily News Cal., Inc.*, No. BC508362, 2016 WL 363171, at *3 (Cal. Supp. Jan. 7, 2016) (*Park*) (awarding $258,155 in attorney's fees for 456.30 hours billed between two attorneys in single-plaintiff wage and hour case); *Makabi v. Gedalia*, No. B261005, 2016 WL 815937, at *6 (Cal. Ct. App. Mar. 2, 2016) (granting Plaintiff's attorneys' fees of $456,522.50 and costs in the amount of $20,343.39 for a total of $476,865.89 in another employment litigation case).

33.    In this case, there is no need to speculate about the attorney's fees in controversy because Plaintiff's counsel has a record of their hourly rates and fees generated in similar PAGA actions.  (*See* Request for Judicial Notice, attached as Exhibit E.)  For example, on January 6, 2021, in Case No. 1:19-cv-00332-JLT-SAB (a PAGA case), Plaintiff's counsel asserted, under oath, that his hourly rate was $975/hour and his firm's blended hourly rate of compensation was $780/hour. *See id.*   In Case No. 1:19-cv-00332-JLT-SAB, the trial court ultimately awarded $150,000 in attorney's fees to Plaintiff's counsel.  *See id.*   In Case No. 4:19-cv-02411-HSG, the trial court accepted Plaintiff's counsel's hourly rates ranging from $350 to $800 as reasonable for 689 hours of work, and granted Plaintiff's counsel $175,000 in reduced attorneys' fees and $31,348.74 in costs. *Id*.

34.    Assuming Plaintiff's attorneys bill at a flat rate of $400.00 per hour (an amount that is significantly less than Plaintiff counsel's hourly rate asserted under oath and at the low-end of rates recently found reasonable by courts), and his attorneys spend a conservative estimate of 200 hours on the case through trial, Plaintiff would be entitled to substantial attorneys' fees, well above $75,000.  Plaintiff is vastly underestimating the amount of attorney's fees that he will incur in taking his PAGA claim to trial.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

35.    Because it is facially apparent from the Complaint and the exhibits submitted in this Notice of Removal, Transdev has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## IV.    THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES

36.    Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading or summons. The 30 days for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

37.    Here, Plaintiff filed the above-captioned action on July 19, 2022, in the Superior Court of the State of California, County of Santa Clara, as Case Number 22CV400828. Plaintiff served Transdev on August 5, 2022. This Notice of Removal is timely because it has been filed within thirty days of Plaintiff's service of the Complaint on Transdev. *See* 28 U.S.C. § 1446; Fed. R. Civ. P. 6(a)(1) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

38.    Transdev has not made a prior application for this or similar relief.

39.    As required by 28 U.S.C. § 1446(d), Transdev will serve this Notice of Removal on Plaintiff. Transdev will also promptly file a Notice of Filing a Notice of Removal with the Clerk of the California Superior Court, County of Santa Clara, which will advise the state court of the removal.

40.    Based on the foregoing, this matter is subject to the original jurisdiction of the Court, under 28 U.S.C. §§ 1331 and 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Transdev respectfully requests that the matter filed in the Superior Court of California, County of Santa Clara, and captioned as *Irwandie Tio, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act v. Transdev*

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

1    *Alternative Services, Inc., a Delaware corporation; and DOES 1 through 100, inclusive,* Santa Clara

2    Superior Court Case No.: 22CV400828, be removed to the United States District Court for the

3    Northern District of California.

4    Dated: September 6, 2022                HUSCH BLACKWELL LLP

5

6                                        By:    /s/*Tyler M. Paetkau*
                                                Tyler M. Paetkau
7

8                                                Attorneys for Defendant
                                                Transdev Alternative Services, Inc.
9

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

EXHIBIT A

E-FILED
7/19/2022 2:06 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV400828
Reviewed By: R. Walker

Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel:  (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

IRWANDIE TIO, individually, and on
behalf of other aggrieved employees
pursuant to the California Private Attorneys
General Act;

        Plaintiff,

    vs.

TRANSDEV ALTERNATIVE SERVICES,
INC., a Delaware corporation; and DOES 1
through 100, inclusive,

        Defendants.

**22CV400828**

Case No.:

**COMPLAINT FOR ENFORCEMENT
UNDER THE PRIVATE ATTORNEYS
GENERAL ACT, CALIFORNIA LABOR
CODE § 2698, ET SEQ.**

   Violation of California Labor Code §
2698, et seq. (California Labor Code
Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

*(left margin, vertical text)* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff IRWANDIE TIO ("Plaintiff"), individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, and alleges as follows:

## JURISDICTION AND VENUE

1.    This representative action is brought pursuant to the California Labor Code section 2698, et seq.  The civil penalties sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.    This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, including the County of Santa Clara.  The majority of the acts and omissions alleged herein relating to Plaintiff and the other aggrieved employees took place in the State of California, including the County of Santa Clara.

## PARTIES

5.    Plaintiff IRWANDIE TIO is an individual residing in the State of California.

///

///

1

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.      Defendant TRANSDEV ALTERNATIVE SERVICES, INC. at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Santa Clara.

7.      At all relevant times, TRANSDEV ALTERNATIVE SERVICES, INC. was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

8.      At all times herein relevant, TRANSDEV ALTERNATIVE SERVICES, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     TRANSDEV ALTERNATIVE SERVICES, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants including the unknown defendants identified as DOES, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## PAGA ALLEGATIONS

12.   At all times herein set forth, PAGA was applicable to Plaintiff's employment by Defendants.

13.   At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

14.   Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

15.   Plaintiff was employed by Defendants and the alleged violations were committed against him during his time of employment and he is, therefore, an aggrieved employee.  Plaintiff and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations were committed against them.

16.   Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

      a.   The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the Labor & Workforce Development Agency (hereinafter "LWDA") and by U.S. Certified Mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

      b.   The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not

3

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

17.    On April 20, 2022, Plaintiff provided written notice by online submission to the LWDA and by U.S. Certified Mail to Defendant TRANSDEV ALTERNATIVE SERVICES, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Plaintiff has not received an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff's notice.

18.    Therefore, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties against Defendants for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

## **GENERAL ALLEGATIONS**

19.    At all relevant times set forth herein, Defendants employed Plaintiff and other aggrieved hourly-paid or non-exempt employees who worked for any of the Defendants in the State of California, including but not limited to all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California who earn shift differentials/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the correct regular rate of pay used to calculate the overtime pay (hereinafter collectively referred to as the "other aggrieved employees").

///

///

4

20.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately February 2021 to approximately October 2021 in the State of California, County of Santa Clara.

21.    Defendants hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked, missed meal periods or rest breaks.

22.    Defendants had the authority to hire and terminate Plaintiff and the other aggrieved employees, to set work rules and conditions governing Plaintiff's and the other aggrieved employees' employment, and to supervise their daily employment activities.

23.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other aggrieved employees' employment for them to be joint employers of Plaintiff and the other aggrieved employees.

24.    Defendants directly hired and paid wages and benefits to Plaintiff and the other aggrieved employees.

25.    Defendants continue to employ hourly-paid or non-exempt employees, within the State of California.

26.    Plaintiff and the other aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees.  This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other aggrieved employees the required rest and meal

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employee's regular rate of pay when a meal period was missed.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other aggrieved employees' regular rate of pay when a rest period was missed.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive all wages owed to them during their employment.  Plaintiff and the other aggrieved employees did not receive payment of all wages, including overtime and minimum wages

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

and meal and rest period premiums, within any time permissible under California Labor Code section 204.

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other aggrieved employees.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to reimbursement for necessary business-related expenses and costs.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other aggrieved employees pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other aggrieved employees that they were properly denied wages, all in order to increase Defendants' profits.

39.    At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other aggrieved employees. Plaintiff and the other aggrieved employees were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

40.    At all material times set forth herein, Defendants failed to provide uninterrupted meal and rest periods to Plaintiff and the other aggrieved employees.

///

41.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked.

42.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees all wages owed to them upon discharge or resignation.

43.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees' wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

44.     At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees.

45.     At all material times set forth herein, Defendants failed to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees.

46.     At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs.

47.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other aggrieved employees pursuant to California law in order to increase Defendants' profits.

48.     California Labor Code section 218 states that noting in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

<u>**FIRST CAUSE OF ACTION**</u>

**Violation of California Labor Code § 2698, et seq.**

**(Against TRANSDEV ALTERNATIVE SERVICES, INC. and DOES 1 through 100)**

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.     PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

51. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

52. Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

53. Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

54. Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

55. Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code section 226.7.

### Failure to Pay Minimum Wages

56. Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 1194, 1197 and 1197.1.

///

///

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**Failure to Timely Pay Wages Upon Termination**

57.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes a violation of California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

58.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes a violation of California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

59.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes a violation of California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

60.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes a violation of California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

61.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes a violation of California Labor Code sections 2800 and 2802.

62.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties pursuant to PAGA against Defendants, and each of them, including but not limited to:

a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for

10

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

the initial violation, and two hundred dollars ($200) for each aggrieved

employee per pay period for each subsequent violation;

b.    Penalties under California Code of Regulations Title 8 section 11010 et

seq. in the amount of fifty dollars ($50) for each aggrieved employee per

pay period for the initial violation, and one hundred dollars ($100) for

each aggrieved employee per pay period for each subsequent violation;

c.    Penalties under California Labor Code section 210 in addition to, and

entirely independent and apart from, any other penalty provided in the

California Labor Code in the amount of a hundred dollars ($100) for

each aggrieved employee per pay period for the initial violation, and two

hundred dollars ($200) for each aggrieved employee per pay period for

each subsequent violation; and

d.    Any and all additional penalties and sums as provided by the California

Labor Code and/or other statutes.

63.    Pursuant to California Labor Code section 2699(i), civil penalties recovered

by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the

Labor and Workforce Development Agency for the enforcement of labor laws and education

of employers and employees about their rights and responsibilities and twenty-five percent

(25%) to the aggrieved employees.

64.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and

costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other

applicable statute.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the

California Private Attorneys General Act, requests a trial by jury.

///

///

///

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, in excess of twenty-five thousand dollars ($25,000):

### **As to the First Cause of Action**

1.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), (g) and 558, costs/expenses, and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

2.      For such other and further relief as the Court may deem equitable and appropriate.

DATED:  July 19, 2022                                   **LAWYERS *for* JUSTICE, PC**

                                                   By:  _____
                                                        Edwin Aiwazian
                                                        *Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

EXHIBIT B

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Edwin Aiwazian (State Bar Number 232943)<br>LAWYERS FOR JUSTICE, PC, 410 West Arden Avenue, Suite 203, Glendale, CA 91203<br><br>TELEPHONE NO.: (818) 265-1020    FAX NO. *(Optional):* (818) 265-1021<br>E-MAIL ADDRESS: edwin@calljustice.com<br>ATTORNEY FOR *(Name):* Plaintiff Irwandie Tio | *FOR COURT USE ONLY* |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Downtown Superior Court | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 7/19/2022 2:06 PM<br>Reviewed By: R. Walker<br>Case #22CV400828<br>Envelope: 9491684** |

CASE NAME:
Tio vs. Transdev Alternative Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [×] **Unlimited**    [ ] **Limited**<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22CV400828<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [×] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [×] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [×] monetary b. [×] nonmonetary; declaratory or injunctive relief c. [×] punitive
4. Number of causes of action *(specify):* One
5. This case [ ] is [×] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 19, 2022

Edwin Aiwazian
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

EXHIBIT C

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/05/2022
CT Log Number 542063657

## Service of Process Transmittal Summary

**TO:**  Beverly Wedin, Manager, Legal Department
Transdev North America, Inc.
720 E Butterfield Rd Ste 300
Lombard, IL 60148-5601

**RE:**  **Process Served in California**

**FOR:**  TRANSDEV ALTERNATIVE SERVICES, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**  Re: IRWANDIE TIO, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act // To: TRANSDEV ALTERNATIVE SERVICES, INC.

**CASE #:**  22CV400828

**NATURE OF ACTION:**  Employee Litigation

**PROCESS SERVED ON:**  C T Corporation System, GLENDALE, CA

**DATE/METHOD OF SERVICE:**  By Process Server on 08/05/2022 at 02:00

**JURISDICTION SERVED:**  California

**ACTION ITEMS:**  CT has retained the current log, Retain Date: 08/05/2022, Expected Purge Date: 08/10/2022

Image SOP

Email Notification,  Beverly Wedin  beverly.wedin@transdev.com

**REGISTERED AGENT CONTACT:**  C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
800-448-5350
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                               Fri, Aug 5, 2022
**Server Name:**                        Sandra Felix

| Entity Served | TRANSDEV ALTERNATIVE SERVICES, INC. |
|---|---|
| Case Number | 22CV400828 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRANSDEV ALTERNATIVE SERVICES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

IRWANDIE TIO, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;

E-FILED
7/19/2022 2:06 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV400828
Reviewed By: R. Walker
Envelope: 9491684

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | | |
|---|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* State of California County of Santa Clara, Downtown Superior Court 191 North First Street, San Jose, California 95113 | **CASE NUMBER:** *(Número del Caso):* | **22CV400828** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Ste. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

| DATE: *(Fecha)* 7/19/2022 2:06 PM | Clerk of Court | Clerk, by *(Secretario)* R. Walker | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*: TRANSDEV ALTERNATIVE SERVICES, INC., A DELAWARE CORPORATION

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)

[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Edwin Aiwazian (State Bar Number 232943)<br>LAWYERS FOR JUSTICE, PC, 410 West Arden Avenue, Suite 203, Glendale, CA 91203 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: (818) 265-1020    FAX NO. (Optional): (818) 265-1021
E-MAIL ADDRESS: edwin@calljustice.com
ATTORNEY FOR (Name): Plaintiff Irwandie Tio

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/19/2022 2:06 PM
Reviewed By: R. Walker
Case #22CV400828
Envelope: 9491684**

CASE NAME:
Tio vs. Transdev Alternative Services, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **22CV400828**<br>JUDGE:<br>DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): One
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: July 19, 2022

Edwin Aiwazian
_____
(TYPE OR PRINT NAME)    ▶    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 7/20/2022 10:28 AM**
**Reviewed By: R. Walker**

TO:    FILE COPY

RE:         Tio v. Transdev Alternative Services, Inc. (PAGA Case #22CV400828)
CASE NUMBER:    **22CV400828**

**Case #22CV400828**
**Envelope: 9499428**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
## AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by Plaintiff **Irwandie Tio** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **July 19, 2022** and assigned to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Irwandie Tio**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **November 23, 2022 at 2:30 p.m. in Department 3**.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;

2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;

3. significant procedural and practical problems that may likely be encountered;

4. suggestions for efficient management, including a proposed timeline of key events; and

5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: __July 20, 2022__                                    _Patricia M Lucas_
                                                           Hon. **Patricia M. Lucas**
                                                           Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

Updated on 3/11/21.

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

## 22CV400828

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: _____

---

### PLEASE READ THIS ENTIRE FORM

---

***PLAINTIFF*** (the person suing):   Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

> **DEFENDANT** (The person sued): -**You must do each of the following to protect your rights:**
>
> 1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
> 2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
> 3. You must attend the first Case Management Conference.
>
>    **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:***   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):***   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

**You or your attorney must appear at the CMC.** *You may ask to appear by telephone – see Local Civil Rule 8.*

| | | |
|---|---|---|
| Your Case Management Judge is: | Hon. Patricia M. Lucas | **Department:** 3 |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) 11/23/22  2:30 pm | | |
| **Date:** _____ **Time:** _____ in **Department:** 3 | | |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | | |
| **Date:** _____ **Time:** _____ in **Department:** _____ | | |

***ALTERNATIVE DISPUTE RESOLUTION (ADR):***   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

E-FILED
7/19/2022 2:06 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV400828
Reviewed By: R. Walker

1  Edwin Aiwazian (SBN 232943)
   **LAWYERS *for* JUSTICE, PC**
2  410 West Arden Avenue, Suite 203
   Glendale, California 91203
3  Tel: (818) 265-1020
   Fax: (818) 265-1021
4
   *Attorneys for* Plaintiff
5

6

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF SANTA CLARA**

10                                          **22CV400828**

11  IRWANDIE TIO, individually, and on        Case No.:
    behalf of other aggrieved employees
12  pursuant to the California Private Attorneys   **COMPLAINT FOR ENFORCEMENT**
    General Act;                              **UNDER THE PRIVATE ATTORNEYS**
13                                            **GENERAL ACT, CALIFORNIA LABOR**
            Plaintiff,                        **CODE § 2698, ET SEQ.**
14
        vs.                                     Violation of California Labor Code §
15                                            2698, et seq. (California Labor Code
    TRANSDEV ALTERNATIVE SERVICES,            Private Attorneys General Act of 2004)
16  INC., a Delaware corporation; and DOES 1
    through 100, inclusive,                   **DEMAND FOR JURY TRIAL**
17
            Defendants.
18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COMES NOW, Plaintiff IRWANDIE TIO ("Plaintiff"), individually, and on behalf of

2    other aggrieved employees pursuant to the California Private Attorneys General Act, and

3    alleges as follows:

4    **JURISDICTION AND VENUE**

5    1.    This representative action is brought pursuant to the California Labor Code

6    section 2698, et seq. The civil penalties sought by Plaintiff exceed the minimal jurisdiction

7    limits of the Superior Court and will be established according to proof at trial. The "amount

8    in controversy" for the named Plaintiff, including claims for compensatory damages,

9    restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than

10    seventy-five thousand dollars ($75,000).

11    2.    This Court has jurisdiction over this action pursuant to the California

12    Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in

13    all other causes" except those given by statute to other courts. The statutes under which this

14    action is brought do not specify any other basis for jurisdiction.

15    3.    This Court has jurisdiction over Defendant because, upon information and

16    belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or

17    otherwise intentionally avails itself of the California market so as to render the exercise of

18    jurisdiction over it by the California courts consistent with traditional notions of fair play and

19    substantial justice.

20    4.    Venue is proper in this Court because, upon information and belief,

21    Defendant maintains offices, has agents, and/or transacts business in the State of California,

22    including the County of Santa Clara. The majority of the acts and omissions alleged herein

23    relating to Plaintiff and the other aggrieved employees took place in the State of California,

24    including the County of Santa Clara.

25    **PARTIES**

26    5.    Plaintiff IRWANDIE TIO is an individual residing in the State of California.

27    ///

28    ///

1

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.    Defendant TRANSDEV ALTERNATIVE SERVICES, INC. at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Santa Clara.

7.    At all relevant times, TRANSDEV ALTERNATIVE SERVICES, INC. was the "employer" of Plaintiff within the meaning of all applicable state laws and statutes.

8.    At all times herein relevant, TRANSDEV ALTERNATIVE SERVICES, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.   TRANSDEV ALTERNATIVE SERVICES, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.   Plaintiff further alleges that Defendants including the unknown defendants identified as DOES, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

2

1

**PAGA ALLEGATIONS**

2    12.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

3    by Defendants.

4    13.    At all times herein set forth, PAGA provides that any provision of law under

5    the California Labor Code that provides for a civil penalty to be assessed and collected by the

6    LWDA for violations of the California Labor Code may, as an alternative, be recovered

7    through a civil action brought by an aggrieved employee on behalf of herself and other

8    current or former employees pursuant to procedures outlined in California Labor Code

9    section 2699.3.

10    14.    Pursuant to PAGA, a civil action under PAGA may be brought by an

11    "aggrieved employee," who is any person that was employed by the alleged violator and

12    against whom one or more of the alleged violations was committed.

13    15.    Plaintiff was employed by Defendants and the alleged violations were

14    committed against him during his time of employment and he is, therefore, an aggrieved

15    employee. Plaintiff and the other employees are "aggrieved employees" as defined by

16    California Labor Code section 2699(c) in that they are all current or former employees of

17    Defendants, and one or more of the alleged violations were committed against them.

18    16.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

19    employee, including Plaintiff, may pursue a civil action arising under PAGA after the

20    following requirements have been met:

21        a.    The aggrieved employee shall give written notice by online submission

22            (hereinafter "Employee's Notice") to the Labor & Workforce

23            Development Agency (hereinafter "LWDA") and by U.S. Certified

24            Mail to the employer of the specific provisions of the California Labor

25            Code alleged to have been violated, including the facts and theories to

26            support the alleged violations.

27        b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the

28            employer and the aggrieved employee by certified mail that it does not

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  intend to investigate the alleged violation within sixty (60) calendar

2  days of the postmark date of the Employee's Notice.  Upon receipt of

3  the LWDA Notice, or if the LWDA Notice is not provided within

4  sixty-five (65) calendar days of the postmark date of the Employee's

5  Notice, the aggrieved employee may commence a civil action pursuant

6  to California Labor Code section 2699 to recover civil penalties in

7  addition to any other penalties to which the employee may be entitled.

8      17.    On April 20, 2022, Plaintiff provided written notice by online submission to

9  the LWDA and by U.S. Certified Mail to Defendant TRANSDEV ALTERNATIVE

10 SERVICES, INC. of the specific provisions of the California Labor Code alleged to have

11 been violated, including the facts and theories to support the alleged violations.  Plaintiff has

12 not received an LWDA Notice within sixty-five (65) calendar days of the date of Plaintiff's

13 notice.

14     18.    Therefore, Plaintiff has satisfied the administrative prerequisites under

15 California Labor Code section 2699.3(a) to recover civil penalties against Defendants for

16 violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a),

17 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

18                              **GENERAL ALLEGATIONS**

19     19.    At all relevant times set forth herein, Defendants employed Plaintiff and

20 other aggrieved hourly-paid or non-exempt employees who worked for any of the

21 Defendants in the State of California, including but not limited to all current and

22 former hourly-paid or non-exempt employees who worked for any of the Defendants

23 within the State of California who earn shift differentials/non-discretionary

24 bonuses/non-discretionary performance pay which was not used to calculate the

25 correct regular rate of pay used to calculate the overtime pay (hereinafter collectively

26 referred to as the "other aggrieved employees").

27 ///

28 ///

4

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

20.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately February 2021 to approximately October 2021 in the State of California, County of Santa Clara.

21.     Defendants hired Plaintiff and the other aggrieved employees, and failed to compensate them for all hours worked, missed meal periods or rest breaks.

22.     Defendants had the authority to hire and terminate Plaintiff and the other aggrieved employees, to set work rules and conditions governing Plaintiff's and the other aggrieved employees' employment, and to supervise their daily employment activities.

23.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other aggrieved employees' employment for them to be joint employers of Plaintiff and the other aggrieved employees.

24.     Defendants directly hired and paid wages and benefits to Plaintiff and the other aggrieved employees.

25.     Defendants continue to employ hourly-paid or non-exempt employees, within the State of California.

26.     Plaintiff and the other aggrieved employees worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees. This scheme involved, *inter alia*, failing to pay them for all hours worked and for missed (short, late, interrupted, and altogether missed) meal periods and rest breaks in violation of California law.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other aggrieved employees the required rest and meal

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 | periods during the relevant time period as required under the Industrial Welfare Commission

2 | Wage Orders and thus they are entitled to any and all applicable penalties.

3 |     30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4 | knew or should have known that Plaintiff and the other aggrieved employees were entitled to

5 | receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other

6 | aggrieved employee's regular rate of pay when a meal period was missed, and they did not

7 | receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other

8 | aggrieved employee's regular rate of pay when a meal period was missed.

9 |     31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10 | knew or should have known that Plaintiff and the other aggrieved employees were entitled to

11 | receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other

12 | aggrieved employees' regular rate of pay when a rest period was missed, and they did not

13 | receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other

14 | aggrieved employees' regular rate of pay when a rest period was missed.

15 |     32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

16 | knew or should have known that Plaintiff and the other aggrieved employees were entitled to

17 | receive at least minimum wages for compensation and that they were not receiving at least

18 | minimum wages for all hours worked.

19 |     33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

20 | knew or should have known that Plaintiff and the other aggrieved employees were entitled to

21 | receive all wages owed to them upon discharge or resignation, including overtime and

22 | minimum wages and meal and rest period premiums, and they did not, in fact, receive all

23 | such wages owed to them at the time of their discharge.

24 |     34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

25 | knew or should have known that Plaintiff and the other aggrieved employees were entitled to

26 | receive all wages owed to them during their employment.  Plaintiff and the other aggrieved

27 | employees did not receive payment of all wages, including overtime and minimum wages

28 | ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   and meal and rest period premiums, within any time permissible under California Labor

2   Code section 204.

3       35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

4   knew or should have known that Plaintiff and the other aggrieved employees were entitled to

5   receive complete and accurate wage statements in accordance with California law, but, in

6   fact, they did not receive complete and accurate wage statements from Defendants.  The

7   deficiencies included, *inter alia*, the failure to include the total number of hours worked by

8   Plaintiff and the other aggrieved employees.

9       36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

10  knew or should have known that Defendants had to keep complete and accurate payroll

11  records for Plaintiff and the other aggrieved employees in accordance with California law,

12  but, in fact, did not keep complete and accurate payroll records.

13      37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

14  knew or should have known that Plaintiff and the other aggrieved employees were entitled to

15  reimbursement for necessary business-related expenses and costs.

16      38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

17  knew or should have known that they had a duty to compensate Plaintiff and the other

18  aggrieved employees pursuant to California law, and that Defendants had the financial ability

19  to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and

20  falsely represented to Plaintiff and the other aggrieved employees that they were properly

21  denied wages, all in order to increase Defendants' profits.

22      39.    At all material times set forth herein, Defendants failed to pay overtime wages

23  to Plaintiff and the other aggrieved employees.  Plaintiff and the other aggrieved employees

24  were required to work more than eight (8) hours per day and/or forty (40) hours per week

25  without overtime compensation.

26      40.    At all material times set forth herein, Defendants failed to provide

27  uninterrupted meal and rest periods to Plaintiff and the other aggrieved employees.

28  ///

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

41.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked.

42.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees all wages owed to them upon discharge or resignation.

43.    At all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees' wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

44.    At all material times set forth herein, Defendants failed to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees.

45.    At all material times set forth herein, Defendants failed to keep complete and accurate payroll records for Plaintiff and the other aggrieved employees.

46.    At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs.

47.    At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other aggrieved employees pursuant to California law in order to increase Defendants' profits.

48.    California Labor Code section 218 states that noting in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Violation of California Labor Code § 2698, et seq.

### (Against TRANSDEV ALTERNATIVE SERVICES, INC. and DOES 1 through 100)

49.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.    PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

51.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

52.    Plaintiff and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

**Failure to Pay Overtime**

53.    Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

54.    Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

55.    Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

56.    Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes a violation of California Labor Code sections 1194, 1197 and 1197.1.

///

///

**Failure to Timely Pay Wages Upon Termination**

57.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes a violation of California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

58.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes a violation of California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

59.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes a violation of California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

60.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes a violation of California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

61.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes a violation of California Labor Code sections 2800 and 2802.

62.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties pursuant to PAGA against Defendants, and each of them, including but not limited to:

a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

b.    Penalties under California Code of Regulations Title 8 section 11010 et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

c.    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

63.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

64.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act, requests a trial by jury.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other aggrieved employees pursuant to the Private Attorneys General Act, prays for relief and judgment against Defendants, jointly and severally, in excess of twenty-five thousand dollars ($25,000):

**As to the First Cause of Action**

1.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), (g) and 558, costs/expenses, and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802; and

2.     For such other and further relief as the Court may deem equitable and appropriate.

DATED: July 19, 2022                                      **LAWYERS** *for* **JUSTICE, PC**

                                                          By: _____
                                                              Edwin Aiwazian
                                                              *Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMPLAINT FOR ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,
CALIFORNIA LABOR CODE § 2698, ET SEQ. AND DEMAND FOR JURY TRIAL

EXHIBIT D

1   Tyler M. Paetkau (SBN 146305)
    HUSCH BLACKWELL LLP
2   1999 Harrison St., Suite 700
3   Oakland, CA  94612
    *Telephone:* 510.768.0650
4   *Facsimile:*      510.768.0651
    Kathy.Huynh@huschblackwell.com
5
6   Ben A. McMillen(Admitted *Pro Hac Vice*)
    Brendan A. Melander (Admitted *Pro Hac Vice*)
7   HUSCH BLACKWELL LLP
    4801 Main Street, Suite 1000
8   Kansas City, MO  64112
    *Telephone:* 816.983.8000
9   *Facsimile:*      816.983.8080
    Ben.McMillen@huschblackwell.com
10  Brendan.Melander@huschblackwell.com

11  Attorneys for Defendant
12  Transdev Alternative Services, Inc.

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                **IN AND FOR THE COUNTY OF SANTA CLARA**

15

16  IRWANDIE TIO, individually, and on behalf       Case No. 22CV400828
    of other aggrieved employees pursuant to the
17  California Private Attorneys General Act,       **ANSWER BY DEFENDANT TRANSDEV**
                                                    **ALTERNATIVE SERVICES, INC. TO**
18                  Plaintiffs,                     **UNVERIFIED COMPLAINT**

19

20  v.

21
    TRANSDEV ALTERNATIVE SERVICES,
22  INC., a Delaware corporation; and DOES
    1-100, inclusive,
23
                    Defendants.
24

25

26          Defendant TRANSDEV ALTERNATIVE SERVICES, INC. (**"Transdev"**) hereby submits

27  the following answer and affirmative defenses to the unverified Complaint filed by Plaintiffs

28  IRWANDIE TIO, individually, and on behalf of other aggrieved employees pursuant to the

HB: 4876-7920-6192.1

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

California Private Attorneys General Act.

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30, Transdev denies generally and specifically each, every, and all of the allegations of the unverified Complaint, and the whole thereof. Transdev further denies that Plaintiffs have sustained, or will sustain, any injury, damage, or loss by reason of any act, omission, breach, negligence, or any other conduct or the absence thereof, on the part of Transdev, or any agent, attorney, servant, or employee of Transdev.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, and to each purported cause of action therein, Transdev alleges:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

The Complaint in its entirety fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (No Damages or Injury)

The Complaint is barred, in whole or in part, because Plaintiffs failed to plead causes of action alleged in the Complaint with particularity as required by law.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint is barred, in whole or in part, and the Court lacks jurisdiction over this matter because Plaintiffs and the "aggrieved employees" failed to exhaust applicable administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Grievance Procedures)

The Complaint is barred, in whole or in part, and the Court lacks jurisdiction over this matter because Plaintiffs and the "aggrieved employees" failed to exhaust Transdev's internal grievance procedures.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Remedies)**

The Complaint is barred, in whole or in part, and the Court lacks jurisdiction over this matter because Plaintiffs and "aggrieved employees" failed to timely and successfully exhaust internal remedies.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary and Indispensable Party)**

The Complaint is barred, in whole or in part, by Plaintiffs' failure to join necessary or indispensable parties.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Exempt Pursuant to Collective Bargaining Agreement)**

Transdev alleges that Plaintiffs' job duties and the job duties of "aggrieved employees" were dictated by and subject to a valid Collective Bargaining Agreement(s), which governed the wages, hours of work, and working conditions of Plaintiffs and "aggrieved employees" of non-exempt employees who they seek to represent.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Federal Labor Law Preemption)**

Transdev alleges that Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the National Labor Relations Act, 29 U.S.C. §§ 151-169, preempt Plaintiffs' claims and the claims of the "aggrieved employees" because such claims are for alleged violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce, and the Court must interpret and apply the Parties' Collective Bargaining Agreement in order to adjudicate Plaintiffs and the "aggrieved employees'" claims, and each of them.

**NINTH AFFIRMATIVE DEFENSE**

**(Arbitration)**

Transdev alleges that Plaintiffs' claims and the claims of certain members of the "aggrieved employees" are barred to the extent that they are subject to the exclusive remedy of arbitration.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

**TENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

The Complaint is vague, uncertain, ambiguous, and unintelligible, including, but not limited to, the nature of any alleged uncompensated overtime; alleged failure to properly record and provide meal periods; alleged failure to properly record and provide rest periods; alleged failure to pay minimum wage; alleged failure to pay wages when due; alleged failure to issue accurate itemized wage statements; and alleged failure reimburse for required expenses.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Defense)**

The Complaint is barred, in whole or in part, based on principles of equity.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint is barred, in whole or in part, because Plaintiffs and the "aggrieved employees" are estopped from pursuing the Complaint, and each of its causes of action, by reason of their own actions and courses of conduct, including, but not limited to, failure to abide by company policies and practices pertaining to the allegations in the lawsuit, failing to accurately record all hours worked, and failing to raise the violations alleged in the Complaint and/or previously stating that they had not experienced the violations alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint is barred, in whole or in part, by the doctrine of unclean hands based on, inter alia, Plaintiffs' and the "aggrieved employees'" failure to accurately report their work times, failure to abide by company policies and practices pertaining to the allegations in the lawsuit, and failing to abide by the terms of any applicable Collective Bargaining Agreement(s) pertaining to the allegations in the lawsuit.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint is barred, in whole or in part, based on the doctrine of laches.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

The Complaint is barred, in whole or in part, because Plaintiffs and the "aggrieved employees" consented to any and all actions allegedly taken by Transdev.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

The Complaint is barred, in whole or in part, because Transdev's conduct, if any, was privileged, performed in exercise of an absolute right, proper and/or justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

Plaintiffs and the "aggrieved employees" are not entitled to recover some or all of the California Labor Code penalties prayed for in the Complaint because, at all times, Transdev acted in good faith and had reasonable grounds for believing its actions did not violate the law, including, but not limited to, Transdev's good faith belief that it paid all wages due and owing to Plaintiffs and the "aggrieved employees" based on the hours reported by Plaintiffs and the "aggrieved employees" during and upon separation from employment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Improper Conduct by Transdev)

The Complaint is barred, in whole or in part, because if any alleged improper conduct occurred, which Transdev denies, Transdev is not liable because (a) any persons allegedly engaging in any such conduct were not acting as an employee or agent of Transdev, (b) such conduct was outside the scope, course, and/or authority of any employee or agent, (c) Transdev was not negligent or reckless with respect to any such conduct, and/or (d) such conduct was expressly contrary to and in disregard of Transdev's interests, rules, policies, and/or procedures.

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

### NINETEENTH AFFIRMATIVE DEFENSE

### (Alternative Causes of Alleged Damages)

Plaintiffs' and the "aggrieved employees'" claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by intervening and superseding events and/or actions of persons and/or entities other than Transdev.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiffs and "Aggrieved employees'" Own Conduct)

Plaintiffs' and the "aggrieved employees'" claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by Plaintiffs' and the "aggrieved employees'" own conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Alleged Damages)

Plaintiffs and the "aggrieved employees" claims for damages are barred, in whole or in part, by Plaintiffs' and the "aggrieved employees'" failure to exercise reasonable care and diligence to mitigate the alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Alleged Damages Uncertain)

Plaintiffs' and the "aggrieved employees'" claims for damages are barred, in whole or in part, because the alleged damages are not clearly ascertainable in their nature or origin.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Joint and Several Liability)

To the extent that Transdev is found liable to Plaintiffs and the "aggrieved employees" for any damages, the amount of recovery of any economic and noneconomic damages against Transdev shall be calculated in accordance with the principles of California Civil Code sections 1430, *et seq.*, and shall be no greater than the amount of damages in direct proportion to the fault of each Transdev, if any, relevant to the fault of other persons, firms, corporations, entities, or organizations, including Plaintiff and the "aggrieved employees."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each of its causes of action, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 338 and 340 and California Business & Professions Code section 17208.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Release of Claims)

The Complaint is barred, in whole or in part, by Plaintiffs' and the "aggrieved employees" release of the asserted claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Entitlement to Waiting Time Penalties)

Plaintiffs' and the "aggrieved employees'" claims for waiting time penalties are barred because a good faith dispute as to the facts and the law that any wages are due precludes imposition of waiting time penalties under California Labor Code section 203.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Set-Off for Damages Claimed)

To the extent that Plaintiffs and the "aggrieved employees" have received compensation for alleged injuries from other sources, or to the extent that a cross-demand for money exists from Transdev to Plaintiffs and the "aggrieved employees," a damage award in this action, if any, should be offset accordingly.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Uncompensated Time *de Minimis*)

Plaintiffs' claims and the claims of the "aggrieved employees" are barred to the extent that any uncompensated time and alleged "off the clock" work was de minimis, including, but not limited to, any time spent on alleged pre-shift activities. Transdev is informed and believes that such alleged uncompensated time was so irregular or minute that it would be unreasonable to expect the time to be recorded or compensated.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Transdev is not legally responsible for any damages or restitution claimed by the Plaintiffs and the "aggrieved employees". If, however, Transdev is found to be legally responsible, Transdev's legal responsibility is not the sole and proximate cause of any injury, and damages or restitution awarded to Plaintiffs and the "aggrieved employees", if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants and employees who contributed to and/or caused said incidents according to proof presented at the time of trial.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Not Entitled to Attorneys' Fees)

Plaintiffs and the "aggrieved employees" are not entitled to attorneys' fees for pursuing claims for alleged violations raised in the Complaint for which attorneys' fees may be awarded.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs and the "aggrieved employees" have waived or released the right, if any, to pursue the Complaint and each of its causes of action by reason of their own actions and course of conduct.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

To the extent that members of the general public whom Plaintiffs purport to represent have sustained any injury or damage, which is not conceded, any such injury or damage could be adequately compensated in an action at law. Accordingly, Plaintiffs are not entitled to seek or obtain equitable relief.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (PAGA – Statute As Applied Is Unconstitutional)

Plaintiffs' claims violate Transdev's rights under the U.S. and California Constitutions by attempting to enforce PAGA in a manner that renders the requirements of those statutes and regulations unconstitutional.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (PAGA — Unconstitutionality)

Although Transdev denies that it has committed or has responsibility for any act that could support recovery under PAGA, if and to the extent, any such liability is found, recovery against Transdev under PAGA is unconstitutionally excessive and violates Transdev's due process rights.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (PAGA — Representative Action Unmanageable)

Plaintiffs' representative claims should be rejected on manageability grounds given that, among other things, Plaintiffs' representative claims will necessarily require consideration of a myriad of facts specific to numerous individuals. *See, e.g., Ortiz v. CVS Caremark Corporation*, No. C-12-05859 EDL, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014); *Rix v. Lockheed Martin Corp.*, No. 09CV2063 MMA NLS, 2012 WL 13724, at *1 (S.D. Cal. Jan. 4, 2012); *Bowers v. First Student, Inc.*, No. 2:14–CV–8866–ODW (Ex), 2015 WL 1862914, at *4 (C.D. Cal. April 23, 2015); *Litty v. Merrill Lynch & Co., Inc.*, No. CV 14–0425 PA (PJWx), 2014 WL 5904904 (C.D. Cal. Nov. 10, 2014); *Raphael v. Tesoro Ref. & Mktg. Co. LLC*, No. 2:15-CV-02862-ODW, 2015 WL 5680310 (C.D. Cal. Sept. 25, 2015); *Salazar v. McDonald's Corp.*, No. 3:14-cv-02096, 2015 WL 88999 (N.D. Cal. January 5, 2017).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (PAGA — Penalties Punitive)

Penalties pursuant to PAGA should not be imposed, or should be lessened, because the facts and circumstances of this particular case would result in an award that is "unjust, arbitrary and oppressive, or confiscatory."

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (PAGA — No Penalties Beyond the Initial Violation)

The purported cause of action under PAGA is barred to the extent that Plaintiffs and the aggrieved employees seek penalties beyond the "initial" violation as described in California Labor Code section 2699(f)(2).

/ / /

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (PAGA — Duplicative Recovery)

Plaintiffs and the "aggrieved employees" are not entitled to recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment.

### FORTIETH AFFIRMATIVE DEFENSE

### (PAGA — Not "Aggrieved Employees")

The purported cause of action under the PAGA is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

### FORTY FIRST AFFIRMATIVE DEFENSE

### (PAGA — Failure to Adequately Exhaust Administrative Remedies)

Plaintiffs' PAGA claims are barred because Plaintiffs failed to adequately exhaust Plaintiffs' administrative remedies under Labor Code section 2699.3(a)(1)(A) with a sufficient notice to Transdev.

### RESERVATION OF RIGHTS

Transdev currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Transdev therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate. Transdev will seek such relief in accordance with applicable law.

### PRAYER FOR RELIEF

WHEREFORE, Transdev requests relief as follows:

1.      That the Court deny any motion by Plaintiffs to certify any class of current and/or former employees of Transdev;

2.      That Plaintiffs and the "aggrieved employees" take nothing by virtue of this action, and that the Court enter Judgment in Transdev's favor and against Plaintiffs;

3.      That the Court deny Plaintiffs' request for declaratory and/or equitable and/or injunctive relief;

4.      That the Court award Transdev its reasonable attorneys' fees pursuant to California Labor Code section 218.5 or any other applicable law, and for costs of defense incurred herein, including experts' fees; and

5.      For such other and further relief as this Court may deem just and proper.

Dated: September 2, 2022                    HUSCH BLACKWELL LLP


By: /s/Tyler M. Paetkau
    Tyler M. Paetkau
    Ben A. McMillen
    Brendan A. Melander

    Attorneys for Defendant
    Transdev Alternative Services, Inc.

<div style="text-align:right; writing-mode:vertical">HUSCH BLACKWELL LLP<br>300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071<br>(213) 337-6550</div>

**PROOF OF SERVICE**

*Tio v Transdev Alternative Services, Inc.*
Santa Clara County Superior Court Case No. 22CV400828

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand, Suite 1500, Los Angeles, CA 90071. On September 2, 2022, I served a copy of the within document(s):

**ANSWER BY DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC.
TO UNVERIFIED COMPLAINT**

as follows:

☐     by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below. by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐     by sealing the document(s) listed above in an envelope and causing them to be personally delivered *via* courier to the person(s) at the address(es) set forth below.

☐     by electronically serving the document(s) listed above *via* File&ServeXpress on the recipient(s) designated on the Transaction Receipt located on the File&ServeXpress website.

☐     by sealing the document(s) listed above in a FEDEX envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FEDEX for delivery to the person(s) at the address(es) set forth below.

☒     by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>LAWYERS *for* JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203<br>Tel: (818) 265-1020<br>Fax: (818) 265-1021 | Attorney for Plaintiff<br>*Irwandie Tio* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 2, 2022, at Los Angeles, California.

*/s/Dana Chan*
DANA CHAN

**Chan, Dana**

---

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, September 2, 2022 4:31 PM |
| **To:** | Chan, Dana |
| **Subject:** | Submitted Filing Notification for Case No. 22CV400828  (Tio v. Transdev Alternative Services, Inc. (PAGA Enforcement Action)) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

<span style="color:red">[EXTERNAL EMAIL]</span>

# Filing Submitted
Envelope Number: **9882393**

The filing below has been submitted to the clerks office for review. Please allow up to 24 business hours for clerk office processing.

| Contact Your Service Provider With Any Questions |
|---|
| Online: https://efile.acelegal.com<br>Phone: (801) 448-7268 |

| Filing Details | |
|---|---|
| **Court** | Santa Clara Superior Court |
| **Date/Time Submitted:** | 9/2/2022 4:30 PM PST |
| **Filing Type:** | Answer/Response/Denial |
| **Activity Requested:** | EFile |
| **Filed By:** | Dana Chan |

| Fee Details | |
|---|---|
| This envelope is pending review and fees may change. | |
| Case Fee Information | $5.80 |
| Payment Service Fees | $0.25 |
| Court Transaction Fees | $2.05 |
| E-File Fees | $3.50 |
| Answer/Response/Denial | $435.00 |
| • Optional Services                          Fee Per Quantity | |
| • First appearance fee (additional defendants) $435.00 1 | $435.00 |

**Total:** $440.80 (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead File:** | Tio_v_Transdev_CA_22CV40_omplaint_2022_09_02_.pdf |
| **Lead File Page Count:** | 12 |
| **File Copy** | https://california.tylerhost.net/ViewDocuments.aspx?FID=960cc9d6-0aa1-4f0e-9eee-94f2bcc0a685<br>This link is active for 365 days. |



Please do not reply to this email. It was generated automatically.

California EFiling Disclaimer: This is an official government communication. As the recipient, you are responsible for the lawful use of this information. This e-mail and any attachments are intended solely for the individual or agency to which they are addressed. They may be confidential and/or contain privileged or otherwise non-public information. Do not disseminate this e-mail and any attachments unless you are authorized to do so under applicable court rules or statutes. If you are not the intended recipient of this e-mail, do not copy, distribute, or take any action in reliance upon this e-mail or any attachments and delete this e-mail and any attachments immediately. Please consider the environment before printing this e-mail.

EXHIBIT E

Tyler M. Paetkau (SBN 146305)
HUSCH BLACKWELL LLP
1999 Harrison St., Suite 700
Oakland, CA  94612
*Telephone:* 510.768.0650
*Facsimile:*      510.768.0651
Tyler.Paetkau@huschblackwell.com

Attorneys for Defendant
Transdev Alternative Services, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWANDIE TIO, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSDEV ALTERNATIVE SERVICES, INC., a Delaware corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>*[Removal from Santa Clara Superior Court Case No. 22CV400828]*<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT**<br><br>State Court Complaint Filed:  July 19, 2022 |

*[left margin, vertical text]* HUSCH BLACKWELL LLP / 1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612 / (510) 768-0650

Defendant Transdev Alternative Services, Inc. ("Transdev") hereby requests that the Court take judicial notice of the following documents in connection with its Notice of Removal to the Northern District of California:

       1.      Anne Kastler et al. v. Oh My Green, Inc. et al. Case No. 19-cv-02411, 9/14/2021 Motion for Attorneys Fees and Supporting Documents [Docket 94].

       2.      Anne Kastler et al. v. Oh My Green, Inc. et al. Case No. 19-cv-02411, 4/19/2022 Order Granting Final Approval of Class Action and Granting in Part Motion for Attorneys Fees [Docket 106].

       3.      Kevin Ferrell et al. v. Buckingham Property Management Case No. 1:19-cv- 00332-JLT-SAB, 10/19/2021 Notice of Renewed Motion for Fees & Costs [Docket 44].

       4.      Kevin Ferrell et al. v. Buckingham Property Management Case No. 1:19-cv- 00332-JLT-SAB, 1/25/2022 Order Granting Motion for Final Approval and Granting in Part Renewed Motion for Fees & Costs [Docket 49].

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice of undisputed matters of public record, including judicial proceedings in other federal and state courts. *See Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n. 2 (9th Cir. 2002); *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001); *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The Court may also take judicial notice of records of state agencies. *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005); *Am. Indian Model School v. Oakland Unified School Dist.*, 227 Cal. App. 4th 258, 293 (2014)

The records of which Transdev requests that the Court take judicial notice are "not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

/ / /

/ / /

REQUEST FOR JUDICIAL NOTICE. ISO DEF. NOTICE OF REMOVAL

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

1    Dated: September 6, 2022            HUSCH BLACKWELL LLP

2                                By:  /s/Tyler M. Paetkau
3                                     Tyler M. Paetkau

4                                     Attorneys for Defendant
                                     Transdev Alternative Services, Inc.

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550

3
REQUEST FOR JUDICIAL NOTICE. ISO DEF. NOTICE OF REMOVAL

HB: 4893-4442-8849.1

EXHIBIT 1

Edwin Aiwazian (SBN 232943)
edwin@ calljustice.com
Arby Aiwazian (SBN 269827)
arby@ calljustice.com
Jenay Younger (SBN 327627)
jenay@calljustice.com
Kenyon Harbison (SBN 260416)
kenyon@calljustice.com
**LAWYERS for JUSTICE, PC**
410 Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

Graham B. LippSmith (SBN 221984)
g@lippsmith.com
Celene Chan Andrews (SBN 260267)
cca@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KASTLER, SAUL ANDRADE and ANTHONICIA STALLINGS, individually, and on behalf of other members of the general public similarly situated;<br><br>        Plaintiffs,<br><br>v.<br><br>GARTEN, INC., formerly known as OH MY GREEN, INC., an unknown business entity,<br><br>        Defendant. | Case No.: 4:19-CV-02411-HSG<br><br>**THE CLASS'S NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATIONS OF COUNSEL (EDWIN AIWAZIAN AND GRAHAM B. LIPPSMITH) FILED CONCURRENTLY HEREWITH**<br><br>Date:     December 9, 2021<br>Time:    2:00 p.m.<br>Dept.:   2-Fourth Floor<br><br>Action Filed:  February 28, 2019<br>Trial Date:     None Set |

1

2       **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

3       **PLEASE TAKE NOTICE** that on December 9, 2021 at 2:00 p.m., or as soon thereafter as the

4  matter may be heard before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2, 4th Floor

5  (Oakland) of the United States District Court, Northern District of California, located at 1301 Clay

6  Street, Oakland, California 94612, Plaintiffs Anne Kastler, Saul Andrade, and Anthonicia Stallings

7  ("Plaintiffs" or "Class Representatives") and the Class, by and through Class Counsel, hereby move

8  for this Court to award attorney fees, costs reimbursements, Class Representative Enhancement

9  Awards, and Settlement Administration Costs.

10      All Parties have signed the Settlement. Defendant does not oppose this Motion.

11      This Notice and Motion are based on Rules 7 and 23 of the Federal Rule of Civil Procedure, the

12  declarations submitted herewith, the entire case record and files therein, and the evidence and oral

13  argument that may be presented at the hearing on this Motion.

14

15  Dated: September 15, 2021                          **LIPPSMITH LLP**

16                                                      By:    /s/ *Graham B. LippSmith*

17                                                             Graham B. LippSmith
                                                               Celene Chan Andrews

18
                                                        **LAWYERS *for* JUSTICE, PC**
19

20                                                      Edwin Aiwazian
                                                        Arby Aiwazian
21                                                      Jenay Younger
                                                        Kenyon Harbison
22

23                                                      Attorneys for Plaintiffs and the Class

24

25

26

27

28

1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND.................................... 2

III.  SETTLEMENT NEGOTIATION AND SUMMARY OF TERMS...................... 3

      A.     The Settlement Is the Product of Informed Negotiations ....................... 3

      B.     The Settlement Resulted from Arm's-Length Bargaining....................... 4

      C.     The Settlement Terms ................................................................. 5

IV.  CLASS COUNSEL'S REQUESTED FEES ARE REASONABLE AND FAIR ......................... 8

      A.     The Requested Attorney Fee Award is Reasonable Under the Lodestar

            Analysis............................................................................................ 9

            1.     Class Counsel Expended Significant Time and Resources to

                  Resolve the Lawsuit ............................................................. 9

            2.     Class Counsel's Hourly Rates are Reasonable ......................... 10

            3.     A Lodestar Multiplier is Justified ............................................. 11

                  a.     Class Counsel achieved significant benefits for the Class............ 11

                  b.     Class Counsel took a significant risk of non-payment.................. 12

                  c.     Class Counsel provided high-quality representation for the

                      Class. ............................................................................. 14

                  d.     The requested fee award would result in a multiplier of

                      0.38, which is extremely modest and reasonable.......................... 14

      B.     The Fee Award Requested is Reasonable Under a Percentage of Recovery

            Analysis............................................................................................ 15

             1.     Exceptional Results for the Class ........................................... 16

             2.     Risk of the Litigation ........................................................... 16

             3.     Benefits of Settlement Beyond the Cash Fund ......................... 17

             4.     Standard Contingency Fees for Similar Cases.......................... 18

# TABLE OF CONTENTS

Page

       5.     Burden on Class Counsel ........................................................... 18

   C.     The Absence of Collusion Between the Settling Parties Further Supports the Requested Fee Award ..................................................................... 19

V.   THE COST REIMBURSEMENT REQUEST IS REASONABLE ............................................. 20

VI.  THE CLASS REPRESENTATIVES SHOULD BE AWARDED ENHANCEMENT PAYMENTS ........................................................................................................ 21

VII. CONCLUSION ....................................................................................................... 23

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Alpine Pharmacy v. Chas. Pfizer & Co.*, 481 F.2d 1045 (2d Cir. 1973) .................................. 18

*Amalgamated Transit Union v. Superior Court,* 46 Cal. 4th 993 (2009) ............................... 13

*Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157 (2008) ............................................... 13

*Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431 (E.D. Cal. July 1, 2013) ............... 14, 17, 18

*Blum v. Stenson*, 465 U.S. 886 (1984) ................................................................................. 18

*Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877 (C.D. Cal. Oct. 11, 2016) .................................. 11

*City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) ..................... 11

*Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113 (C.D. Cal. 1995) ......................................... 15

*Elliot v. Spherion Pac. Work, LLC,* 572 F. Supp. 2d 1169 (C.D. Cal. 2008) .......................................... 13

*Fischel v. Equitable Life Assur. Soc'y of the United States*, 307 F.3d 997 (9th Cir. 2002)................... 12

*Foos v. Ann, Inc.*, 2013 U.S. Dist. LEXIS 136918 (S.D. Cal. 2013)........................................................ 9

*Hanlon v. Chrysler Corp.*, 150 F. 3d 1011 (9th Cir. 1998) ................................................................. 8, 19

*Harris v. Vector Mktg. Corp.*, No. 08-cv-5198, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ............ 4

*Hartless v. Clorox Company*, 273 F.R.D. 630 (S.D. Cal. 2011)...................................................... 8, 15

*Hernandez v. Restoration Hardware, Inc.*, 4 Cal.5th 260 (2018)........................................................ 8

*Hershey v. ExxonMobil Oil Corp.*, 2012 U.S. Dist. LEXIS 153803 (D. Kan. Oct. 26, 2012) ............. 18

*In re Activision Sec. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989) ......................................................... 18

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)............................... 8, 11, 15

*In re Immune Response Sec. Litig.¸* 497 F. Supp. 2d 1166 (S.D. Cal. 2007)......................................... 20

*In re M.D.C. Holdings Sec. Litig.*, 1990 WL 454747 (S.D. CA. Aug. 30, 1990).................................. 18

*In re Mego Fin'l Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ........................................................ 21

*In re Nasdaq Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998) ..................................... 15

*In re Omnivision Techs.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007)................................................... 12, 13

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th Cir. 1994)..................................... 12

iii

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBURSEMENTS, AND ENHANCEMENT PAYMENTS
CASE NO.: 4:19-CV-02411-HSG

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)........................................................ 11

*Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir. 1986) ...................................................................... 18

*Knight v. Red Door Salons, Inc.*, No. 08-01520 SC,
    2009 U.S. Dist. LEXIS 11149, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ................................... 18

*Kullar v. Foot Locker Retail,* 168 Cal. App. 4th 116 (2008) .................................................... 6

*Litty v. Merrill Lynch & Co.*, No. cv 14-0425 PA (PJWx),
    2015 WL 4698475 (C.D. Cal. Apr. 27, 2015) ..................................................................... 13

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002) ............................ 15

*McKenzie Constr., Inc. v. Maynard*, 823 F.2d 43 (3d Cir. 1987) ........................................ 18

*Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996) ............................................. 9

*Powers v. Eichen*, 229 F.3d 1249 (9th Cir. 2000)................................................................. 18

*Rodriguez v. Disner* (*Rodriguez II*), 688 F.3d 645 (9th Cir. 2012)...................................... 8

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009)............................................. 21

*Rutti v. Lojack Corp., Inc.*, 2012 U.S. Dist. LEXIS 107677 (C.D. Cal. July 31, 2012) ........... 20

*Stafford v. Dollar Tree Stores, Inc.*, No. 2:13-cv-1187 KJM CKD,
    2014 WL 6633396 (E.D. Cal. Nov. 21, 2014) .................................................................... 13

*Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734 (9th Cir. 2016) ..................................... 12

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ....................................................... 8, 21

*Stetson v. Grissom*, 821 F.3d 1157 (9th Cir. 2016)........................................................ 8, 12

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403 (9th Cir. 1990) ............ 10

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. Aug. 15, 1995)................ 14

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)................................... 8, 12, 15, 16

*Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518 (1st Cir. 1991) ............................. 9

*Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) .......................................... 11

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBURSEMENTS, AND ENHANCEMENT PAYMENTS
CASE NO.: 4:19-CV-02411-HSG

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Wershba v. Apple Comput., Inc.*, 91 Cal.App.4th 224 (2001) ........................................................... 8, 15

*Wing v. Asarco Inc.*, 114 F.3d 986 (9th Cir. 1997) .................................................................................. 8

*Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323 (9th Cir. 1999) ................................................. 8

**Statutes**

Lab. Code § 2699(e)(2) ........................................................................................................................ 14, 17

Lab. Code § 2699(f)(2) ............................................................................................................................. 13

**Rules**

Fed. R. Civ. P. 23(h) .................................................................................................................................. 8

**Treatises**

3 NEWBERG § 14.03 ................................................................................................................................ 15

4 H. Newberg & A. Conte, *Newberg on Class Actions*, § 14:6 (4th ed. 2006) ...................................... 18

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBURSEMENTS, AND ENHANCEMENT PAYMENTS
CASE NO.: 4:19-CV-02411-HSG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After active litigation and arm's-length negotiations, through two highly experienced mediators, following extensive investigation and discovery, Plaintiffs Anne Kastler, Saul Andrade, and Anthonicia Stallings ("Plaintiffs" or "Class Representatives") agreed to terms of the Settlement with Defendant Garten, Inc., formerly Oh My Green, Inc. ("Defendant"). The Settlement provides that Defendant will pay $500,000 into a Gross Settlement Fund[1], which will cover (1) individual settlement payments to Class Members, (2) $50,000 in PAGA Penalties, (3) Administration Costs, (4) an Enhancement Awards to Plaintiffs, and (5) Attorney Fees and Costs. Declaration of Graham B. LippSmith in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, Dkt. No. 87-1 ("05-03-2021 LippSmith Dec."), Ex. 1, Dkt. No. 87-2 ("Settlement") ¶ 11.

Based on Class Counsel's extensive efforts, experience, qualifications, and knowledge and understanding of the issues presented in this case, including Defendant's uncertain financial viability, Class Counsel believe that the Settlement, including its provisions of attorney fees, costs reimbursement, and class representative enhancement awards, is indisputably fair, reasonable, adequate, and meets the standards for granting final approval of its terms. Specifically, Class Counsel now apply for attorney fees in the amount of $175,000, which is just 38% of Class Counsel's lodestar for the case, as well as for reimbursement of reasonable litigation costs and expenses in the amount of $31,348.74. Class Counsel also apply for Enhancement Awards of $7,500 for Plaintiff Kastler, $5,000 for Plaintiff Andrade, and $5,000 for Plaintiff Stallings for their service as Class Representatives. *Id.* at ¶ 16. The differential in proposed awards reflects that Plaintiffs Andrade and Stallings joined in this litigation after Plaintiff Kastler.

///

///

---

[1] Unless otherwise noted, all capitalized terms herein have the same meanings as those terms are defined in the Settlement Agreement attached as Exhibit 1 to the 05-03-2021 Declaration of Graham B. LippSmith in Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Dkt. No. 87-2).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kastler filed a Class Action Complaint for Damages against Defendant in San Mateo County Superior Court on February 28, 2019 ("Lawsuit"). The case was removed to this Court on May 2, 2019. Class Counsel have actively litigated this matter since its inception, which included substantial review of records and data; meeting and conferring several times regarding motion practice and discovery; propounding and responding to written discovery; and taking a deposition. 04-28-2021 Declaration of Edwin Aiwazian, Dkt. No. 87-3 ("04-28-2021 Aiwazian Dec.") ¶ 18.

On April 29, 2021, Plaintiffs filed a Second Amended Complaint which alleges that Defendant engaged in uniform practices and procedures that violate the Labor Code: failure to pay regular, minimum, and overtime wages properly, including their rounding policy; failure to pay all compensation due for all work performed, including pre-shift, post-shift, and meal and rest period wages; failure to accurately calculate the regular rate for meal, rest, and overtime premiums; failure to provide compliant meal periods, rest periods, and associated premium pay; failure to pay timely wages during employment and upon termination or resignation; failure to provide compliant wage statements; failure to maintain requisite payroll records; and failure to reimburse necessary business expenses. Settlement ¶ 3. Plaintiffs also allege Defendant's conduct gives rise to PAGA penalties. *Id.* Plaintiffs contend the putative class is entitled to unpaid wages; penalties, including PAGA penalties; and attorney fees and costs.

Defendant denies any liability or wrongdoing associated with Plaintiffs' allegations. Settlement ¶ 4.

The Parties have conducted formal and informal discovery, investigation of the claims, and extensive discussions about the strengths and weaknesses of the claims and defenses. 04-28-2021 Aiwazian Dec. ¶ 18. The Parties ultimately agreed to the Settlement.

By Order dated August 13, 2021, the Court granted Plaintiffs' Motion for Preliminary Approval of Settlement. Order Granting Preliminary Approval of Settlement ("Preliminary Approval Order"), Dkt. No. 91. The Court later entered a Scheduling Order directing that any

1  motion for attorney fees, costs, and incentive payments is due on September 14, 2021. Dkt. No. 93.

2  Class Members will have through October 29, 2021, to opt out or object to the Settlement and to

3  object to this application for attorney fees, costs, and enhancement payments. Scheduling Order,

4  Dkt. No. 93.

5      The Court will hold the Final Fairness Hearing on December 9, 2021, during which time the

6  Court will also hear this Motion for Attorney Fees, Costs, and Enhancement Awards. *Id*. Class

7  Counsel will submit a Proposed Order regarding all motions pending before the Court in advance of

8  the Final Fairness Hearing.

9  **III.    SETTLEMENT NEGOTIATION AND SUMMARY OF TERMS**

10      **A.    The Settlement Is the Product of Informed Negotiations**

11      The Settlement accounts for the strengths and weaknesses of each Party's position and the

12  uncertainty about class certification, trial, or both. 04-28-2021 Aiwazian Dec. ¶¶ 21–26; 05-03-

13  2021 LippSmith Dec. ¶¶ 25–26. Prior to agreeing to settle this matter, the Parties interviewed and

14  obtained information from witnesses. 04-28-2021 Aiwazian Dec. ¶ 18. The Parties' Counsel

15  reviewed documents and information relating to Plaintiffs' and Class Members' employment with

16  Defendant and performed significant legal research concerning PAGA representative actions, class

17  certification, off-the-clock theory, meal and rest periods, wage-and-hour enforcement, the Parties'

18  claims and defenses, and the facts. 04-28-2021 Aiwazian Dec. ¶¶ 17–19; 05-03-2021 LippSmith

19  Dec. ¶¶ 24–25. The Parties and their Counsel also considered Defendant's dire financial condition.

20  05-03-2021 LippSmith Dec. ¶¶ 26–27.

21      The Parties have actively litigated this matter since it commenced on February 28, 2019.

22  Prior to reaching the Settlement, the Parties extensively investigated the veracity, strength, and

23  scope of the claims. 04-28-2021 Aiwazian Dec. ¶ 18; 05-03-2021 LippSmith Dec. ¶¶ 24–25. The

24  Parties have reached the Settlement based on a large volume of facts, evidence, and investigation.

25  04-28-2021 Aiwazian Dec. ¶ 18.

26      Class Counsel conducted significant investigation into this case, engaged in formal and

27  informal discovery, reviewed and analyzed thousands of pages of documents and data Defendant

28

3

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02411-HSG

1  produced, and noticed and took one deposition of Defendant's Rule 30(b)(6) witness. 04-28-2021

2  Aiwazian Dec. ¶ 18; 05-03-2021 LippSmith Dec. ¶¶ 21, 25, 28. The volume of data and documents

3  Class Counsel reviewed and analyzed included the following, among others: Plaintiffs' and other

4  Class Members' employment records; a detailed sampling of Class Members' time and pay data,

5  including, but not limited to, spreadsheets of timecard and wage statement statistics; and

6  Defendant's Employee Handbooks and California Handbook, manuals, meal period

7  policy/agreement, attendance policies, expense policy, forms, and procedures. 04-28-2021

8  Aiwazian Dec. ¶ 18; 05-03-2021 LippSmith Dec. ¶ 25.

9        Class Counsel interviewed Plaintiffs and other witnesses to gather facts and identify

10  potential witnesses. 04-28-2021 Aiwazian Dec. ¶ 18. Class Counsel served and responded to

11  multiple sets of formal written discovery requests and noticed the depositions of Defendant's

12  person-most-knowledgeable designees, taking one deposition and preparing for the other

13  depositions in the event the case did not settle at mediation. *Id.* at ¶¶ 7, 18; 05-03-2021 LippSmith

14  Dec. ¶ 25. Counsel for the Parties also met and conferred to discuss issues relating to the pleadings,

15  discovery, motion practice, and the production of documents and data. 04-28-2021 Aiwazian Dec.

16  ¶ 18. Prior to agreeing to mediate this matter, Class Counsel was preparing for Plaintiffs' Motion

17  for Class Certification, which included written and telephonic meeting and conferring with

18  Defendant's counsel regarding multiple issues, including amending the complaint, Defendant's

19  Rule 30(b)(6) depositions, Plaintiff Kastler's deposition, and the class certification deadlines. *Id.*

20  Class Counsel also prepared for and attended court proceedings and settlement negotiations,

21  including attending two mediations. *Id.*; 05-03-2021 LippSmith Dec. ¶ 21.

22        **B.    The Settlement Resulted from Arm's-Length Bargaining**

23        "An initial presumption of fairness is usually involved if the settlement is recommended

24  by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-

25  5198, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011).

26  ///

27  ///

28

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02411-HSG

Prior to agreeing to the Settlement, the Parties engaged in significant settlement negotiations and participated in two formal mediation sessions. 04-28-2021 Aiwazian Dec. ¶¶ 7, 18, 26; 05-03-2021 LippSmith Dec. ¶¶ 26–28. The Honorable Michael Latin (Retired) and the Honorable Howard Broadman (Retired), well-regarded mediators experienced in mediating labor and employment matters, conducted the first and second mediations, respectively. 04-28-2021 Aiwazian Dec. ¶ 7; 05-03-2021 LippSmith Dec. ¶¶ 25–27. The parties' first mediation on April 1, 2020, before the Honorable Judge Latin, did not result in a resolution. 04-28-2021 Aiwazian Dec. ¶ 7. At that time, Defendant cited financial distress due to Covid-19 and the effects of the pandemic on Defendant's primary business model, *i.e.*, providing and distributing healthy snacks to offices. *Id*. According to testimony from Defendant's Rule 30(b)(6) witness, Defendant implemented massive layoffs to salvage funds, shuttered most of its operations, and experienced severe depletions in revenue. 05-03-2021 LippSmith Dec. ¶ 26.

After conducting additional investigation and discovery, the Parties participated in a second, formal mediation on March 15, 2021, which the Honorable Judge Broadman (Retired) mediated. 05-03-2021 LippSmith Dec. ¶ 25. During this second mediation session, both sides took stubborn positions as to their respective claims and defenses. *Id*. ¶ 26. In addition, Defendant's financial situation was again raised as a significant issue during mediation. *Id*. Judge Broadman and Class Counsel each questioned Defendant's CFO in an open session to confirm that the Class would expect a zero recovery in this case absent a settlement. *Id*.

Despite these challenges, Class Counsel negotiated a Gross Settlement Fund of $500,000 at arm's length and in adversarial positions. 04-28-2021 Aiwazian Dec. ¶¶ 9, 17; 05-03-2021 LippSmith Dec. ¶¶ 25, 28.

### C.    The Settlement Terms

The Settlement provides that Defendant will pay $500,000 into a Gross Settlement Fund. Settlement ¶ 11. The Gross Settlement Fund will cover (1) individual settlement payments to Class Members, calculated as set forth below; (2) $50,000 in PAGA Penalties; (3) Administration Costs; (4) an Enhancement Award to Plaintiffs; and (5) Attorney Fees and Costs. *Id.* The Parties also

1   agreed to provisional Class certification, strictly and solely for the purposes of Settlement. *Id.* at ¶ 4.

2          The Net Settlement Fund is the Gross Settlement Fund less the PAGA Payment,

3   Administration Costs, Enhancement Award, and Attorney Fees and Costs. Settlement ¶ 12. The

4   Settlement provides for a $50,000 PAGA Payment. *Id.* at ¶ 18. Of this, 75% ($37,500) will be paid

5   to the LWDA. The remaining 25% ($12,500) will be paid on a pro rata basis to Class Members who

6   worked for Defendant during the PAGA Period. *Id.* The Settlement Administrator will calculate

7   each PAGA Payment by dividing $25,000 by the total number of PAGA Workweeks, then

8   multiplying by the number of weeks each Class Member worked. *Id.*

9          In addition, the Parties agreed to retain Simpluris, Inc. to handle the notice and settlement

10  administration process. *Id.* at ¶ 21. The Settlement provides for $11,000 to cover Administration

11  Costs. *Id.* at ¶ 17. The Settlement also provides that Class Counsel may apply for Enhancement

12  Awards of $7,500 for Plaintiff Kastler, $5,000 for Plaintiff Andrade, and $5,000 for Plaintiff

13  Stallings for their service as Class Representatives. *Id.* at ¶ 16. The differential in proposed awards

14  reflects that Plaintiffs Andrade and Stallings joined in this litigation after Plaintiff Kastler. Finally,

15  Class Counsel may apply for an award of attorney fees in the amount of $175,000, or 35% of the

16  Gross Settlement Fund, as well as for reimbursement of reasonable litigation costs and expenses not

17  to exceed $40,000. *Id.* at ¶¶ 14, 15.

18         If the Court approves the PAGA Payment, Administration Costs, Enhancement Awards, and

19  Attorney Fees and Costs in the Settlement, the Net Settlement Fund is estimated to be at least

20  $206,500. 04-28-2021 Aiwazian Dec. ¶ 9; 05-03-2021 LippSmith Dec. ¶ 28. The amount of each

21  Individual Settlement Share, *infra*, and each PAGA Payment will be calculated based on respective

22  Workweeks. Settlement ¶ 13. Class Counsel's analysis allowed them to estimate the potential

23  claims on behalf of the Class and State of California and to "conclude[e] that the consideration

24  being paid for the release of those claims represents a reasonable compromise." *Kullar v. Foot*

25  *Locker Retail,* 168 Cal. App. 4th 116, 133 (2008); 04-28-2021 Aiwazian Dec. ¶ 17, 21–27; 05-03-

26  2021 LippSmith Dec. ¶ 27.

27  ///

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02451-HSG

The Net Settlement Fund will be distributed pro rata to Settlement Class Members. Settlement ¶¶ 12–13. The Settlement Administrator will facilitate the calculation of each Settlement Class Member's pro rata share of the Net Settlement Fund ("Individual Settlement Share") as follows:

- Defendant will use time records to calculate Workweeks. Settlement ¶ 13. Workweeks reflect the total number of weeks all Settlement Class Members worked as non-exempt employees in California during the Class Period. *Id.* Any calendar week in which a Class Member worked at least one day will be considered a Workweek. *Id.* The parties estimate that the Class Period includes 18,401 Workweeks. *Id.* at ¶ 34.

- Within 14 days of preliminary approval, Defendant will provide the Settlement Administrator with the total number of Workweeks all Class Members worked in the aggregate, as well as the number of Workweeks each individual Class Member worked. *Id.* at ¶¶ 13, 23.

- The Settlement Administrator will calculate each Settlement Class Member's share of the Net Settlement Fund. To calculate each share, the Settlement Administrator will divide the Net Settlement Fund by the total number of Class Workweeks, then multiply by the number of weeks each Settlement Class Member worked. *Id.* at ¶ 13.

The Settlement provides for tax treatment, allocating 33.33% of Individual Settlement Shares to wages reported on an IRS Form W-2, 66.67% to non-wages and interest reported on an IRS Form 1099, and 100% of PAGA Payments as penalties on IRS Form 1099. Settlement ¶ 19. The Settlement Administrator will withhold deductions for employees' share of payroll taxes and withholdings from Individual Settlement Shares but not PAGA Payments. *Id.* The Settlement Administrator will issue each Settlement Class Member an individual settlement payment, reduced by the applicable withholdings. *Id.* Defendant will cover its portion of payroll taxes, in addition to the Gross Settlement Fund. *Id.*

Class Members can either opt out the Settlement or make an Objection. Settlement ¶¶ 24–26. Even if Settlement Class Members fail to submit papers in support of an Objection, they may still appear at the Final Approval Hearing to state an objection. *Id.* ¶ 26.

Settlement checks uncashed after 120 days of issuance shall be tendered to the State Controller's Office, Unclaimed Property Division in the name of the Settlement Class Member and shall indicate the amount of the cancelled check. Settlement ¶ 29. There is no reversion to

7

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02411-HSG

1    Defendant of any of the settlement funds.

2    **IV.    CLASS COUNSEL'S REQUESTED FEES ARE REASONABLE AND FAIR**

3           The Court has inherent authority to ensure that the amount and mode of payment of attorney

4    fees in class actions are fair and proper. *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323,

5    1328-29 (9th Cir. 1999). "In class action litigation, a district court 'may award reasonable

6    attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.'"

7    *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016) (*citing Rodriguez v. Disner* (*Rodriguez II*),

8    688 F.3d 645, 653 (9th Cir. 2012) (*quoting* Fed. R. Civ. P. 23(h))). The Court should "carefully

9    assess the reasonableness of a fee amount spelled out in a class action settlement agreement."

10   *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003).

11          "In diversity actions [like this], the Ninth Circuit applies state law to determine the right to

12   fees and the method for calculating fees." *Hartless v. Clorox Company*, 273 F.R.D. 630, 642 (S.D.

13   Cal. 2011). Both California state and federal courts recognize two methods for evaluating attorney

14   fees: (1) lodestar plus multiplier method; and (2) the percentage of recovery method. *Wershba v.*

15   *Apple Comput., Inc.*, 91 Cal. App. 4th 224, 254 (2001) (disapproved on other grounds in *Hernandez*

16   *v. Restoration Hardware, Inc.*, 4 Cal.5th 260, 269-70 (2018)); *Hanlon v. Chrysler Corp.*, 150 F.3d

17   1011, 1029 (9th Cir. 1998); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

18   "Under California law, the primary method for determining the amount of reasonable attorneys'

19   fees is the lodestar method." *Hartless*, 273 F.R.D. at 642. In cases in which the class benefit can be

20   monetized with a reasonable degree of certainty, a percentage of the benefit approach may be used

21   to cross-check the lodestar calculation." *Id.*

22          "The award of attorneys' fees in a class action settlement is often justified by the common

23   fund or statutory fee-shifting exceptions to the American Rule, and sometimes by both." *In re*

24   *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Courts routinely

25   acknowledge that parties may settle claims for attorney fees in a class action by entering into an

26   agreement requiring a defendant to pay the plaintiff's attorney fees. *See Wing v. Asarco Inc.*, 114

27   F.3d 986, 988 (9th Cir. 1997); *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 523 (1st Cir.

28

8

1991).

**A.      The Requested Attorney Fee Award is Reasonable Under the Lodestar Analysis**

"The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The hours expended and the rate should be supported by adequate documentation and other evidence…" *Foos v. Ann, Inc.*, 2013 U.S. Dist. LEXIS 136918, *12 (S.D. Cal. 2013).

**1.      Class Counsel Expended Significant Time and Resources to Resolve the Lawsuit**

Class Counsel have litigated this matter for more than two years. Class Counsel's work in this litigation includes significant investigation into the facts; formal and informal written discovery, including taking Defendant's Rule 30(b)(6) witness' deposition, and compiling, reviewing, and analyzing thousands of pages of documents produced in discovery. 05-03-2021 LippSmith Dec. ¶ 25. The Lawsuit involved removal of the matter to federal court, and Class Counsel were actively preparing to file a motion for class certification when the case went to mediation for the second time. 04-28-2021 Aiwazian Dec. ¶ 18. As discussed in Section III.B, *supra,* the work in this matter has been extensive, demanding, and ultimately successful in achieving a substantial settlement, particularly given Defendant's financial condition. Class Counsel are well-experienced in wage-and-hour class action litigation and used that experience to obtain a significant Settlement that includes both a common fund and PAGA Penalties. 04-28-2021 Aiwazian Dec. ¶ 6; 05-03-2021 LippSmith Dec. ¶¶ 10–12, 17.

To successfully pursue the claims at issue in this case and to achieve the resulting Settlement, Class Counsel spent 689 total hours of partner, associate, and paralegal time. 09-14-2021 LippSmith Dec. ¶ 14 & Table 1. LippSmith LLP timekeepers have spent 336 hours through September 13, 2021, with hourly rates ranging from $175 for work performed by one paralegal and $550–$800 for work performed by four attorneys. *Id*. at ¶ 10 & Table 1. Timekeepers from Lawyers *for* Justice have spent 353 hours litigating this matter. 09-13-2021 Declaration of Edwin Aiwazian

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02411-HSG

in Support of Motion for Final Approval of Class Action Settlement ("09-13-2021 Aiwazian Dec.") ¶ 10 & Ex. A. In addition, Class Counsel anticipate spending an additional 150 hours finalizing settlement procedures; reviewing and managing updates on Class Member information; responding to Class Members' inquiries by telephone and email; and implementing the Settlement after Final Approval for however long it takes to complete the Settlement allocation process and work to resolve any disputes or appeals. 09-14-2021 LippSmith Dec. ¶ 10. All totaled, Class Counsel estimate that the attorney and paralegal time commitment for past completed and future anticipated work will be at least 839 hours. *Id*. ¶ 14 & Table 1.

Class Counsel also incurred $31,348.74 in costs litigating this matter, all on a contingency basis with significant risk of no recovery. Lawyers *for* Justice incurred $23,724.99 in litigation costs and expenses for the Lawsuit, and LippSmith LLP incurred $7,693.75. 09-13-2021 Aiwazian Dec. ¶ 17 & Ex. B; 09-14-2021 LippSmith Dec. ¶ 17. Class Counsel's costs incurred to date are for attorney services, courier services, court reporter services, expert fees, filing fees, mediation services, postage, research, and travel. *See* 09-13-2021 Aiwazian Dec. ¶ 17 & Ex. B; 09-14-2021 LippSmith Dec. ¶ 17, Table 3. The Settlement provided, and the Notice informed the Class, that the Court may award up to $40,000.00 in litigation costs from the Settlement Fund. Since Class Counsel have incurred and reasonably expect to incur only $31,348.74 in litigation costs, the $8,581.26 balance of funds previously earmarked for potential costs ($40,000 less $31,348.74) will be available for *pro rata* distribution to the Class. 09-14-2021 LippSmith Dec. ¶ 18.

### 2. Class Counsel's Hourly Rates are Reasonable

Prior court approvals of fee applications based on Class Counsel's same or similar rates in the consumer class action context offer one basis to conclude that Class Counsel's hourly rates are reasonable for similar work. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). "District courts have the discretion to compensate plaintiff's attorneys for a delay in payment by either applying the

attorneys' current rates to all hours billed during the course of the litigation or using the attorneys' historical rates and adding a prime rate enhancement." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007); see also *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 900 (C.D. Cal. Oct. 11, 2016) (awarding "current hourly rates as compensation for the delay in payment").

Class Counsel's timekeeper rates are within reasonable range. Class Counsel's hourly rates range from $350 to $800 for attorneys with 12 to 18 years of experience and from $150 to $200 for a paralegal with four years of experience; these rates are reasonable contingency fee rates for each timekeeper. 09-14-2021 LippSmith Dec. ¶ 13.

### 3. A Lodestar Multiplier is Justified

"Though the lodestar figure is 'presumptively reasonable,' the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941–42 (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992). "Foremost among these considerations, however, is the benefit obtained for the class." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942.

### a. Class Counsel achieved significant benefits for the Class.

The Settlement provides an exceptional and substantial benefit to the Class, especially given the high risk of zero recovery in this case due to Defendant's financial condition. The Settlement provides for payment of $500,000 to the Settlement Fund, proposed to be allocated as follows:

- $50,000 in PAGA Penalties, of which $12,500 will be distributed to the Class as pro rata shares;
- $11,000 in Administration Costs;
- $17,500 in total Enhancement Awards to the three Class Representatives;
- Up to $40,000 in Costs Reimbursement to Class Counsel;
- Up to $175,000 for Attorney Fees; and

- At least $206,500 for pro rata payments to Class Members.

Settlement ¶¶ 11–12, 14–18.

Notably, the Settlement provides for no reversion of any sums to Defendant. If Settlement checks remain uncashed after 120 days of issuance, those sums will be tendered to the State Controller's Office, Unclaimed Property Division in the name of the Settlement Class Member, indicating the amount of the cancelled check. Settlement ¶ 29. In addition, Class Counsel now seeks just $31,348.74 in litigation costs, so the $8,581.26 balance of funds previously earmarked for potential costs ($40,000 less $31,348.74) will be available for *pro rata* distribution to the Class. 09-14-2021 LippSmith Dec. ¶ 18.

### b. Class Counsel took a significant risk of non-payment.

A multiplier would be further justified because the Lawsuit presented a significant risk of non-payment. *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2007); *Vizcaino*, 290 F.3d at 1048. "The district court *must* apply a risk multiplier to the lodestar 'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky.' Failure to apply a risk multiplier in cases that meet these criteria is an abuse of discretion." *Stetson*, 821 F.3d at 1166 (emphasis in original) (citing *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) (*quoting Fischel v. Equitable Life Assur. Soc'y of the United States*, 307 F.3d 997, 1008 (9th Cir. 2002)). In addition, "since the proper amount of fees is often open to dispute and the parties are compromising precisely to avoid litigation, the court need not inquire into the reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee amount is litigated." *Staton, supra*, 327 F.3d at 966.

In addition, "[i]t is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994); *see also Vizcaino*, 290 F.3d at 1051. The considerable risks undertaken by Class Counsel on an entirely contingent basis would further justify a multiplier here. *Vizcaino*, 290 F.3d at

12

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02451-HSG

1050. "The importance of assuring adequate representation for plaintiffs who could not otherwise

afford competent attorneys justifies providing those attorneys who do accept matters on a

contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *In re*

*Omnivision*, 559 F. Supp. 2d at 1047. A multiplier finds further support where, as here, counsel has

expended "substantial outlay" in time and resources while "there is a risk that none of it will be

recovered." *Id*.

    Had the parties not agreed to the Settlement, continued litigation presented significant risk

that the Class would recover nothing. First, continued litigation presents several procedural

challenges. As discussed in Plaintiffs' Motion for Preliminary Approval, wage-and-hour actions are

often amenable to resolution for groups of employees, but courts sometimes decide otherwise. For

instance, some courts have required "manageability" for adjudicating PAGA claims. *See, e.g.*, *Litty*

*v. Merrill Lynch & Co.*, No. cv 14-0425 PA (PJWx), 2015 WL 4698475 at *3–4 (C.D. Cal. Apr. 27,

2015) (dismissing PAGA claim that would require a multitude of individualized assessments).

Other courts considering PAGA claims have required plaintiffs to establish standing and have

bifurcated discovery, trial, or both. *Amalgamated Transit Union v. Super. Ct.*, 46 Cal.4th 993, 1001

(2009) (noting PAGA "require[s] a plaintiff to have suffered an injury resulting from an unlawful

action"); *Stafford v. Dollar Tree Stores, Inc.*, No. 2:13-cv-1187 KJM CKD, 2014 WL 6633396 at *4

(E.D. Cal. Nov. 21, 2014) (finding judicial economy supported bifurcation because of the

difficulties and inherent uncertainties in establishing liability with respect to a large number of

potentially aggrieved employees). These issues add uncertainty to continued litigation.

    Second, Plaintiffs would have to overcome substantive challenges to achieve ultimate

success on the merits. Even if Plaintiffs established violations of the Labor Code, that Aggrieved

Employees suffered losses, and that Defendant's conduct gives rise to penalties (*see, e.g.*, *Elliot v.*

*Spherion Pac. Work, LLC*, 572 F. Supp. 2d 1169, 1181–82 (C.D. Cal. 2008)), Defendant would

likely argue that such violations are "initial," making heightened "subsequent violation" penalties

unwarranted. *See* Lab. Code § 2699(f)(2); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157,

1209 (2008).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02411-HSG

1   Third, maintaining class certification through trial is uncertain. Certifying a class composed

2   of 684 current and former employees presents complex issues that could undermine certification at

3   the class certification stage as well as at other, later stages of the litigation.

4   Finally, amounts of any awarded penalties are uncertain. Although PAGA clearly sets forth

5   penalties, courts have discretion in setting those penalties, so that they are not "unjust, arbitrary and

6   oppressive, or confiscatory." *See* Lab. Code § 2699(e)(2).

7   Here, "[t]he Settlement . . . provides Class Members with another significant benefit that

8   they would not have received if the case proceeded—certain and prompt relief." *Barbosa v. Cargill*

9   *Meat Solutions Corp.*, 297 F.R.D. 431, 446 (E.D. Cal. July 1, 2013). The Settlement avoids

10   continued, costly litigation of heavily contested and uncertain issues.

11   **c.      Class Counsel provided high-quality representation for the Class.**

12   The Court has previously considered and scrutinized the qualifications of Class Counsel in

13   making its determinations necessary to issue its Order Granting Preliminary Approval of Class

14   Action Settlement. *See* Dkt. No. 91 at 11. In addition, Class Counsel worked ably and diligently to

15   achieve valuable relief for the Class. Class Counsel investigated Plaintiff Kastler's claims prior to

16   filing this lawsuit more than two years ago; reviewed thousands of pages of documents produced in

17   discovery; engaged in formal and informal written discovery; and took Defendant's Rule 30(b)(6)

18   witness' deposition. 05-03-2021 LippSmith Dec. ¶¶ 23–26; Settlement ¶ 5. Further, Class Counsel

19   attended multiple mediations with experienced mediators to arrive at settlement terms that would

20   confer a significant benefit to the Class despite Defendant's very real possibility of financial ruin.

21   **d.      The requested fee award would result in a multiplier of 0.38,**

22   **which is extremely modest and reasonable.**

23   As discussed, a multiplier would be appropriate here, given the excellent results Class

24   Counsel obtained and the risk of non-payment Class Counsel faced. "Multipliers in the 3–4 range

25   are common in lodestar awards for lengthy and complex class action litigation." *Van Vranken v. Atl.*

26   *Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. Aug. 15, 1995). In *Vizcaino*, *supra*, the trial court

27   surveyed a number of common cases to find "a [multiplier] range of 0.6–19.6, with most . . . from

28

1.0–4.0[.]" 290 F.3d at 1051 n. 6; *see also* 3 Newberg § 14.03 at 14-5 ("Multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.").

Here, however, to arrive at a total fee of $175,000, Class Counsel would be awarded a negative multiplier of 0.38, or just 38% of Class Counsel's lodestar, which is extremely modest when compared with multipliers approved in other complex cases. *See, e.g.*, *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 1995) (upholding an award of 25% of the fund that resulted in a multiplier of approximately 5.2, citing precedent for awards "in this range or higher"); *Wershba*, 91 Cal. App. 4th at 255 ("Multipliers can range from 2 to 4 or even higher"); *Vizcaino*, 290 F.3d at 1051 & Appendix (approving a multiplier of 3.65 and citing multipliers up to 19.6); *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) ("'In recent years multipliers of between 3 and 4.5 have become common.'") (citation omitted); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (finding that "a modest multiplier of 4.65 is fair and reasonable"). Class Counsel has agreed to seek much less than their lodestar in attorney fees because of the very limited funds available from a financially dwindling defendant, wanting to preserve a large share of the available funds for a direct, cash benefit to Class Members. *See* 05-03-2021 LippSmith Dec. ¶ 26.

**B.      The Fee Award Requested is Reasonable Under a Percentage of Recovery Analysis**

"In cases in which the class benefit can be monetized with a reasonable degree of certainty, a percentage of the benefit approach may be used to cross-check the lodestar calculation." *Hartless*, *supra*, 273 F.R.D. at 642. "Just as the lodestar method can confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate, the percentage-of-recovery method can likewise be used to assure that counsel's fee does not dwarf class recovery." *In re Bluetooth Headset Prods. Liab. Litig.*, *supra*, 654 F.3d at 945 (internal quotations and citation omitted). Though the lodestar method is an appropriate means of calculating an awarded fee, the Ninth Circuit has "encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method." *Id.* at 944.

In the Ninth Circuit, courts apply the factors in *Vizcaino*, *supra*, to assess the reasonableness of an attorney fee, measured as a percentage of a common fund. 290 F.3d at 1048–50. The *Vizcaino* factors include: (1) the results achieved for the Class and whether they were exceptional; (2) the risk of the litigation; (3) benefits that exceed a cash fund; (4) standard contingency fees for similar common fund cases of comparable size; and (5) the burden of taking the matter on a contingency basis, including the extended nature of a case, the expense required, and the need to forgo other work during the pendency of the matter, all of which tend to reduce a firm's annual income. *See id.* at 1048–50. Here, the *Vizcaino* factors offer a helpful framework that justifies attorney fees, measured as 35% of the Settlement Fund.

### 1. Exceptional Results for the Class

As discussed above, Class Counsel achieved a significant and valuable result for the Class, especially given Defendant's dire financial circumstances. By the second mediation, the Covid-19 pandemic had wiped out nearly all of Defendant's business of supplying healthy snacks to businesses, and Defendant anticipates no imminent recovery. 05-03-2021 LippSmith Dec. ¶ 26. As discussed, *supra*, in Section III.B, Plaintiffs' investigation leading into mediation and the information obtained during mediation—including but not limited to open questioning of Defendant by Judge Broadman (Ret.) and Class Counsel—confirmed that the expected recovery in this Lawsuit would very well be $0 because Defendant anticipates going under if the Settlement does not resolve the Lawsuit. *Id.* Instead, Class Members will receive payments from a Net Settlement Fund of at least $206,500, and their pro rata share of 25% of the PAGA Payment of $12,500 without ever having to submit to a claims process.

### 2. Risk of the Litigation

As discussed, in Section III.B, *supra*, had the Parties not agreed to the Settlement, continued litigation presented significant risk of no recovery for the Class. Beyond Defendant's dire financial condition, risks of continued litigation in this Lawsuit include the following: (1) several procedural challenges, including establishing the manageability of the PAGA claims, establishing standing, and having bifurcated discovery and/or trial; (2) establishing that the alleged Labor Code violations give

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02451-HSG

rise to statutory penalties; (3) maintaining class certification through trial; and (4) persuading the Court that any PAGA penalties are not "unjust, arbitrary and oppressive, or confiscatory." *See* Lab. Code § 2699(e)(2).

Here, "[t]he Settlement . . . provides Class Members with another significant benefit that they would not have received if the case proceeded—certain and prompt relief." *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 446 (E.D. Cal. July 1, 2013). The Settlement avoids continued, costly litigation of heavily contested and uncertain issues.

### 3. Benefits of Settlement Beyond the Cash Fund

The Settlement is exceptional in that it provides for significant cash payments for each Class Member with no claims process. *See* Settlement ¶ 13. The Class Members are known to Defendant, who has provided the last known contact information, social security number, and employment information for each Class Member to the Settlement Administrator, and the Settlement Administrator worked to obtain updated mailing addresses for Class Members. *Id*. ¶ 23. Thus, there is no need for Class Members to identify themselves or otherwise "opt in" to the Settlement to receive Settlement benefits.

Nor do Class Members have to provide proof of employment or proof that they were denied overtime pay or meal and rest breaks. Defendant will (1) calculate the total number of weeks worked by all Class Members ("Workweeks"); (2) will calculate the numbers of Workweeks worked by each Class Member, which will include any calendar week that a Class Member worked at least one day; and (3) will provide these calculations to the Settlement Administrator. *Id*. ¶ 13. The Settlement Administrator will then divide the Net Settlement Fund by the total number of Workweeks and multiply the result by the number of Workweeks each Class Member worked. *Id*.

The Settlement Administrator will also make appropriate wage deductions and report payments to Class Members on IRS Forms W-2 and 1099 as applicable for the wage portion of the Settlement benefits. *Id*. ¶ 19. No taxes will be withheld from a Class Member's share of the PAGA penalties. *Id*. In addition, Defendant will pay its employer-side taxes for payments made to Class Members *in addition to* the Gross Settlement Fund. Settlement ¶ 11.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02451-HSG

All of the work to determine who should receive Settlement payments, to calculate the pro rata payments, and to pay the appropriate taxes on the Settlement payments is borne by Defendant and the Settlement Administrator, all to the benefit of the Class beyond the cash Settlement Fund.

### 4. Standard Contingency Fees for Similar Cases

"A leading authority recognizes that '[e]mpirical studies show that . . . fee awards in class actions average around one-third of the recovery." *Hershey v. ExxonMobil Oil Corp.*, 2012 U.S. Dist. LEXIS 153803, *21–22 (D. Kan. Oct. 26, 2012) (citing 4 H. Newberg & A. Conte, *Newberg on Class Actions*, § 14:6 (4th ed. 2006). As noted in *Barbosa, supra,* 297 F.R.D. at 448:

> The typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value, with 25 percent considered a benchmark percentage. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). The exact percentage awarded, however, varies depending on the facts of the case, and "in most common fund cases, the award exceeds that benchmark" percentage. *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149, 2009 WL 248367, at *3 (N.D. Cal. Feb. 2, 2009); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%").

Forty percent contingency case retainers are typical in California. 09-14-2021 LippSmith Dec. ¶ 13. In addition, one-third to 40% contingency retainers are typical in the rest of the country. *E.g., Blum v. Stenson*, 465 U.S. 886, 904 (1984) ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery."); *In re M.D.C. Holdings Sec. Litig.*, 1990 WL 454747, at *7 (S.D. Cal. Aug. 30, 1990) ("In private contingent litigation, fee contracts have traditionally ranged between 30% and 40% of the total recovery."); *Kirchoff v. Flynn*, 786 F.2d 320, 323 (7th Cir. 1986) (approving 40% contractual award if case went to trial); *Alpine Pharmacy v. Chas. Pfizer & Co.*, 481 F.2d 1045, 1051 (2d Cir. 1973) (approving 32% attorney fee recovery for settlement before trial); *McKenzie Constr., Inc. v. Maynard*, 823 F.2d 43 (3d Cir. 1987) (finding one-third contingent fee reasonable).

### 5. Burden on Class Counsel

Finally, Class Counsel took on the burden of investing a significant amount of contingent labor and contingent costs into this matter, which necessarily means fewer resources available for

18

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02451-HSG

other work in the meantime. Through settlement implementation, Class Counsel's timekeepers will have put at least 839 hours into litigating this case. 09-13-2021 Aiwazian Dec. ¶ 10 & Ex. A; 09-14-2021 LippSmith Dec. ¶ 14 & Table 1. Class Counsel also incurred more than $31,348.74 in costs, taking a financial risk in the event of a loss on any number of critical issues litigated during the pendency of the case. 09-13-2021 Aiwazian Dec. ¶ 17 & Ex. B; 09-14-2021 LippSmith Dec. ¶¶ 17–18 & Table 3.

Class Counsel incurred *all* of this labor and *all* of these costs on a contingency basis, with no guarantee of any recovery, and at a great cost to their practices, since Class Counsel could have invested that time and money into other matters.

## C. The Absence of Collusion Between the Settling Parties Further Supports the Requested Fee Award

As the Court appropriately noted in its Preliminary Approval Order, district courts must "look for subtle signs of collusion, which include whether counsel will receive a disproportionate distribution of the settlement, whether the parties negotiate a clear sailing arrangement[,] and whether the parties agree to a reverter that returns unclaimed funds to the defendant." Preliminary Approval Order, Dkt. No. 91, citing *Hanlon*, *supra*, 150 F.3d at 1026 (internal quotations omitted). These factors, along with the arm's-length negotiations used to reach the Settlement terms, support a finding that there was no collusion between the Parties' counsel and weighs in favor of approving the requested fee award.

First, Class Counsel will not receive a disproportionate share of the Settlement if the requested fee award is approved. If Class Counsel is awarded the requested $175,000 in attorney fees and $40,000 in litigation costs reimbursement, the Net Settlement Fund for payments to Class Members will be at least $215,081.26, and Class Members will receive their pro rata share of $12,500 in PAGA penalties. *See* Section IV.A.3.a, *supra*. Thus, "[e]ven if the Court were to award 35% in attorneys' fees, the majority of the settlement cash will still be distributed to class members." Preliminary Approval Order, Dkt. No. 91 at 14.

Second, the Settlement is non-reversionary. Funds remaining from uncashed Settlement checks will be tendered to the State Controller's Office, Unclaimed Property Division in the name of the Class Member and will indicate the amount of the cancelled check. Settlement ¶ 29.

Finally, even with a clear sailing provision, it is evident that the Settlement is not the result of collusion and that the requested fee award is not to the detriment of the Class. The Settlement is the result of two mediation sessions with experienced mediators, one of which involved open forum questioning of the Defendant by Class Counsel and each of which involved stubborn positions taken by both Parties. 05-03-2021 LippSmith Dec. ¶ 26. In addition, and as noted in the Court's Preliminary Approval Order, Class Counsel assumed substantial risk in litigating the case on a contingency basis and achieved results for the Class. Preliminary Approval Order, Dkt. No. 91 at 14. Moreover, if approved, Class Counsel's fee award would be just 38% of their lodestar. *See* Section IV.A.3.d, *supra*. Class Counsel will not be fully compensated based on their reasonable hourly rates, but the Class rightfully reaps the benefit of the high-level work done on its behalf.

# V.   THE COST REIMBURSEMENT REQUEST IS REASONABLE

Expense reimbursement awards "should be limited to typical out-of-pocket expenses that are charged to a fee-paying client and should be reasonable and necessary." *In re Immune Response Sec. Litig.*¸ 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007). Such reasonable and necessary expenses include the following: "1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees." *In re Immune Response Sec. Litig*, 497 F. Supp. 2d at 1177; *Rutti v. Lojack Corp., Inc.*, 2012 U.S. Dist. LEXIS 107677 (C.D. Cal. July 31, 2012).

To date, Class Counsel has incurred $31,348.74 in unreimbursed litigation costs on a contingency basis. 09-13-2021 Aiwazian Dec. ¶ 17 & Ex. B; 09-14-2021 LippSmith Dec. ¶ 18. Given the duration and extent to which Defendant litigated this case, Class Counsel incurred these costs to litigate successfully on the Class's behalf, taking a financial risk in the event of a loss on any number of critical issues and/or Defendant's insolvency. These costs were incurred for the

1   Class's benefit, and Class Counsel's having incurred less than the $40,000 allocated for costs

2   reimbursement in the Settlement confers an additional benefit to the Class of $8,581.26 for *pro rata*

3   distribution. 09-14-2021 LippSmith Dec. ¶ 18.

4       Because the costs incurred in the Lawsuit are reasonable, and because the requested costs

5   reimbursement award results in an additional, cash benefit to the Class, the Class respectfully

6   requests that the Court award $31,348.74 in litigation costs reimbursements.

7   **VI.   THE CLASS REPRESENTATIVES SHOULD BE AWARDED ENHANCEMENT**

8   **PAYMENTS**

9       The Court has discretion to award incentives to the Class Representatives. *See In re Mego*

10  *Fin'l Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). The Ninth Circuit has recognized that

11  incentive awards are permissible and do not render a settlement unfair or unreasonable. *Rodriguez*

12  *v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) ("Incentive awards are fairly typical

13  in class action case. Such awards are discretionary . . . and are intended to compensate class

14  representatives for work done on behalf of the class, to make up for financial or reputational risk

15  undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private

16  attorney general.") (citations omitted); *Staton*, *supra*, 327 F.3d at 977 ("[N]amed plaintiffs, as

17  opposed to designated class members who are not named plaintiffs, are eligible for reasonable

18  incentive payments.").

19      The Settlement authorizes Plaintiffs to seek Enhancement Awards of up to $7,500 for each

20  Plaintiff appointed to serve as Class Representative. Plaintiffs have zealously pursued this action on

21  the Class's behalf. They understand and have taken seriously their roles as potential class

22  representatives and as California Private Attorneys General, stepping up to pursue claims on behalf

23  of other Aggrieved Employees. Declaration of Anne Kastler, Dkt. No. 87-4 ("Kastler Dec.") ¶ 3;

24  Declaration of Saul Andrade, Dkt. No. 87-5 ("Andrade Dec.") ¶ 3; Declaration of Anthonicia

25  Stallings, Dkt. No. 87-6 ("Stallings Dec.") ¶ 3. The Class Representatives have been available

26  whenever Class Counsel need them, and they each spent time and effort producing relevant

27  documents and providing facts and evidence necessary to help prove the allegations. 04-28-2021

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02411-HSG

Aiwazian Dec. ¶ 12; 05-03-2021 LippSmith Dec. ¶ 32; Kastler Dec. ¶ 5; Andrade Dec. ¶ 5; Stallings Dec. ¶ 5.

Anne Kastler spent dozens of hours working with Class Counsel on the litigation, including working with them on investigation and the initial filing; providing documents related to her employment with Defendant; revising documents with Class Counsel and answering their questions; helping to identify additional documents and witnesses useful to the case; making herself available to answer inquiries as quickly as possible; staying current on the progress of the case; and participating in the settlement process. Kastler Dec. ¶¶ 5–6, 10. Ms. Kastler is also committed to spending future time working on the case, even if the Court grants final approval of the Settlement. *Id*. ¶ 10. Though they joined as named plaintiffs in the case later than Ms. Kastler, Saul Andrade and Anthonicia Stallings each also spent dozens of hours working with Class Counsel on the litigation, including providing Class Counsel with documents related to their employment with Defendant; providing Class Counsel with information about non-exempt employees' duties imposed by Defendant; answering Class Counsel's questions and making themselves available to speak and meet with Class Counsel when needed; staying informed about the case and monitoring its progress; and participating in the settlement process. Andrade Dec. ¶¶ 5–6, 10; Stallings Dec. ¶¶ 5–6, 10. Mr. Andrade and Ms. Stallings have both committed to spending whatever future hours are necessary to complete their duties for the Class. Andrade Dec. ¶ 10; Stallings Dec. ¶ 10.

Because Class Representatives Andrade and Stallings learned of and began participating in the lawsuit subsequent to Plaintiff Kastler's involvement and initiation of this case, the Class seeks the differing sums of $7,500 for the original Plaintiff Kastler and $5,000 for Plaintiffs Andrade and Stallings, which are fair, reasonable, and proportional to their respective involvement in the Lawsuit. 05-03-2021 LippSmith Dec. ¶ 32.

///

///

///

///

22

**VII.    CONCLUSION**

Based on the foregoing, the record to date, and the declarations filed herewith, Plaintiffs and the Class respectfully request that the Court award the following:

- $5,000 Enhancement Award to Class Representative Saul Andrade;
- $5,000 Enhancement Award to Class Representative Anthonicia Stallings;
- $7,500 Enhancement Award to Class Representative Anne Kastler;
- $31,348.74 in costs reimbursement to Class Counsel; and
- $175,000 in attorney fees to Class Counsel.

Dated: September 14, 2021                              **LIPPSMITH LLP**


                                                  By:    /s/ *Graham B. LippSmith*
                                                         Graham B. LippSmith
                                                         Celene Chan Andrews

                                                         **LAWYERS for JUSTICE, PC**

                                                         Edwin Aiwazian
                                                         Arby Aiwazian
                                                         Jenay Younger
                                                         Kenyon Harbison

                                                         Attorneys for Plaintiffs and the Class

1

## <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on September 15, 2021, I electronically filed **PLAINTIFFS' NOTICE**

3 **OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS REIMBURSEMENTS,**

4 **AND ENHANCEMENT PAYMENTS** with the Clerk of the Court, using the CM/ECF system,

5 which will send notification of such filing to the counsel of record in this matter who are registered

6 on the CM/ECF system to receive service.

7                                                    _/s/ Graham B. LippSmith_

8                                                    Graham B. LippSmith

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS
REIMBRUSEMENTS, AND ENHANCEMENT PAYMENTS
Case No.: 4:19-cv-02411-HSG

**LAWYERS** *for* **JUSTICE, PC**
Edwin Aiwazian (SBN 232943)
edwin@calljustice.com
Arby Aiwazian (SBN 269827)
arby@calljustice.com
Jenay Younger (SBN 327627)
jenay@calljustice.com
Kenyon Harbison (SBN 260416)
kenyon@calljustice.com
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

**LIPPSMITH LLP**
Graham B. LippSmith (SBN 221984)
g@lippsmith.com
Celene Chan Andrews (SBN 260267)
cca@lippsmith.com
555 S. Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KASTLER, ANTHONICIA STALLINGS, and SAUL ANDRADE individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>GARTEN, INC., formerly known as OH MY GREEN, INC., an unknown business entity,<br><br>Defendant. | Case No.: 4:19-cv-02411-HSG<br><br>Honorable Haywood S. Gilliam, Jr<br><br>**CLASS ACTION**<br><br>**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date: December 9, 2021<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br><br>Action Filed: February 28, 2019<br>Trial Date: None Set |

## DECLARATION OF EDWIN AIWAZIAN

I, Edwin Aiwazian, hereby declare as follows:

1.     I am an attorney duly licensed to practice law before all courts of the State of California and all United States District Courts in the State of California. I am a member of Lawyers *for* Justice, PC, attorneys of record for Plaintiffs Anne Kastler, Anthonicia Stallings, and Saul Andrade (together, "Plaintiffs") and the Class. I have personal knowledge of facts set forth in this declaration, and if called as a witness, I could and would competently testify thereto.

## WORK PERFORMED BY COUNSEL FOR PLAINTIFF AND CLASS

2.     I have been actively engaged in this litigation since the above-entitled action (the "Action") was commenced on February 28, 2019, as have several other members of Lawyers *for* Justice, PC.  Lawyers *for* Justice, PC has fully and actively participated in the litigation process and worked closely together with our co-counsel LippSmith LLP (together, "Class Counsel") since they associated in as co-counsel.

3.     The ongoing work has been extensive, demanding, and ultimately successful in achieving a substantial settlement resolution.  Before filing the case, Class Counsel investigated and researched the facts and circumstances underlying the pertinent issues and applicable law.  This required thorough discussions and interviews with Plaintiff Kastler and other Class Members, and research into the various legal issues in this matter, namely, the current state of the law as it applied to certification, off-the-clock theory, meal and rest periods, wage-and-hour enforcement, Plaintiff Kastler's claims, and potential defenses.  Class Counsel also engaged in significant factual investigation into Defendant's operations and business practices.  Based on these investigations, Class Counsel determined that Plaintiffs' claims were well-suited for class treatment and typical of the Class, owing to what appeared to be a common course of conduct affecting a similarly situated group of non-exempt hourly employees who worked for Defendant within the State of California, who were not properly compensated for, *inter alia*, all hours worked, non-compliant meal and rest periods, and business expenses. Plaintiffs allege Defendant engaged in uniform unlawful practices and

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  procedures, including failure to pay overtime and minimum wages; failure to provide

2  compliant meal periods and rest periods and associated premium pay; failure to pay timely

3  wages during employment and upon termination of employment; failure to provide compliant

4  wage statements; failure to maintain requisite payroll records; and failure to reimburse

5  necessary business expenses.

6       4.     Based on investigation and information discovered, Class Counsel believe there

7  is sufficient evidence to support allegations that Defendant violated the Labor Code. While

8  Class Counsel believe the claims have merit and that Plaintiffs will prevail at trial and

9  ultimately succeed in this litigation, Plaintiff and Class Counsel also recognize Defendant's

10 defenses, the costs of further litigation, and the multiple risks to recovery (e.g., with respect to

11 Defendant's financial condition).  For example, although wage-and-hour actions are amenable

12 to resolution as to a group of employees, some courts have also found that, for various reasons,

13 the issues raised by Plaintiffs, including, and not limited to, the issues of non-compliant meal

14 periods, non-compliant rest periods, and unreimbursed business expenses, raise individualized

15 issues, are unmanageable, and, thus, not suitable for adjudication as to a group of employees.

16 Thus, without the Settlement, Plaintiffs face the risk that this Court could determine that the

17 claims require individualized inquiries that would render adjudication of the claims

18 unmanageable or at odds with Defendant's right to due process.

19      5.     Together, with our co-counsel, prior to attending the mediations, we investigated

20 the veracity, strength, and scope of the claims at issue. Class Counsel conducted formal and

21 informal discovery, including propounding written discovery requests on Defendant (i.e.,

22 requests for production of documents, special interrogatories, and form interrogatories),

23 noticing depositions of Defendant's person most knowledgeable designees, taking the

24 deposition of Defendant's person most knowledgeable, and reviewing a large volume of data

25 and documents obtained from Defendant, Plaintiffs, and other sources.  Class Counsel

26 reviewed and analyzed documents and data, including, but not limited to, the employment

27 records of Plaintiffs and other Class Members; a detailed sampling of time and pay data; and

28 Defendant's employee handbooks, forms, and policies. Counsel for the Parties undertook

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

significant investigation and invested time reviewing and analyzing relevant documents and data to evaluate Plaintiffs' claims, including, but not limited to, calculating the potential monetary recovery under the Labor Code and PAGA. Class Counsel interviewed Plaintiffs and other witnesses to gather facts and to identify potential witnesses. Counsel for the Parties also met and conferred, e.g., to discuss issues relating to jurisdiction, the pleadings, discovery, the production of documents and data, their respective anticipated filings and motions, amendment of the complaint, Defendant's Rule 30(b)(6) depositions, Plaintiff Kastler's deposition, and the class certification deadlines. Class Counsel also engaged in case strategy and analysis; drafting, reviewing, and revising the pleadings and mediation briefing; and preparing for court proceedings and attending mediation and settlement negotiations. We have coordinated the work in this matter with co-counsel and have combined our efforts. The firms also divided areas of responsibility to avoid unnecessary duplication of work and effort. When the abilities of experienced and skilled co-counsel were needed, the firms worked together. For example, both firms worked together to strategize the matter and were actively involved in reviewing documents produced in the matter, reviewing and revising the terms of the Settlement, and drafting and finalizing motions for preliminary and final approval of the Settlement.

6.    After conducting significant investigation of the facts and law during the prosecution of the case, counsel for the parties engaged in extensive settlement negotiations to try to resolve the entire matter. These efforts included participating in multiple mediations with well-respected and experienced mediators, including mediation on April 1, 2020, conducted by Judge Michael Latin (Ret.), and mediation on March 15, 2021 conducted by Judge Howard R. Broadman (Ret.). During all settlement discussions, the parties conducted their negotiations at arm's length in an adversarial position. Prior to and during the mediations, the Parties considered and engaged in an intensive discussion regarding their evaluations of this matter and various aspects of the case including, the risks and delays of further litigation (e.g., especially with respect to Defendant's financial condition and whether some claims were subject to dismissal); the risks of proceeding with representative adjudication and class

DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1   certification; the law relating to off-the-clock theory, meal and rest periods, wage-and-hour

2   enforcement, and PAGA representative claims; and the evidence the Parties had produced and

3   analyzed, among other things. During all settlement discussions, the Parties conducted their

4   negotiations at arm's length in an adversarial position. Arriving at a settlement acceptable to

5   both Parties was not easy. After conducting investigations, engaging in formal discovery,

6   exchanging informal discovery, and participating in settlement negotiations, the Parties agreed

7   this case is well-suited for settlement, given the legal issues, claims, defenses, legal landscape,

8   and costs and risks of continued litigation.  Plaintiffs and their counsel also have considered

9   the uncertainty and risk of the outcome of further litigation, including the difficulties and

10  delays inherent in such litigation. In order to prevail on the PAGA claim, Plaintiffs would have

11  to prove the underlying violations of the Labor Code and demonstrate that Class Members

12  suffered. Plaintiffs' core allegation is that Defendant has violated the Labor Code by failing to

13  pay minimum and overtime wages, failing to provide compliant meal and rest periods and

14  associated premiums, failing to timely pay wages during employment and upon termination of

15  employment, failing to provide complete and accurate itemized wage statements, failing to

16  keep and maintain complete and accurate payroll records, and failing to reimburse business

17  expenses and costs, and thereby engaged in unfair business practices in violation of California

18  Business and Professions Code section 17200, et seq. and conduct giving rise to penalties

19  recoverable under the Private Attorneys General Act of 2004 (California Labor Code sections

20  2698, et seq.)

21        7.    Counsel for the Parties have further invested time to research the applicable law,

22  which is constantly evolving as it relates to certification, representative PAGA actions, off-

23  the-clock theory, meal and rest premiums, wage-and-hour enforcement, Plaintiffs' claims,

24  Defendant's defenses, and discovered facts.

25        8.    From the inception of this litigation, Defendant has indicated that it will

26  aggressively litigate this case and contended that it would ultimately succeed in the action.

27  Defendant maintain several defenses to Plaintiffs' allegations, which, if successfully argued

28  and proven, had the potential to eliminate or substantially reduce recovery. Throughout this

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1   litigation, Defendant has maintained, and continues to maintain, that they did not engage in a

2   uniform policy and systematic scheme of wage abuse against their employees, and that it had,

3   and continues to have, legally compliant employment policies and practices throughout the

4   time period at issue. Defendant denies that it ever violated any provision of the Labor Code.

5   Defendant has further denied, and continues to deny, that the lawsuit is appropriate for class

6   or representative treatment for any purpose other than the Settlement.  Even if Defendant failed

7   on its defenses, Plaintiffs would inevitably face other challenges in court, e.g., regarding

8   Plaintiffs' standing, whether Plaintiffs' allegations would be certifiable on a class-wide basis,

9   and possible bifurcation of discovery, trial, or both (e.g., multiple courts have taken the

10  approach of limiting discovery or trial of the issues to Plaintiffs, the specific locations where

11  Plaintiffs worked, or both).

12       9.     Class Counsel seeks attorneys' fees in the amount of $175,000, which is thirty-

13  five percent (35%) of the Gross Settlement Fund of $500,000.00, as set forth in the Settlement

14  Agreement and the Notice.  The effectiveness of Lawyers *for* Justice, PC and LippSmith LLP

15  in prosecuting this case has translated into the recovery of a substantial sum of monetary

16  benefits for Plaintiffs, the Class, and the State of California in the following respects: (1) their

17  recoveries over a reasonably short period of time as opposed to waiting additional years for

18  the same, or possibly, a worse, result; (2) a guaranteed result that compares favorably with

19  other similar representative action settlements of this type; and (3) significant savings in fees

20  and costs which would have increased significantly had the case progressed through trial,

21  appeals, or both.  The amount of attorneys' fees sought is commensurate with: (1) the risk that

22  Class Counsel took in commencing the case; (2) the time, effort, and expense dedicated to the

23  matter; (3) the skill and determination that Class Counsel have shown; (4) the results that Class

24  Counsel have achieved throughout the litigation; (5) the value of the settlement that Class

25  Counsel have achieved for the Class and State of California; and (6) the other cases that Class

26  Counsel have turned down in order to devote their time and efforts to this matter.

27  ///

28  ///

10. While not necessarily required to be demonstrated because the percentage fee that is sought in this matter is proper, Class Counsel have incurred so many hours of work in connection with prosecuting this matter that the attorneys' fees request is also justified under a lodestar analysis. Attorneys at Lawyers *for* Justice, PC have spent a total of **353 hours** performing tasks on behalf of Plaintiffs and the Class Members. An Attorney Task and Time Chart for Lawyers *for* Justice, PC, describing in detail the nature of the legal services provided by attorneys at the firm and the time incurred performing those services, is attached hereto as "**Exhibit A**." The hours attributable to Lawyers *for* Justice, PC, reflected therein, include work done by myself and several other attorneys. Additionally, we also had litigation support personnel actively engaged in assisting with the prosecution of this matter.

11. The work performed in this case, the background of our firm, as well as the individual backgrounds, training, and experience of the attorneys who worked on this matter, in litigating complex wage-and-hour class and representative actions, support a reasonable hourly rate of compensation at the rate of at least $550 for work performed by Lawyers *for* Justice, PC. Lawyers *for* Justice, PC has been awarded attorneys' fees, compensating the firm at the rate of at least $550 per hour for legal services performed, by courts granting final approval in other cases: final approval of the class action settlement in *Thereasa Carrozzella v. Basalite Concrete Products, LLC* (Sacramento County Superior Court Case No. 34-2017-00220214-CU-OE-GDS) was granted on February 21, 2020, and the award of attorneys' fees involved an hourly rate of $766.05; final approval of the class and representative action settlement in *Alice Rutledge, et al. v. Healthport Technologies, LLC* (Alameda County Superior Court Case No. RG16835813) was granted on June 11, 2019, and the award of attorneys' fees involved an hourly rate of $764.82; final approval of the class and representative action settlement in *Seth Swan v. Pace Supply* (Sonoma County Superior Court Case No. SCV258764) was granted on February 6, 2019, and the award of attorneys' fees involved a higher hourly rate of $855.96; final approval of the class and representative action settlement in *Stanley Bland, et al. v. Telecare Corporation* (Alameda County Superior Court Case No. RG16811450) was granted on November 21, 2018, and the award of attorneys' fees

involved a higher hourly rate of $831.38; final approval of the class and representative action settlement in *Maryjo Ungerbuhler Anderson v. Boyett Petroleum* (Stanislaus County Superior Court Case No. 2020582) was granted on May 15, 2018, and the award of attorney's fees involved a higher hourly rate of $780.77; and final approval of the class and representative action settlement in *Demetrius Camarillo v. Blue Diamond Growers* (Sacramento County Superior Court Case No. 34-2015-00175871) was granted on June 30, 2017, and the award of attorneys' fees involved a higher hourly rate of $845.64.

## ADEQUACY OF LAWYERS *for* JUSTICE, PC

### *EDUCATION*

12.     In May of 2004, I graduated from Pepperdine University School of Law with a Juris Doctor. I have extensive formal education and training in dispute resolution and negotiation from the Straus Institute for Dispute Resolution at Pepperdine School of Law as part of its Masters in Dispute Resolution program. In addition, I have previously served as a pro bono mediator for the Los Angeles County Superior Court. In October of 2000, I obtained a Litigation Paralegal Certificate from UCLA Extension. During the summer of 2000, I studied Legal Writing at Harvard University. In April of 1999, I obtained a Bachelor of Arts degree in Communication with a concentration in Natural Sciences from Pepperdine University.

### *JUDICIAL EXTERNSHIPS*

13.     From approximately September 2002 to approximately December 2002, I served as a judicial extern to the Honorable Kim McLane Wardlaw of the United States Court of Appeals for the Ninth Circuit. From approximately June 2002 to approximately August 2002, I served as a judicial extern to the Honorable Earl Johnson, Jr. of the California Court of Appeal, Second Appellate District.

### *LITIGATION AND REPRESENTATIVE AND CLASS ACTION EXPERIENCE*

14.     In December of 2004, I obtained a license to practice law from the California State Bar. From approximately December 2004 to approximately August 2008, I worked as an attorney at a plaintiff law firm. There, my practice focused on massive class actions and other complex cases involving toxic torts and products liability.  In addition, at that firm, I gained

1   substantial experience on cases involving insurance bad faith, premises liability, and medical

2   negligence.  At that firm, I argued approximately 100 motions, took or defended approximately

3   150 depositions, and prepared dozens of expert witnesses for deposition, trial, or both.

4        15.  Since its inception in October of 2008, our firm, Lawyers *for* Justice, PC, has

5   focused almost exclusively on the prosecution of consumer and employment representative

6   class actions, involving wage-and-hour claims, race discrimination, unfair business practices,

7   or consumer fraud. Currently, we are the attorneys of record in more than a dozen employment-

8   related putative class actions and representative actions in both state and federal courts in the

9   State of California. Our firm has successfully litigated cases involving the executive,

10  administrative, and other overtime exemptions to overtime compensation requirements in the

11  State of California and federal law.  Since 2008, in association with other law firms, we have

12  recovered millions of dollars on behalf of thousands of individuals in California.

13  ***EXAMPLES OF RESULTS IN WAGE-AND-HOUR COMPLEX AND CLASS ACTION***

14  ***CASES***

15       16.  What follows are examples of the type of results Lawyers *for* Justice, PC has

16  achieved on behalf of our clients:

17       a)  Our firm, in association with other co-counsel, represented the plaintiffs in a

18  wage-and-hour class and Private Attorneys General Act ("PAGA") representative action

19  against a major property management company involving allegations of misclassification of

20  various "manager" positions.  On September 20, 2010, the court granted final approval of the

21  class and representative action settlement.  The Los Angeles Superior Court Case Number is

22  BC400414.

23       b)  Our firm, in association with other co-counsel, represented the plaintiffs in a

24  wage-and-hour class action against a national retailer of household items involving allegations

25  of misclassification of the "Assistant Store Manager" position.  On October 28, 2010, the court

26  granted final approval of the class action settlement.  The Los Angeles Superior Court Case

27  Number is BC413498.

28  ///

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

c)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class action against a national property management company involving allegations of misclassification of the "Property Manager" position.  On May 23, 2012, the court granted final approval of the class action settlement.  The Los Angeles Superior Court Case Number is BC430918.

d)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class action involving allegations of misclassification of the "Store Manager" position.  On June 10, 2011, the court granted plaintiffs' motion for class certification.  On August 26, 2013, the court granted final approval of the class action settlement.  The Los Angeles Superior Court Case Number is BC424012.

e)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class and PAGA representative action against a bank, involving allegations of misclassification of the "Assistant Branch Manager" position.  On August 27, 2013, the court granted final approval of the class and PAGA representative action settlement.  The Kern Superior Court Case Number is S-1500-CV-273194-LHB.

f)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class and PAGA representative action against a national wholesale distributor of plumbing and builder supplies, involving allegations of misclassification of multiple salaried "manager" positions.  On May 22, 2014, the court granted final approval of the class action settlement.  The Sacramento Superior Court Case Number is 34-2012-00136285.

g)      Our firm, in association with other co-counsel, represented the plaintiff in a wage-and-hour class action against a multinational corporation that provides global workplace solutions, involving allegations of misclassification of the salaried "Operations Manager" position.  On September 16, 2014, the court granted plaintiff's motion for class certification.  The Los Angeles Superior Court Case Number is BC478769.

h)      Our firm, in association with other co-counsel, represented the plaintiff in a wage-and-hour class and PAGA representative action against a national retailer of household items, on behalf of hourly-paid or non-exempt employees.  On May 27, 2015, the court granted

final approval of the class and PAGA representative action settlement. The San Francisco Superior Court Case Number is CGC-13-532344.

i)      Our firm, in association with other co-counsel, represented the plaintiff in a wage-and-hour class action involving allegations of misclassification of the salaried residential "Property Manager" position. On September 17, 2015, the court granted plaintiff's motion for class certification. The Los Angeles Superior Court Case Number is BC474784.

j)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class and PAGA representative action against a national retailer of upscale hardware and home furnishings, on behalf of non-exempt employees. On April 28, 2016, the court granted final approval of the class and PAGA representative action settlement. The Los Angeles County Superior Court Case Number is JCCP4794 and BC516795, and the Judicial Council Coordination Proceeding Number is JCCP No. 4794.

k)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class and PAGA representative action against a national retailer of apparel and fashion accessories, on behalf of non-exempt employees. On August 5, 2016, the court granted final approval of the class and PAGA representative action settlement. The Los Angeles Superior Court case number is BC488069.

l)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class action against a national retailer of apparel, accessories, and home products, involving allegations of misclassification of the "Department Manager" position. On August 12, 2016, the court granted plaintiffs' class certification motion in part and certified a class. The Alameda County Superior Court Case Number is RG13680477.

m)      Our firm represented the plaintiff in a PAGA representative action, against a real estate and property management company, on behalf of non-exempt employees. On November 4, 2016, the court granted approval of the PAGA settlement. The Orange County Superior Court Case Number is 30-2015-00775439-CU-OE-CXC.

///

///

10

n)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class and PAGA representative action against a full-service bank, on behalf of non-exempt employees.   On November 18, 2016, the court granted final approval of the class and PAGA representative action settlement.  The San Francisco Superior Court case number is CJC-13-004839 and the Judicial Council Coordination Proceeding Number is JCCP No. 4839.

o)      Our firm represented the plaintiffs in a wage-and-hour class and PAGA representative action against a foodservice distributor, on behalf of non-exempt employees. On January 26, 2017, the court granted final approval of the class and representative action settlement. The San Bernardino County Superior Court Case Number is CIVDS1507260.

p)      Our firm, on behalf of the plaintiff and respondent in a PAGA representative action, successfully opposed in the trial court, and briefed and argued an appeal with respect to the employer's motion to compel arbitration, which resulted in a published opinion by the California Court of Appeal in favor of employees. *Roberto Betancourt v. Prudential Overall Supply*, 9 Cal.App.5th 439 (Cal. App. 4th Dist., Mar. 7, 2017), review denied, cert. denied (U.S. Supreme Court Docket No. 17-254).

q)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class and PAGA representative action against a consumer packaging company, on behalf of non-exempt employees. On March 10, 2017, the court granted final approval of the class and PAGA representative action settlement. The Los Angeles County Superior Court Case Number is BC590429.

r)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class and PAGA representative action against a manufacturer of food service industry supplies on behalf of non-exempt employees. On April 14, 2017, the court granted final approval of the class and PAGA representative action settlement. The Orange County Superior Court Case Number is 30-2015-00810013-CU-OE-CXC.

///

///

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

s)      Our firm, in association with other co-counsel, represented the plaintiffs in a wage-and-hour class action and representative action against a lumber and hardware company on behalf of non-exempt employees.  On April 26, 2017, the court granted final approval of the class action settlement.  The Orange County Superior Court Case Number is 30-2014-00747750-CU-OE-CXC.

t)      Our firm represented the plaintiff in a wage-and-hour class and PAGA representative action against a property management company, on behalf of non-exempt employees. On June 14, 2017, the court granted final approval of the class and PAGA representative action settlement. The Los Angeles County Superior Court Case Number is BC586234.

u)      Our firm represented the plaintiff in a wage-and-hour class and PAGA representative action against a food company on behalf of non-exempt employees. On June 30, 2017, the court granted final approval of the class and PAGA representative action settlement. The Sacramento County Superior Court Case Number is 34-2015-00175871.

v)      Our firm represented the plaintiffs in a wage-and-hour class and PAGA representative action against a chocolate company on behalf of non-exempt employees. On July 19, 2017, the court granted final approval of the class and PAGA representative action settlement. The Alameda County Superior Court Case Number is RG15764300.

w)      Our firm represented the plaintiff in a PAGA representative action, against the parent company of several restaurants, on behalf of hourly-paid, non-exempt employees.  On October 18, 2017, the court granted approval of the PAGA representative action settlement. The Los Angeles County Superior Court Case Number is BC569664.

x)      Our firm represented the plaintiffs in a wage-and-hour class and PAGA representative action against a manufacturer of plastic containers on behalf of non-exempt employees. On October 31, 2017, the court granted final approval of the class and PAGA representative action settlement. The Los Angeles County Superior Court Case Number is BC577233.

///

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1        y)    Our firm, in association with other co-counsel, represented the plaintiffs in a

2  wage-and-hour class and PAGA representative action against a bank on behalf of non-exempt

3  employees.  On December 11, 2017, the court entered an order granting final approval of the

4  class and PAGA representative action settlement.  The Los Angeles County Superior Court

5  Case Number is BC569646.

6        z)    Our firm, in association with other co-counsel, represented the plaintiffs in a

7  wage-and-hour class and PAGA representative action against a property management

8  company on behalf of hourly-paid and non-exempt employees. On January 4, 2018, the court

9  granted final approval of the class and PAGA representative action settlement. The Los

10  Angeles County Superior Court Case Number is JCCP4819.

11        aa)    Our firm, in association with other co-counsel, represented the plaintiffs in a

12  wage-and-hour class and PAGA representative action against a company that operates

13  business centers. On February 15, 2018, the court granted final approval of the class and

14  PAGA representative action settlement. The Los Angeles County Superior Court Case

15  Number is BC498401.

16        bb)    Our firm, in association with other co-counsel, represents the plaintiff in a wage-

17  and-hour class action against a manufacturing company on behalf of non-exempt employees.

18  On October 15, 2018, the court granted the plaintiff's motion for class certification.  The Tulare

19  County Superior Court Case Number is VCU264528.

20        cc)    Our firm represented the plaintiffs in a wage-and-hour class and PAGA

21  representative action against a behavioral health service provider on behalf of non-exempt

22  employees.  On November 13, 2018, the court granted final approval of the class and PAGA

23  representative action settlement.  The Alameda County Superior Court Case Number is

24  RG16811450.

25        dd)    Our firm, in association with other co-counsel, represented the plaintiff in a

26  PAGA representative action, against a global provider of products and services to the energy

27  industry, on behalf of hourly-paid and non-exempt employees.  On November 19, 2018, the

28  court granted approval of the PAGA settlement. The Kern County Superior Court Case

**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Number is S-1500-CV-280215-SDC.

  ee)  Our firm, in association with other co-counsel, represents the plaintiffs in a wage-and-hour class action against a national retailer of apparel and fashion accessories, on behalf of non-exempt employees. On July 31, 2019, the court granted plaintiffs' motion for class certification in part and certified a class. The Sacramento County Superior Court Case Number is 34-2015-00175330-CU-OE-GDS.

  ff)  Our firm, in association with other co-counsel, represents the plaintiff in a wage-and-hour class action against a parking company on behalf of non-exempt employees. On September 3, 2019, the court granted the plaintiff's motion for class certification and certified a class. The Santa Clara County Superior Court Case Number is 16CV292208 and the Judicial Council Coordination Proceeding Number is JCCP No. 4886.

  gg)  Our firm, in association with other co-counsel, represents the plaintiffs in a wage-and-hour class and PAGA representative action against a bank on behalf of non-exempt employees. On September 27, 2019, the court granted the plaintiffs' motion for class certification in part and certified a class. The Alameda County Superior Court Case Number is RG15757606 and the Judicial Council Coordination Proceeding Number is JCCP No. 4921.

  hh)  Our firm, in association with other co-counsel, on behalf of the plaintiff and respondent in a PAGA representative action, successfully opposed in the trial court, and briefed and argued an appeal with respect to the employer's motion to compel arbitration, resulting in a notable decision from the California Supreme Court clarifying the law and finding, in part, that employer arbitration agreements are unenforceable where they block a PAGA claim from proceeding, *ZB, N.A. v. Superior Court*, 8 Cal.5th175 (2019).

  ii)  Our firm, in association with other co-counsel, represents the plaintiffs in a wage-and-hour class and PAGA representative action against a national retailer of apparel and fashion accessories, on behalf of non-exempt employees**.** On October 9, 2019, the court granted the plaintiffs' motion for class certification in part and certified a class. The Sacramento County Superior Court Case Number is 34-2015-00175330-CU-OE-GDS.

///

jj)      Our firm, in association with other co-counsel, represents the plaintiff in a wage-and-hour class action against a medical equipment supplier on behalf of non-exempt employees.   On February 13, 2020, the court granted the plaintiff's motion for class certification and certified a class.  The San Bernardino County Superior Court Case Number is CIVDS1505744.

kk)      Our firm, in association with other co-counsel, represents the plaintiff in a wage-and-hour class and PAGA representative action against a large national drug testing laboratory on behalf of non-exempt employees.  On February 21, 2020, the court granted the plaintiff's motion for class certification and certified a class.  The San Diego County Superior Court Case Number is 37-2018-00019611-CU-OE-CTL.

ll)      Our firm represents the plaintiffs in a wage-and-hour class and representative action against a national retailer of sportswear, footwear, and camping equipment on behalf of non-exempt employees.  On March 16, 2020, the court granted in part the plaintiff's motion for class certification and certified a class.  The Riverside County Superior Court Case Number is RIC1507504 and RICJCCP4930, and the Judicial Council Coordination Proceeding Number is JCCP No. 4930.

mm)      Our firm, in association with other co-counsel, represents the plaintiffs in a wage-and-hour class and PAGA representative action against a plastic packaging company on behalf of non-exempt employees.  On June 8, 2020, the court granted in part the plaintiffs' motion for class certification and certified a class.  The San Bernardino County Superior Court Case Number is CIVDS1507361.

nn)      Our firm, in association with other co-counsel, represents the plaintiffs in a wage-and-hour class action against manufacturer and supplier of power products and services on behalf of non-exempt employees.  On July 31, 2020, the court granted in part the plaintiffs' motion for class certification and certified a class.  The San Diego County Superior Court Case Number is 37-2015-00025968-CU-OE-CTL.

///
///

DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**LITIGATION COSTS AND EXPENSES INCURRED BY CLASS COUNSEL**

17.     To date, Class Counsel have borne all the risks and costs of litigation and will not receive any compensation until recovery is obtained by Plaintiffs and the Class.  Lawyers *for* Justice, PC has incurred **$23,724.99** in litigation costs and expenses as reflected in the costs report that is attached hereto as "**Exhibit B**."

18.     The Settlement provides substantial monetary benefits; accounts for the strengths and weaknesses of this action; and avoids the inherent delay, costs, risks, and uncertainty associated with continued litigation. Moreover, the Settlement is within the accepted range of recoveries for this type of litigation; is fair, reasonable, and adequate; fulfills the purpose of the PAGA statute; and is in the best interests of the Class and the State of California.

19.     Based on my own experience and the foregoing, I believe the Settlement is fair, adequate, and reasonable and in the best interests of the Class. As such, I fully support the Court's granting final approval of its terms.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of September 2021, at Glendale, California.

Edwin Aiwazian

**EXHIBIT A**

***KASTLER V. OH MY GREEN, INC.***
**(SAN MATEO COUNTY SUPERIOR COURT CASE NO. 19CIV01058) ("STATE CASE")**
**(NORTHERN DISTRICT OF CALIFORNIA COURT CASE NO. 19-CV-02411-HSG) ("FEDERAL CASE")**
**ATTORNEY TASK AND TIME CHART**

| TASK | LAWYERS *FOR* JUSTICE, PC |
|---|---|
| **Investigation and Research / Due Diligence** | |
| Investigation of the Key Facts with a Focus on Class Certification Elements, Including Adequacy, Typicality, Superiority, and Commonality | 5.60 |
| Investigation of the Merits of Plaintiffs Anne Kastler, Saul Andrade, and Anthonicia Stallings' (together, "Plaintiffs") Claims and the Merits of the Claims of the Putative Class Members | 6.90 |
| Investigation of Potential Damages and Penalties Exposure of Defendant Oh My Green, Inc. ("Defendant") with Respect to the Employment of Plaintiffs and the Putative Class Members | 5.80 |
| Legal Research & Analysis of Latest Off-the-Clock, Meal and Rest Break, PAGA Representative, and Class Certification Decisions in California, Including all New Relevant DLSE Materials | 5.50 |
| Investigation of Defendant, Defendant's Business Relationships, the Industry in which Defendant Operates, Its Financial Circumstances, and Impact of COVID-19 Pandemic on Business | 7.60 |
| Investigation of Defendant's Organizational and Corporate Structure, and Executive Reporting Structure as It Related to the Employment and Management of the Putative Class Members | 2.40 |
| Investigation of Defendant's Executives, Officers, and Leadership with a Focus on Involvement in Wage-and-Hour Issues and Establishing Willfulness and Uniformity | 1.90 |

1

| | |
|---|---|
| Analysis of Competitors in Various Relevant Geographic Areas within which Defendant Operates, and Comparing and Contrasting Defendant's Policies, Practices, and Procedures with the Policies, Practices, and Procedures of Defendant's Competitors | 1.90 |
| Research and Investigation Re: Locations, Division(s), and/or Facilities Owned, Managed and/or Operated by Defendant in California During the Class Period, Including Differences Between and/or within the Various Locations, Division(s), and/or Facilities to Determine Whether Those Differences Will Cause Individual Issues to Predominate Over Common Issues | 2.20 |
| Research and Investigation Re: Workforce, Staffing Models, and Staffing Levels at Locations Where Putative Class Members Worked Throughout California | 1.80 |
| Research, Investigation, Review, and Analysis Re: Defendant's Written and Unwritten Policies, Practices, and Procedures Relating to Reporting Time, Timekeeping, Scheduling, Non-Discretionary Bonuses/Incentive/Shift Differential Pay, Meal/Rest Breaks, Meal Autodeduction, On-Premises Breaks, On-Duty Meal Periods/Waivers, Combining Meal and Rest Breaks,  Overtime Compensation, Customer/Client Sites and Travel Between Them, Cell Phone Usage and Monthly Phone Allowance, and Reimbursement of Business-Related Expenses | 15.80 |
| Research and Investigation Re: Various Software Programs, Systems, and Other Technology Defendant Use to Conduct Everyday Business, Including Communication, Project Management, and Timekeeping Software and Systems (e.g., Slack and Nimble), with a Focus on What Documents (Both Paper and Electronic) Are Created in the Normal Course of Business Relating to Overtime Worked, Off-the-Clock Time Worked Pre/Post Shift, and Time Worked During Meal Breaks | 2.50 |
| Research and Analysis of Potential Defenses Defendant May Raise, Including *De Minimis* Work, Non-Compensable Off-the-Clock Work, Waiver, and Compliant Policies | 4.40 |
| Research and Investigation Re: Post-*Duran vs. U.S. Bank* Trial Manageability Issues, including Research Regarding Which Experts to Retain and For What Purpose | 5.10 |

| | |
|---|---|
| Research and Analysis of Defendant's Litigation History Involving Wage-and-Hour Issues and Other Related Employment Issues | 1.90 |
| Prepare a Discovery Strategy Plan of Action, Including Topics of Inquiry Important to Certification, Liability, and Damages/Civil Penalties | 5.30 |
| Meet and Communicate with Plaintiff Anne Kastler Throughout the Pendency of the Case | 30.80 |
| Meet and Communicate with Plaintiff Saul Andrade Throughout the Pendency of the Case | 16.50 |
| Meet and Communicate with Plaintiffs Anthonicia Stallings Throughout the Pendency of the Case | 15.10 |
| Meet and Communicate with Putative Class Members | 18.20 |
| **Pleadings and Court Filings** | |
| Draft Plaintiff Anne Kastler's Class Action Complaint for Damages and Legal Research and Analysis of All Claims Involved (filed on February 28, 2019) (State Case) | 6.90 |
| Review Court's Notice of Case Assignment for All Purposes, Designation as Complex Case, Setting of Case Management Conference and Complex Fees Due (filed on February 28, 2019) (State Case) | 0.10 |
| Review Court's Case Management Order #1 and Order for Permissive E-Filing (filed on March 21, 2019) (State Case) | 0.20 |
| Draft Plaintiff Anne Kastler's Notice of Posting Jury Fees and Complex Fees (filed on April 10, 2019) (State Case) | 0.20 |
| Draft Plaintiff Anne Kastler's Initial Case Management Conference Statement (filed on April 22, 2019) (State Case) | 0.90 |
| Review Court's Case Management Order #2 (filed on April 22, 2019) (State Case) | 0.10 |

| | |
|---|---|
| Review Defendant's Notice of Removal of Civil Action under 28 U.S.C § 1332, 1441, 1446 and 1453 and Exhibits A through E in Support Thereof (filed on May 2, 2019) (Federal Case) | 0.90 |
| Review Court's Order Setting Initial Case Management Conference and ADR Deadlines (filed on May 3, 2019) (Federal Case) | 0.10 |
| Review Defendant's Nongovernment Corporate Party Disclosure Statement for Defendant Oh My Green, Inc. (served on May 3, 2019) (Federal Case) | 0.10 |
| Review Defendant's Consent or Declination to Magistrate Judge Jurisdiction (filed on May 13, 2019) (Federal Case) | 0.10 |
| Draft Plaintiff Anne Kastler's Declination to Magistrate Judge Jurisdiction (filed on May 14, 2019) (Federal Case) | 0.10 |
| Review Clerk's Notice of Impending Reassignment to U.S. District Court Judge (filed on May 15, 2019) (Federal Case) | 0.10 |
| Review Court's Order Reassigning Case (filed on May 16, 2019) (Federal Case) | 0.10 |
| Review Clerk's Notice Setting Case Management Conference for Reassigned Civil Case (filed on May 17, 2019) (Federal Case) | 0.10 |
| Draft Plaintiff Anne Kastler's First Amended Class Action Complaint for Damages (filed on May 23, 2019) (Federal Case) | 3.70 |
| Review Court's Order to Show Cause: Why Defendant's Motion to Dismiss Should Not Be Terminated (filed on May 24, 2019) (Federal Case) | 0.10 |
| Review Defendant's Briefing In Response to Court's May 24, 2019 Request Regarding Pending Motion to Dismiss (served on May 29, 2019) (Federal Case) | 0.30 |

| | |
|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Continue Deadlines Related to Plaintiffs' Motion to Remand; [Proposed] Order (submitted on May 31, 2019) (Federal Case) | 0.90 |
| Review Court's Order Granting Stipulation to Continue Deadlines Related to Plaintiffs' Motion to Remand (filed on June 3, 2019) (Federal Case) | 0.10 |
| Draft Plaintiff Anne Kastler's Certificate of Interested Entities or Persons (filed on June 20, 2019) (Federal Case) | 0.10 |
| Review Defendant's Objection to Reply Evidence, L.R. 7-3(d)(1) (served on June 26, 2019) (Federal Case) | 0.20 |
| Review Court's ADR Certification by Parties and Counsel (filed on July 11, 2019) (Federal Case) | 0.10 |
| Review Defendant's Request to Appear Telephonically at August 6, 2019 Case Management Conference (served on July 24, 2019) (Federal Case) | 0.10 |
| Review Court's Order Granting Defendant's Request to Appear Telephonically at August 6, 2019 Case Management Conference (filed on July 25, 2019) (Federal Case) | 0.10 |
| Review Clerk's Notice of Rescheduled Case Management Conference and Motion to Remand (filed on July 25, 2019) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Case Management Statement/ Rule 26(F) Report (submitted on October 3, 2019) (Federal Case) | 1.10 |
| Review Defendant's Supplemental Brief Regarding CAFA Exceptions (served on October 7, 2019) (Federal Case) | 0.90 |
| Review Defendant's Certificate of Interested Entities or Persons (served on October 10, 2019) (Federal Case) | 0.10 |

| | |
|---|---|
| Review Court's Minute Order (filed on October 10, 2019) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Proposed Scheduling Order (filed on November 7, 2019) (Federal Case) | 0.50 |
| Review Defendant's Answer to Plaintiff Anne Kastler's First Amended Complaint for Damages (served on November 8, 2019) (Federal Case) | 1.70 |
| Review Court's Scheduling Order (filed on November 8, 2019) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Continue Plaintiff Anne Kastler's Motion for Class Certification Deadline and [Proposed] Order (submitted on May 1, 2020) (Federal Case) | 0.90 |
| Review Court's Order Granting [Revised] Stipulation to Continue Plaintiff Anne Kastler's Motion for Class Certification Deadline (filed on May 4, 2020) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Second Joint Stipulation to Continue Plaintiff Anne Kastler's Motion for Class Certification Deadline and [Second Proposed] Order (filed on June 15, 2020) (Federal Case) | 0.90 |
| Review Clerk's Notice Setting Telephonic Conference (filed on June 16, 2020) (Federal Case) | 0.10 |
| Review Court's Order Continuing Class Certification Deadlines (filed on June 18, 2020) (Federal Case) | 0.10 |
| Draft Plaintiff Anne Kastler's Notice of Association of Counsel (filed on July 22, 2020) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Third Joint Stipulation to Continue Plaintiff Anne Kastler's Motion for Class Certification Deadline and [Proposed] Order (filed on October 16, 2020) (Federal Case) | 0.20 |

| | |
|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Third Joint Stipulation to Continue Plaintiff Anne Kastler's Motion for Class Certification Deadline and [Proposed] Order (filed on October 19, 2020) (Federal Case) | 0.10 |
| Review Court's Order Re Third Joint Stipulation to Continue Plaintiff Anne Kastler's Motion for Class Certification Deadline (filed on October 20, 2020) (Federal Case) | 0.10 |
| Review Court's Order Setting as Hearing for Motion to Withdraw as Counsel (filed on October 29, 2020) (Federal Case) | 0.10 |
| Review Court's Minute Order for Telephonic Motion Hearing (filed on November 16, 2020) (Federal Case) | 0.10 |
| Review Court's Order Re: Status Update (filed on December 29, 2020) (Federal Case) | 0.10 |
| Review Court's Order Setting Telephonic Case Management Conference (filed on January 5, 2021) (Federal Case) | 0.10 |
| Review Notice of Appearance of Counsel for Defendant Oh My Green, Inc. (filed on January 8, 2021) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Proposal Regarding Schedule or Briefing and Hearing of Class Certification Motion and ADR (submitted on January 8, 2021) (Federal Case) | 0.20 |
| Review Court's Minute Order Re: Telephonic Further Case Management Conference (filed on January 12, 2021) (Federal Case) | 0.10 |
| Draft Appearance of Counsel (filed on January 13, 2021) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Regarding Schedule for Briefing and Hearing of Class Certification Motion and [Proposed] Order Thereon (filed on January 19, 2021) (Federal Case) | 0.10 |

| | |
|---|---|
| Review Court's Stipulation and Order Selecting ADR Process (Filed on January 20, 2021) (Federal Case) | 0.10 |
| Review Court's Order Granting in Part and Modifying in Part Joint Stipulation Regarding Schedule for Briefing and Hearing of Class Certification Motion (filed on January 20, 2021) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Regarding Mediation and [Proposed] Order Thereon (submitted on February 2, 2021) (Federal Case) | 0.10 |
| Review Court's Order Granting Joint Stipulation Regarding Mediation (filed on February 3, 2021) (Federal Case) | 0.10 |
| Review Court's Stipulation and Order Selecting ADR Process (Filed on February 3, 2021) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report Regarding Outcome of Mediation (submitted on March 17, 2021) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Regarding Motion for Preliminary Approval and [Proposed] Order Theron (filed on April 2, 2021) (Federal Case) | 0.10 |
| Review Court's Order Granting Joint Stipulation Regarding Motion for Preliminary Approval (filed on April 5, 2021) (Federal Case) | 0.10 |
| Draft Plaintiffs' Second Amended Class Action Complaint for Damages, Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation and Order Granting Plaintiff Anne Kastler Leave to File [Proposed] Second Amended Class Action Complaint for Damages (filed on April 29, 2021) (Federal Case) | 0.50 |
| Review Court's Order Setting Telephonic Case Management Conference (filed on May 3, 2021) (Federal Case) | 0.10 |
| Review Clerk's Notice Vacating Case Management Conference on May 4, 2021 (filed on May 4, 2021) (Federal Case) | 0.10 |

| | |
|---|---|
| Review Court's Minute Order (filed on July 22, 2021) (Federal Case) | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Re: Schedule of Dates Re: Final Approval of Settlement (submitted on August 20, 2021) (Federal Case) | 0.10 |
| Review Court's Scheduling Order (filed on August 25, 2021) (Federal Case) | 0.10 |
| **Appearances** | |
| Prepare for, Travel to/from, and Attend Hearing on Plaintiff Anne Kastler's Motion to Remand and Defendant's Motion to Dismiss (October 10, 2019) (Federal Case) | 5.20 |
| Prepare for and Telephonically Attend Case Management Conference (January 12, 2021) (Federal Case) | 0.30 |
| Prepare for, Travel to/from, and Attend Hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Enhancement Awards (December 9, 2021) (Anticipated) | 1.50 |
| **Discovery and Deposition** | |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Anne Kastler (served on December 13, 2018) | 1.10 |
| Draft Follow-Up Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Anne Kastler (served on January 28, 2019) | 0.90 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Anne Kastler (served on February 13, 2019) | 3.50 |
| Draft Plaintiff Anne Kastler's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (July 25, 2019; Organizational Structure) (served on June 4, 2019) | 3.60 |

| | |
|---|---|
| Draft Plaintiff Anne Kastler's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (July 26, 2019; Job Duties) (served on June 4, 2019) | 4.10 |
| Draft Plaintiff Anne Kastler's Interrogatories (Set One), Interrogatories (Set Two), and Request for Production of Documents (Set One) to Defendant Oh My Green, Inc. (served on June 4, 2019) | 6.20 |
| Draft Plaintiff Anne Kastler's Initial Disclosure Statement (served on June 21, 2019) (Federal Case) | 2.50 |
| Review Defendant's Initial Disclosures Pursuant to Federal Rule 26 (served on June 24, 2019) (Federal Case) | 0.70 |
| Review and Analyze Defendant Oh My Green, Inc.'s Response to Plaintiff Anne Kastler's Interrogatories (Set One), Interrogatories (Set Two), and Request for Production of Documents (Set One) (served on August 7, 2019) | 1.20 |
| Meet and Confer with Defendant to Draft *Belaire-West* Notice and Opt-Out Postcard, Monitor Notice Mailing, and Review Class Contact List (list received December 3, 2019) | 2.30 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on December 19, 2019) | 1.10 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on January 24, 2020) | 1.10 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on January 24, 2020) | 0.80 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on January 27, 2020) | 3.10 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on February 21, 2020) | 2.80 |

| | |
|---|---|
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Anthonicia Stallings (served on February 21, 2020) | 1.10 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Anthonicia Stallings (served on March 13, 2020) | 0.50 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Saul Andrade (served on April 22, 2020) | 1.10 |
| Review and Analyze Defendant Oh My Green, Inc.'s Interrogatories (Set One) and Requests for Admission to Plaintiff Anne Kastler (served on May 6, 2020) | 1.40 |
| Draft Plaintiff Anne Kastler's Responses to Defendant Oh My Green, Inc.'s Interrogatories (Set One) and Requests for Admission to Plaintiff Anne Kastler (served on June 22, 2020) | 4.30 |
| Draft Plaintiff Anne Kastler's Re-Notice of Rule 30(B)(6) Deposition of Person Most Knowledgeable at Defendant Oh My Green, Inc. and Requests for Production of Documents (July 28, 2020; Organizational Structures) (served on June 25, 2020) | 0.90 |
| Draft Plaintiff Anne Kastler's Re-Notice of Rule 30(B)(6) Deposition of Person Most Knowledgeable at Defendant Oh My Green, Inc. and Requests for Production of Documents (July 29, 2020; Job Duties) (served on June 25, 2020) | 0.80 |
| Draft Plaintiff Anne Kastler's Amended Notice of Rule 30(B)(6) Deposition of Person Most Knowledgeable at Defendant Oh My Green, Inc. and Requests for Production of Documents (August 27, 2020; Organizational Structures) (served on August 19, 2020) | 0.90 |
| Draft Plaintiff Anne Kastler's Amended Notice of Rule 30(B)(6) Deposition of Person Most Knowledgeable at Defendant Oh My Green, Inc. and Requests for Production of Documents (August 27, 2020; Job Duties) (served on August 19, 2020) | 1.10 |

| | |
|---|---|
| Review and Analyze Defendant Oh My Green, Inc.'s Response to Plaintiff Anne Kastler's Requests for Production of Documents (July 28, 2020; Organizational Structure) (served on August 26, 2020) | 0.90 |
| Review and Analyze Defendant Oh My Green, Inc.'s Response to Plaintiff Anne Kastler's Requests for Production of Documents (August 27, 2020; Job Duties) (served on August 26, 2020) | 1.70 |
| Review Deposition of Joel Alvarez as 30(b)(6) Representative for Defendant (August 27, 2020; Video Conference) Transcript | 3.50 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Saul Andrade (served on September 28, 2020) | 3.10 |
| **Letters and Correspondence** | |
| Meet with Defendant's Counsel, and Draft Correspondence to, and Respond to Correspondence from, Defendant's Counsel | 13.80 |
| **Mediation/Settlement** | |
| Review and Analyze Mediation Data and Documents Produced by Defendant<br><br>• Employee Handbooks and Policies<br>• Sampling of Employee Time Data<br>• Sampling of Employee Pay Data | 19.50 |
| Prepare for Mediation, Including Researching Settlement-Related Issues and Merits of Claims, Drafting the Mediation Brief, Compiling the Mediation Exhibits in Support of Mediation Brief, and Performing Damages and Penalties Analysis/Calculations (submitted on March 30, 2020) | 13.90 |
| Prepare for and Attend First Mediation Session (April 1, 2020; Zoom Conference) | 8.50 |

| | |
|---|---|
| Prepare for Mediation, Including Researching Settlement-Related Issues and Merits of Claims, Drafting the Mediation Brief, Compiling the Mediation Exhibits in Support of Mediation Brief, and Performing Damages and Penalties Analysis/Calculations (submitted on March 12, 2021) | 10.20 |
| Prepare for and Attend Second Mediation Session (March 15, 2021; Zoom Conference) | 5.60 |
| Draft, Review, Revise, Negotiate, and Finalize Settlement Agreement (executed on April 29, 2021) and Exhibits | 1.10 |
| Draft, Review, Revise, Negotiate, and Finalize Addendum to Settlement Agreement (executed on July 29, 2021) | 0.20 |
| **Law and Motion** | |
| Review Defendant Oh My Green, Inc.'s Motion to Dismiss Plaintiff Anne Kastler's Class Action Complaint in its Entirety (filed on May 9, 2019) (Federal Case) | 1.40 |
| Review Defendant's Amended Notice and Notice of Hearing OF Motion to Dismiss Plaintiff Anne Kastler's Class Action in its Entirety (filed on May 16, 2019) (Federal Case) | 0.10 |
| Draft Plaintiff Anne Kastler's Notice of Motion and Motion to Remand Pursuant to 28 U.S.C. § 1447; Memorandum of Points and Authorities in Support Thereof, and [Proposed] order Thereon (filed on May 22, 2019) (Federal Case) | 5.80 |
| Review Clerk's Notice to Reset Hearing as to Motion to Remand (filed on May 23, 2019) (Federal Case) | 0.10 |
| Review Clerk's Notice to Re-Notice Motion to Remand (filed on May 23, 2019) (Federal Case) | 0.10 |
| Draft Plaintiff Anne Kastler's Re-Notice of Motion to Remand Pursuant to 28 U.S.C. § 1447 (filed on May 23, 2019) (Federal Case) | 0.10 |

| | |
|---|---|
| Review Court's Order Finding Defendant's Motion to Dismiss Moot (filed on May 30, 2019) (Federal Case) | 0.10 |
| Review Defendant's Notice of Motion and Partial Motion to Dismiss Plaintiff Anne Kastler's First Amended Complaint and [Proposed] Order Thereon (filed on June 3, 2019) (Federal Case) | 0.90 |
| Review Defendant's Opposition to Plaintiff Anne Kastler's Motion to Remand and Declaration of Gecelie Moreno in Support Thereof (filed on June 12, 2019) (Federal Case) | 2.20 |
| Draft Plaintiff Anne Kastler's Opposition to Defendant's Partial Motion to Dismiss Plaintiff Anne Kastler's First Amended Class Action Complaint (filed on June 17, 2019) (Federal Case) | 4.90 |
| Draft Plaintiff Anne Kastler's Reply in Support of Plaintiff Anne Kastler's Motion to Remand Pursuant to 28 U.S.C. § 1447 and Declaration of Arby Aiwazian in Support Thereof (filed on June 19, 2019) (Federal Case) | 5.60 |
| Review Defendant's Reply in Support of Its Partial Motion to Dismiss Plaintiff Anne Kastler's First Amended Class Action Complaint (filed on June 24, 2019) (Federal Case) | 0.80 |
| Review Court's Order Directing Supplemental Briefing on Plaintiff Anne Kastler's Motion to Remand (filed on October 1, 2019) (Federal Case) | 0.10 |
| Review Defendant's Supplemental Brief Regarding CAFA Exceptions (served on October 7, 2019) (Federal Case) | 0.60 |
| Review Defendant's Notice of Motion and Motion to Withdraw as Counsel for Defendant Oh My Green, Inc.; Memorandum of Points and Authorities, Declaration of Javier Torres in Support Thereof (filed on October 23, 2020) (Federal Case) | 0.50 |
| Review Defendant's Order on the Motion to Withdraw as Counsel for the Defendant (filed on October 23, 2020) (Federal Case) | 0.10 |

| | |
|---|---|
| Review Court's Order Denying Plaintiff Anne Kastler's Motion to Remand and Defendant's Motion to Dismiss (filed on October 25, 2019) (Federal Case) | 0.20 |
| Review Clerk's Notice Re Motion to Withdraws as Attorney for Defendant (filed on October 26, 2020) (Federal Case) | 0.10 |
| Review Defendant's Notice of Administrative Motion and Administrative Motion of Stinson LLP to Withdraw as Counsel for Defendant Oh My Green, Inc. and Withdrawal of 10.23.2020 Notice of Motion to Withdraw as Counsel for Oh My Green, Inc. (filed on October 28, 2020) (Federal Case) | 0.20 |
| Review Court's Order Granting Motion to Withdraw (filed on November 17, 2020) (Federal Case) | 0.10 |
| Review Court's Corrected Order Granting Motion to Withdraw (filed on November 18, 2020) (Federal Case) | 0.10 |
| Research and Draft Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action and PAGA Settlement; Memorandum of Points and Authorities in Support Thereof; Declarations of Counsel (Edwin Aiwazian and Graham B. LippSmith LLP); Declaration of Proposed Class Representatives (Anne Kastler, Saul Andrade, Anthonicia Stallings); Declaration of Proposed Settlement Administrator (Kimberly Sutherland); and [Proposed] Order Filed Concurrently Herewith (filed on May 3, 2021) (Federal Case) | 2.50 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Supplemental Brief in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, Declaration of Graham B. LippSmith LLP in Support Thereof, Exhibit A, Exhibit B, and Exhibit C (submitted on July 29, 2021) (Federal Case) | 0.20 |
| Review Court's order Granting Preliminary Approval of Settlement (filed on August 13, 2021) (Federal Case) | 0.30 |

| | |
|---|---|
| Research and Draft Plaintiffs' Motion for Attorneys' Fees, Costs, and Enhancement Awards, Declarations in Support Thereof, and [Proposed] Order Awarding Attorneys' Fees, Costs and Enhancement Awards (filed on September 13, 2021) | 1.80 |
| Review and Analyze Settlement Administrator's Declaration Regarding Settlement Notice Administration; and Research and Draft Plaintiffs' Motion for Final Approval of Class Settlement, Declarations in Support Thereof, and Revise [Proposed] Final Approval Order and Judgment (Anticipated) | 1.50 |
| **Total Hours:** | 353.00 |

**EXHIBIT B**

# LAWYERS for JUSTICE PC CASE COST DETAIL
## Kastler v. Oh My Green, Inc.

| Date | Payee | Expense Description | Amount |
|---|---|---|---|
| 12/13/2018 | U.S. Postmaster | Postage | 6.70 |
| 1/28/2019 | U.S. Postmaster | Postage | 7.00 |
| 3/1/2019 | One Legal | Attorney Service | 157.36 |
| 3/1/2019 | San Mateo Superior Court | Filing Fee | 435.00 |
| 3/1/2019 | San Mateo Superior Court | Complex Fee | 1,000.00 |
| 4/1/2019 | ProLegal | Attorney Service | 219.45 |
| 4/10/2019 | ProLegal | Attorney Service | 114.95 |
| 4/10/2019 | San Mateo Superior Court | Jury Fee | 150.00 |
| 4/22/2019 | General Logistics Systems US, Inc. | Courier Service | 18.78 |
| 4/22/2019 | ProLegal | Attorney Service | 114.95 |
| 4/22/2019 | One Legal | Attorney Service | 15.13 |
| 4/23/2019 | One Legal | Attorney Service | 15.13 |
| 5/3/2019 | CourtCall, LLC | Attorney Service | 94.00 |
| 5/22/2019 | General Logistics Systems US, Inc. | Courier Service | 18.97 |
| 5/24/2019 | ProLegal | Attorney Service | 113.95 |
| 6/4/2019 | General Logistics Systems US, Inc. | Courier Service | 26.02 |
| 6/14/2019 | U.S. Postmaster | Postage | 8.00 |
| 6/14/2019 | General Logistics Systems US, Inc. | Courier Service | 28.14 |
| 9/24/2019 | Simpluris, Inc. | Privacy Mailing | 300.00 |
| 10/10/2019 | Kenyon Harbison | Travel Reimbursement | 741.48 |
| 12/4/2019 | U.S. Postmaster | Postage | 228.80 |
| 12/5/2019 | Pure Legal, Inc. | Attorney Service | 150.00 |
| 12/19/2019 | U.S. Postmaster | Postage | 6.85 |
| 1/8/2020 | General Logistics Systems US, Inc. | Courier Service | 19.04 |
| 1/9/2020 | General Logistics Systems US, Inc. | Courier Service | 29.08 |
| 1/14/2020 | Labor & Workforce Development | Filing Fee | 75.00 |
| 1/23/2020 | FedEx Express | Courier Service | 33.60 |
| 1/24/2020 | U.S. Postmaster | Postage | 6.85 |
| 2/13/2020 | General Logistics Systems US, Inc. | Courier Service | 18.96 |
| 2/20/2020 | FedEx Express | Courier Service | 32.98 |
| 3/4/2020 | Signature Resolution LLC | Mediation Fee | 7,450.00 |
| 3/4/2020 | General Logistics Systems US, Inc. | Courier Service | 18.96 |
| 3/9/2020 | Stats Company | Damages Consulting Expert | 150.00 |
| 4/1/2020 | Robert A. Parris | Expert | 4,500.00 |
| 5/8/2020 | General Logistics Systems US, Inc. | Courier Service | 18.41 |
| 5/26/2020 | General Logistics Systems US, Inc. | Courier Service | 18.41 |
| 6/20/2020 | FedEx Express | Courier Service | 32.12 |
| 6/22/2020 | General Logistics Systems US, Inc. | Courier Service | 17.39 |
| 6/25/2020 | General Logistics Systems US, Inc. | Courier Service | 33.53 |
| 9/30/2020 | Burkey Cox Evans & Bradford CPAs | Litigation Support Services | 1,000.00 |

## LAWYERS for JUSTICE PC CASE COST DETAIL
## Kastler v. Oh My Green, Inc.

| 10/31/2020 | Burkey Cox Evans & Bradford CPAs | Litigation Support Services | 625.00 |
|---|---|---|---|
| 3/15/2021 | Robert A. Parris | Expert | 4,800.00 |
| 3/31/2021 | Burkey Cox Evans & Bradford CPAs | Litigation Support Services | 875.00 |
| | | **Total:** | **23,724.99** |

1  Edwin Aiwazian (SBN 232943)
   edwin@ calljustice.com
2  Arby Aiwazian (SBN 269827)
   arby@ calljustice.com
3  Jenay Younger (SBN 327627)
   jenay@calljustice.com
4  Kenyon Harbison (SBN 260416)
   kenyon@calljustice.com
5  **LAWYERS for JUSTICE, PC**
   410 Arden Avenue, Suite 203
6  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
7
   Graham B. LippSmith (SBN 221984)
8  g@lippsmith.com
   Celene Chan Andrews (SBN 260267)
9  cca@lippsmith.com
   **LIPPSMITH LLP**
10 555 S. Flower Street, Suite 4400
   Los Angeles, California 90071
11 Tel: (213) 344-1820 / Fax: (213) 513-2495

12 Attorneys for Plaintiffs and the Class

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15

16 ANNE KASTLER, SAUL ANDRADE and         Case No.: 4:19-cv-02411-HSG
   ANTHONICIA STALLINGS, individually,
17 and on behalf of other members of the general   Honorable Haywood S. Gilliam, Jr
   public similarly situated;
18                                        **CLASS ACTION**
                   Plaintiffs,
19                                        **DECLARATION OF GRAHAM B.**
   v.                                     **LIPPSMITH IN SUPPORT OF PLAINTIFFS'**
20                                        **MOTION FOR ATTORNEY FEES, COSTS**
   GARTEN, INC., formerly known as OH MY  **REIMBURSEMENT, AND ENHANCEMENT**
21 GREEN, INC., an unknown business entity,  **PAYMENTS**

22                 Defendant.             Date:      December 9, 2021
23                                        Time:      2:00 p.m.
                                          Dept.:     2-Fourth Floor
24
                                          Action Filed: February 28, 2019
25                                        Trial Date:   None Set

26

27

28 DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR
   ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS
                       CASE NO. 4:19-CV-02411-HSG

**DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS'**

**MOTION FOR ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT**

**PAYMENTS**

I, Graham B. LippSmith, hereby declare:

1.      I am a co-founder of the law firm LippSmith LLP. I am an attorney licensed to practice in the State of California and State of Hawaiʻi. I am admitted to practice before this Court and in Hawaiʻi. I am co-counsel of record for Plaintiffs Anne Kastler, Saul Andrade, and Anthonicia Stallings ("Plaintiffs"). I make this declaration in support of Plaintiffs; Motion for Attorney Fees, Cost Reimbursement, and Enhancement Payments ("Motion"). Except as expressly stated, I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would testify accurately to their veracity.

2.      Class Counsel and the Class Representatives continue to believe that this Settlement is fair, reasonable, and adequate. We also believe this Settlement represents a good result for the Class Members after Class Counsel's effort on a contingency basis. Accordingly, we continue to support approval of the Settlement without any hesitation whatsoever.

3.      For the sake of efficiency and avoiding redundancy, and to save resources, I hereby incorporate by reference the facts, information, and exhibits provided in my April 29, 2021 Declaration in support of Plaintiff's Motion for Preliminary Approval of Settlement ("Motion for Preliminary Approval"). *See* Dkt. No. 87-2.

4.      Among other matters, that Declaration set forth details on: (1) my firm's experience and qualifications; (2) our timekeepers' experience and qualifications; (3) a description of the work Class Counsel performed to achieve the Settlement and up until our filing the Motion for Preliminary Approval that the Court ultimately granted; and (4) a description of the work Class Counsel did with the Plaintiffs and against Defendant to achieve the Settlement. Based on these factors, the Court previously appointed Lawyers for Justice, PC and LippSmith LLP to serve as Class Counsel, and the Court previously appointed Plaintiffs to serve as Class Representatives for this matter. Those same factors and additional work Class Counsel and the Class Representatives

DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS
CASE NO. 4:19-CV-02411-HSG

have performed since April 2021 support the Court's award of attorney fees, litigation costs reimbursement, and Class Representative enhancement payments.

5.      The time and costs spent and incurred by Lawyers *for* Justice are addressed in the separate Declaration of Edwin Aiwazian, filed concurrently herewith, and that I reviewed and rely on for calculations where indicated in this Declaration.

6.      Since the Court granted preliminary approval of the Settlement, Class Counsel and the Class Representatives have diligently and efficiently continued to work toward final approval of the Settlement this litigation. Class Counsel and the Class Representatives also have diligently and efficiently worked to protect the Class Members', Aggrieved Employees', and California Labor and Workforce Development Agency's ("LWDA") interests in the Settlement if the Court ultimately approves it.

7.      To date, Class Counsel's teams of lawyers, paralegals, legal assistants, and I have worked for a combined total of nearly 700 hours litigating this matter. This collective time is based on a combination of LippSmith LLP's (including current LippSmith LLP's timekeepers' time at our former firm, Kasdan LippSmith Turner LLP ("KLT")) and Lawyers *for* Justice, PC's time and effort. On behalf of my former firm KLT, I originally entered into a fee sharing arrangement with Lawyers *for* Justice, PC to split attorney fees, respectively, 40% / 60%. Since my team and I left KLT, Plaintiffs consented to LippSmith LLP's continuing representation of them with 40% for LippSmith LLP and KLT to amicably work out or dispute and 60% to Lawyers *for* Justice, PC. Negotiations between LippSmith LLP and KLT to resolve their claims to the attorney fees at issue here are ongoing, but I am optimistic we will reach resolution thereon in the coming months.

8.      I personally worked on this matter as counsel primarily responsible for day-to-day management of the case since joining the efforts in 2019, including, but not limited to, the mediation and the Settlement approval proceedings. The historic hourly rates included in the request for attorney fees have formed the basis of multiple prior, court-approved attorney fee awards, without any challenges or reductions.

DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS
CASE NO. 4:19-CV-02411-HSG

9.      The timekeepers on this case presently at LippSmith LLP maintained contemporaneous time records documenting their time spent in pursuit of the Class's claims. Throughout the course of this litigation, these timekeepers endeavored to exclude redundancies, avoid duplicative tasks, and work collaboratively to ensure successful work product with maximum efficiency. I have personally reviewed time records maintained by our team of lawyers and paralegals related to pursuing the Plaintiff's and Class claims in this matter.

10.     The LippSmith LLP timekeepers' total lodestar is $379,035 for 336.7 hours in this case through September 13, 2021. Lawyers *for* Justice calculated its lodestar to date to be at least $194,150 for 353 hours in this case to date. Based on the final approval tasks that remain, final approval tasks that may potentially arise (*i.e.* responding to objectors), and follow through work required to assist Class Members and the Administrator on compiling, evaluating, and processing Settlement payments, we estimate that Class Counsel will expend an additional 150 hours in time for completing the case and Settlement. Applying the average lodestar rate for LippSmith LLP timekeepers incurred to date ($549), we estimate the lodestar future time to be $82,366.35.

11.     Based on my experience both on other class action matters and on this case in particular, I believe the past lodestar amounts were reasonable and necessary and the future lodestar amounts are reasonable and necessary to achieve and implement the terms of the Settlement. Should the Court wish to review more detailed information on the hours that LippSmith LLP and KLT timekeepers devoted in the litigation, Class Counsel will provide that information for an *in camera* review so as to preserve the attorney client privilege and work product doctrine protections.

12.     Out of the LippSmith LLP and KLT timekeeper data, I personally prepared TABLE 1: LODESTAR ANALYSIS, a true and correct copy of which is attached hereto as Exhibit 1. For timekeepers currently at LippSmith LLP (some of whom were formerly at KLT), Table 1 provides (1) the name of each timekeeper who was assigned to the litigation ("Timekeepers"); (2) each timekeeper's title ("Title"); (3) the years of experience reached in each year ("Experience"); (4) LippSmith LLP's 2021 contingency fee rates for all timekeepers who continue working on this case ("2021 Rates"); (4) the total hours for each timekeeper ("Time"); and (5) the lodestar calculation for

DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS
CASE NO. 4:19-CV-02411-HSG

each timekeeper applying their 2021 contingency fee rates ("Lodestar"). These lodestar amounts do not include dozens of hours of additional secretarial and other staff time incurred. Class Counsel will be prepared to provide the Court with an update on the lodestar calculation at the final approval hearing should the Court request that information.

13. For all contingency fee rates in Table 1, I personally researched, reviewed, compiled, sorted, and set out the contingency fee rates for each timekeeper. Based on my nearly 19 years of experience representing plaintiffs on a contingency basis, both in class actions and individual cases, I believe the rates set forth in Table 1 represent reasonable contingency fee rates for each timekeeper that this Court should use to evaluate whether the Attorney Fees provided in this Settlement are fair and reasonable. The contingency hourly rates for the timekeepers are generally higher than prevailing billable hourly rates because "[l]awyers operating in the marketplace can be expected to charge a higher hourly rate when their compensation is contingent on success than when they will be promptly paid, irrespective of whether they win or lose." *Blum v. Stenson*, 465 U.S. 886, 903 (1984). However, these rates are distinct from and fall short of representing the full value Class Counsel would realize here under a pure contingency fee contract with the Class Representative. *See Chalmers v. Los Angeles*, 796 F.2d 1205, 1212 n.4 (9th Cir. 1986) (discussing the differences between contingency fee contracts and contingency adjustments to hourly rates). I also set each timekeeper's rate based on their 2021 rates. This is because Class Counsel has not been compensated at all for any timekeeper work to date. *Perdue v. Kenny A.*, 559 U.S. 542, 556 (2010) ("Compensation for this delay is generally made 'either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.'" (quoting *Missouri v. Jenkins*, 491 U.S. 274, 282 (1989)). Also based on my experience, contingency lawyers in California typically charge at least a 40% fee for an equivalent amount of work that Class Counsel performed at the trial court and arbitration levels. Contingency lawyers then often increase the retainers to at least 45% to defend the lower court results through appeals. Here, Class Counsel seeks just 35% of the Settlement for Attorney Fees.

DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS
CASE NO. 4:19-CV-02411-HSG

14.     Table 1 also provides Class Counsel's total hours incurred to date (689.7 hours), calculates Class Counsel's total lodestar incurred to date ($379,035), provides Class Counsel's total hours including estimated future time (839.7 hours), and calculates Class Counsel's total lodestar including estimated future time calculated at LippSmith LLP's average hourly rate for time incurred to date ($461,401).

15.     Finally, Table 1 performs a lodestar multiplier calculation assuming the Court awards the Settlement's maximum about of $175,000 in attorney fees. The lodestar multiplier for that amount is 0.38, which means $175,000 represents only 38% of Class Counsel's incurred and estimated future lodestar. Given Class Counsel's time committed, time to be committed, costs incurred, risks taken, and results achieved here, awarding attorney fees equivalent to a lodestar with a 0.38 multiplier is more than justified, reasonable and fair.

16.     Analyzing the records for the LippSmith LLP and KLT timekeepers on this matter, I also compiled, prepared, and reviewed the below TABLE 2: LIPPSMITH LLP/KLT WORKFLOW SUMMARY. Table 2 summarizes LippSmith LLP timekeepers' broad categories of services, date ranges for those services, and hours incurred for those services since becoming involved in 2019 while at KLT.  Table 2 shows work performed by LippSmith LLP timekeepers in addition to the work Lawyers *for* Justice performed that Mr. Aiwazian laid out in great detail in his own declaration. Table 2 also details a reasonable estimate of Class Counsel's lodestar for future work on this matter, including additional work remaining for final approval filings and proceedings, assistance in claims, and future accounting and reporting obligations. Based on my experience both on other class action matters and on this case in particular, I believe that the allocations of workflow set forth above were reasonable, necessary, conservative, and extremely efficient relative to other settlements to achieve the results we obtained here.

```
TABLE 2: LIPPSMITH LLP/KLT WORKFLOW SUMMARY
```

| Case Workflow Categories | Period | Time |
|---|---|---|
| Investigation | 07/2020 | 4.7 |
| Discovery | 07/2020-01/2021 | 62.4 |
| Mediation and Settlement | 01/2021-Present | 269.6 |
| Future (Est.) | | 150 |
| | Totals: | 486.7 |

DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS
CASE NO. 4:19-CV-02411-HSG

17. I also personally compiled, prepared, and reviewed the costs that Class Counsel collectively incurred in pursuing Plaintiff's and the Class' claims at issue here, a summary of which is presented below in TABLE 3: COSTS ANALYSIS. In addition to incurring substantial attorney, paralegal, and staff time in this case, Class Counsel incurred an estimated total of $31,418.74 in

**TABLE 3: COSTS ANALYSIS**

| Categories of Costs | Amount |
|---|---|
| Attorney Service | $ 994.92 |
| Courier & Prof Services | $ 364.39 |
| Court Reporter Services | $ 3,109.20 |
| Expert Services | $ 11,950.00 |
| Filing Fees | $ 1,735.00 |
| Mediation Services | $ 11,950.00 |
| Postage and Mailing | $ 572.15 |
| Research | $ 1.60 |
| Travel | $ 741.48 |
| **Total:** | **$ 31,418.74** |

litigation costs to investigate and prosecute this case. I personally reviewed and approved all of the cost invoices incurred by LippSmith LLP and KLT. Based on my experience both on other class action matters and on this case in particular, I believe that the costs expenditures set forth in Table 3 were reasonable, necessary, modest, and extremely efficient relative to other class action settlements to achieve the results we obtained here. The costs incurred were vital to our successful prosecution of this case, and I believe all were reasonable and necessary for representing the Class. Should the Court desire additional information on the Class Counsel costs, Class Counsel has a more detailed itemization of the costs that Class Counsel can make immediately available for the Court's review.

18. The Settlement provided, and the Notice informed the Class, that the Court may award up to $40,000.00 in litigation costs from the Settlement Fund. Since Class Counsel have incurred and reasonably expect to incur only $31,348.74 in litigation costs, the $8,581.26 balance of funds previously earmarked for potential costs ($40,000 less $31,348.74) will be available for *pro rata* distribution to the Class.

19. As Class Counsel, my firm and I are committed to investing future hours and additional costs into not only advancing the Settlement through final approval, but also in assisting Class Members on their claims, if needed, and ensuring Defendant's compliance with the Settlement.

DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS
CASE NO. 4:19-CV-02411-HSG

1

2        I declare under penalty of perjury under the laws of the State of California that the foregoing

3 is true and correct, and that this declaration was executed September 14, 2021 in Los Angeles,

4 California.

5

6

7                         GRAHAM B. LIPPSMITH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GRAHAM B. LIPPSMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEY FEES, COSTS REIMBURSEMENT, AND ENHANCEMENT PAYMENTS
CASE NO. 4:19-CV-02411-HSG

# EXHIBIT 1

**TABLE 1: LODESTAR ANALYSIS**

| Timekeepers | Current Firm | Title | Years of Experience | Hourly Rates | Time | Lodestar |
|---|---|---|---|---|---|---|
| Graham B. LippSmith | LippSmith LLP | Co-Founder | 18.8 | $800 | 60.4 | $ 48,320 |
| MaryBeth LippSmith | LippSmith LLP | Co-Founder | 18.8 | $800 | 28.4 | $ 22,720 |
| Celene Chan Andrews | LippSmith LLP | Partner | 12.8 | $550 | 158.5 | $ 87,175 |
| Jaclyn L. Anderson | LippSmith LLP | Partner | 12.8 | $550 | 29.4 | $ 16,170 |
| Niki B. Smith | LippSmith LLP | Paralegal | 4.3 (Paralegal) / 16 (Legal Assistant) | $175 | 60 | $ 10,500 |
| | | | | | | |
| LippSmith LLP Timekeeper Totals: | | | | | 336.7 | $ 184,885 |
| | | | | w/ Future: | 486.7 | $ 267,251 |
| | | | | | | |
| Lawyers for Justice Timekeeper Totals: | | | | $550 | 353 | $ 194,150 |
| **Class Counsel Total to Date:** | | | | | **689.7** | **$ 379,035** |
| **Class Counsel Total w/ Future:** | | | | | **839.7** | **$ 461,401** |
| **Lodestar Multiplier @ $175,000:** | | | | | | **0.38** |

EXHIBIT 2

+

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KASTLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OH MY GREEN, INC.,<br><br>Defendant. | Case No. 19-cv-02411-HSG<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 94, 100 |

Pending before the Court are Plaintiffs' motions for final approval of class action and PAGA settlement and for attorneys' fees, costs reimbursement, and enhancement payments.  Dkt. Nos. 94, 100.  The Court held a final fairness hearing on January 27, 2022, Dkt. No. 102, and, at the request of the Court, Named Plaintiffs submitted supplemental declarations following the hearing.  Dkt. Nos. 103-105.  For the reasons set forth below, the Court **GRANTS** the motion for final approval and **GRANTS IN PART AND DENIES IN PART** the motion for attorneys' fees, costs reimbursement, and enhancement payments.

I.     **BACKGROUND**

A.     **Factual and Procedural Background**

On February 28, 2019, Plaintiff Anne Kastler filed a wage and hour putative class action complaint against Defendant Oh My Green, Inc., now known as Garten, Inc.  Dkt. No. 1-1.  Plaintiff Kastler was employed by Defendant as an hourly, non-exempt employee in California from approximately November 2017 to January 2018.  Dkt. No. 85 ¶ 26.  Plaintiff Kastler alleges, on behalf of herself and all others similarly situated, that Defendant underpaid Plaintiffs in violation of California labor laws, including failing to pay regular, minimum, and overtime wages as well as failing to provide compliant meal periods, rest periods, and associated premium pay.

*See id.* ¶¶ 35-55.  Plaintiffs assert eight causes of action for violations of (1) California Labor Code sections 510 and 1198 (unpaid overtime); (2) California Labor Code sections 226.7 and 512(a) (unpaid meal period premiums); (3) California Labor Code section 226.7 (unpaid rest period premiums); (4) California Labor Code sections 1194, 1197, and 1197.1 (unpaid minimum wages); (5) California Labor Code sections 201 and 202 (final wages not timely paid); (6) California Labor Code section 226(a) (non-compliant wage statements); (7) California Labor Code sections 2800 and 2802 (unreimbursed business expenses); and (8) California Business and Professional Code section 17200 (Unfair Competition Law).  *See generally id.*

The parties participated in two mediation sessions, one in April 2020 and another in March 2021, and reached a tentative settlement at the second mediation with Judge Howard R. Broadman (Ret.).  Dkt. No. 87-3, Decl. of Edwin Aiwazian ("Aiwazian Decl.") ¶ 7; Dkt. No. 79.

The parties then filed a second amended complaint adding two additional Named Plaintiffs and a ninth claim under the Private Attorneys General Act ("PAGA").  *See generally* Dkt. No. 85 ("SAC").  The new Named Plaintiffs, Saul Andrade and Anthonicia Stallings, worked for Defendant as hourly, non-exempt employees from approximately June 2017 to February 2018 and December 2018 to January 2019, respectively.  *Id.* ¶¶ 27–28.

On May 3, 2021, Plaintiffs filed a motion for preliminary approval of the class action and PAGA settlement.  Dkt. No. 87.  Following the hearing on the motion, the parties filed a supplemental brief and an addendum to the settlement agreement, which clarified certain settlement terms.  *See* Dkt. No. 90.  The Court granted preliminary approval on August 13, 2021.  Dkt. No. 91.

## B.  Settlement Agreement

The key terms of the Settlement Agreement, Dkt. No. 87-2, as amended on July 29, 2021, Dkt. No. 90-2, are as follows:

### i.  Class Definitions

The Settlement Class is defined as "[a]ll current and former non-exempt employees who worked for Defendant within California at any time during the period between February 28, 2015 and preliminary approval."  Dkt. No. 87-2 ¶ 7.

## ii.    Settlement Benefits

<u>Settlement Benefits</u>: Defendant will make a $500,000 non-reversionary payment into a "Gross Settlement Fund."  *Id*. ¶ 11.  The Gross Settlement Fund includes payments to Class Members, settlement administration expenses, PAGA penalties in the amount of $50,000, incentive awards, attorneys' fees, and litigation costs.  *Id.* ¶¶ 11, 17–18.  In addition to the Gross Settlement Fund, Defendant will pay its "share of the employer-side payroll taxes on the amount of the Settlement allocated to wages."  *Id*. ¶ 11.  Individual settlement payments will be calculated proportionally based on the number of work weeks a Class Member worked during the class period.  *Id*. ¶ 13

<u>PAGA Allocation</u>: As to the PAGA payment, the parties propose that 75% ($37,500) of the total sum of $50,000 will be proportionally paid to the California Labor and Workforce Development Agency ("LWDA").  *Id*. ¶ 18; see Cal. Lab. Code § 2699(i) (providing that penalties under PAGA are split 75% to LWDA and 25% to aggrieved employees).  The remaining 25% ($12,500) will be allocated on a pro rata basis to Class Members "employed by Defendant as non-exempt employees in California during the period from February 28, 2018 to preliminary approval ('PAGA Period')."  *Id*.  All Settlement Class Members, even those who opt out, will receive their pro-rata share of the PAGA payment and be bound by the release set forth in Paragraph 30 of the Settlement Agreement as to claims arising under PAGA.  *Id.*

## iii.    Release

Settlement Class Members will release the "Released Parties" from:

> any and all claims, demands, rights, liabilities, actions, grievances, demands for arbitration, and causes of action, of every nature and description, that were or could have been asserted based on the facts alleged in the SAC, including but not limited to, any state or federal claims relating to the failure to pay wages and overtime, failure to provide meal or rest breaks, failure to pay minimum wage, failure to provide accurate and complete wage statements, failure to keep requisite payroll records, failure to timely pay employees during employment or at termination, failure to reimburse employees for business expenses, unfair competition, PAGA penalties, waiting time penalties, interest, attorney fees, or any other alleged known or unknown wage and hour violations that were alleged or could reasonably have been alleged based on arising out of the acts, facts, transactions, occurrences, representations, or omissions that were asserted in the Lawsuit ("Released Claims"). Any Class Member who

3

receives a payment under PAGA pursuant to Paragraph 18 and who opts out of the Settlement is only bound by the release of PAGA claims.

*Id.* ¶ 30. The "Released Parties" include "Defendant, and all of their past, present, and future officers, directors, agents, employees, attorneys, insurers, re-insurers, parent companies, and subsidiaries." *Id.*

Named Plaintiffs "make the additional general release of all claims, known or unknown, in exchange and consideration of the Enhancement Awards described in Paragraph 16 [of the Settlement Agreement] which are subject to and contingent upon the Court's review and approval." Dkt. No. 90-2 at 3.

### iv.    Class Notice and Procedure

The parties agreed that Simpluris Inc. ("Simpluris"), a third-party settlement administrator, would mail notice of the class action settlement by first-class U.S. mail. Dkt. No. 87-2 ¶¶ 21, 23. The notice included: a summary of the claims, a summary of the settlement terms, an estimate of the settlement share and any PAGA payment based on the number of workweeks they worked during the class period and PAGA period, a description of the released claims, and instructions on how to object to and opt out of the settlement, including relevant deadlines. *See* Dkt. No. 90-4.

Class Members had 45 days after the mailing of class notice to submit a request for exclusion. Dkt. No. 90-2 at 2. Class Members who received a re-mailed notice had 14 days from the postmark date of the re-mailed notice to submit a request for exclusion. Dkt. No. 87-2 ¶ 28.

### v.    Enhancement Awards

The Settlement Agreement permits Plaintiff Kastler to apply for an enhancement award up to $7,500, and Plaintiffs Andrade and Stallings to each apply for awards of up to $5,000. *Id.* ¶ 16. Defendant agreed not to oppose these requests. *Id.* If the Court approves less than the amount requested, the difference between the requested and awarded amounts will be included in the Net Settlement Fund. *Id.*

### vi.    Attorneys' Fees and Costs

The Settlement Agreement permits Class Counsel to file an application for attorneys' fees in an amount up to $175,000, as well as costs up to $40,000. *Id.* ¶¶ 14–15. Defendant agreed not

1    to oppose these requests.  *Id*.  Any difference between the requested and awarded amounts will be

2    included in the Net Settlement Fund.  *Id*.

3    **II.    ANALYSIS**

4        **A.    Final Settlement Approval**

5            **i.    Class Certification**

6            Final approval of a class action settlement requires, as a threshold matter, an assessment of

7    whether the class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and

8    (b).  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019–1022 (9th Cir. 1998).  Because no facts that

9    would affect these requirements have changed since the Court preliminarily approved the class on

10   August 13, 2021, this order incorporates by reference its prior analysis under Rules

11   23(a) and (b) as set forth in the order granting preliminary approval.  *See* Dkt. No. 91.

12           **ii.    The Settlement**

13           "The claims, issues, or defenses of a certified class may be settled . . . only with the court's

14   approval."  Fed. R. Civ. P. 23(e).  The Court may finally approve a class settlement "only after a

15   hearing and on finding that it is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); *Officers*

16   *for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th

17   Cir. 1982) ("The district court's role in evaluating a proposed settlement must be tailored to fulfill

18   the objectives outlined above.  In other words, the court's intrusion upon what is otherwise a

19   private consensual agreement negotiated between the parties to a lawsuit must be limited to the

20   extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or

21   overreaching by, or collusion between, the negotiating parties . . . ").  Where the parties reach a

22   class action settlement prior to class certification, district courts apply "a higher standard of

23   fairness and a more probing inquiry than may normally be required under Rule 23(e)."  *Dennis v.*

24   *Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (citation omitted).  Such settlement agreements

25   "must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of

26   interest" to "ensure that class representatives and their counsel do not secure a disproportionate

27   benefit 'at the expense of the unnamed plaintiffs who class counsel had a duty to represent.'"

28   *Roes, 1-2 v. SFBSC Mgmt.*, LLC, 944 F.3d 1035, 1048–49 (9th Cir. 2019) (citations omitted).  To

5

United States District Court
Northern District of California

1   assess whether a proposed settlement comports with Rule 23(e), the Court "may consider some or

2   all" of the following factors:  (1) the strength of plaintiff's case; (2) the risk, expense, complexity,

3   and likely duration of further litigation; (3) the risk of maintaining class action status throughout

4   the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage

5   of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental

6   participant; and (8) the reaction of the class members to the proposed settlement.  *Rodriguez v.*

7   *West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009); *see also Hanlon*, 150 F.3d at 1026.  "The

8   relative degree of importance to be attached to any particular factor" is case specific.  *Officers for*

9   *Justice*, 688 F.2d at 625.

10         In addition, "[a]dequate notice is critical to court approval of a class settlement under Rule

11  23(e)."  *Hanlon*, 150 F.3d at 1025.  As discussed below, the Court finds that the proposed

12  settlement is fair, adequate, and reasonable, and that Class Members received adequate notice.

            **a.  Adequacy of Notice**

13

14         Under Federal Rule of Civil Procedure 23(e), the Court "must direct notice in a reasonable

15  manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).

16  Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including

17  individual notice to all members who can be identified through reasonable effort."  The notice

18  must "clearly and concisely state in plain, easily understood language" the nature of the action, the

19  class definition, and the class members' right to exclude themselves from the class.  Fed. R. Civ.

20  P. 23(c)(2)(B).  Although Rule 23 requires that reasonable efforts be made to reach all class

21  members, it does not require that each class member actually receive notice.  *See Silber v. Mabon*,

22  18 F.3d 1449, 1454 (9th Cir. 1994) (noting that the standard for class notice is "best practicable"

23  notice, not "actually received" notice).

24         The Court finds that the notice and notice plan previously approved by the Court was

25  implemented and complies with Rule 23(c)(2)(B).  *See* Dkt. No. 91 at 17, 18.  Simpluris, a neutral

26  third-party settlement administrator, mailed notice of the class action settlement to the last known

27  address of each of the 672 Class Members.  *See* Dkt. No. 100 at 15.  For any returned Notices, the

28  Settlement Administrator attempted to find a correct address using skip-tracing, then re-sent the

packets. *See id.* At the hearing, Plaintiffs' counsel reported that they were unable to reach 10 of the 672 Class Members, despite their best efforts. In light of these facts, the Court finds that the parties have sufficiently provided the best practicable notice to the Class Members.

### b. Fairness, Adequacy, and Reasonableness

Having found the notice procedures adequate under Rule 23(e), the Court next considers whether the entire settlement comports with Rule 23(e).

### 1. Strength of Plaintiff's Case and Litigation Risk

Approval of a class settlement is appropriate when plaintiffs must overcome significant barriers to make their case. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Courts "may presume that through negotiation, the Parties, counsel, and mediator arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery." *Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-cv-1365-CW, 2010 WL 1687832, at *9 (N.D. Cal. Apr. 22, 2010). Additionally, difficulties and risks in litigating weigh in favor of approving a class settlement. *Rodriguez*, 563 F.3d at 966. "Generally, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Ching v. Siemens Indus., Inc.*, No. 11-cv-04838-MEJ, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014) (quotations omitted).

The Court finds that the amount offered in settlement is reasonable in light of the substantial risks posed by further litigation. This case involves complex issues that could ultimately result in the denial of class certification, and, in the absence of a settlement, Plaintiffs would need "to receive a favorable verdict capable of withstanding a potential appeal." *See* Dkt. No. 100 at 13. Moreover, Plaintiffs face the substantial risk of Defendant, a business office caterer, becoming insolvent. *Id.* at 6-7. Plaintiffs assert that Defendant's business has suffered increased losses during the Covid-19 pandemic, and that, despite Defendant implementing "massive layoffs" and shuttering the majority of its operations, imminent recovery is unlikely. *Id.* Plaintiffs' "investigation leading into mediation and information obtained during mediation— including but not limited to open questioning of Defendant by the mediator and Plaintiffs' counsel—confirmed that the expected recovery on this case ultimately would very well be $0

United States District Court
Northern District of California

7

United States District Court
Northern District of California

because Defendant anticipates becoming insolvent if it cannot resolve these claims." *Id.* at 9.  In reaching a settlement, Plaintiff has ensured a favorable recovery for the class.  Accordingly, these factors weigh in favor of approving the settlement.

### 2.  Risk of Maintaining Class Action Status

In considering this factor, the Court looks to the risk of maintaining class certification if the litigation were to proceed.  Because the parties provisionally certified the class for the purposes of settlement, Plaintiffs avoided the risks inherent in certifying and then maintaining class status throughout the litigation.  *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (class certification orders are "inherently tentative"); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ("A district court may decertify a class at any time."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("[T]here is no guarantee the certification would survive through trial[.]").  In a wage and hour case, successful maintenance of class certification is not a given, and thus this factor weighs slightly in favor of approval.

### 3.  Settlement Amount

The amount offered in the settlement is another factor that weighs in favor of approval.  Based on the facts in the record, the Court finds that the $500,000 gross settlement amount, *see* Dkt. No. 87-2 ¶ 11, falls "within the range of reasonableness" in light of the risks and costs of litigation.  *See, e.g.*, *Reynolds v. Direct Flow Medical, Inc.*, No. 17-cv-00204-KAW, 2019 WL 4168959 *3 (N.D. Cal. Sept. 3, 2019) (granting final approval for a settlement amount representing 13% of plaintiffs' estimated full-verdict value); *Villanueva v. Morpho Detection, Inc.*, No. 13-cv-05390-HSG, 2016 WL 1070523 *4 (N.D. Cal. March 18, 2016) (citing cases); *Stovall-Gusman v. Granger, Inc.*, No. 13-cv-02540-HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (granting final approval of a net settlement amount representing 7.3% of the plaintiffs' potential recovery at trial).  Plaintiffs estimate that the average individual Settlement Share is $320.06, the highest Settlement Share is $2,571.12, the average PAGA Settlement Share is $18.60, and the highest PAGA Settlement Share is $96.91.  Dkt. No. 100 at 16.  As Plaintiffs acknowledge, the Gross Settlement Fund constitutes a fraction of Defendant's potential statutory exposure.  *Id.* at 9.  Plaintiffs calculate that unpaid overtime damages could total $556,998.27

1    (assuming every class member was unpaid for 18,401 workweeks at the average overtime rate of

2    $30.27); meal and rest break damages could total $371,332 (assuming one violation for every

3    employee for 18,401 workweeks); and Labor code penalties could start in the $700,000s

4    (assuming every kind of infraction for every employee in every pay period). *Id.* at 10. Totaling

5    these three sums, the net settlement fund represents roughly 30.7% of Plaintiffs' potential recovery

6    at trial. However, Plaintiffs also point to the genuine risk of gaining nothing at all if Defendant's

7    financial condition continues to deteriorate. *Id.* In light of the risks and costs posed by continued

8    litigation, the settlement amount falls well "within the range of reasonableness." *See* Dkt. No. 91

9    at 16.

      The Court further finds that the parties have reasonably tailored each Class Member's

10

11   anticipated recovery based on the number of weeks worked during the covered time periods. *See*

12   Dkt. No. 87-2 ¶ 13. This factor weighs in favor of approval.

13                      **4. Extent of Discovery Completed and Stage of Proceedings**

14    The Court finds that Plaintiffs' counsel had sufficient information to make an informed

15   decision about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459

16   (9th Cir. 2000). The parties settled only after Plaintiff conducted adequate discovery, did a

17   thorough analysis of the alleged Labor Code violations, ran calculations based on time and payroll

18   records, and participated in two mediation sessions. *See* Aiwazian Decl. ¶¶ 7, 18. The Court finds

19   that the parties received, examined, and analyzed facts and material sufficient to allow them to

20   reach a fair settlement agreement. This factor weighs in favor of approval.

21                              **5. Experience and Views of Counsel**

22    The Court next considers the experience and views of counsel. The Court has previously

23   evaluated class counsel's qualifications and experience and concluded that class counsel is

24   qualified to represent the Class Members' interests in this action. *See* Dkt. No. 91 at 11; *see also*

25   Dkt. No. 87 Decl. of Graham LippSmith ¶¶ 2-3, 5-18; Aiwazian Decl. ¶¶ 4-6. Plaintiffs' counsel

26   have stated that they "believe the Settlement is fair, reasonable, adequate, and is in the best interest

27   of the Class Members." Dkt. No. 100 at 13. The Court recognizes, however, that courts have

28   diverged on the weight to assign counsel's opinions. *Compare Carter v. Anderson Merch.*, LP,

United States District Court
Northern District of California

9

1    2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable

2    weight."), *with Chun-Hoon*, 716 F. Supp. 2d at 852 ("[T]his court is reluctant to put much stock in

3    counsel's pronouncements. . . ."). This factor's impact is therefore modest, but favors approval.

### 6. Reaction of Class Members

5    The reaction of the Class Members supports final approval. "[T]he absence of a large

6    number of objections to a proposed class action settlement raises a strong presumption that the

7    terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural*

8    *Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *In re Linkedin*

9    *User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) ("A low number of opt-outs and

10   objections in comparison to class size is typically a factor that supports settlement approval.").

11   Class Members were advised of the requirements to object to or opt out of the settlement.

12   *See* Dkt. No. 90-4 at 3-6. As of December 16, 2021, the Settlement Administrator had received no

13   Requests for Exclusion or Objections. Dkt. No. 100 at 16. The Court finds that the absence of

14   objections indicates strong support among the Class Members and weighs in favor of approval.

15   *See*, *e.g.*, *Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming

16   settlement where 45 of approximately 90,000 class members objected); *Rodriguez v. West Publ.*

17   *Corp.*, Case No. CV05–3222 R, 2007 WL 2827379, at *10 (C.D. Cal. Sept. 10, 2007) (finding

18   favorable class reaction where 54 of 376,301 class members objected).

### 7. Evidence of Conflicts and Signs of Collusion

20   Before approving settlements, courts look for both explicit evidence of collusion and subtle

21   signs of self-interest. *Cmty. Res. for Indep. Living, et al. v. Mobility Works of Cal., LLC, et al.*, 553

22   F. Supp. 3d 881, 885 n. 3 (N.D. Cal. 2020). Because no facts that would affect this inquiry have

23   changed since the Court preliminarily approved the class on August 13, 2021, this order

24   incorporates by reference its prior analysis regarding evidence of conflicts and signs of collusion

25   as set forth in the order granting preliminary approval. *See* Dkt. No. 91 at 12-14.

26   *          *          *

27   After considering and weighing the above factors, the Court finds that the settlement

28   agreement is fair, adequate, and reasonable, and that the Class Members received adequate notice.

United States District Court
Northern District of California

Accordingly, Plaintiffs' motion for final approval of the class action settlement is **GRANTED**.

**B.    Attorneys' Fees, Costs and Expenses, and Class Representative Enhancement Payment**

In its unopposed motion, Class Counsel asks the Court to approve awards of $175,000 in attorneys' fees, $31,348.74 in litigation costs, and $17,500 in total enhancement awards.  *See* Dkt. No. 94 at 1.

### i.    Attorneys' Fees

#### a.  Legal Standard

"In a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  The Court has discretion in a common fund case to choose either (1) the lodestar method or (2) the percentage-of-the-fund method when calculating reasonable attorneys' fees.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

Under the lodestar method, a "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d at 941(*citing Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)). "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quotations omitted).  Generally, "the relevant community is the forum in which the district court sits."  *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  "In addition to affidavits from the fee applicant, other evidence of prevailing market rates may include affidavits from other area attorneys or examples of rates awarded to counsel in previous cases."  *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 687 (N.D. Cal. 2016).

Under the percentage-of-the-fund method, twenty-five percent of a common fund is the benchmark for attorneys' fees awards. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Whether the Court awards the benchmark amount or some other rate, the award must be supported "by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Although "the choice between lodestar and percentage calculation depends on the circumstances, [ ] either method may [ ] have its place in determining what would be reasonable compensation for creating a common fund." *Six Mexican Workers*, 904 F.2d at 1311 (quotations omitted). To guard against an unreasonable result, the Ninth Circuit has encouraged district courts to cross-check any calculations under one method against those under another method. *Vizcaino*, 290 F.3d at 1050–51.

### b. Discussion

Plaintiffs' counsel asks the Court to approve an award of $175,000 in attorneys' fees. *See* Dkt. No. 94 at 1. Plaintiffs' counsel represents that, at the time the Motion for Attorney Fees was filed, the LippSmith LLP firm had spent 336 hours and Lawyers *for* Justice had spent 353 hours on this case. *Id.* at 9-10. They anticipate spending an additional 150 hours finalizing settlement procedures. *Id.* at 10. Plaintiffs' counsel's hourly rates "range from $350 to $800 for attorneys with 12 to 18 years of experience and from $150 to $200 for a paralegal with four years of experience." *Id.* at 11. According to Plaintiffs' calculations, "[t]he LippSmith LLP timekeepers' total lodestar is $379,035 for 336.7 hours" and the Lawyers *for* Justice's total lodestar is "at least $194,150 for 353 hours." Dkt. No. 94-4, Decl. of Graham LippSmith ¶ 10, Ex. 1; Dkt. No. 94-1 Decl. of Edwin Aiwazian ¶ 10 & Ex. A. The requested fee award is much less than this amount, totaling approximately 35% of counsel's combined lodestar amounts. Counsel notes that they have "agreed to seek much less than their lodestar in attorney fees because of the very limited funds available from a financially dwindling defendant, wanting to preserve a large share of the

1    available funds for a direct, cash benefit to Class Members." Dkt. No. 94 at 15.

2           Plaintiffs' counsel calculates that it has incurred $31,348.74 in costs. *See id.* at 10.

3    Litigation costs are divided between LippSmith ($7,693.75) and Lawyers *for* Justice ($23,724.99).

4    Dkt. No. 94-4, Decl. of Graham LippSmith ¶ 17; Dkt. No. 94-1, Decl. of Edwin Aiwazian ¶ 17 &

5    Ex. B.

6           The Court recognizes that class counsel obtained significant results for the Class Members,

7    as discussed in Section II.A.ii, above. No Class Members requested exclusion or objected to the

8    Settlement Agreement, suggesting strong support for the settlement's outcome. *See* Dkt. No. 100

9    at 16. Further, Plaintiffs' Counsel assumed substantial risk in litigating this action on a

10   contingency fee basis and incurring costs without the guarantee of payment for its efforts.

11          The Court understands the importance of carefully reviewing class fee award requests:

12               Because in common fund cases the relationship between plaintiffs and
                 their attorneys turns adversarial at the fee-setting stage, courts have
13               stressed that when awarding attorneys' fees from a common fund, the
                 district court must assume the role of fiduciary for the class plaintiffs.
14               Accordingly, fee applications must be closely scrutinized. Rubber-
                 stamp approval, even in the absence of objections, is improper.

15   *Vizcaino*, 290 F.3d at 1052 (quotation omitted). Having reviewed class counsel's filings, the

16   Court finds that the billing rates used by class counsel to calculate the lodestar are reasonable and

17   generally in line with prevailing rates in this District for personnel of comparable experience, skill,

18   and reputation. *See, e.g., Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4063144, at *4

19   (N.D. Cal. Aug. 15, 2014) (collecting cases, and finding prevalent rates ranging from $400 for

20   associates to $750 for partners litigating civil rights and employment cases in this District). The

21   Court further finds that the hours expended were reasonable and non-duplicative. Accordingly,

22   the Court finds the requested fee award appropriate.

23          This is confirmed by a comparison to the percentage-of-fund method. The requested fee

24   award is $175,000, or approximately one-third of the Gross Settlement Fund. Plaintiffs' counsel

25   has pointed to cases in which courts have awarded attorneys' fees above the twenty-five percent

26   benchmark, *see* Dkt. No. 94 at 18, and the Court finds that the record warrants doing so in this

27   case. Here, Plaintiffs' counsel took the case on a contingency fee basis with the risk of no

28   payment should Defendant become insolvent. The Court is also aware that continued litigation

United States District Court
Northern District of California

13

United States District Court
Northern District of California

1    presents significant risk of zero recovery for both Class Members and attorneys.  Most

2    significantly, the requested award is a negative multiplier of the lodestar.  Accordingly, the Court

3    finds the requested fee award appropriate.

4          Under the lodestar method, the Court **GRANTS** attorneys' fees of $175,000 as well as

5    litigation costs of $31,348.74.

6          **ii.    Incentive Award**

7          Plaintiffs' counsel requests enhancement awards of $7,500 for Plaintiff Kastler and $5,000

8    each for Plaintiffs Andrade and Stallings.  *See* Dkt. No. 94 at 1.  "[N]amed plaintiffs . . . are

9    eligible for reasonable incentive payments."  *Staton*, 327 F.3d at 977; *Rodriguez*, 563 F.3d at 958

10   ("Incentive awards are fairly typical in class action cases.").  They are designed to "compensate

11   class representatives for work done on behalf of the class, to make up for financial or reputational

12   risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a

13   private attorney general."  *Rodriguez*, 563 F.3d at 958–59.  Nevertheless, the Ninth Circuit has

14   cautioned that "district courts must be vigilant in scrutinizing all incentive awards to determine

15   whether they destroy the adequacy of the class representatives . . . ."  *Radcliffe v. Experian Info.*

16   *Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (quotations omitted).  This is particularly true

17   where "the proposed service fees greatly exceed the payments to absent class members."  *Id.*  The

18   district court must evaluate an incentive award using "relevant factors includ[ing] the actions the

19   plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted

20   from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the

21   litigation . . . ."  *Id.* at 977.

22         Named Plaintiffs submitted declarations describing the significant time they spent working

23   with counsel on litigation preparation by, among other items, providing documents, identifying

24   witnesses, and actively participating in the settlement process.  *See* Dkt. Nos. 103, 104, 105.

25   According to Plaintiff Kastler's Declaration, she has been actively involved in the case and has

26   spent significant time producing relevant evidence.  *See generally* Dkt. No. 103.  Plaintiff Kastler

27   says she spent hours in phone conversations with her attorneys, conducted independent research,

28   reviewed documents, and prepared for a possible deposition and the mediation sessions.  *See*

1   *generally id.* All told, Plaintiff Kastler estimates she spent 41.5 working on this case. *Id.* at ¶ 13.

2   The Court finds that Plaintiff Kastler added substantial value to this case.

3       Plaintiffs Andrade and Stallings also submitted declarations describing their contributions

4   to the case. *See* Dkt. Nos. 104, 105. Although Plaintiffs Andrade and Stallings joined as Named

5   Plaintiffs after Plaintiff Kastler, they also actively participated in litigation preparation by

6   promptly providing documents, corresponding with attorneys, doing independent research for the

7   case, and participating in settlement proceedings. *See generally* Dkt. Nos. 104, 105. All told,

8   Plaintiff Andrade estimates he spent a total of 28 hours working on the case, with 11.5 of those

9   hours occurring after he became a Named Plaintiff. Dkt. No. 105 ¶ 12. Plaintiff Stallings

10  estimates she spent a total of 47 hours working on the case, with 19 of those hours occurring after

11  she became a Named Plaintiff. Dkt. No. 104 ¶ 12.

12      However, the Court finds that enhancement awards of $7,500 and $5,000, at 23 and 15

13  times larger than the average, are disproportionate to the estimated average individual Settlement

14  Share of $320.06, and the highest Settlement Share of $2,571.12. *See* Dkt. No. 100 at 16. The

15  Named Plaintiffs have contributed between 28 and 47 hours to the case. *See* Dkt. Nos. 104 ¶ 12,

16  105 ¶ 12. While they added value and helped make this settlement possible, the Net Settlement

17  Fund represents a fraction of the total possible recovery, and the work put into the case does not

18  warrant enhancement awards so much larger than the average Settlement Share.

19      Plaintiffs' counsel's request for enhancement awards is **GRANTED IN PART AND**

20  **DENIED IN PART**. The Court **GRANTS** enhancement awards in the amount of $5,000 for

21  Plaintiff Kastler and $2,500 each for Plaintiffs Andrade and Stallings.

22  **III.   CONCLUSION**

23      For the foregoing reasons it is hereby ordered that:

24      1.      Plaintiffs' Motion for Final Approval of Class Action and PAGA Settlement is

25  **GRANTED**.

26      2.      Plaintiffs' Motion for Attorney Fees, Costs Reimbursement, and Enhancement

27  Payments is **GRANTED IN PART AND DENIED IN PART.**

28      3.      The Court approves the settlement amount of $500,000, including payments of

1    $50,000 in PAGA penalties; attorneys' fees in the amount of $175,000; litigation costs in the

2    amount of $31,348.74; and enhancement awards for the three Named Plaintiffs in the amount of

3    $5,000 for Plaintiff Kastler and $2,500 each for Plaintiffs Andrade and Stallings, for a total of

4    $10,000.

5           The parties and settlement administrator are directed to implement this Final Order and the

6    Settlement Agreement in accordance with the terms of the Settlement Agreement.  The parties are

7    further directed to file a short stipulated final judgment of two pages or less within 21 days from

8    the date of this Order.  The judgment need not, and should not, repeat the analysis in this order.

9

10          **IT IS SO ORDERED.**

11   Dated: 4/19/2022

12                                              _Haywood S. Gilliam Jr._

13                                              HAYWOOD S. GILLIAM, JR.
                                               United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

EXHIBIT 3

1   Edwin Aiwazian (Cal. State Bar No. 232943)
    *edwin@calljustice.com*
2   Arby Aiwazian (Cal. State Bar No. 269827)
    *arby@calljustice.com*
3   Joanna Ghosh (Cal. State Bar No. 272479)
    *joanna@calljustice.com*
4   **LAWYERS *for* JUSTICE, PC**
    410 West Arden Avenue, Suite 203
5   Glendale, California 91203
    Tel: (818) 265-1020 / Fax: (818) 265-1021
6
    Amir Nayebdadash (Cal. State Bar No. 232204)
7   *amir@protectionlawgroup.com*
    Heather Davis (Cal. State Bar No. 239372)
8   *heather@protectionlawgroup.com*
    **PROTECTION LAW GROUP, LLP**
9   237 California Street
    El Segundo, California, 90245
10  Tel: (424) 290-3095 / Fax: (866) 264-7880

11  *Attorneys for* Plaintiffs, Participating Class Members, and FLSA Collective Members

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14  KEVIN FERRELL, individually, and on          Case No.: 1:19-cv-00332-NONE-SAB
    behalf of other members of the general public
15  similarly situated; CHERYL BAKER,            Honorable Judge Dale A. Drozd
    individually, and on behalf of other members  Courtroom 5
16  of the general public similarly situated ad on
    behalf of other aggrieved employees pursuant  **CLASS ACTION**
17  to the California Private Attorneys General
    Act;                                         **NOTICE OF PLAINTIFFS' RENEWED**
18                                               **MOTION FOR FEES AND COSTS AWARD**
                                                 **AND INCENTIVE AWARDS**
19              Plaintiffs,
                                                 [Plaintiffs' Renewed Motion for Fees and Costs
20       vs.                                     Award and Incentive Awards; Declarations of
                                                 Class/Collective Counsel (Edwin Aiwazian and
21  BUCKINGHAM PROPERTY                          Heather Davis); Declarations of Class
    MANAGEMENT, a California corporation;        Representatives (Kevin Ferrell and Cheryl
22  and DOES 1 through 100, inclusive,           Baker); and [Proposed] Order filed concurrently
                                                 herewith]
23              Defendants.
                                                 Date:          November 16, 2021
24                                               Time:          9:30 a.m.
                                                 Courtroom:     5
25
                                                 Complaint Filed:   August 8, 2014
26                                               FAC Filed:         March 5, 2019
                                                 Trial Date:        None Set
27

28

---

**NOTICE OF PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE**
**AWARDS**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **November 16, 2021, at 9:30 a.m.**, or as soon thereafter as this matter may be heard before the Honorable Dale A. Drozd in Courtroom 5 of the United States District Court for the Eastern District of California, Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Plaintiffs Kevin Ferrell and Cheryl Baker ("Plaintiffs"), will and hereby do move, for an order awarding the following:

- Payment of attorneys' fees in the amount of **$210,000** to Lawyers *for* Justice, PC and Protection Law Group, LLP (collectively, "Class/Collective Counsel"), representing thirty-five percent (35%) of the Maximum Settlement Amount, which is reasonable and justified on a percentage-basis, and also based on a lodestar cross-check;

- Payment in the amount of **$22,612.07** to Class/Collective Counsel for litigation costs and expenses; and

- Payments in the amount of **$3,000** each to Plaintiffs Kevin Ferrell and Cheryl Baker, as Incentive Awards for their time and efforts in representing the Class Members and Proposed FLSA Collective Members.

This motion is based upon the concurrently filed Memorandum of Points and Authorities and Declarations of Class/Collective Counsel (Edwin Aiwazian and Heather Davis) and Class Representatives (Kevin Ferrell and Cheryl Baker) in support thereof; the Renewed Motion for Final Approval of Class and Collective Action Settlement and supporting declarations (including and not limited to, Declaration of Settlement Administrator (Cassandra Cita) in support thereof (Doc. No. 43); the pleadings and other records on file with the Court in this matter; and upon such documentary evidence and oral argument as may be presented at or before the hearing on this motion.

Dated: October 19, 2021                    **LAWYERS *for* JUSTICE, PC**

                              By:    /s/ Joanna Ghosh
                                     _____
                                     Edwin Aiwazian
                                     Joanna Ghosh
                                     *Attorneys for* Plaintiffs, Participating Class
                                     Members, and FLSA Collective Members

1

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

Amir Nayebdadash (Cal. State Bar No. 232204)
*amir@protectionlawgroup.com*
Heather Davis (Cal. State Bar No. 239372)
*heather@protectionlawgroup.com*
**PROTECTION LAW GROUP, LLP**
237 California Street
El Segundo, California, 90245
Tel: (424) 290-3095 / Fax: (866) 264-7880

*Attorneys for* Plaintiffs, Participating Class Members, and FLSA Collective Members

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERRELL, individually, and on behalf of other members of the general public similarly situated; CHERYL BAKER, individually, and on behalf of other members of the general public similarly situated ad on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiffs,<br><br>vs.<br><br>BUCKINGHAM PROPERTY MANAGEMENT, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 1:19-cv-00332-NONE-SAB<br><br>Honorable Judge Dale A. Drozd<br>Courtroom 5<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Notice of Renewed Motion for Fees and Costs Award and Incentive Awards; Declarations of Class/Collective Counsel (Edwin Aiwazian and Heather Davis); Declarations of Class Representatives (Kevin Ferrell and Cheryl Baker); and [Proposed] Order filed concurrently herewith]<br><br>Date:          November 16, 2021<br>Time:          9:30 a.m.<br>Courtroom:    5<br><br>Complaint Filed:   August 8, 2014<br>FAC Filed:         March 5, 2019<br>Trial Date:        None Set |

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TABLE OF CONTENTS

I.      SUMMARY OF MOTION ...................................................................................................1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND .............................................2

III.    SUMMARY OF THE SETTLEMENT TERMS AND NOTICE ADMINISTRATION .................5

IV.     THE REQUESTED ATTORNEYS' FEES SHOULD BE APPROVED ...................................7

        A. Legal Standard for Attorneys' Fees in a Class Action Settlement. ..........................7

        B. A Fee Award of a Percentage of the Entire Fund Is Appropriate...........................8

                1. The Percentage-of-the-Benefit Approach. ...................................................8

                2. The Requested Percentage Fee Should Be Awarded...................................10

        C. Attorneys' Fees of 35% of the Settlement Is Supported by Ninth Circuit Precedent.................11

                1. The Risk Assumed by Class/Collective Counsel........................................13

                2. Efforts Expended by Class Counsel ...........................................................13

                3. Class/Collective Counsel Obtained Significant Relief for the Class .........15

                4. The Skill and Reputation of the Attorneys ................................................17

                5. Federal Courts Regularly Award Fees in Excess of the Percentage Amount Sought....17

        D. The Lodestar Methodology Also Justifies Approval of The Requested Attorneys' Fees. ..........18

V.      COSTS TO BE REIMBURSED TO CLASS COUNSEL ......................................................19

VI.     THE REQUESTED INCENTIVE AWARDS SHOULD BE APPROVED ................................19

VII.    CONCLUSION ...............................................................................................................21

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## TABLE OF AUTHORITIES

**Cases**

*Allapattah Services, Inc. v. Exxon Corp.* (S.D.Fla. 2006) 454 F.Supp. 2d 1185 ............................................. 9

*Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.* (S.D.N.Y. 1979) 480 F.Supp. 1195, *aff'd* (2nd Cir. 1980) 622 F.2d 1106 ............................................. 14

*Boeing Co. v. Van Gemert* (1980) 444 U.S. 472 ............................................. 5

*Cellphone Termination Fee Cases* (2009) 180 Cal. App. 4th 1110 ............................................. 4

*Clayton v. Knight Transp.* (E.D. Cal. Oct. 30, 2013) 2013 WL 5877213 ............................................. 9

*Consumer Privacy Cases* (2009) 175 Cal.App.4th 545 ............................................. 5

*Craft v. Cnty. of San Bernardino* (C.D. Cal. 2008) 624 F. Supp. 2d 1123 ............................................. 9

*Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308 ............................................. 6

*Fischel v. Equitable Life* (9th Cir. 2002) 307 F.3d 997 ............................................. 14

*Glass v. UBS Financial Services, Inc.* (N.D. Cal. Jan. 26, 2007) 2007 WL 221862 ............................................. 8

*Hensley v. Eckerhart* (1983) 461 U.S. 424 ............................................. 5

*In re Activision Sec. Lit* (N.D. Cal. 1989) 723 F. Supp. 1373 ............................................. 7, 8

*In re Ampicillin Antitrust Litigation* (D.D.C. 1981) 526 F. Supp. 494 ............................................. 13

*In re Buspirone Patent & Antitrust Litig.* (S.D.N.Y. Apr. 11, 2003) MDL No. 1413, 2003 U.S. Dist. LEXIS 26538 ............................................. 14

*In re KeySpan Corp. Sec. Litig.* (E.D.N.Y. Aug. 25, 2005) No. CV 2001-5852 (ARR) (MDG) 2005 U.S. Dist. LEXIS 29068 ............................................. 13

*In re Pacific Enterprises Security Litigation* (9th Cir. 1995) 47 F.3d 373 ............................................. 8

*In re Relafen Antitrust Litig.*, (Order and Final Judgment dated Apr 9, 2004) (D. Mass) 1:01cv12239-WGY ............................................. 14

*In Re Southern Ohio Correctional Facility* (S.D. Ohio 1997) 175 F.R.D. 270 ............................................. 16

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

*In re Washington Public Power* (9th Cir. 1994) 19 F.4d 1291 ................................................................. 10

*Ingram v. The Coca-Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685 ............................................................ 16

*Kerr v. Screen Extras Guild, Inc.* (9th Cir. 1975) 526 F.2d 67 ................................................................ 6

*Ketchum v. Moses* (2001) 24 Cal. 4th 1122 ............................................................................................. 4

*Laffitte v. Robert Half Int'l, Inc.* (2016) 1 Cal.5th 480 ........................................................................... 5

*Lealao v. Beneficial Cal., Inc.* (2000) 82 Cal.App.4th 19 .............................................................. 4, 5, 8

*Lindy Bros. Bldrs. v. American Radiator & Standard Sanitary Corp.* (1976) 540 F.2d 102 ..................... 6

*Lindy Bros. Bldrs., Inc. of Phila. v. American R. & R. San Corp.* (3rd Cir. 1973) 487 F.2d 161 .................... 6

*Masters v. Wilhelmina Model Agency, Inc.* (2d Cir. 2006) 473 F.3d 423 ............................................... 8

*Paul, Johnson, Alston & Hunt v. Graulty* (9th Cir. 1989) 886 F.2d 268, 272 ........................................ 7

*Razilov v. Nationwide Mut. Ins. Co.,* No. 01-CV-1466-BR (D. Or. Nov. 13, 2006) 2006 WL 3312024 ....... 16

*Romero v. Producers Dairy Foods, Inc.* (E.D. Cal. Nov. 14, 2007) 2007 WL 3492841 .............................. 9

*Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 08-cv-821-IEG (BLM), 2010 WL 2196104 .. 16

*Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 2010 WL 2196104 .................................... 9

*Six Mexican Workers v. Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301 ................................... 7

*Smith v. CRST Van Expedited, Inc.* (S.D. Cal. Jan. 14, 2013) No. 10-CV-1116- IEG WMC, 2013 WL

163293 ................................................................................................................................................ 17

*Staton v. Boeing* (9th Cir. 2003), 327 F.3d 938 ..................................................................................... 9

*Van Gemert v. Boeing Co.* (S.D.N.Y. 1981) 516 F. Supp. 412 ............................................................. 14

*Van Vranken v. Atl. Richfield Co.* (N.D. Cal. 1995), 901 F. Supp. 294 ................................................ 9

*Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759 ....................................................... 5, 6

*Vizcaino v. Microsoft* (9th Cir. 2002) 290 F.3d 1043 .................................................................... passim

*Williams v. MGM-Pathe Communications* (9th Cir. 1997)129 F.3d 1026 .............................................. 8

*Winslow v. Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274 ............................................................... 8

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

**Treatises**

2

A. Conte, *Attorney Fee Awards*, 2nd ed. 1993 ........................................................ 6

3

Manual for Complex Litigation § 21.311 at p. 413 (4th ed. 2007)........................... 6

4

Newberg, Newberg on Class Actions, 4th ed., 2002 §14.6......................................... 13

5

R. Pearle, California Attorney Fee Awards (CEB, 1993) §7A.................................... 6

6

*Six (6) Mexican Workers v. Ariz. Citrus Growers* (9th Cir. 1990)904 F.2d 1301, 1311................................ 9

7

Weil and Brown, California Practice Guide, *Civil Procedure Before Trial*, Chapter 14................................. 5

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

<div align="center"><b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b></div>

## I.     SUMMARY OF MOTION

Plaintiffs Kevin Ferrell and Cheryl Baker (together, "Plaintiffs") seek an award of attorneys' fees in the amount of $210,000, which is 35% of the Maximum Settlement Amount and reimbursement of litigation costs and expenses in the amount of $22,612.07 to Lawyers *for* Justice, PC and Protection Law Group, LLP (together, "Class/Collective Counsel") and Incentive Awards in the amount of $3,000 each to Plaintiffs Kevin Ferrell and Cheryl Baker, as provided for by the Joint Stipulation and Release of Settlement of Class, Collective, and PAGA Claims ("Settlement Agreement"), as amended by Amendment No.1 to the Settlement Agreement ("Amendment No. 1," and together with the Settlement Agreement, the "Amended Settlement Agreement").

This litigation involved extensive discovery, ongoing investigations, informal exchange of information, documents, and data, and extensive settlement negotiations. This matter has required over 690.90 hours[1] of attorney time between two law firms representing Class Members and Proposed FLSA Collective Members. As will be demonstrated herein, the request for an award of attorneys' fees, which represents 35% of the Maximum Settlement Amount of $600,000, is fully supported by the use of the percentage-fee method. Courts have historically awarded fees of up to 50% of the recovery. The requested attorneys' fees are also supported under the lodestar cross-check method.

Plaintiffs also move for payments in the amount of $3,000 to each of them as Incentive Awards, to compensate them for the time that they spent prosecuting the case on behalf of the Class Members and Proposed FLSA Collective Members.

The attorneys' fees and reimbursement of litigation costs and expenses ("Fees and Costs Award") and Incentive Awards sought herein were fully disclosed in the Notice of Class Action Settlement ("Class Notice") and Notice of FLSA Action Settlement ("FLSA Notice") (together with the Class Claim Form and FLSA Opt-In Form, the "Notice Packet") that were mailed to the Class Members and Proposed FLSA

---

[1] As of January 6, 2021, the date Plaintiffs' initial Motion for Final Approval (defined in Section II of this motion) (Doc. No. 32), and Motion for Fees, Costs, and Awards (defined in Section II of this motion) (Doc. No. 33) were filed, 690.90 hours of attorney time were expended in litigating this case by Class/Collective Counsel. As described in greater detail in Section II of this motion, extensive work has been performed by Class/Collective Counsel since January 6, 2021. The time spent performing such services is not reflected in the 690.90-hour figure.

<div align="center"><b>PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</b></div>

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   Collective Members. Most importantly, not a single Class Member has objected to the Fees and Costs

2   Award or Incentive Awards that are requested.

3       Accordingly, the Court should award the Fees and Costs Award and Incentive Awards in the

4   amounts as fully disclosed to the Class Members and Proposed FLSA Collective Members and as

5   requested herein.

6   **II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

7       Defendant specializes in property management of residential real estate and manages thousands

8   of units in the State of California. Declaration of Rosemary Lunch. (Doc. No. 19-5) ("Lynch Decl.") ¶¶

9   2, 4, Ex. A. Plaintiff Kevin Ferrell was employed by Defendant as a non-exempt Maintenance/Painting

10  Technician, and Plaintiff Cheryl Baker ("Plaintiff Baker") was employed by Defendant as a non-

11  exempt Community Manager.[2]

12      On August 8, 2014, Plaintiff Ferrell, a former employee of Defendant, filed a putative class

13  action against Defendant in Los Angeles County Superior Court, on behalf of himself and all current

14  and former California-based, non-exempt individuals employed by Defendant since August 8, 2010. On

15  December 4, 2014, the Los Angeles County Superior Court entered an order approving the parties'

16  stipulation to transfer venue to Fresno County, and the action was transferred to the Superior Court of

17  the State of California for the County of Fresno.

18      After the parties actively litigated the case and engaged in extensive discovery and investigation

19  into the facts of the case, on January 27, 2016, the parties participated in a private mediation before

20  Paul Grossman, Esq., a well-respected mediator experienced in handling complex wage-and-hour

21  matters. With the aid of the mediator's evaluations and proposal, the parties reached a settlement to

22  resolve this lawsuit.

23      On February 22, 2017, Plaintiffs filed a motion for preliminary approval of settlement, which

24  was denied without prejudice by the Fresno County Superior Court. Declaration of Edwin Aiwazian in

25  Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. (Doc. No. 19-1)

26  ("Aiwazian Decl. ISO MPA"), ¶ 11. On May 18, 2018, Plaintiffs filed a renewed motion for

27  _____

28  [2] Declaration of Kevin Ferrell ("Ferrell Decl."), ¶ 2; Declaration of Cheryl Baker ("Baker Decl."), ¶ 2.

*Vertical left margin:* LAWYERS *for* JUSTICE, PC / 410 West Arden Avenue, Suite 203 / Glendale, California 91203

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

preliminary approval of settlement, which was also denied without prejudice by the Fresno County Superior Court. *Id*.

On March 5, 2019, pursuant to stipulation of the parties and an order granting leave thereon, Plaintiff Ferrell filed a First Amended Class and Collective Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et Seq. ("First Amended Complaint").

Plaintiffs' core allegations are that Defendant has violated the California Labor Code  and federal Fair Labor Standards Act by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premiums, failing to timely pay wages upon termination, failing to provide compliant wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business-related expenses, and thereby engaged in unlawful business practices under the California Business and Professions Code and conduct that gives rise to penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq*. ("PAGA"). Plaintiffs contend that Defendant's conduct constitutes unfair business practices and gives rise to penalties under the Private Attorneys General Act. As a result, Plaintiffs contend that they and the Class Members and Proposed FLSA Collective Members are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiffs, the Class Members, or Proposed FLSA Collective Members are entitled to any relief. Defendant also denies that this case is appropriate for class, collective, or representative treatment for any purpose other than the Settlement. Defendant maintains, among other things, that it has complied with federal and California laws in all respects. Defendant also obtained release agreements and arbitration agreements from several Class Members.

On March 11, 2019, Defendant removed the case to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1331, 1441, and 1446.

The parties engaged in additional extensive negotiations regarding settlement of the case and reached a settlement that addresses points of inquiry raised by Fresno County Superior Court. Aiwazian Decl. ISO MPA, ¶ 11. The terms and changes included, but were not limited to, narrowing the class to

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

property employees only (i.e., only those who, like Plaintiffs, predominantly worked on properties managed by Defendant and thus, had common experiences and claims), adding a claim under the Fair Labor Standards Act ("FLSA") and allocating separate settlement amounts for FLSA and class claims, and guaranteeing a higher minimum distribution floor for the class settlement amount.

On November 25, 2019, Plaintiffs filed a Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion for Preliminary Approval"). (Doc. No. 19). On January 21, 2020, the Honorable Stanley A. Boone entered the Findings and Recommendations Recommending Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. (Doc. No. 24). On May 5, 2020, the Honorable Dale A. Drozd entered an Order Directing the Filing of Supplemental Briefing and Documentation re Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Doc. No. 26). On June 4, 2020, Plaintiffs filed supplemental papers in support of the Motion for Preliminary Approval. (Doc. No. 27). On July 30, 2020, the Court entered an Order Adopting Findings and Granting Plaintiffs' Motion for Conditional Certification and Preliminary Approval of Class and Collective Action Settlement (Doc. No. 28), thereby preliminarily approving the terms of the Settlement, the Notice Packet, and the proposed administration procedures and associated deadlines.

On January 6, 2021, Plaintiffs filed a Motion for Final Approval of Class and Collective Action Settlement ("Motion for Final Approval") (Doc. No. 32), and Motion for Attorneys' Fees, Costs, and Incentive Awards ("Motion for Fees, Costs, and Awards") (Doc. No. 33). On February 10, 2021, the assigned magistrate judge, the Honorable Stanley A. Boone, issued findings and recommendations, recommending that both motions be granted. (Doc. No. 36). On June 11, 2021, the Honorable Dale A. Drozd, entered an order directing the parties to file supplemental briefing addressing concerns that the undersigned had with respect to the pending motions. (Doc. No. 37). On June 25, 2021, the parties filed supplemental briefing, together with declarations. (Doc. No. 38).

On August 12, 2021, the Honorable Dale A. Drozd issued an Order Declining to Adopt Findings and Recommendations and Denying Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs and Incentive Awards, without prejudice. (Doc. No. 39) ("August 12, 2021 Order"). Explaining the reason for the denial, the Court expressed its concern that some portion of PAGA penalties earmarked for distribution to Class Members could potentially revert

4

PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   to Defendant.  *See* August 12, 2021 Order.  The Court noted that "**other than with respect to the**

2   **reverting of the Employees' PAGA Portion, the settlement agreement could otherwise be**

3   **approved**."  *Id.* at pg. 11 (emphasis added).  The parties have amended the Settlement Agreement to

4   address the Court's concern and ensure that all PAGA penalties are fully distributed, with no possibility

5   of reversion to Defendant, thus clearing the way for final approval of the Settlement.  Plaintiffs have

6   filed a renewed final approval motion (Doc. No. 43), which is set to be heard on the same day and time

7   as the instant motion.

8            Plaintiffs now move for Fees and Costs Award and Incentive Awards.

9   **III.    SUMMARY OF THE SETTLEMENT TERMS AND NOTICE ADMINISTRATION**

10           Under the terms of the Amended Settlement Agreement, Defendant has agreed to pay a Maximum

11  Settlement Amount of up to $600,000, under which the Net Settlement Amount will be distributed to Class

12  Members who submitted a timely and valid Class Claim Form ("Claimants") and Proposed FLSA

13  Collective Members who submitted timely and valid FLSA Opt-In Forms ("FLSA Collective Members").[3]

14  Subject to approval by the Court, the Net Settlement Amount will be calculated by deducting the following

15  amounts from the Maximum Settlement Amount: (1) attorneys' fees of $210,000 and reimbursement of

16  litigation costs and expenses of $22,612.07 to Class Counsel (i.e., Class Counsel Fees and Costs); (2)

17  Incentive Awards of up to $3,000 each to Plaintiffs (totaling, $6,000); (3) the PAGA Settlement Amount of

18  $5,000; and (4) the requested Settlement Administration Costs in the amount of $16,000.[4]   The Net

19  Settlement Amount is currently estimated to be $340,387.93.[5]   Ninety-five percent (95%) of the Net

20  Settlement Amount, or $323,368.53, will be allocated to the Class Settlement ("Class Settlement

21  Amount") and distributed to Claimants, and the remaining five percent (5%) of the Net Settlement

22  Amount, or $17,019.40, will be allocated to the FLSA Settlement and distributed to FLSA Collective

23  Members ("FLSA Settlement Amount").[6] At least 63% of the Class Settlement Amount will be

24  distributed to Claimants ("Minimum Distribution Floor").[7] The Employees' PAGA Portion, i.e., 25% of the

25
---
26  [3] Settlement Agreement, ¶¶ 35,44, & 67.
    [4] *Id.*, ¶¶ 19, 28, 33, & 58; Amendment No. 1, ¶¶ 34 & 36.
27  [5] Simpluris Decl., ¶ 16.
    [6] *Id.*, ¶ 7.
28  [7] Settlement Agreement., ¶¶ 35 & 67.

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PAGA Settlement Amount (i.e. $1,250), will also be fully distributed to Claimants on a *pro rata* basis, based upon the number of weeks that they worked as Property Employees of Defendant in California during the Settled Period ("Workweeks").[8]  The full distribution of the Employees' PAGA Portion, provided for by Amendment No. 1, now adopts the modification proposed and sought by the Court in its August 12, 2021 Order.

On August 2, 2020, Simpluris received the Court-approved text for the Notice Packet from Class/Collective Counsel.[9]   On August 14, 2020, Simpluris received a data spreadsheet from Defendant's counsel containing each Class Member/Proposed FLSA Collective Member's full name, last mailing known address, telephone number, Social Security number, dates of employment with Defendant as a Property Employee in California during which the individual received a paycheck from Defendant during the period from August 8, 2010 through July 29, 2020, and the number of Workweeks (collectively, "Class List").[10]   The Class List contained information for nine hundred twenty (920) individuals identified as Class Members/Proposed FLSA Collective Members.[11]

The Original Response Deadline was October 20, 2020 and was extended to January 27, 2021 ("Extended Response Deadline") to facilitate the submission of claims.[12]  The Settlement Administrator did not receive any objections to the Class Settlement.[13] The Settlement Administrator has received only one (1) Request for Exclusion and two (2) Workweeks disputes from Class Members, which have been resolved.[14] One hundred and forty-seven (147) Class Members have submitted timely and valid Class Claim Forms and will receive their Estimated Class Settlement Shares.[15] One hundred and thirty-one (131) Proposed FLSA Collective Members have submitted timely and valid FLSA Opt-In Forms and will receive their Estimated FLSA Settlement Shares.[16]

///

---

[8] Amendment No. 1, ¶¶ 15 & 66.
[9] Simpluris Decl., ¶ 4.
[10] *Id.*, ¶ 5.
[11] Ibid.
[12] Simpluris Decl., ¶¶ 7 & 15.
[13] *Id.*, ¶ 12.
[14] *Id.*, ¶¶ 10-11.
[15] *Id.*, ¶ 13.
[16] *Id.*, ¶ 14.

PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The Class Settlement Amount is estimated to be $323,368.53.[17]  The highest gross Estimated Class Settlement Share is currently estimated to be $4,865.20 and the average gross Estimated Class Settlement Share is currently estimated to be $1,385.87.[18]

As of the date of this motion, there are one hundred thirty-one (131) FLSA Collective Members who submitted timely and valid FLSA Opt-In Forms.[19]  The highest gross Estimated FLSA Settlement Share is currently estimated to be $454.51 and the average gross Estimated FLSA Settlement Share is currently estimated to be $129.92.[20]

The highest gross Estimated Individual Payment from Employees' PAGA Portion is estimated to be approximately $29.85 and the average gross Estimated Individual Payment from Employees' PAGA Portion is estimated to be approximately $8.50.[21]

As of the date of this motion, the employer's share of taxes is estimated to be $14,703.42 and will be paid from the Remainder.[22]

## IV. THE REQUESTED ATTORNEYS' FEES SHOULD BE APPROVED

### A. Legal Standard for Attorneys' Fees in a Class Action Settlement.

Trial courts have "wide latitude" in assessing the value of attorneys' fees and their decisions will "'not be disturbed on appeal absent a manifest abuse of discretion.'" *Lealao v. Beneficial Cal., Inc.* (2000) 82 Cal.App.4th 19, 41; *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1132 (The "experienced trial judge is the best judge of the value of professional services rendered in his court[.]"); *Cellphone Termination Fee Cases* (2009) 180 Cal.App.4th 1110, 1118. Where the settlement amount is a "certain easily calculable sum of money," courts may calculate fees as a reasonable percentage of the settlement. Weil and Brown, California Practice Guide, *Civil Procedure Before Trial*, Chapter 14, section 14:145; *Dunk*, *supra*, 48 Cal.App.4th at 1808. The percentage-of-the-benefit approach is preferred in class actions because "it better approximates the workings of the marketplace than the lodestar approach." *Lealao*, *supra*, 82 Cal.App.4th at 49.

[17] Simpluris Decl., *Id.,* ¶ 19.
[18] *Id.,* ¶ 20.
[19] *Id.,* ¶ 14.
[20] *Id.,* ¶ 21.
[21] *Id.,* ¶ 22.
[22] *Id.,* ¶ 23.

California law provides that an award of attorneys' fees should be equivalent to fees paid in the legal marketplace for the result achieved and risk incurred. *See Lealao*, *supra*, 82 Cal.App.4th at 47; *Laffitte v. Robert Half Int'l, Inc.* (2016) 1 Cal.5th 480, 503. When an action leads to recovery that can be "monetized" with a reasonable degree of certainty, the trial court should "ensure that the fee awarded is within the range of fees freely negotiated in the legal marketplace in comparable litigation." *Lealao, supra,* 82 Cal.App.4th at 50. Fee awards that are too small will "chill the private enforcement essential to the vindication of many legal rights and obstruct the representative actions that often relieve the courts of the need to separately adjudicate numerous claims." *Lealao*, *supra*, 82 Cal.App.4th at 53. Therefore, fees in class and representative actions should approximate the probable terms of a contingent fee contracts negotiated by sophisticated attorneys and clients in comparable litigation. *Id.* at 48.

"The ultimate goal … is the award of a 'reasonable' fee to compensate counsel for their efforts, irrespective of the method of calculation." *Consumer Privacy Cases* (2009) 175 Cal.App.4th 545, 557-58 (citations omitted). A fee motion should not turn into "a second major litigation." *Id.* at 31 (citing *Hensley v. Eckerhart* (1983) 461 U.S. 424, 437). In cases where class members present claims against a settlement amount and the settlement provides that the defendant agrees to paying the attorneys a percentage of the same, use of that percentage method is appropriate. *Id.* at 32.

**B. A Fee Award of a Percentage of the Entire Fund Is Appropriate.**

*1. The Percentage-of-the-Benefit Approach.*

Courts have long recognized that an appropriate method for determining an award of attorneys' fees is based on a percentage of the total value of benefits made available to class members by the settlement. See, *Boeing Co. v. Van Gemert* (1980) 444 U.S. 472, 478; *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769; *Serrano v. Priest* (1977) 20 Cal.3d 25, 34. The purpose of this equitable doctrine is to spread litigation costs proportionally among all beneficiaries so that the active beneficiary does not bear the entire burden alone. See *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769. When others may derive benefits from a litigant's efforts, the litigant may require the passive beneficiaries to compensate those who made the benefits available. See, R. Pearle, California Attorney Fee Awards (CEB, 1993) §7 A, p. 7-5. Both state and federal courts have embraced this approach. See, e.g., *Serrano*, *supra*, 20 Cal.3d at 35; *Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308, 317; *Vincent*, *supra*,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   557 F.2d at 769.

2          Courts have consistently recognized that class litigation is necessary to protect the rights of

3   individuals whose injuries and/or damages are too small to economically justify legal action on an

4   individual basis. Thus, in determining a reasonable fee award, courts award fees to serve as an economic

5   incentive for lawyers to pursue such litigation in order to achieve increased access to the judicial system for

6   meritorious claims and enhance deterrents to wrongdoing. This is especially true in situations, such as here,

7   where multiple similar alleged wrongs would not be economically feasible to pursue individually. See, A.

8   Conte, *Attorney Fee Awards*, (2d Ed., 1993) 104, at p.6.

9          When this lawsuit was originally filed, not only was it inescapably contingent, but the prospect of a

10  long, drawn-out battle with a defendant represented by experienced counsel was almost a certainty. By

11  taking on this "battle" on a contingency basis, Class/Collective Counsel risked substantial economic loss if

12  the results were not successful. This substantial risk is the reason that the courts approve the use of the

13  percentage method when a settlement is obtained by the efforts of class counsel. *See Vizcaino v. Microsoft*

14  (9th Cir. 2002) 290 F.3d 1043, 1048-49 (citations omitted).

15         In arriving at reasonable percentage fee awards, courts have considered a variety of factors but

16  have focused on the particular circumstances of the case in fixing a percentage above or below a

17  benchmark. Following the 1966 amendments to Rule 23, settlements began to increase significantly, and

18  courts began to question the fees awarded pursuant to the percentage method. Then, in 1973, the revision

19  for the <u>Manual for Complex Litigation</u> proposed that all fees be awarded based on time reasonably

20  expended on the action. This concept was embraced in *Lindy Bros. Bldrs., Inc. of Phila. v. American R. &*

21  *R. San Corp.* (3rd Cir. 1973) 487 F.2d 161, and *Lindy Bros. Bldrs. v. American Radiator & Standard*

22  *Sanitary Corp.* (1976) 540 F.2d 102. Courts generally began awarding fees based on the actual time

23  expended (the lodestar) in conjunction with a multiplier of between 2 and 4. See, e.g., *Kerr v. Screen*

24  *Extras Guild, Inc.* (9th Cir. 1975) 526 F.2d 67.

25         Courts have more recently moved away from the lodestar approach and returned to preferring an

26  approach that awards fees based upon a percentage of the settlement. As one court noted: "[T]he *Lindy,*

27  *Kerr* and *Johnson* analyses consume an undue amount of court time with little resulting advantage to

28  anyone," and "may be to the detriment of the class members" because "[t]hey are forced to wait." *In re*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

*Activision Sec. Lit.* (N.D. Cal. 1989) 723 F.Supp. 1373, 1375. In *Blum v. Stenson,* the United States Supreme Court approved the percentage of the fund as an appropriate fee award, stating that a "reasonable fee is based on a percentage of the fund bestowed on the class." *Blum v. Stenson* (1984) 465 U.S. 886, 900 n.16. Since *Blum*, federal courts, and particularly the Ninth Circuit, have increasingly rejected the lodestar approach and endorsed the percentage method as a fair way to calculate a reasonable fee when contingency fee litigation has produced a settlement. *Six Mexican Workers v. Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301, 1311; *Paul, Johnson, Alston & Hunt v. Graulty* (9th Cir. 1989) 886 F.2d 268, 272

Compensating class counsel in class litigation on a percentage basis makes good sense because: (1) it is consistent with the private marketplace where contingent fee attorneys are customarily compensated on such a basis; (2) it aligns the interests of class counsel and absent class members in achieving the maximum possible resolution of the case; and (3) it encourages the most efficient and expeditious resolution of the litigation by providing an incentive for early, yet reasonable, settlement. Here, the requested attorneys' fees award in this case satisfies all of those factors and should be approved on a percentage basis.

### 2. The Requested Percentage Fee Should Be Awarded

The percentage method is intended to mirror the practice in the private marketplace where contingent-fee attorneys typically negotiate percentage-fee arrangements with their clients. One of the best ways to demonstrate the value of counsel's work to the class is to review the consideration agreed to be paid by the named plaintiffs. If the named plaintiffs have employed counsel on a contingency-fee basis, it would be inequitable for the class members, who will enjoy the benefits of the settlement without incurring the risks of litigation, to pay less than the named plaintiff. In this matter, Plaintiffs have each agreed to a contingency fee of 35% of the recovery.[23]

Furthermore, a percentage-fee award is not dependent on a determination of the actual amount claimed by those entitled – it is the creation of the settlement that is the crucial fact. The California Supreme Court has held that "it is equitable that [the attorney's] compensation and expenses should come from the entire fund saved for all classes concerned before it is distributed." *Winslow v. Harold G. Ferguson Corp.*

---

[23] See Declaration of Edwin Aiwazian in Support of Plaintiffs' Motion for Fees and Costs and Incentive Awards and Incentive Awards ("Aiwazian Decl.") filed concurrently, ¶ 10.

PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

(1944) 25 Cal.2d 274, 284. Likewise, *Lealao* expressly held that a percentage-based fee that "may be calculated on the basis of the total fund made available rather than the actual payments made to the class." *Lealao*, *supra*, 82 Cal.App.4th at 51.

In *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, in determining reasonable attorneys' fees, the Court of Appeal valued a settlement based on the total value of the settlement made available to class members by the efforts of counsel, decided in favor of granting fees as a percentage of the total value of the settlement, and rejected an objection that the fees be awarded based on the exact amount claimed by class members. *Id.* at 247.

Here, Class/Collective Counsel have obtained a substantial recovery on behalf of Plaintiffs, the Class Members, and FLSA Collective Members and the results achieved justify the award of a fee that is equivalent of the standard market fee and that is consistent with the contingency-fee agreement entered into by and between Plaintiffs and Class/Collective Counsel. Thus, the requested award of attorneys' fees is appropriate.

### C. Attorneys' Fees of 35% of the Settlement Is Supported by Ninth Circuit Precedent

Class Counsel seek the approval of attorneys' fees in the amount of $210,000, which is 35% of the Maximum Settlement Amount. An award of attorneys' fees as a percentage of a settlement amount is well-established in Ninth Circuit jurisprudence.[24] The Ninth Circuit has made clear that when a settlement makes funds available to a class of persons, attorneys' fees for the plaintiffs' counsel are properly calculated as a percentage of the entire settlement amount. *See Williams v. MGM-Pathe Communications* (9th Cir. 1997)129 F.3d 1026, 1026-27.[25]

Substantial fee awards in successful cases encourage and support meritorious class actions, and thereby promote private enforcement of, and compliance with, the law. The viability of wage-and-hour laws, like other remedial statutes, depends on the ability of private litigants to seek redress through

---

[24] See *Vizcaino*, 290 F.3d 1047; *Six Mexican Workers v. Arizona Citrus Growers*, *supra*, 904 F.2d 1301, 1311; *Paul, Johnson, Alston & Hunt v. Graulty*, *supra*, 886 F.2d at 272; *In re Pacific Enterprises Security Litigation* (9th Cir. 1995) 47 F.3d 373, 379; *In re Activision Sec. Lit* (N.D. Cal. 1989) 723 F.Supp. 1373, 1375.

[25] See also, *Boeing*, 444 U.S. at 480-81; *see also Six Mexican Workers*, 904 F.2d at 1311; *Masters v. Wilhelmina Model Agency, Inc.* (2d Cir. 2006) 473 F.3d 423, 437; *Waters v. International Precious Metals Corp.* (11th Cir. 1999) 190 F.3d 1291, 1295-96; *Glass v. UBS Financial Services, Inc.* (N.D. Cal. Jan. 26, 2007) 2007 WL 221862, *16.

---

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

litigation. The success of these lawsuits depends, in part, on the willingness of attorneys to bring them. "Absent an award of fees that adequately compensates class counsel, the entire purpose and function of class litigation under Rule 23 of the Federal Rules of Civil Procedure will be [] subverted to the interest of those lawyers who would prefer to take minor sums to serve their self-interest rather than obtaining real justice on behalf of their injured clients." *Allapattah Services, Inc. v. Exxon Corp.* (S.D. Fla. 2006) 454 F.Supp.2d 1185, 1217.

In the Ninth Circuit, 25% of the settlement amount is the "benchmark" for attorneys' fees awarded under the percentage method. *Staton v. Boeing* (9th Cir. 2003), 327 F.3d 938, 968; *Vizcaino*, 290 F.3d at 1048. However, importantly, district courts often adjust the 25% benchmark upward if "the percentage recovery would be [] too small [] in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers,* 904 F.2d, *supra*, at 1311.

In federal district courts in California, attorneys' fees tend to be awarded above the 25% federal benchmark. *See Van Vranken v. Atl. Richfield Co.* (N.D. Cal. 1995) 901 F.Supp.294 at 297 (holding that fee awards of 30-50% are more typical where total recovery is less than $10 million); *Craft v. Cnty. of San Bernardino* (C.D. Cal. 2008) 624 F.Supp.2d 1123, 1127 (holding that fee awards in cases where the settlement amount is below $10 million are often more than the 25% benchmark); *Clayton v. Knight Transp.* (E.D. Cal. Oct. 30, 2013) 2013 WL 5877213, at *23 (acknowledging that fee awards in the Central District can be as high as 50%); *Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 2010 WL 2196104, *8 (approving attorneys' fees of 1/3 of the settlement amount and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.* (E.D. Cal. Nov. 14, 2007) 2007 WL 3492841 (recognizing that "fee awards in class actions average around one-third" of the settlement); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491, 492 (E.D. Cal. 2010) (citing to wage-and-hour cases where courts approved awards ranging from 30-33%); and *Garcia v. Gordon Trucking, Inc.*, No. CV 10-0324 AWI (SKO), 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) (approving fees in the amount of 33% of the settlement).

In *Vizcaino*, the Ninth Circuit laid out the factors to be considered in adjusting a fee award from the "benchmark." *Vizcaino*, *supra*, 290 F.3d at 1047-1050. These factors include: (i) the size of the fund made available (and thus the resulting size of the percentage fee award); (ii) the results obtained; (iii) the risk

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

taken on by plaintiffs' counsel in pursuing the case with no guarantee of victory or payment for the time and effort expended; (iv) incidental or non-monetary benefits conferred by the settlement; (v) the effort expended by plaintiffs' counsel; (vi) plaintiffs' counsel's reasonable expectations based on the circumstances of the case and fee awards in other cases; and, to a certain extent, (vii) the percentage fee award originally contracted for between plaintiffs and plaintiffs' counsel. *Id.*

Each of these factors favors the attorneys' fees award sought by Class/Collective Counsel; however, some of the most relevant factors to this Court's fee determination will be addressed herein.

### 1. The Risk Assumed by Class/Collective Counsel

Class/Collective Counsel have borne the risks and costs of litigation by taking this case on a contingency basis. Class/Collective Counsel invested time, effort, and money with no guarantee of recovery. In cases where the "recovery is far from certain," an award of more than 25% of the settlement amount as attorneys' fees, is appropriate. *In re Washington Public Power* (9th Cir. 1994) 19 F.4d 1291, 1300; *Vizcaino*, 290 F.3d, at 1048.

There is a real risk that no recovery will be obtained in complex class action cases, and numerous contingent-fee cases, such as here, have resolved with plaintiffs' counsel receiving no compensation whatsoever after devoting thousands of hours to litigation and advancing and incurring significant sums of out-of-pocket expenditures. Here, the risks of further litigation included a determination that the claims were unsuitable for class and/or collective treatment, failure to obtain certification, class de-certification after certification of a class, allowing a jury to decide the claims, trial, and/or appeals.

Despite the risks involved in this case and the litigation obstacles, Class/Counsel Counsel obtained a Settlement on behalf of the Class and FLSA Collective Members in the amount of up to $600,000.

### 2. Efforts Expended by Class Counsel

This was a highly contested case that required a significant amount of time and labor. The parties actively litigated this case since it commenced on August 8, 2014. Both sides used the pre-mediation time period to investigate the veracity, strength, and scope of the claims, and Class/Collective Counsel were actively preparing the matter for class and collective certification and trial.[26] Class/Collective Counsel

---

[26] Aiwazian Decl., ¶ 6.

PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

conducted a thorough investigation into the facts of the case, including, *inter alia*, interviews with Plaintiffs Class Members, and FLSA Collective Members, engaged in extensive discovery, and reviewed and analyzed thousands of pages of data and documents, including, but not limited to: Plaintiffs' and other Class Members' employment records (including, *inter alia*, detailed time and pay records); Defendant's Employee Handbook (which included, *inter alia*, policies and procedures regarding meal and rest periods, timekeeping requirements, overtime, and reimbursements); class-wide data regarding the class size, number of workweeks, pay periods, and terminations; Defendant's Agreement to Arbitrate Employment Disputes; Defendant's Employment Agreement (Standard Agreement); Defendant's New Employee Checklist; job descriptions (e.g., for Maintenance Technicians, Community Managers, Assistant Community Managers, Area Relief Managers, Site Janitorial/Porters, and Contact Persons, among others); Defendant's Memorandum Re: Cell Phone; Defendant's Mileage Expense Report Form; Defendant's Organizational Chart; Defendant's Employee Handbook "Confirmation of Receipt" Acknowledgement Form; Defendant's Business Mileage Reimbursement Policy (including an exemplar Business Expense Reimbursement Report form); a list of all current and former properties managed by Defendant; agendas from internal meetings; e-mails and internal memoranda; various agreements and acknowledgements; and numerous other documents regarding Defendant's employment policies, practices, and procedures, among other information and documents.[27] These documents and information provided Class/Collective Counsel with a critical understanding of the nature of the work performed by Class Members and FLSA Members and Defendant's written and unwritten policies, practices, and procedures, and were used in analyzing liability and damage issues in connection with all phases of the litigation, and ultimately with mediation and settlement negotiations.[28] Further, Class/Collective Counsel deposed Defendant's Person Most Knowledgeable witness (i.e., Defendant's President) over the course of two days, Defendant's Regional Director, and a Class Member.[29] Both sides also propounded and responded to multiple sets of written discovery requests.[30] The parties also engaged in *Belaire-West* notice administration (by which Class/Collective Counsel obtained the contact

---

[27] Aiwazian Decl., ¶ 6.
[28] Ibid.
[29] Ibid.
[30] *Ibid*.

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

information of Class Members who did not opt out of the disclosure of their information).[31] The parties also met and conferred on numerous occasions over issues relating to the pleadings, jurisdiction, discovery, *Belaire-West* notice administration, mediation, settlement negotiations, and the Settlement.[32] Even after a settlement was reached and preliminary approval was granted, Class/Collective Counsel's work continued and included undertaking exceptional efforts to increase awareness of and participation in the Settlement. In the interest of facilitating the submission of claims, Class Counsel negotiated and obtained Defendant's agreement to an additional reminder mailing and extension of the deadline to submit claims.

Class/Collective Counsel dedicated staffing and monetary resources necessary to prosecute the case diligently and with maximum efficiency and has fully and actively participated in this litigation process.[33] The Attorney Task and Time Chart, which is attached as "**EXHIBIT A**" to the accompanying Declaration of Edwin Aiwazian and "**EXHIBIT A**" to the accompanying Declaration of Heather Davis sets forth in detail the hours that Class/Collective Counsel have spent performing tasks on behalf of Plaintiffs, the Class Members, and Proposed FLSA Collective Members.[34] Class/Collective Counsel have collectively spent a total of no less than **690.90 hours**[35] to obtain a significant recovery.[36] These hours were required to bring this case to its successful conclusion.

Accordingly, Class/Collective Counsel expended significant efforts in the litigation of this matter, and this factor weighs in favor of the requested attorneys' fees.

### 3.   *Class/Collective Counsel Obtained Significant Relief for the Class*

The Settlement at this stage is preferred over continued litigation because such resolutions save time and money that would otherwise go to litigation. The risks and expenses of further litigation outweighed any benefit that might have been gained otherwise. The Settlement provides an immediate recovery, as opposed to an uncertain result in the future after prolonged litigation involving expert discovery, trial preparation, class certification proceedings, and potential appellate review of those proceedings. The Settlement offers present relief and/or recovery to Claimants and FLSA Collective Members while avoiding

---

[31] Aiwazian Decl., ¶ 6.
[32] *Ibid.*
[33] Aiwazian Decl., ¶¶ 6 & 11.
[34] *Id.*, ¶ 11, Exh. A.
[35] See FN 1.
[36] Aiwazian Decl., ¶ 11.

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

further expense, risk, and delay in obtaining possible further recovery at an unknown time in the future.

As a result of this litigation and extensive settlement negotiations, Defendant agreed to pay a Maximum Settlement Amount of up to $600,000 to resolve this matter. After deducting attorneys' fees ($210,000), litigation costs and expenses (combined, $22,612.07), Incentive Awards (collectively, $6,000), PAGA Settlement Amount ($5,000), and Settlement Administration Costs ($16,000) from the Maximum Settlement Amount, it is currently estimated that the Net Settlement Amount is approximately $340,387.93.[37] The Class Settlement Amount is estimated to be $323,5368.53, and at least 63% of the Class Settlement Amount (i.e. $203,722.18) will be distributed to Class Members who submitted timely and valid Class Claim Forms ("Claimants").[38] The entire FLSA Settlement Amount, which is estimated to be $17,019.40, will be distributed to FLSA Collective Members. The Employees' PAGA Portion, 25% of the PAGA Settlement Amount, which is $1,250), will be distributed to Claimants. One hundred forty-seven (147) Class Members are deemed to be Claimants and will be issued payment for their Individual Settlement Shares and payment for their Estimated Individual Payment from Employees' PAGA Portion, and one hundred and thirty-one (131) Proposed FLSA Collective Members have submitted timely and valid FLSA Opt-In Forms and will be issued payment for their Estimated FLSA Settlement Shares.[39] The highest gross Estimated Class Settlement Share is currently estimated to be $4,865.20 and the average gross Estimated Class Settlement Share is currently estimated to be $1,385.87.[40] The highest gross Estimated FLSA Settlement Share is currently estimated to be $454.51 and the average gross Estimated FLSA Settlement Share is currently estimated to be $129.92.[41] The highest gross Estimated Individual Payment from Employees' PAGA Portion is estimated to be approximately $29.85 and the average gross Estimated Individual Payment from Employees' PAGA Portion is estimated to be approximately $8.50.[42]

The Settlement offers significant monetary relief to Claimants and FLSA Collective Members. As such, the requested fees award is reasonable.

[37] Simpluris Decl., ¶ 16.
[38] Id., ¶ 19.
[39] Id., ¶¶ 13 & 14.
[40] Id., ¶ 20.
[41] Id., ¶ 21.
[42] Id., ¶ 22.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### 4.  *The Skill and Reputation of the Attorneys*

Class/Collective Counsel are recognized class action law firms that employed their attorneys' knowledge, skills, and experience in bringing this case to a successful conclusion. Class/Collective Counsel have years of complex and class action litigation experience, have recovered millions of dollars on behalf of thousands of individuals in California, and have successfully handled significant wage-and-hour class action and complex cases.[43]

Defendant retained well-respected counsel to represent its defenses, and the ability of Class/Collective Counsel to obtain the Settlement in the face of formidable legal opposition confirms the quality of Class/Collective Counsel's representation. *See In re KeySpan Corp. Sec. Litig.* (E.D.N.Y. Sept. 30, 2005) No. 01-cv-5852 (ARR) (MDG) 2005 WL 3093399, at *11 ("The quality of opposing counsel is also important in evaluating the quality of Class Counsel's work").

### 5.  *Federal Courts Regularly Award Fees in Excess of the Percentage Amount Sought*

Class/Collective Counsel's request for attorneys' fees of up to 35% of the Maximum Settlement Amount is commensurate with federal court and, in particular, Ninth Circuit decisions, namely, case surveys reflect that awards within this range, or more, are common. *See, e.g.,* Newberg, Newberg on Class Actions, 4th Ed., 2002 §14.6. Many courts have approved percentage fee awards equivalent to or greater than the percentage requested here, even when the award has involved a substantial lodestar multiplier. See, e.g., *In re Ampicillin Antitrust Litigation* (D.D.C. 1981) 526 F.Supp. 494 (awarding attorneys' fees in the amount of 45% of the settlement amount); *Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.* (S.D.N.Y. 1979) 480 F.Supp. 1195, *aff'd* (2nd Cir. 1980) 622 F.2d 1106 (awarding approximately 53% of settlement amount as attorneys' fees); *Van Gemert v. Boeing Co.* (S.D.N.Y. 1981) 516 F.Supp. 412, 420 (awarding attorneys' fees in the amount of approximately 36% of the settlement amount); *In re Buspirone Patent & Antitrust Litig.* (S.D.N.Y. Apr. 11, 2003) MDL No. 1413, 2003 U.S. Dist. LEXIS 26538 (applying a multiplier over eight times counsel's lodestar); *North Shore Hematology-Oncology Assoc., P.C. v. Bristol-Myers Squibb Co.* (D.D.C. Nov. 30, 2004) No. 1:04-cv-248 (EGS) (applying a multiplier of over eight times counsel's lodestar); *In re Relafen Antitrust Litig.* (Order and Final Judgment dated Apr. 9, 2004) (D. Mass)

---

[43] Aiwazian Decl., ¶¶ 17 & 18. Davis Decl., ¶¶ 7-10.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    No. 1:01-cv-12239 (WGY) (applying a multiplier of 4.88).

2    **D. The Lodestar Methodology Also Justifies Approval of The Requested Attorneys' Fees.**

3    While the percentage-of-the-benefit approach is warranted as the primary basis of the fees award,

4    courts may also use the lodestar method to "cross-check" the results of the other. *Vizcaino*, 290 F.3d, *supra*,

5    at 1050; *Laffitte v. Robert Half Int'l, Inc.* (2016) 1 Cal.5th at 506 (explaining that "[a] lodestar cross-check

6    is simply a quantitative method for bringing a measure of the time spent by counsel into the trial court's

7    reasonableness determination"); *Wershba v. Apple Computer, Inc.*, *supra*, 91 Cal.App. at 253. Importantly,

8    "the lodestar calculation … does not override the trial court's primary determination of the fee as a

9    percentage" of the settlement amount and "does not impose an absolute maximum or minimum on the

10   potential fee award." *Laffitte*, *supra*, 1 Cal.5th at 505.

11   "Under the lodestar method, the court multiplies a reasonable number of hours by a reasonable

12   hourly rate." *Fischel v. Equitable Life* (9th Cir. 2002) 307 F.3d 997 at 1006. As with the percentage method,

13   "a court can adjust the lodestar upward … based on certain factors." *Id.* at 1007. Increasing the lodestar is

14   done by the inclusion of a "multiplier." *Vizcaino*, 290 F.3d at 1051. The *Vizcaino* Court found that 83% of

15   courts in the settled cases it surveyed assessed a multiplier between 1.0 and 4.0. *Id.* at 1051, n. 6.

16   As set forth in the Attorney Task and Time Chart, attached as an exhibit to the Declaration of Edwin

17   Aiwazian and the Declaration of Heather Davis, Class Counsel have collectively spent no less than 690.90[44]

18   hours litigating the case and finalizing the Settlement.[45] The professional backgrounds and experience of

19   Class/Collective Counsel support a reasonable blended hourly rate of compensation of at least $780 per

20   hour for services provided by Lawyers *for* Justice, PC and at least $685 per hour for services provided by

21   Protection Law Group, LLP. Lawyers *for* Justice, PC has been awarded attorneys' fees, compensating the

22   firm at the rate of at least $780 for legal service performed, by courts of this state.[46]

23   ///

24   ///

25   ///

26

---

27   [44] See FN 1.
     [45] Aiwazian Decl., ¶ 11, Exh. A. Davis Decl., ¶ 16, Exh. A.
28   [46] Aiwazian Decl., ¶ 12. Davis Decl., ¶ 21.

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Applying a reasonable hourly rate of $780 per hour to Lawyers *for* Justice, PC's 500.10 hours and a reasonable hourly rate of $685 per hour to Protection Law Group, LLP's 190.80 hours, without applying a multiplier, would place a base lodestar value of no less than $520,776[47] on services performed by Class Counsel. However, Class/Collective Counsel only seek attorneys' fees in the amount of $210,000, which is 35% of the total recovery, as provided for by the Settlement Agreement. While the circumstances of every case are unique, the fact remains that the work performed, and efforts undertaken by Class Counsel on behalf of the Class and Proposed FLSA Collective Members justify the requested attorneys' fees. See Section III.C.3, *supra*.

The lodestar method as a cross-check to the percentage figure sought strongly supports the reasonableness of the requested attorneys' fees. Accordingly, Plaintiffs respectfully request that the Court award attorneys' fees in the amount of $210,000 to Class/Collective Counsel.

## V.    COSTS TO BE REIMBURSED TO CLASS COUNSEL

The Settlement provides for reimbursement of litigation costs and expenses of up to $35,000. As set forth in the Declaration of Edwin Aiwazian and the Declaration of Heather Davis, Class Counsel have incurred a total of $22,612.07 in litigation costs and expenses.[48] This amount was reasonable and necessary in the prosecution of this matter[49] The difference between the allocated costs and the costs Class/Collective Counsel have incurred, which is $12,387.93, will remain a part of the Net Settlement Amount. Accordingly, Class/Collective Counsel request that the Court award litigation costs and expenses in the amount of $22,612.07 to Class/Collective Counsel as follows: $22,227.07 to Lawyers *for* Justice, PC and $385 to Protection Law Group, LLP.

## VI.    THE REQUESTED INCENTIVE AWARDS SHOULD BE APPROVED

The Settlement provides for Incentive Awards in the amount of $3,000 each to Plaintiffs Kevin Ferrell and Cheryl Baker to be paid in addition to their Individual Class Payments and Individual FLSA Payments, to compensate Plaintiffs for the time and effort that they expended on behalf of the Class Members and Proposed FLSA Collective Members.

---

[47] Even applying a lower hourly rate of $500 for the 690.90 hours of work performed by Class/Collective Counsel, the lodestar fees are $345,450, which exceeds the requested attorneys' fees.
[48] Aiwazian Decl., ¶ 19.
[49] Ibid.

---

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

In determining whether to make service payments, courts consider the following factors: (1) the risk to class representatives in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by class representatives; (3) the amount of time and efforts spent by class representatives; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by class representatives as a result of litigation. *Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 299 (approving $50,000 award to a single class representative). Courts routinely award service awards, which are intended to advance public policy by encouraging individuals to come forward and pursue the rights of a class, and to compensate class representatives for their time, effort, and inconvenience. *Ingram v. The Coca-Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685, 694, *quoting In Re Southern Ohio Correctional Facility* (S.D. Ohio 1997) 175 F.R.D. 270, 272; *Van Vranken* (N.D. Cal. 1995) 901 F. Supp. at 300; *Razilov v. Nationwide Mut. Ins. Co.,* No. 01-CV-1466-BR (D. Or. Nov. 13, 2006) 2006 WL 3312024, at *4.

The requested Incentive Awards to Plaintiffs are fair and appropriate because Plaintiffs spent a substantial amount of time and effort producing relevant documents and past employment records, and providing the facts and evidence necessary to attempt to prove the allegations.[50] Plaintiffs were available whenever Class Counsel needed them and actively tried to obtain, and gave, information that would benefit the Class Members and Proposed FLSA Collective Members.[51] Plaintiffs spent numerous hours speaking with Class/Collective Counsel about their claims, describing their work experiences with Defendant, and gathering and reviewing documents.[52] These services merit the requested Incentive Awards to Plaintiffs.[53]

The requested Incentive Awards were fully disclosed in the Notice Packet that was mailed to the Class Members and Proposed FLSA Collective Members. No objections have been made with regards to the requested Incentive Awards. Additionally, the requested Incentive Awards are well within the range of enhancements payments awarded in similar cases. *See, e .g., Van Vranken v. Atlantic Richfield* (N.D. Cal. 1995) 901 F.Supp.294, 300 (approving incentive awards of $50,000 to plaintiffs as reasonable); *Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 08-cv-821-IEG (BLM), 2010 WL 2196104, at *9 (approving a class representative award of $25,000 as reasonable); *Smith v. CRST Van Expedited, Inc.* (S.D.

---

[50] Aiwazian Decl., ¶ 20; Ferrell Decl., ¶¶ 3-4; Baker Decl., ¶¶ 3-4.
[51] Aiwazian Decl., ¶ 20; Ferrell Decl., ¶¶ 3-4; Baker Decl., ¶¶ 3-4.
[52] Aiwazian Decl., ¶ 20; Ferrell Decl., ¶¶ 3-5; Baker Decl., ¶¶ 3-5.
[53] Ferrell Decl., ¶ 8; Baker Decl., ¶ 8.

PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Cal. Jan. 14, 2013) No. 10-CV-1116- IEG WMC, 2013 WL 163293, at *6 (approving incentive awards of $15,000 to each named plaintiff as "well within the range awarded in similar cases"). Accordingly, it is appropriate and just for Plaintiffs to each receive $3,000 as reasonable Incentive Awards, in addition to their Individual Class Payments and Individual FLSA Payments, for their services in the Action.

**VII.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court award the Fees and Costs Award to Class Counsel and the Incentive Awards to Plaintiffs, in their entirety, as sought herein.

Dated: October 19, 2021                **LAWYERS** *for* **JUSTICE, PC**

By:    /s/ Joanna Ghosh

Edwin Aiwazian
Joanna Ghosh
*Attorneys for* Plaintiffs, Participating Class Members, and FLSA Collective Members

**PLAINTIFFS' RENEWED MOTION FOR FEES AND COSTS AWARD AND INCENTIVE AWARDS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  Edwin Aiwazian (Cal. State Bar No. 232943)
   *edwin@calljustice.com*
2  Arby Aiwazian (Cal. State Bar No. 269827)
   *arby@calljustice.com*
3  Joanna Ghosh (Cal. State Bar No. 272479)
   *joanna@calljustice.com*
4  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
5  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
6
7  Amir Nayebdadash (Cal. State Bar No. 232204)
   *amir@protectionlawgroup.com*
8  Heather Davis (Cal. State Bar No. 239372)
   *heather@protectionlawgroup.com*
   **PROTECTION LAW GROUP, LLP**
9  237 California Street
   El Segundo, California, 90245
10 Tel: (424) 290-3095 / Fax: (866) 264-7880
11
   *Attorneys for* Plaintiffs, the Participating Class Members, and FLSA Collective Members
12
                **UNITED STATES DISTRICT COURT**
13
             **FOR THE EASTERN DISTRICT OF CALIFORNIA**
14

| | |
|---|---|
| 15  KEVIN FERRELL, individually, and on behalf of other members of the general public similarly situated; CHERYL BAKER, individually, and on behalf of other members of the general public similarly situated ad on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; | Case No.: 1:19-cv-00332-NONE-SAB |
| | Honorable Judge Dale A. Drozd Courtroom 5 |
| | **CLASS ACTION** |
| | **DECLARATION KEVIN FERRELL IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS/ COLLECTIVE COUNSEL FEES AND COSTS AND INCENTIVE AWARDS** |
| Plaintiffs, | [Notice of Motion and Renewed Motion for Class Counsel Fees and Costs and Incentive Awards; Declarations of Class/Collective Counsel (Edwin Aiwazian and Heather Davis); Declaration of Class Representatives (Cheryl Baker); and [Proposed] Order filed concurrently herewith] |
| vs. | |
| BUCKINGHAM PROPERTY MANAGEMENT, a California corporation; and DOES 1 through 100, inclusive, | |
| Defendants. | |

| | |
|---|---|
| Date: | November 16, 2021 |
| Time: | 9:30 a.m. |
| Courtroom: | 5 |
| Complaint Filed: | August 8, 2014 |
| FAC Filed: | March 5, 2019 |
| Trial Date: | None Set |

*(left vertical margin)* **LAWYERS *for* JUSTICE, PC** 410 West Arden Avenue, Suite 203 Glendale, California 91203

---

**DECLARATION OF CHERYL BAKER IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS/ COLLECTIVE COUNSEL FEES AND COSTS AND INCENTIVE AWARDS**

## DECLARATION OF KEVIN FERRELL

I, **Kevin Ferrell**, hereby declare as follows:

1.      I am over 18 years of age and a resident of California.  I am one of the named plaintiffs in the above-captioned case, and I have personal knowledge of the facts and statements set forth in this declaration, and if called upon to testify, I could and would competently testify thereto.

2.      I was employed by Defendant Buckingham Property Management ("Buckingham Property") as a non-exempt Maintenance/Painting Technician from approximately November 2011 to approximately August 2012.   During my employment with Buckingham Property, my compensation consisted of a salary of $1,800 per month, I was attributed as having received $436 per month in "Apartment Value" because I lived in an apartment on-site, and a rate of pay of $12.90 per hour was applied to compensate overtime when it was paid to me.

3.      During my employment with Buckingham Property, I learned Buckingham Property's written and non-written policies, practices, and procedures, including but not limited to, its policies, practices, and procedures regarding meal and rest breaks, timekeeping, overtime compensation, dress code, and business expenses.  It was my understanding, based on what I was told and what I experienced, that the policies, procedures, and practices were the same at all of Buckingham Property's locations in California and applied to all of its non-exempt employees in California.

4.      As a Maintenance/Painting Technician, my day-to-day duties included, *inter alia*, communicating with other non-exempt employees to determine how to respond to tenant requests and inquiries, inspecting and tidying the premises to maintain curb appeal and overall community appearance, responding to tenant inquiries and requests, performing repairs and maintenance-related tasks, running errands (such as picking up supplies and driving to the bank), and responding to emergencies, among other tasks. Buckingham Property's

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

1  policies, practices, and procedures required me to provide a high level of quality
2  customer service at all times.

3      5.    During my employment at Buckingham Properties, I worked closely
4  with other non-exempt employees, and we all, *inter alia*, responded to tenant
5  and/or prospective tenant inquiries and requests, communicated with other
6  employees to determine how to respond to tenant requests and inquiries, ran
7  errands (e.g., to pick up supplies and drive to the bank), inspected and tidied the
8  premises, and responded to emergencies, among other tasks.

9      6.    During my employment, I was required to perform work off-the-clock
10  before the start of my shift and after the end of my shift, including, responding to
11  tenant inquiries and requests, communicating with other employees to determine
12  how to respond to tenant requests and inquiries, running errands, inspecting and
13  tidying the premises, performing repair and maintenance-related tasks, and
14  responding to emergencies, among other things.  For example, I was required to
15  carry a cell phone with me at all times in order to receive work-related phone calls.
16  Buckingham Property required that I sign a memo entitled "Re: Cell Phone" which
17  stated that I was required to carry a cell phone with me at all times 24/7.
18  Additionally, I lived on-site, and tenants approached me before and after my shifts
19  to ask me questions or request that I assist them, for example, when they were
20  locked out of their apartments.  I was not always compensated for the time I spent
21  responding to work-related calls, requests, or inquiries outside of my scheduled
22  hours.

23      7.    My scheduled work hours were 5 days a week from approximately
24  8:00 a.m. to 5:00 p.m., and my timesheets reflected only my scheduled hours
25  worked.  Because overtime work had to be preauthorized, I was not permitted to
26  record time that I worked when I came in early, worked late, or the times that I was
27  required to work during my off-duty hours.
28  ///

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

DECLARATION OF CHERYL BAKER IN SUPPORT OF PLAINTIFFS' RENEWED MOTION
FOR CLASS/ COLLECTIVE COUNSEL FEES AND COSTS AND INCENTIVE AWARDS

8.    During my employment with Buckingham Property, often I was unable to take timely, uninterrupted, 30-minute meal breaks and timely, uninterrupted 10-minute rest periods due to my heavy workload.  At times, my meal and rest periods were interrupted, late, short, or missed entirely because I was required to work during them.  For example, during these meal and rest periods, I was required to respond to work-related phone calls, maintenance requests, and emergencies.  I was not paid a premium payment for any short, late, missed, or interrupted meal or rest break, nor was I compensated for the time I spent performing work duties during my breaks.

9.    During my employment with Buckingham Property, I incurred business-related expenses which Buckingham Property did not reimburse.  For example, I incurred expenses relating to purchasing and maintaining work attire and shoes and using my personal vehicle for work-related purposes. I was not reimbursed for all gas and mileage expenses that I incurred, nor was I reimbursed for the costs that I incurred to purchase shoes and clothing to comply with Buckingham Property's dress code policy.

10.    I decided to seek legal advice about my work experiences at Buckingham Property and about filing a lawsuit to redress my grievances.  I contacted Lawyers *for* Justice, PC and spoke with attorneys there, including Edwin Aiwazian, Esq.  I wanted to do whatever I could to make sure Buckingham Property paid me and other employees what was owed to us, and was held accountable for its practice of not properly compensating its employees for all hours worked and non-compliant meal and rest breaks.  After speaking with the attorneys, I investigated complex wage-and-hour lawsuits on my own and did some research into the leading class action and employment law firms in California for approximately 3 hours.  Thereafter, I consulted with the attorneys at Lawyers *for* Justice, PC for almost 2 hours discussing my situation, complex wage-and-hour lawsuits in general, and what it meant to be a class representative.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11.    Since becoming involved in this case, I have spent over 15 hours communicating and meeting with my attorneys concerning the case and fulfilling my responsibilities as a representative of the class and collective, which included answering questions from my attorneys, identifying potential witnesses, speaking with other current and former employees of Buckingham Property, providing guidance regarding the duties of non-exempt employees, and helping develop a strategy as to what documents to obtain from Buckingham Property.  I routinely checked in with my attorneys and their staff to make sure that they had all of my most current information and any additional information that I had obtained from speaking with other employees.

12.    Throughout the case, I was available to answer any questions my attorneys had, and available to speak and meet with my attorneys whenever they needed me.  I responded to them as quickly as possible and gave them as much information as I could.  I also provided information and responses to multiple sets of discovery requests propounded on me by Defendant, which included gathering and providing information and documents concerning my employment with Buckingham Property as well as personal information and documents which Defendant sought. I have spent at least 13 additional hours reviewing, discussing, and responding to discovery requests, providing my attorneys with documents and information, and describing documents, policies, practices, and procedures of Buckingham Property.

13.    As far as the settlement is concerned, I was available to review documents and answer any questions my attorneys had.  I spent about 5 hours reviewing the settlement documents and about 4 hours asking questions and discussing the potential settlement with my attorneys before signing the settlement documents.

///

///

4

14.    I believe that I have done everything that my attorneys have asked of me and have tried, to the best of my ability, to represent the class and collective. I think my efforts helped to get the result obtained in this case, and I respectfully request that the Court award me an incentive award in the amount of $3,000.00 for my active participation in this case. Taking into consideration the time that I have dedicated to this case, I believe that this amount is reasonable.

15.    I am not related to anyone associated with Lawyers *for* Justice, PC or Protection Law Group, LLP.

16.    I have not entered into any undisclosed agreements, nor have I received any undisclosed compensation in this case. The only compensation I will receive is whatever amount the Court awards as an incentive award, as well as my share of the settlement as a member of the class and collective.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____ day of August 2019, at Armona, California.

Kevin Ferrell (Aug 1, 2019)
_____
Kevin Ferrell

5

1  Edwin Aiwazian (Cal. State Bar No. 232943)
   *edwin@calljustice.com*
2  Arby Aiwazian (Cal. State Bar No. 269827)
   *arby@calljustice.com*
3  Joanna Ghosh (Cal. State Bar No. 272479)
   *joanna@calljustice.com*
4  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
5  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
6

7  Amir Nayebdadash (Cal. State Bar No. 232204)
   *amir@protectionlawgroup.com*
8  Heather Davis (Cal. State Bar No. 239372)
   *heather@protectionlawgroup.com*
9  **PROTECTION LAW GROUP, LLP**
   237 California Street
10 El Segundo, California, 90245
   Tel: (424) 290-3095 / Fax: (866) 264-7880
11

*Attorneys for* Plaintiffs, the Participating Class Members, and FLSA Collective Members

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERRELL, individually, and on behalf of other members of the general public similarly situated; CHERYL BAKER, individually, and on behalf of other members of the general public similarly situated ad on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>        Plaintiffs,<br><br>    vs.<br><br>BUCKINGHAM PROPERTY MANAGEMENT, a California corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 1:19-cv-00332-NONE-SAB<br><br>Honorable Judge Dale A. Drozd<br>Courtroom 5<br><br>**CLASS ACTION**<br><br>**DECLARATION CHERYL BAKER IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS/ COLLECTIVE COUNSEL FEES AND COSTS AND INCENTIVE AWARDS**<br><br>[Notice of Motion and Renewed Motion for Class Counsel Fees and Costs and Incentive Awards; Declarations of Class/Collective Counsel (Edwin Aiwazian and Heather Davis); Declaration of Class Representative (Kevin Ferrell); and [Proposed] Order filed concurrently herewith]<br><br>Date:             November 16, 2021<br>Time:             9:30 a.m.<br>Courtroom:     5<br><br>Complaint Filed:  August 8, 2014<br>FAC Filed:         March 5, 2019<br>Trial Date:         None Set |

**DECLARATION OF CHERYL BAKER IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS/ COLLECTIVE COUNSEL FEES AND COSTS AND INCENTIVE AWARDS**

# DECLARATION OF CHERYL BAKER

I, **Cheryl Baker**, hereby declare as follows:

1.     I am over 18 years of age and a resident of Pennsylvania.  I am one of the named plaintiffs in the above-captioned case, and I have personal knowledge of the facts and statements set forth in this declaration, and if called upon to testify, I could and would competently testify thereto.

2.     I was employed by Defendant Buckingham Property Management ("Buckingham Property") as a non-exempt Community Manager for several weeks in October 2013, and again from approximately November 2013 to approximately August 2015.  During my employment in October 2013, I was paid a salary of $2,900 per month, and a rate of pay of $16.73 per hour applied when I was compensated for overtime.  From approximately November 2013 to approximately August 2015, I was paid a salary of $1,800 per month (based on a 40-hour workweek), I was attributed to receive $470 per month in "Apartment Value" because I lived in an apartment on-site, and the rate of $13.10 per hour applied when I was compensated for overtime.

3.     During my employment at Buckingham Property, I learned Buckingham Property's written and non-written policies, practices, and procedures, including but not limited to, their policies, practices, and procedures regarding timekeeping, compensation, overtime, meal and rest breaks, dress code, and business expenses. It was my understanding, based on what I was told and what I experienced, that the policies, procedures, and practices were the same at all of Buckingham Property's locations in California and applied to all of its non-exempt employees in California

4.     As a Community Manager, my day-to-day duties included, but were not limited to: showing and leasing units to prospective tenants; responding to tenant inquiries and requests; communicating with other employees to determine how to respond to tenant requests and inquiries; assisting in collecting rents,

LAWYERS   JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

making bank deposits, and tracking delinquent rents; inspecting and tidying the premises to maintain curb appeal and overall community appearance; running errands; and responding to emergencies. Buckingham Property's policies, practices, and procedures required me to maintain a high- level of customer service at all times.

5.    During my employment at Buckingham Properties, I worked closely with other non-exempt employees, and we all, *inter alia*, responded to tenant and/or prospective tenant inquiries and requests, communicated with other employees to determine how to respond to tenant requests and inquiries, ran errands (e.g., to pick up supplies and go to the bank), inspected and tidied the premises, and responded to emergencies, among other tasks.

6.    During my employment with Buckingham Property, I was required to perform work off-the-clock before the start of my shift and after the end of my shift, including, responding to tenant inquiries and requests, communicating with other employees to determine how to respond to tenant requests and inquiries, inspecting and tidying the premises, showing and leasing units, and responding to emergencies, among other things.  For example, I was required to carry a cell phone with me at all times. Buckingham Property required that I sign a memo entitled "Re: Cell Phone" which stated that I was required to carry my cell phone with me at all times 24/7.  Additionally, I lived on-site, and I was regularly approached by tenants before or after my scheduled hours and required to assist them with requests and inquiries.  I was not always compensated for the time that I spent responding to work-related phone calls or tenant requests or inquiries outside of my scheduled hours.

7.    My scheduled work hours were Monday to Friday from approximately 8:00 a.m. to 5:00 p.m.  Because overtime work had to be preauthorized, I was only permitted to record my scheduled hours and not permitted to record the hours that I worked when I came in early, worked late, or

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

1  the times that I was required to perform work-related tasks outside of my
2  scheduled hours.

3      8.    During my employment with Buckingham Property, I was often
4  unable to take timely, uninterrupted, 30-minute meal breaks and timely,
5  uninterrupted 10-minute rest periods due to my heavy workload and the company's
6  customer service expectations.  At times, my meal and rest periods were
7  interrupted, late, short, or missed entirely because I was required to work during
8  them.  For example, during meal and rest periods, I was required to respond to
9  work-related phone calls, inquiries from tenants and prospective tenants, and
10 emergencies, and inspect and tidy the premises.  I was not paid a premium
11 payment for any short, late, missed, or interrupted meal or rest break.

12     9.    During my employment with Buckingham Property, I incurred
13 business-related expenses which Buckingham Property did not reimburse.  For
14 example, I was required to use my personal vehicle to run errands such as
15 purchasing supplies and depositing checks at the bank. I also incurred expenses
16 relating to purchasing and maintaining work attire.  I was not reimbursed for all of
17 the costs that I incurred to maintain and purchase work attire to comply with
18 Buckingham Property's dress code policy nor expenses that I incurred for
19 gas/mileage when using my personal vehicle for work-related purposes.

20     10.    I decided to seek legal advice about my work experiences at
21 Buckingham Property. I contacted Lawyers *for* Justice, PC and spoke with
22 attorneys there, including Edwin Aiwazian, Esq. and Arby Aiwazian, Esq.  I
23 wanted to do whatever I could to hold Buckingham Property accountable for its
24 practice of not properly compensating its employees for all hours worked and non-
25 compliant meal and rest breaks.  After speaking with the attorneys, I investigated
26 complex wage-and-hour lawsuits on my own and did some research into the
27 leading class action and employment law firms in California for approximately 4
28 hours.  Thereafter, I consulted with the attorneys at Lawyers *for* Justice, PC for

**LAWYERS    JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**DECLARATION OF CHERYL BAKER IN SUPPORT OF PLAINTIFFS' RENEWED MOTION
FOR CLASS/ COLLECTIVE COUNSEL FEES AND COSTS AND INCENTIVE AWARDS**

almost 3 hours discussing my situation, complex wage-and-hour lawsuits in general, and what it meant to join the lawsuit as a named plaintiff, and what it meant to be a class representative and PAGA representative.

11.    Since becoming involved in this case, I have spent over 14 hours meeting with my attorneys concerning the case and fulfilling my responsibilities as a representative of the class collective and also as a PAGA representative, which included gathering documents concerning my employment with Buckingham Property, reviewing documents with my attorneys and answering their questions, speaking with other current and former employees of Buckingham Property, answering questions and providing guidance regarding the duties of non-exempt employees, and helping develop a strategy as to what documents to obtain from Buckingham Property.  I routinely checked in with my attorneys and their staff to make sure that they had all of my most current information and any additional information that I had obtained from speaking with other employees.

12.    Throughout the case, I was available to answer any questions my attorneys had, and available to speak and meet with my attorneys whenever they needed me.  I responded to them as quickly as possible and gave them as much information as I could.  I spent at least 10 additional hours speaking with my attorneys about the case, identifying potential witnesses, providing my attorneys with documents and information, and also describing documents, policies, practices, and procedures of Defendant.

13.    As far as the settlement is concerned, I was available to review documents and answer any questions my attorneys had.  I spent about 4 hours reviewing the settlement documents and about 3 hours asking questions and discussing the potential settlement with my attorneys before signing the settlement documents.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

14.    I believe that I have done everything that my attorneys have asked of me and have tried, to the best of my ability, to represent the class, collective, and aggrieved employees.  I think my efforts helped to get the result obtained in this case, and I respectfully request that the Court award me an incentive award in the amount of $3,000.00 for my active participation in this case.   Taking into consideration the time that I have dedicated to this case, I believe that this amount is reasonable.

15.    I am not related to anyone associated with Lawyers *for* Justice, PC or Protection Law Group, LLP.

16.    I have not entered into any undisclosed agreements, nor have I received any undisclosed compensation in this case.  The only compensation I will receive is whatever amount the Court awards as an incentive award, as well as my share of the settlement as a member of the class and collective.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___6th___ day of August 2019, at Lindsay, California.



Cheryl Baker (Aug 6, 2019)

Cheryl Baker

**DECLARATION OF CHERYL BAKER IN SUPPORT OF PLAINTIFFS' RENEWED MOTION
FOR CLASS/ COLLECTIVE COUNSEL FEES AND COSTS AND INCENTIVE AWARDS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

Amir Nayebdadash (Cal. State Bar No. 232204)
*amir@protectionlawgroup.com*
Heather Davis (Cal. State Bar No. 239372)
*heather@protectionlawgroup.com*
**PROTECTION LAW GROUP, LLP**
237 California Street
El Segundo, California, 90245
Tel: (424) 290-3095 / Fax: (866) 264-7880

*Attorneys for* Plaintiffs, the Participating Class Members, and FLSA Collective Members

*(Left margin, vertical text)* **LAWYERS *for* JUSTICE, PC** 410 West Arden Avenue, Suite 203 Glendale, California 91203

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERRELL, individually, and on behalf of other members of the general public similarly situated; CHERYL BAKER, individually, and on behalf of other members of the general public similarly situated ad on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>        Plaintiffs,<br><br>    vs.<br><br>BUCKINGHAM PROPERTY MANAGEMENT, a California corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 1:19-cv-00332-NONE-SAB<br><br>Honorable Judge Dale A. Drozd<br>Courtroom 5<br><br>**CLASS ACTION**<br><br>**DECLARATION OF EDWIN AIWAZIAN IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS COUNSEL FEES AND COSTS AND INCENTIVE AWARDS**<br><br>[Notice of Motion and Motion for Class Counsel Fees and Costs and Incentive Awards; Declaration of Class/Collective Counsel (Heather Davis) Declaration of Class Representatives (Kevin Ferrell and Cheryl Baker); and [Proposed] Order filed concurrently herewith]<br><br>Date: November 16, 2021<br>Time: 9:30 a.m.<br>Courtroom: 5<br><br>Complaint Filed: August 8, 2014<br>FAC Filed: March 5, 2019<br>Trial Date: None Set |

**LAWYERS _for_ JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## DECLARATION OF EDWIN AIWAZIAN

I, Edwin Aiwazian**,** hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of California.   I am a member of Lawyers _for_ Justice, PC, attorneys of record for Plaintiffs Kevin Ferrell and Cheryl Baker (together, "Plaintiffs"), the Class Members, and Proposed FLSA Collective Members. The facts set forth in this declaration are within my personal knowledge or based on information and belief, and, if called as a witness, I could and would competently testify as follows.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      On November 25, 2019, Plaintiffs filed a Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion for Preliminary Approval"). On January 21, 2020, the Honorable Stanley A. Boone entered the Findings and Recommendations Recommending Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  On May 5, 2020, the Honorable Dale A. Drozd entered an Order Directing the Filing of Supplemental Briefing and Documentation re Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. On June 4, 2020, Plaintiffs filed supplemental papers in support of the Motion for Preliminary Approval. On July 29, 2020, the Court signed the Order Adopting Findings and Granting Plaintiffs' Motion for Conditional Certification and Preliminary Approval of Class and Collective Action Settlement ("Order Granting Preliminary Approval"), thereby preliminarily approving the Joint Stipulation of Settlement of Class, Collective, and PAGA Claims ("Settlement Agreement," "Settlement," or "Agreement"), conditionally certifying the Class for settlement purposes, and approving the Proposed FLSA Collective.  The Court also preliminarily appointed and designated Lawyers _for_ Justice, PC and Protection Law Group, LLP as Class/Collective Counsel, Plaintiffs Kevin Ferrell and Cheryl Baker as Class Representatives, and Simpluris, Inc. ("Simpluris") to serve as Settlement Administrator for handling the notice and settlement administration process.   The Court preliminarily approved and ordered the mailing of the Notice of Class Action Settlement ("Class Notice"), Notice of FLSA Settlement ("FLSA Settlement"), Class Claim Form, and FLSA Opt-In Form (collectively, the "Notice Packet") to the Class Members and Proposed FLSA Collective Members.  The Court adopted the

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

notice, opt-out, and objection procedures, and ordered their implementation.

3.      As of the date of this declaration, no Class Members have objected to the Class Settlement or the request for Fees and Costs Award, Incentive Awards, and Settlement Administration Costs.

## WORK PERFORMED BY CLASS COUNSEL

4.      I have been actively engaged in this litigation since the lawsuit was commenced on August 8, 2014, as have several other attorneys and members in our firm.

5.      Before initiating this lawsuit, Class/Collective Counsel investigated and researched the facts and circumstances underlying the pertinent factual and legal issues and applicable law.  This required thorough discussions and interviews between attorneys at our firm and Plaintiff Kevin Ferrell, and research into the various legal issues involved in the case, namely, the current state of the law as it applied to off-the-clock theory, meal and rest periods, wage-and-hour enforcement, Plaintiff Ferrell's claims, and potential defenses.  After conducting initial investigation, Class Counsel determined that Plaintiff Ferrell's claims were well-suited for class-wide and representative adjudication owing to what appeared to be a common course of conduct affecting a similarly-situated group of current and former hourly-paid or non-exempt employees who worked for Defendant Buckingham Property Management ("Defendant"), within the State of California, who were not properly compensated for, *inter alia*, all hours worked, non-compliant meal and rest periods, and business expenses.

6.      Two (2) law firms combined their experience and skills, and dedicated the full extent of resources to litigate and bring this matter to a successful conclusion on behalf of the Class Members and Proposed FLSA Collective Members. The work performed in this matter was managed in a manner designed to most effectively utilize the combined skills and attorney power of Class/Collective Counsel while avoiding duplication of efforts. Class/Collective Counsel used the pre-mediation time period to investigate the veracity, strength, and scope of the claims, and also to prepare the matter for class certification and trial.  The parties actively litigated this case, conducted a thorough and diligent investigation into the facts of the case, including, *inter alia*, interviews with Plaintiffs and percipient witnesses, and informally

**DECLARATION OF EDWIN AIWAZIAN**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

exchanged information and data in advance of and in preparation for mediation and settlement negotiations thereafter. Class/Collective Counsel deposed Defendant's Person Most Knowledgeable witness (i.e., Defendant's President) over the course of two days, Defendant's Regional Director, and a Class Member. Both sides also propounded and responded to multiple sets of written discovery requests. The Parties also engaged in *Belaire-West* notice administration (by which Class/Collective Counsel obtained the contact information of Class Members who did not opt out of the disclosure of their information). Class Counsel reviewed and analyzed thousands of pages of data and documents produced by Defendant and obtained through other sources, including and not limited to: Plaintiffs' and other Class Members' employment records (including, *inter alia*, detailed time and pay records); Defendant's Employee Handbook (which included, *inter alia*, policies and procedures regarding meal and rest periods, timekeeping requirements, overtime, and reimbursements); class-wide data regarding the class size, number of workweeks, pay periods, and terminations; Defendant's Agreement to Arbitrate Employment Disputes; Defendant's Employment Agreement (Standard Agreement); Defendant's New Employee Checklist; job descriptions (e.g., for Maintenance Technicians, Community Managers, Assistant Community Managers, Area Relief Managers, Site Janitorial/Porters,  and Contact Persons, among others); Defendant's memorandum Re: Cell Phone; Defendant's Mileage Expense Report Form; Defendant's Organizational Chart; Defendant's Employee Handbook "Confirmation of Receipt" acknowledgement form; Defendant's Business Mileage Reimbursement Policy (including an exemplar Business Expense Reimbursement Report form); a list of all current and former properties managed by Defendant; agendas from internal meetings; e-mails and internal memoranda; various agreements and acknowledgements; and numerous other documents regarding Defendant's employment policies, practices, and procedures, among other information and documents. Additional work performed by Class Counsel included, and was not limited to, drafting and revising the pleadings; preparing for settlement negotiations and mediation; meeting and conferring with defense counsel over issues relating to pleadings, jurisdiction, *Belaire-West* administration, discovery, and exchange of documents; and undertaking damages/valuation calculations. Even after a settlement was

**DECLARATION OF EDWIN AIWAZIAN**

reached and preliminary approval was granted, Class/Collective Counsel's work continued and included undertaking exceptional efforts to increase awareness of and participating in the Settlement. In the interest of increasing the claims rate, Class Counsel negotiated and obtained Defendant's agreement to an additional reminder mailing and extension of the deadline to submit claims.

7.     As outlined herein, the parties have conducted significant investigation during the course of this litigation.  Class/Collective Counsel analyzed thousands of pages of documents and data either produced by Defendant or obtained by Class/Collective Counsel through other sources.  These documents and data provided a critical understanding of the nature of the work performed by the Class Members and Proposed FLSA Collective Members, as well as Defendant's operations and employment policies, practices, and procedures, and were used in analyzing liability and damages issues in connection with all phases of the litigation, and ultimately with mediation and the settlement negotiation process.  Counsel for the parties have further invested time researching applicable law, which is constantly evolving as it relates to certification, representative adjudication, the Fair Labor Standards Act ("FLSA"), off-the-clock theory, meal and rest periods, wage-and-hour enforcement, Plaintiffs' claims, and Defendant's defenses, as well as facts and evidence produced and analyzed.

8.     After conducting extensive investigation into the facts of the case and informally exchanging documents and data, counsel for the parties engaged in extensive settlement negotiations to try to resolve the matter.  These efforts included participating in a formal, full-day mediation conducted by Paul Grossman, Esq., a well-regarded mediator experienced in mediating complex wage-and-hour matters and additional settlement negotiations thereafter. During all settlement discussions, the parties conducted their negotiations at arm's length in an adversarial position.  Prior to and during the settlement negotiations, the parties exchanged documents, information and data, and discussed various aspects of the case, including the risks and delays of further litigation; the risks to the parties of proceeding with class and collective certification, representative adjudication, and trial; the law relating to off-the-clock theory, meal and rest periods, and wage-and-hour enforcement; the evidence produced and analyzed; and the

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**DECLARATION OF EDWIN AIWAZIAN**

possibility of appeals, among other things.  Arriving at a settlement that was acceptable to the parties was not easy.  Defendant and its counsel felt very strongly about Defendant's ability to prevail on the merits and to obtain a denial of class certification, while Plaintiffs and Class Counsel believed that class certification would be obtained and that they would prevail at trial. After extensive significant investigations into the facts of the case and settlement negotiations, the parties agreed that this case was well-suited for settlement given the legal issues relating to Plaintiffs' principal claims, as well as the costs and risks to the parties that would attend further litigation.  These risks of further litigation include, and are not limited to, a determination that the claims were unsuitable for class and collective treatment, and failure to obtain certification, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the case, appeals, and the real possibility of no recovery after years of litigation, , especially in light of Defendant's financial condition.

9.    As set forth more fully in the accompanying Motion for Fees and Costs Award and Incentive Awards, Class Counsel seek attorneys' fees in the amount of $210,000, which is thirty-five percent (35%) of the Maximum Settlement Amount of $600,000, and $22,227.07 for reimbursement of litigation costs and expenses.  The attorneys' fees sought are commensurate with: (1) the risk that Class/Collective Counsel took in commencing this case; (2) the time, effort, and expense that Class/Collective Counsel dedicated to the case; (3) the skill and determination that Class/Collective Counsel have shown; (4) the results that Class/Collective Counsel have achieved throughout the litigation; (5) the value of the settlement that Class/Collective Counsel have achieved for the Class Members and Proposed FLSA Collective Members; and (6) the other cases that Class/Collective Counsel have turned down in order to devote their time and efforts to this matter.

///
///
///
///
///

**DECLARATION OF EDWIN AIWAZIAN**

10.    I am aware that the common and acceptable rate for contingency representation in wage and hour class action litigation is normally 40% before trial, with the range being from 33.3% up to 50%. In this case, Plaintiffs have agreed to a contingency fee of thirty-five percent (35%) of the recovery.

11.    While not necessarily required to be demonstrated because the percentage fee that is sought is proper for this settlement, Class/Collective Counsel have incurred many hours of work in connection with this matter such that the request for an award of attorneys' fees is also justified under a simple lodestar analysis. Lawyers *for* Justice, PC has spent a total of 500.10 hours and Protection Law Group LLP has spent a total of 190.80 hours performing tasks on behalf of Plaintiffs, Class Members, and Proposed FLSA Collective Members. Collectively, Class/Collective Counsel have spent a total of **690.90 hours** to obtain a recovery on behalf of Plaintiffs, the Class Members, and Proposed FLSA Collective Members. Attached hereto as **"EXHIBIT A"** is an Attorney Task and Time and Chart that sets forth in detail the breakdown of time for the tasks performed by Class/Collective Counsel. The hours attributable to Lawyers *for* Justice, PC include work done by myself and several of the firm's other members. We also had litigation support personnel actively engaged in assisting with the prosecution of case.

12.    The following hourly rates of compensation are commensurate with the individual background, training, and experience of the attorneys that are listed below, who worked on this matter, as well as our firm, in litigation and class actions and complex wage-and-hour matters:

| Attorney | Title | Admit Year | State Bar No. | Rate | Hours | Lodestar |
|---|---|---|---|---|---|---|
| Edwin Aiwazian | Managing Member | 2004 | 232943 | $975 | 148.60 | $144,885.00 |
| Arby Aiwazian | Sole Shareholder | 2010 | 269827 | $850 | 42.50 | $36,125.00 |
| Joanna Ghosh | Senior Member | 2010 | 272479 | $775 | 71.75 | $55,606.25 |
| Danielle L. Perry | Member | 2013 | 292120 | $675 | 125 | $84,375.00 |
| D. Elliot Gonzalez | Member | 2012 | 285055 | $700 | 13 | $9,100.00 |
| Elizabeth Parker-Fawley | Member | 2014 | 301592 | $675 | 27.75 | $18,731.25 |

**DECLARATION OF EDWIN AIWAZIAN**

| | | | | | | |
|---|---|---|---|---|---|---|
| Stephanie S. Ponek | Member | 2015 | 306205 | $675 | 35.50 | $23,962.50 |
| Henna Choi | Member | 2015 | 306254 | $500 | 1 | $500.00 |
| Julia Z. Wells | Member | 2016 | 314242 | $500 | 6 | $3,000.00 |
| Melissa A. Huether | Member | 2017 | 316604 | $500 | 29 | $14,500.00 |
| | | | | **TOTAL:** | **500.10** | **$390,785.00** |
| | | | | **Blended Rate:** | **$781.41** | |

The work performed in this particular case, the background of our firm, as well as the individual backgrounds, training, and experience of the attorneys who worked on this matter, in litigating complex wage-and-hour class and representative actions, support a reasonable blended hourly rate of compensation at the rate of at least $780 for work performed by Lawyers *for* Justice, PC. Lawyers *for* Justice, PC has been awarded attorneys' fees, compensating the firm at the rate of at least $780 per hour for legal services performed, by courts granting final approval in other cases: final approval of the class and representative action settlement in final approval of the class and representative action settlement in *Seth Swan v. Pace Supply* (Sonoma County Superior Court Case No. SCV258764) was granted on February 6, 2019, and the award of attorneys' fees involved a higher hourly rate of $855.96; final approval of the class and representative action settlement in *Stanley Bland, et al. v. Telecare Corporation* (Alameda County Superior Court Case No. RG16811450) was granted on November 21, 2018, and the award of attorneys' fees involved a higher hourly rate of $831.38; final approval of the class and representative action settlement in *Maryjo Ungerbuhler Anderson v. Boyett Petroleum* (Stanislaus County Superior Court Case No. 2020582) was granted on May 15, 2018, and the award of attorney's fees involved a higher hourly rate of $780.77; final approval of the class and representative action settlement in *Rebekah Perez, et al. v. Nestlé USA, Inc., et al.* (Alameda County Superior Court Case No. RG15773654) was granted on August 18, 2017; and final approval of the class and representative action settlement in *Demetrius Camarillo v. Blue Diamond Growers* (Sacramento County Superior Court Case No. 34-2015-00175871) was granted on June 30, 2017, and the award of attorneys' fees involved a higher hourly rate of $845.64.

**DECLARATION OF EDWIN AIWAZIAN**

**ADEQUACY OF LAWYERS *for* JUSTICE, PC**

*EDUCATION*

13.     In May of 2004, I graduated from *Pepperdine University School of Law* with a Juris Doctor degree.  I have extensive formal training in dispute resolution and negotiation from the Straus Institute for Dispute Resolution as part of its Masters in Dispute Resolution degree program.  In addition, I have previously served as a *pro bono* mediator for the Los Angeles County Superior Court.   In October of 2000, I obtained a Litigation Paralegal Certificate from the *UCLA Extension Program*.  During the summer of 2000, I studied Legal Writing at *Harvard University*.   In April of 1999, I obtained a Bachelor of Arts degree in Communication with a concentration in Natural Sciences from *Pepperdine University*.

*JUDICIAL EXTERNSHIPS*

14.     From approximately September 2002 to approximately December 2002, I served as a Judicial Extern to the Honorable Kim McLane Wardlaw of the *United States Court of Appeals for the Ninth Circuit*.  From approximately June 2002 to approximately August 2002, I served as a Judicial Extern to the Honorable Earl Johnson, Jr. of the *California Court of Appeal for the Second Appellate District*.

*LITIGATION AND CLASS ACTION EXPERIENCE*

15.     In December of 2004, I obtained a license to practice law from the California State Bar.  From approximately December 2004 to approximately August 2008, I was employed by *Girardi & Keese*.

16.     At *Girardi & Keese*, my practice focused on class actions and other complex cases involving toxic torts and products liability.  In addition, I gained substantial experience on cases involving insurance bad faith, premises liability, and medical negligence.  While employed by *Girardi & Keese*, I argued approximately 100 motions, took or defended approximately 150 depositions, and prepared dozens of expert witnesses for deposition or trial.

17.     Since its inception, in or around October of 2008, our firm has almost exclusively focused on the prosecution of consumer and employment class actions, involving wage-and-hour claims, race discrimination, unfair business practices or consumer fraud.  Currently, we are the

**DECLARATION OF EDWIN AIWAZIAN**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  attorneys of record in over a dozen employment-related putative class actions in both state and

2  federal courts in the State of California.  Our firm has successfully litigated cases involving,

3  among other things, the executive, administrative, and other overtime exemptions to the State of

4  California and federal overtime compensation requirements.  During this relatively short time, in

5  association with other law firms, we have recovered millions of dollars on behalf of thousands of

6  individuals in California.

7                              *EXAMPLES OF CLASS ACTION RESULTS*

8        18.    What follows are just a few examples of the type of results we have achieved on

9  behalf of our clients:

10             a)    Our firm represented the plaintiffs in a wage-and-hour class and

11  representative action against a major property management company involving allegations of

12  misclassification of various "manager" positions.  On September 20, 2010, the court granted

13  final approval of the class and representative action settlement.  The Los Angeles County

14  Superior Court Case Number is BC400414.

15             b)    Our firm represented the plaintiffs in a wage-and-hour class action against

16  a national retailer of household items involving allegations of misclassification of the "Assistant

17  Store Manager" position.  On October 28, 2010, the court granted final approval of the class

18  action settlement.  The Los Angeles County Superior Court Case Number is BC413498.

19             c)    Our firm represented the plaintiffs in a wage-and-hour class action against

20  a national property management company involving allegations of misclassification of the

21  "Property Manager" position.  On May 23, 2012, the court granted final approval of the class

22  action settlement.  The Los Angeles County Superior Court Case Number is BC430918.

23             d)    Our firm represented the plaintiffs in a wage-and-hour class action

24  involving allegations of misclassification of the "Store Manager" position.  On June 10, 2011,

25  the court granted plaintiffs' motion for class certification.  On August 26, 2013, the court granted

26  final approval of the class action settlement.  The Los Angeles County Superior Court Case

27  Number is BC424012.

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

**DECLARATION OF EDWIN AIWAZIAN**

e)      Our firm represented the plaintiffs in a wage-and-hour class and representative action against a bank, involving allegations of misclassification of the "Assistant Branch Manager" position.  On August 27, 2013, the court granted final approval of the class and representative action settlement.  The Kern County Superior Court Case Number is S-1500-CV-273194-LHB.

f)      Our firm represented the plaintiffs in a wage-and-hour class and representative action against a national wholesale distributor of plumbing and builder supplies, involving allegations of misclassification of multiple salaried "manager" positions.  On May 22, 2014, the court granted final approval of the class and representative action settlement.  The Sacramento County Superior Court Case Number is 34-2012-00136285.

g)      Our firm represented the plaintiff in a wage-and-hour class action involving allegations of misclassification of the "Operations Manager" position.  On September 16, 2014, the court granted plaintiff's motion for class certification.  The Los Angeles County Superior Court Case Number is BC478769.

h)      Our firm represented the plaintiff in a wage-and-hour class and representative action against a national retailer of household items, on behalf of hourly-paid or non-exempt employees.  On May 27, 2015, the court granted final approval of the class and representative action settlement.  The San Francisco County Superior Court Case Number is CGC-13-532344.

i)      Our firm represented the plaintiff in a wage-and-hour class action involving allegations of misclassification of the salaried residential "Property Manager" position.  On September 17, 2015, the court granted plaintiff's motion for class certification.  The Los Angeles County Superior Court Case Number is BC474784.

j)      Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class and representative action against a national retailer of upscale hardware and home furnishings, on behalf of non-exempt employees.  On April 28, 2016, the court granted final approval of the class and representative action settlement.  The Los Angeles County Superior Court Case Number is JCCP4794.

**DECLARATION OF EDWIN AIWAZIAN**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

k)    Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class and representative action against a national retailer of apparel and fashion accessories, on behalf of non-exempt employees.  On August 5, 2016, the court granted final approval of the class and representative action settlement.  The Los Angeles County Superior Court Case Number is BC488069.

l)    Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class action against a national retailer of apparel, accessories, and home products, involving allegations of misclassification of the "Department Manager" position.  On August 12, 2016, the court granted plaintiffs' motion for class certification in part and certified a class.  The Alameda County Superior Court Case Number is RG13680477.

m)    Our firm represented the plaintiff in a representative action under the Private Attorneys General Act, against a real estate and property management company, on behalf of non-exempt employees. On November 4, 2016, the court granted approval of the Private Attorneys General Act settlement. The Orange County Superior Court Case Number is 30-2015-00775439-CU-OE-CXC.

n)    Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class and representative action against a full-service bank, on behalf of non-exempt employees. On November 18, 2016, the court granted final approval of the class and representative action settlement. The San Francisco County Superior Court Case Number is CJC-13-004839.

o)    Our firm represented the plaintiffs in a wage-and-hour class and representative action against a foodservice distributor, on behalf of non-exempt employees. On January 26, 2017, the court granted final approval of the class and representative action settlement. The San Bernardino County Superior Court Case Number is CIVDS1507260.

p)    Our firm, on behalf of the plaintiff and respondent in a PAGA representative action, successfully opposed in the trial court, and briefed and argued an appeal with respect to the employer's motion to compel arbitration, which resulted in a published opinion by the California Court of Appeal in favor of employees.  *Roberto Betancourt v.*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**DECLARATION OF EDWIN AIWAZIAN**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

*Prudential Overall Supply*, 9 Cal.App.5th 439 (Cal. App. 4th Dist., Mar. 7, 2017), review denied, cert. denied (U.S. Supreme Court Docket No. 17-254).

q)    Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class and representative action against a manufacturer of food service industry supplies on behalf of non-exempt employees. On April 14, 2017, the court granted final approval of the class and representative action settlement. The Orange County Superior Court Case Number is 30-2015-00810013-CU-OE-CXC.

r)    Our firm represented the plaintiff in a wage-and-hour class and representative action against a property management company, on behalf of non-exempt employees. On June 14, 2017, the court granted final approval of the class and representative action settlement. The Los Angeles County Superior Court Case Number is BC586234.

s)    Our firm represented the plaintiff in a wage-and-hour class and representative action against a food company on behalf of non-exempt employees. On June 30, 2017, the court granted final approval of the class and representative action settlement. The Sacramento County Superior Court Case Number is 34-2015-00175871.

t)    Our firm represented the plaintiffs in a wage-and-hour class and representative action against a chocolate company on behalf of non-exempt employees. On July 19, 2017, the court granted final approval of the class and representative action settlement. The Alameda County Superior Court Case Number is RG15764300.

u)    Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class and representative action against a property management company on behalf of hourly-paid and non-exempt employees. On January 4, 2018, the court granted final approval of the class and representative action settlement. The Los Angeles County Superior Court Case Number is JCCP4819.

v)    Our firm, in association with co-counsel, represented the plaintiffs in a wage-and-hour class and representative action against a company that operates business centers. On February 15, 2018, the court granted final approval of the class and representative action settlement. The Los Angeles County Superior Court Case Number is BC498401.

**DECLARATION OF EDWIN AIWAZIAN**

w)     Our firm, in association with co-counsel, represented the plaintiff in a wage-and-hour class action against a container manufacturer, on behalf of non-exempt employees. On October 15, 2018, the court granted the plaintiff's motion for class certification. The Tulare County Superior Court Case Number is VCU264528.

x)     Our firm represented the plaintiff in a representative action under the Private Attorneys General Act, against a global provider of products and services to the energy industry, on behalf of hourly-paid and non-exempt employees.  On November 19, 2018, the Court granted approval of the settlement. The Kern County Superior Court Case Number is S-1500-CV-280215-SDC.

y)     Our firm represented the plaintiff in a wage-and-hour class action against a parking company on behalf of non-exempt employees.  On September 3, 2019, the court granted the plaintiff's motion for class certification and certified a class.  The Santa Clara County Superior Court Case Number is 16CV292208 and the Judicial Council Coordination Proceeding Number is JCCP 4886.

z)     Our firm, in association with other counsel, on behalf of the plaintiff and respondent in a PAGA representative action, successfully opposed in the trial court, and briefed and argued an appeal with respect to the employer's motion to compel arbitration, resulting in a notable decision from the California Supreme Court clarifying the law and finding, in part, that employer arbitration agreements are unenforceable where they block a PAGA claim from proceeding, *ZB, N.A. v. Superior Court*, 8 Cal.5th175 (2019).

aa)    Our firm represented the plaintiffs in a wage-and-hour class and representative action against a bank on behalf of non-exempt employees.  On September 27, 2019, the court granted the plaintiffs' motion for class certification in part and certified a class. The Alameda County Superior Court Case Number is RG15757606 and the Judicial Council Coordination Proceeding Number is JCCP 4921.

bb)    Our firm represented the plaintiffs in a wage-and-hour class and representative action against a national retailer of apparel and fashion accessories, on behalf of non-exempt employees.  On October 9, 2019, the court granted the plaintiffs' motion for class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**DECLARATION OF EDWIN AIWAZIAN**

1 certification in part and certified a class.  The Sacramento County Superior Court Case Number

2 is 34-2015-00175330-CU-OE-GDS.

3        cc)    Our firm represented the plaintiff in a wage-and-hour class and

4 representative action against a medical equipment supplier on behalf of non-exempt employees.

5 On February 13, 2020, the court granted the plaintiff's motion for class certification and certified

6 a class.  The San Bernardino County Superior Court Case Number is CIVDS1505744.

7        dd)    Our firm represented the plaintiffs in a wage-and-hour class and

8 representative action against a national retailer of sportswear, footwear, and camping equipment

9 on behalf of non-exempt employees.  On March 16, 2020, the court granted in part the plaintiff's

10 motion for class certification and certified a class.  The Riverside County Superior Court Case

11 Number is RICJCCP4930.

12 **LITIGATION COSTS AND EXPENSES INCURRED BY CLASS COUNSEL**

13        19.    Lawyers *for* Justice, PC has incurred $22,227.07in litigation costs and expenses as

14 reflected in "**EXHIBIT B**" attached hereto. Collectively, Class/Collective Counsel requests

15 reimbursement of litigation costs and expenses in the amount of $22,612.07.   These expenses

16 were reasonable and necessary in the prosecution of this case.  The cost savings of $12,387.93

17 will remain part of the Net Settlement Amount. It should be noted that Class/Collective Counsel

18 have borne all of the risks and costs of litigation and will not receive any compensation until

19 recovery is obtained by Plaintiffs, Class Members, and Proposed FLSA Collective Members.

20 **INCENTIVE AWARDS TO PLAINTIFFS**

21        20.    In recognition of their efforts and work serving as the Class Representatives, the

22 Settlement provides for Incentive Awards in the amount of $3,000 each to Plaintiffs Kevin

23 Ferrell and Cheryl Baker (for a combined amount of $6,000).  The requested Incentive Awards

24 are fair and appropriate.  Plaintiffs spent a substantial amount of time and effort in producing

25 relevant documents and past employment records and provided the facts and evidence necessary

26 to attempt to prove the allegations.  Plaintiffs were available whenever Class/Collective Counsel

27 needed them and actively tried to obtain information that would benefit the Class Members and

28 Proposed  FLSA  Collective  Members.    Plaintiffs  spent  numerous  hours  speaking  with

**DECLARATION OF EDWIN AIWAZIAN**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   Class/Collective Counsel about their claims, describing his work experiences with Defendant,

2   and gathering and reviewing documents.  Accordingly, it is appropriate and just for Plaintiffs to

3   each receive $3,000 as a reasonable Incentive Award, in addition to their Individual Class

4   Payments and Individual FLSA Payments, for their services on behalf of the Class Members and

5   Proposed FLSA Collective Members.

6        21.    The discrepancy in the value of the minimum wage claim under FLSA in the

7   declarations filed in support of the Motion for Preliminary Approval was due to an inadvertent

8   typographical error in the formula when the numbers were transferred over from the

9   valuation/damages models to the declaration that was filed on November 25, 2019. The correct

10  estimated value of the liquidated damages of the minimum wage claim under the FLSA is

11  $232,957, as state in the declaration filed on June 4, 2020.

12       22.    I submit that the Settlement is fair, reasonable, and adequate.  In addition, the

13  Settlement is in the best interests of Plaintiffs, Class Members, and Proposed FLSA Collective

14  Members.

15       I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.

17       Executed this 6th day of January 2021, at Glendale, California.

18

19                          /s/ Edwin Aiwazian
                       _____
20                          Edwin Aiwazian

21

22

23

24

25

26

27

28

**DECLARATION OF EDWIN AIWAZIAN**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# **EXHIBIT A**

**ATTORNEY TASK AND TIME CHART**
***FERRELL V. BUCKINGHAM PROPERTY MANAGEMENT***
**EASTERN DISTRICT OF CALIFORNIA CASE NO. 1:19-CV-00332-NONE-SAB**

| TASK | LAWYERS *for* JUSTICE, PC | PROTECTION LAW GROUP, LLP |
|---|---|---|
| **Investigation and Research / Due Diligence** | | |
| Pre-Lawsuit Investigation of (1) the Key Facts with a Focus on Class Certification Elements, Including Adequacy, Typicality, Superiority, and Commonality; (2) the Merits of Plaintiff Kevin Ferrell's Claims and the Merits of the Claims of the Putative Class Members; and (3) Potential Damages Exposure of Defendant Buckingham Property Management ("Defendant") with Respect to the Damages Sustained by Plaintiff and the Putative Class Members <br><br> • Edwin Aiwazian – 6 hours <br> • Arby Aiwazian – 3 hours <br> • Amir Nayebdadash – 6.25 hours | 9 | 6.25 |
| Pre-Lawsuit Legal Research and Analysis of Latest Off-the-Clock, Meal and Rest Break, and Certification Decisions in California, Including all New Relevant DLSE Materials <br><br> • Arby Aiwazian – 4 hours <br> • Heather Davis – 3.75 hours | 4 | 3.75 |
| Investigation of Defendant, Defendant's Business Relationships, and the Industry in which Defendant Operates <br><br> • Arby Aiwazian – 2 hours <br> • Amir Nayebdadash – 4 hours | 2 | 4 |

| | | |
|---|---|---|
| Research and Investigation Re: Arbitration and Analysis of Enforceability<br><br>• Heather Davis – 4 hours | 0 | 4 |
| Research and Investigation Re: Locations Owned, Managed, or Operated by Defendant in California During the Class Period, Including Differences Between the Various Locations to Determine Whether Those Differences Will Cause Individual Issues to Predominate Over Common Issues<br><br>• Heather Davis – 3 hours | 0 | 3 |
| Research and Investigation Re: Defendant's Policies, Practices, and Procedures Relating to Timekeeping, Meal/Rest Breaks, Reporting Time, Overtime Compensation, and Reimbursement of Business-Related Expenses<br><br>• Edwin Aiwazian – 5.75 hours<br>• Arby Aiwazian – 4.25 hours<br>• Heather Davis – 5 hours | 10 | 5 |
| Research and Analysis of Potential Defenses Defendant May Raise, Including *De Minimis* Work, Non-Compensable Off-the-Clock Work, Waiver, and Compliant Policies<br><br>• Edwin Aiwazian – 3 hours | 3 | 0 |
| Research and Investigation Re: Post-*Duran vs. U.S. Bank* Trial Manageability Issues, including Research Regarding Which Experts to Retain and For What Purpose<br><br>• Amir Nayebdadash – 5 hours | 0 | 5 |

| | | |
|---|---|---|
| **Meet and Communicate with Plaintiff Kevin Ferrell Throughout the Pendency of the Case**<br><br>• Edwin Aiwazian – 4.25 hours<br>• Arby Aiwazian – 5 hours<br>• Joanna Ghosh – 6.50 hours<br>• Danielle L. Perry – 5.25 hours<br>• Stephanie S. Ponek – 3 hours<br>• Melissa A. Huether – 3 hours<br>• Amir Nayebdadash – 3.50 hours<br>• Heather Davis – 3.50 hours | 27 | 7 |
| **Meet and Communicate with Plaintiff Cheryl Baker Throughout the Pendency of the Case**<br><br>• Edwin Aiwazian – 5 hours<br>• Arby Aiwazian – 5.75 hours<br>• Joanna Ghosh – 6.50 hours<br>• Danielle L. Perry – 1 hour<br>• Stephanie S. Ponek – 3 hours<br>• Melissa A. Huether – 2.75 hours<br>• Amir Nayebdadash – 2 hours<br>• Heather Davis – 3 hours | 24 | 5 |
| **Investigate Potential Witnesses and Meet and Communicate with Putative Class Members**<br><br>• Arby Aiwazian – 5 hours<br>• Heather Davis – 4.50 hours<br>• Luke Clapp – 5.50 hours | 5 | 10 |

3

| **Pleadings and Court Filings** | | |
|---|---|---|
| Research and Draft Plaintiff Ferrell's Class Action Complaint for Damages and Legal Research and Analysis of All Claims Involved (filed on August 8, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 9 hours<br>• Heather Davis – 2 hours | 9 | 2 |
| Review Court's Minute Order and Initial Status Conference Order (filed on August 26, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Review and Analyze Defendant's Answer to Class Action Complaint for Damages and Research Affirmative Defenses in Defendant's Answer (served on September 29, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 3 hours | 3 | 0 |
| Review Court's Notice of Complex Fee Due & Order to Show Cause (filed on October 1, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Review Defendant's Notices of Substitution of Attorney and Civil Deposit Form (served on October 31, 2014) (Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Draft Plaintiff Ferrell's Notice (filed on November 18, 2014 in Los Angeles Superior Court)<br><br>• Arby Aiwazian – 0.50 hours | 0.50 | 0 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation and [Proposed] Order to Transfer Venue (submitted on November 20, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 2.50 hours<br>• Heather Davis – 1 hour | 2.50 | 1 |
| Review Courts Minute Order and Order Granting Stipulation to Transfer Venue (submitted on December 4, 2014) (Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours<br>• Heather Davis – 0.10 hours | 0.10 | 0.10 |
| Review and Analyze Defendant's Answer to Class Action Complaint for Damages and Research Affirmative Defenses in Defendant's Answer (served on December 5, 2014) (Los Angeles Superior Court)<br><br>• Amir Nayebdadash – 1.50 hours | 0 | 1.50 |
| Draft Civil Deposit Form (filed on December 10, 2014) (Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.25 hours | 0.25 | 0 |
| Review Court's Notice of Outgoing Transfer (filed on December 24, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Review Court's Notice of Case Management Conference and Assignment of Judge for All Purposes and Notice of Receipt of Papers and Pleadings (filed on January 29, 2015 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Case Management Statement Per Local Rule 2.1.11(D) (filed on February 17, 2015 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 2 hours | 2 | 0 |
| Review Court's Notice of Assignment of Judge for All Purposes (filed on February 18, 2015 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Review Court's Order Designating Case as Provisionally Complex and Requiring Parties to Meet and Confer and File Joint Status Report and Case Management Conference Minutes/ Order to Show Cause (filed on February 23, 2015 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Conference Report (filed on May 22, 2015 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Review Court's Minute Order (filed on June 5, 2015 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Review Court's Minute Order (filed on November 3, 2015 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Notice of Settlement (filed on February 17, 2016 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 1.50 hours | 1.50 | 0 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Conference Statement (filed on September 13, 2016 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 1.50 hours | 1.50 | 0 |
| Review Court's Minute Order (filed on September 20, 2016 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Vacate or Continue Hearing Date for a Contested Class Certification Motion; and [Proposed] Order Thereon (submitted on August 16, 2017 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Review Court's Order Granting Joint Stipulation to Vacate or Continue Hearing Date for a Contested Class Certification Motion (filed on August 18, 2017 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Vacate or Continue Hearing Date for a Contested Class Certification Motion; and [Proposed] Order Thereon (submitted on December 22, 2017 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.50 hours | 1.50 | 0 |
| Review Court's Order Granting Joint Stipulation to Vacate or Continue Hearing Date for a Contested Class Certification Motion (filed on January 2, 2018 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |

7

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Shortening Time for Plaintiff to File and Serve the Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification; and [Proposed] Order Thereon (submitted on May 8, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1 hour | 1 | 0 |
| Review Court's Notice of Assignment of Judge for All Purposes (filed on May 9, 2018 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Review Court's Order Granting Joint Stipulation Shortening Time for Plaintiff to File and Serve the Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification (submitted on May 14, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Review Court's Minute Order (filed on June 19, 2018 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial; [Proposed] Order Thereon (submitted on August 9, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Review Court's Order Granting Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial (filed on August 10, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial; [Proposed] Order Thereon (submitted on November 14, 2018 in Fresno Superior Court)<br><br>• Stephanie S. Ponek – 1 hour | 1 | 0 |
| Review Court's Order Granting Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial (filed on November 16, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Granting Plaintiff Leave to File a First Amended Complaint and Continuing Motion for Class Certification and Trial Setting Conference; and [Proposed] Order Thereon (submitted on January 24, 2019 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Review Court's Minute Order (filed on February 26, 2019 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Research and Draft Plaintiffs' Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code Section 2698, Et Seq. and Legal Research and Analysis of All Claims Involved (filed on March 5, 2019 in Fresno Superior Court in Fresno Superior Court)<br><br>• Edwin Aiwazian – 1.50 hours<br>• Heather Davis – 3 hours | 1.50 | 3 |
| Review and Analyze Defendant's Answer to First Amended Complaint and Research Affirmative Defenses in Defendant's Answer (served on March 6, 2019 in Fresno Superior Court)<br><br>• Heather Davis – 2 hours | 0 | 2 |

| | | |
|---|---|---|
| Review Defendant's Notice to Adverse Party of Removal to Federal Court (served on March 12, 2019 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Review Court's Standing Order, Order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate Judge, and Notice of Availability Voluntary Dispute Resolution (filed on March 12, 2019)<br><br>• Edwin Aiwazian – 0.10 hours<br>• Heather Davis – 0.10 hours | 0.10 | 0.10 |
| Review Court's Order Advancing Mandatory Scheduling Conference to April 2, 2019 (filed on March 14, 2019)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Rule 26(f) Report (filed on March 26, 2019)<br><br>• Joanna Ghosh – 3 hours<br>• Heather Davis – 1 hour | 3 | 1 |
| Review Defendant's Declination of Jurisdiction of United States Magistrate Judge (served on March 26, 2019)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Review Court's Order Continuing Mandatory Scheduling Conference to May 14, 2019 (filed on March 29, 2019)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report and Stipulation to Continue Mandatory Scheduling Conference and [Proposed] Order Thereon (submitted on May 9, 2019)<br><br>• Joanna Ghosh – 1.25 hours | 1.25 | 0 |

| | | |
|---|---|---|
| Review Court's Order Continuing Mandatory Scheduling Conference to July 29, 2019 (filed on May 9, 2019)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report and Stipulation to Continue Mandatory Scheduling Conference and [Proposed] Order Thereon (submitted on July 23, 2019)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report and Stipulation to Continue Mandatory Scheduling Conference (submitted on September 20, 2019)<br><br>• Joanna Ghosh – 0.75 hours | 0.75 | 0 |
| Review Court's Order Continuing Mandatory Scheduling Conference to December 3, 2019 at 2:30 P.M. (filed on September 23, 2019)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Review Court's Minute Order (filed on November 26, 2019)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report and Stipulation to Continue Mandatory Scheduling Conference and [Proposed] Order Thereon (submitted on November 26, 2019)<br><br>• Edwin Aiwazian – 0.75 hours | 0.75 | 0 |
| Review Court's Order Vacating January 15, 2020 Hearing on Motion for Preliminary Approval (filed on January 13, 2020)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |

| | | |
|---|---|---|
| Review Court's Order Unassigning District Judge and Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (filed on February 3, 2020)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel and Draft Joint Stipulation to Modify Settlement Administration Procedure; [Proposed] Order Approving Stipulation to Modify Settlement Administration Procedure (filed on December 15, 2020)<br><br>• Edwin Aiwazian – 1 hour<br>• Stephanie S. Ponek – 1.50 hours | 2.50 | 0 |
| Review Court's Order Approving Stipulation to Modify Settlement Administration Procedure (filed on December 23, 2020)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| **Appearances** | | |
| Prepare for and Attend Initial Status Conference (November 7, 2014 in Los Angeles Superior Court)<br><br>• Arby Aiwazian – 3 hours | 3 | 0 |
| Prepare for and Attend Status Conference via CourtCall (November 3, 2015 in Fresno Superior Court)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Prepare for and Attend Status Conference via CourtCall (September 20, 2016 in Fresno Superior Court)<br><br>• Henna Choi – 1 hour | 1 | 0 |
| Prepare for and Attend Hearing on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement via CourtCall (May 9, 2017 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |

| | | |
|---|---|---|
| Prepare for and Attend Hearing on Trial Setting Conference and Motion for Class Certification (February 26, 2019 in Fresno Superior Court)<br><br>• Joanna Ghosh – 4 hours | 4 | 0 |
| **Discovery and Deposition** | | |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Kevin Ferrell (served on June 27, 2014)<br><br>• Edwin Aiwazian – 1.25 hours | 1.25 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Kevin Ferrell (served on July 30, 2014)<br><br>• Arby Aiwazian – 2 hours<br>• Heather Davis – 1.50 hours | 2 | 1.50 |
| Draft Plaintiff Ferrell's Form Interrogatories - General (Set One), Special Interrogatories (Set One), Special Interrogatories (Set Two), and Requests for Production of Documents (Set One) to Defendant (served on November 11, 2014)<br><br>• Danielle L. Perry – 9 hours<br>• Heather Davis – 2 hours | 9 | 2 |
| Draft Plaintiff Ferrell's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (December 9, 2014; Organizational Structure) (served on November 11, 2014)<br><br>• Danielle L. Perry – 3 hours<br>• Heather Davis – 1 hour | 3 | 1 |

| | | |
|---|---|---|
| Draft Plaintiff Ferrell's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (December 10, 2014; Job Duties) (served on November 11, 2014)<br><br>• Danielle L. Perry – 4.50 hours<br>• Heather Davis – 1.75 hours | 4.50 | 1.75 |
| Review and Analyze Defendant's Objections to the Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (December 9, 2014; Organizational Structure) (served on December 1, 2014)<br><br>• Heather Davis – 3.50 hours | 0 | 3.50 |
| Review and Analyze Defendant's Objections to the Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (December 10, 2014; Job Duties) (served on December 2, 2014)<br><br>• Heather Davis – 5 hours | 0 | 5 |
| Review and Analyze Defendant's Objections and Responses to Plaintiff's Special Interrogatories (Set One) (served on December 15, 2014)<br><br>• Heather Davis – 1.50 hours | 0 | 1.50 |
| Review and Analyze Defendant's Objections and Responses to Plaintiff's Form Interrogatories - General (Set One), Objections and Responses to Special Interrogatories (Set Two), and Objections and Responses to Requests for Production of Documents (Set One) (served on January 16, 2015<br><br>• Danielle L. Perry – 8.25 hours<br>• Elizabeth Parker-Fawley – 4.25 hours<br>• Joanna Ghosh – 6 hours<br>• Heather Davis – 4 hours | 18.50 | 4 |

| | | |
|---|---|---|
| Review and Analyze Documents Produced by Defendant (served on January 16, 2015)<br><br>• Danielle L. Perry – 2.50 hours<br>• Heather Davis – 2.50 hours | 2 | 2.50 |
| Review and Analyze Defendant's Form Interrogatories - General (Set One), Form Interrogatories – Employment Law (Set One), Special Interrogatories (Set One), and Requests for Production of Documents (Set One) to Plaintiff Kevin Ferrell (served on December 5, 2014); and Draft Plaintiff Ferrell's Responses to Defendant's Form Interrogatories - General (Set One), Responses to Form Interrogatories – Employment Law (Set One), Responses to Special Interrogatories (Set One), and Responses to Requests for Production of Documents (Set One) (served on February 18, 2015)<br><br>• Edwin Aiwazian – 5.50 hours<br>• Danielle L. Perry – 11.75 hours<br>• Heather Davis – 3 hours | 17.25 | 3 |
| Draft Plaintiff's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (February 26, 2015; Organizational Structure & Job Duties) (served on February 24, 2015)<br><br>• Danielle L. Perry – 1.50 hours | 1.50 | 0 |
| Review and Analyze Defendant's Objections to the Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (February 26, 2015; Organizational Structure & Job Duties) (served on February 26, 2015)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Prepare for, Travel to/from, and Take the Deposition of Person Most Knowledgeable Rosemary Lynch (February 26, 2015; Fresno, California) and Review Deposition Transcript<br><br>• Edwin Aiwazian – 3 hours<br>• Danielle L. Perry – 17.50 hours | 20.50 | 0 |

| | | |
|---|---|---|
| Review and Analyze Documents Produced by Defendant (served on February 26, 2015)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Cheryl Baker (served on March 10, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft *Belaire-West* Administration Notice and Opt-Out Postcard (drafted March 24, 2015)<br><br>• Edwin Aiwazian – 2 hours | 2 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Cheryl Baker (served on March 31, 2015)<br><br>• Heather Davis – 2.50 hours | 0 | 2.50 |
| Draft Plaintiff Ferrell's Supplemental Responses to Defendant's Form Interrogatories - General (Set One), Supplemental Responses to Form Interrogatories – Employment Law (Set One), Supplemental Responses to Special Interrogatories (Set One), and Supplemental Responses to Requests for Production of Documents (Set One) (served on June 2, 2015)<br><br>• Edwin Aiwazian – 2.25 hours<br>• Danielle L. Perry – 6.50 hours | 8.75 | 0 |
| Review Defendant's Notices to Consumer or Employee to Plaintiff Kevin Ferrell (served on June 8, 2015)<br><br>• Edwin Aiwazian – 1 hour | 1 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on August 6, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |

| | | |
|---|---|---|
| Review Defendant's Deposition Subpoena to Shrine Hospitality, LLC (served on August 20, 2015)<br><br>• Edwin Aiwazian – 1 hour | 1 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Class Member (served on August 27, 2015)<br><br>• Arby Aiwazian – 1.25 hours<br>• Heather Davis – 3.50 hours | 1.25 | 3.50 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on September 9, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on September 14, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft Plaintiff Ferrell's Special Interrogatories (Set Three) and Requests for Production of Documents (Set Two) to Defendant (served on September 16, 2015)<br><br>• Danielle L. Perry – 4.50 hours<br>• Heather Davis – 1 hour | 4.50 | 1 |
| Draft Plaintiff Ferrell's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (October 6, 2015; Affirmative Defenses) (served on September 16, 2015)<br><br>• Danielle L. Perry – 2.50 hours | 2.50 | 0 |

| | | |
|---|---|---|
| Draft Notices of Deposition of Forty-Five (45) Non-Party Witness: Cynthia Baca, Cheryl Baker, Clarissa Pulido, David Lara, Damian Manuel, Diana Montejano, Jacquelyn West, Evelyn Zepeda, Francisco Hernandez, Chris Del Bosque, Joe Britsch, Jimmy Cook, Jose Lopez, John Sadler, Karina Alvarado, Katie Barrera, Kristan Gant, Kadia Hunter, Kandis Keb, Karina Ramirez, Kathy Taylor, Lakesha Myles, Lorena Ramos, Lathe Strange, Marc Belger, Jose Manuel Bucio Arteaga, Mayra De Alfaro, Maria Hernandez, Marco Ramos, Misty Villarreal, Nora Berrera, Nathan Bergum, Natasha James, Pamela Chimienti, Peggy Solis, Patricia West, Ruben Acosta, Reponia Agostini, Richard Raya, Rocio Tapia, Richelle Thompson, Shawna Dulan, Suzanne Grocha, Wayne Rivera, and Yisel Perez (served on September 25, 2015)<br><br>• Danielle L. Perry – 7.50 hours<br>• Heather Davis – 3 hours | 7.50 | 3 |
| Review and Analyze Defendant's Objections and Responses to the Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (October 6, 2015; Affirmative Defenses) (served on September 29, 2015)<br><br>• Edwin Aiwazian – 3 hours | 3 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on September 29, 2015)<br><br>• Arby Aiwazian – 1.50 hours<br>• Amir Nayebdadash – 1 hour | 1.50 | 1 |
| Review and Analyze Defendant's Objections to the Deposition Notices of Non-Party Witnesses Karina Alvarado and Reponia Aogostini (served on October 2, 2015)<br><br>• Arby Aiwazian – 0.75 hours | 0.75 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on October 5, 2015)<br><br>• Amir Nayebdadash – 3.25 hours | 0 | 3.25 |

| | | |
|---|---|---|
| Review and Analyze Defendant's Objections to the Deposition Notices of Non-Party Witnesses: Cheryl Baker, Cynthia Baca, David Lara, Jimmy Cook, Jose Manuel Bucio Arteaga, Mark Belger, Mayra de Alfaro, Pamela Chimenti, Shuana Dulan, Suzanne Grocha, and Maria Hernandez (served on October 6, 2015)<br><br>• Edwin Aiwazian – 0.75 hours | 0.75 | 0 |
| Review and Analyze Defendant's Objections and Responses to Plaintiff's Special Interrogatories (Set Three) and Objections and Responses to Requests for Production of Documents (Set Two) (served on October 20, 2015)<br><br>• Edwin Aiwazian – 6 hours | 6 | 0 |
| Draft Plaintiff Ferrell's Re-Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (October 23, 2015; Affirmative Defenses) (served on October 20, 2015)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Review and Analyze Defendant's Objections and Responses to Plaintiff's Re-Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (October 23, 2015; Affirmative Defenses) (served on October 22, 2015)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Prepare for, Travel to/from, and Take the Deposition of Person Most Knowledgeable Rosemary Lynch (October 23, 2015; Fresno, California) and Review Deposition Transcript<br><br>• Edwin Aiwazian – 2.50 hours<br>• D. Elliot Gonzalez – 13 hours | 15.50 | 0 |

| | | |
|---|---|---|
| Draft Plaintiff Ferrell's Further Supplemental Responses to Defendant's Form Interrogatories - General (Set One), Further Supplemental Responses to Form Interrogatories – Employment Law (Set One), and Further Supplemental Responses to Special Interrogatories (Set One) (served on November 10, 2015)<br><br>• Danielle L. Perry – 6 hours | 6 | 0 |
| Review and Analyze Defendant's Notice to Consumer or Employee to Plaintiff Kevin Ferrell (served on November 18, 2015)<br><br>• Edwin Aiwazian – 1.50 hours | 1.50 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on November 23, 2015)<br><br>• Edwin Aiwazian – 0.75 hours | 0.75 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on December 1, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft Follow-up Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on December 22, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft Plaintiff's Notice of Deposition of Non-Party Witness Yeshi Wisniewski and Re-Notice of Deposition of Non-Party Witness Evelyn Zepeda (served on December 29, 2015)<br><br>• Danielle L. Perry – 2 hours | 2 | 0 |
| Draft Follow-up Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on December 30, 2015)<br><br>• Edwin Aiwazian – 0.25 hours | 0.25 | 0 |

| | | |
|---|---|---|
| Draft Plaintiff's Notice of Deposition of Non-Party Witness Gerald Johnson (served on January 4, 2016)<br><br>• Danielle L. Perry – 1.75 hours | 1.75 | 0 |
| Review and Analyze Defendant's Objection to the Deposition Notice of Non-Party Witness Gerald Johnson (served on January 5, 2016)<br><br>• Heather Davis – 1 hour | 0 | 1 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on January 5, 2016)<br><br>• Arby Aiwazian – 1 hour<br>• Heather Davis – 1 hour | 1 | 1 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on January 5, 2016)<br><br>• Edwin Aiwazian – 1 hour<br>• Heather Davis – 3 hours | 1 | 3 |
| Prepare for, Travel to/from, and Take the Deposition of Non-Party Witness Yeshi Uriah Wisniewski (January 6, 2016; Fresno, California) and Review Deposition Transcript<br><br>• Edwin Aiwazian – 3 hours<br>• Elizabeth Parker-Fawley – 11.50 hours | 14.50 | 0 |
| Prepare for, Travel to/from, and Defend the Deposition of Non-Party Witness Evelyn Zepeda (January 7, 2016; Fresno, California) and Review Deposition Transcript<br><br>• Edwin Aiwazian – 2.50 hours<br>• Elizabeth Parker-Fawley – 12 hours | 14.50 | 0 |

21

| | | |
|---|---|---|
| Draft Plaintiff's Second Further Supplemental Responses to Defendant's Form Interrogatories - General (Set One) (served on January 25, 2016)<br><br>• Danielle L. Perry – 5 hours | 5 | 0 |
| Review and Analyze Documents Produced by Defendant (served on May 22, 2017)<br><br>• Edwin Aiwazian – 1.50 hours<br>• Heather Davis – 1 hour | 1.50 | 1 |
| **Letters and Correspondence** | | |
| Draft PAGA Notice to California Labor and Workforce Development Agency Re: Claims of Plaintiff Cheryl Baker for Penalties Under California Labor Code section 2698, *et seq.* (served on August 7, 2015)<br><br>• Edwin Aiwazian – 3 hours<br>• Heather Davis – 1 hour | 3 | 1 |
| Meet with Defendant's Counsel, and Draft Correspondence to, and Respond to Correspondence from, Defendant's Counsel<br><br>• Edwin Aiwazian – 6 hours<br>• Arby Aiwazian – 1.50 hour<br>• Danielle L. Perry – 5 hours<br>• Joanna Ghosh – 2.50 hours<br>• Heather Davis – 3 hours<br>• Amir Nayebdadash – 2 hours | 15 | 5 |

| **Mediation/Settlement** | | |
|---|---|---|
| Review and Analyze Mediation Data and Documents Produced by Defendant (served on December 28, 2015)<br><br>• Edwin Aiwazian – 7.25 hours<br>• Joanna Ghosh – 6 hours<br>• Danielle L. Perry – 8 hours<br>• Stephanie S. Ponek – 6.75 hours<br>• Eric Boyajian – 8 hours<br>• Heather Davis – 4 hours | 28 | 12 |
| Prepare for Mediation, Including Researching Settlement-Related Issues and Merits of Claims, Drafting the Mediation Brief, Compiling the Exhibits in Support of Mediation Brief, and Performing Damages Analysis/Calculations (submitted on January 25, 2016)<br><br>• Edwin Aiwazian – 5.50 hours<br>• Danielle L. Perry – 7.50 hours<br>• Eric Boyajian – 6.50 hours<br>• Heather Davis – 3.50 hours | 13 | 10 |
| Travel to/from and Attend Mediation Session (January 27, 2016; Los Angeles, California)<br><br>• Edwin Aiwazian – 10 hours<br>• Eric Boyajian – 10 hours<br>• Heather Davis – 8 hours | 10 | 18 |

| | | |
|---|---|---|
| Draft, Review, Revise, Negotiate, and Finalize Joint Stipulation of Settlement and Release to Settle Class Action (executed on February 22, 2017) and Draft Exhibits <br><br> • Edwin Aiwazian – 3.25 hours <br> • Joanna Ghosh – 7.75 hours <br> • Heather Davis – 4 hours | 11 | 4 |
| Draft, Review, Revise, Negotiate, and Finalize Amended Joint Stipulation of Settlement and Release to Settle Class Action (executed on May 18, 2018) and Draft Exhibits <br><br> • Edwin Aiwazian – 2 hours <br> • Joanna Ghosh – 4.50 hours <br> • Heather Davis – 3 hours | 6.50 | 3 |
| Draft, Review, Revise, Negotiate, and Finalize Joint Stipulation of Settlement and Release to Settle Class, Collective, and PAGA Claims (executed on September 16, 2019) and Draft Exhibits <br><br> • Edwin Aiwazian – 2.75 hours <br> • Joanna Ghosh – 4.25 hours <br> • Melissa A. Huether – 3.25 hours <br> • Heather Davis – 4 hours | 10.25 | 4 |
| Coordinate Settlement Administration with Settlement Administrator, Ongoing Monitoring of Settlement Administration, and Respond to Class Inquiries <br><br> • Edwin Aiwazian – 2 hours <br> • Joanna Ghosh – 2 hours <br> • Stephanie S. Ponek – 4 hours <br> • Heather Davis – 1 hour | 8 | 1 |

| Law and Motion | | |
|---|---|---|
| Research and Draft Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Declaration of Edwin Aiwazian in Support Thereof, Declaration of Heather Davis in Support Thereof, Declaration of Kevin Ferrell in Support Thereof, Declaration of Cheryl Baker in Support Thereof, and [Proposed] Order Thereon (filed on February 22, 2017 and February 24, 2017 in Fresno Superior Court)<br><br> • Edwin Aiwazian – 3 hours<br> • Julia Z. Wells – 6 hours<br> • Heather Davis – 5.50 hours | 9 | 5.50 |
| Review Court's Minute Order Regarding Motion for Preliminary Approval of Class Action Settlement (filed on May 9, 2017 in Fresno Superior Court)<br><br> • Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Research and Draft Plaintiffs' Notice of Motion and Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement, Declaration of Edwin Aiwazian in Support Thereof, Declaration of Heather Davis in Support Thereof, Declaration of Kevin Ferrell in Support Thereof, Declaration of Cheryl Baker in Support Thereof, and [Proposed] Order Thereon (filed on May 18, 2018 in Fresno Superior Court)<br><br> • Edwin Aiwazian – 1 hour<br> • Joanna Ghosh – 1.25 hours<br> • Stephanie S. Ponek – 6 hours<br> • Heather Davis – 4 hours | 8.25 | 4 |
| Review and Analyze Defendant's Declaration of Rosemary Lynch in Support of Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement (filed on May 18, 2018 in Fresno Superior Court)<br><br> • Edwin Aiwazian – 1 hour | 1 | 0 |

| | | |
|---|---|---|
| Review and Analyze Defendant's Notice of Removal of Action Pursuant to 28 U.S.C. §§1331, 1441, and 1446; Declaration of John T. Egley in Support Thereof; Corporate Disclosure Statement in Support Thereof; Civil Cover Sheet; and Notice of Interested Parties (served on March 11, 2019 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 3 hours<br>• Heather Davis – 0.50 hours | 3 | 0.50 |
| Research and Draft Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Declaration of Edwin Aiwazian in Support Thereof, Declaration of Heather Davis in Support Thereof, Declaration of Kevin Ferrell in Support Thereof, Declaration of Cheryl Baker in Support Thereof, and [Proposed] Order Thereon (filed on November 25, 2019)<br><br>• Edwin Aiwazian – 2 hours<br>• Joanna Ghosh – 1.50 hours<br>• Stephanie S. Ponek – 4.25 hours<br>• Melissa A. Huether – 4.25 hours<br>• Heather Davis – 1.50 hour<br>• Luke Clapp – 1 hour | 12 | 2.50 |
| Review and Analyze Defendant's Declaration of Rosemary Lynch in Support of Motion for Preliminary Approval of Class Action Settlement (served on November 25, 2019)<br><br>• Edwin Aiwazian – 0.75 hours | 0.75 | 0 |
| Review Court's Findings and Recommendations Recommending Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (filed on January 21, 2020)<br><br>• Edwin Aiwazian – 1 hour | 1 | 0 |
| Review Court's Order Directing the Filing of Supplemental Briefing and Documentation Re Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (filed on May 5, 2020)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |

| | | |
|---|---|---|
| Research and Meet and Confer with Defendant's Counsel to Draft Joint Supplemental Brief in Support of Plaintiffs' Motion for Preliminary Approval of Class and Collective Action; Supplemental Declaration of Edwin Aiwazian in Support Thereof; and Supplemental Declaration of Heather Davis in Support Thereof<br><br>• Edwin Aiwazian – 3.25 hours<br>• Stephanie S. Ponek – 2.75 hours<br>• Melissa A. Huether – 8.50 hours<br>• Heather Davis – 4 hours<br>• Luke Clapp – 1 hour | 14.50 | 5 |
| Review and Analyze Settlement Administrator's Declaration Regarding Settlement Notice Administration; and Research and Draft Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement; Motion for Attorneys' Fees, Costs, and Incentive Awards, Declaration of Edwin Aiwazian in Support Thereof, Declaration of Heather Davis in Support Thereof, and Revise [Proposed] Final Approval Order and Judgment and [Proposed] Order Granting Class Counsel Fees and Costs, and Incentive Awards<br><br>• Edwin Aiwazian – 1.50 hours<br>• Arby Aiwazian – 2 hours<br>• Stephanie S. Ponek – 3.25 hours<br>• Melissa A. Huether – 7.25 hours<br>• Heather Davis – 4 hours<br>• Luke Clapp – 1 hour | 14 | 5 |
| **Total Hours:** | 500.10 | 190.80 |
| **Total Combined Hours:** | **690.90** | |

27

# EXHIBIT B

# LAWYERS for JUSTICE PC CASE COST DETAIL
## Ferrell v. Buckingham Property Management

| Date | Payee | Expense Description | Amount |
|------|-------|---------------------|--------|
| 6/24/2014 | Norco Overnight | Courier Service | 17.60 |
| 6/26/2014 | FedEx Express | Courier Service | 22.67 |
| 7/31/2014 | Norco Overnight | Courier Service | 17.60 |
| 8/8/2014 | Los Angeles Superior Court | Filing Fee | 435.00 |
| 8/8/2014 | ProLegal | Attorney Service | 65.55 |
| 8/12/2014 | ProLegal | Attorney Service | 157.95 |
| 8/24/2014 | ProLegal | Courier Service | 20.55 |
| 8/28/2014 | U.S. Postmaster | Postage | 0.96 |
| 9/15/2014 | Norco Overnight | Courier Service | 15.68 |
| 9/18/2014 | FedEx Express | Courier Service | 20.11 |
| 10/6/2014 | ProLegal | Attorney Service | 58.57 |
| 10/7/2014 | Los Angeles Superior Court | Complex Fee | 1,000.00 |
| 10/7/2014 | ProLegal | Attorney Service | 17.05 |
| 10/8/2014 | ProLegal | Attorney Service | 66.32 |
| 10/14/2014 | U.S. Postmaster | Postage | 3.64 |
| 10/15/2014 | ProLegal | Attorney Service | 23.05 |
| 10/30/2014 | U.S. Postmaster | Postage | 2.03 |
| 11/11/2014 | Norco Overnight | Courier Service | 15.69 |
| 11/17/2014 | Arby Aiwazian | Travel Reimbursement | 19.36 |
| 11/20/2014 | Los Angeles Superior Court | Filing Fee | 20.00 |
| 12/4/2014 | Los Angeles Superior Court | Filing Fee | 50.00 |
| 12/11/2014 | Norco Overnight | Courier Service | 18.44 |
| 12/15/2014 | FedEx Express | Courier Service | 21.94 |
| 1/5/2015 | Fresno Superior Court | Filing Fee | 435.00 |
| 2/20/2015 | CourtCall, LLC | Attorney Service | 116.00 |
| 2/25/2015 | Danielle Perry | Travel Reimbursement | 325.56 |
| 2/26/2015 | Esquire Deposition Solutions | Court Reporter | 1,767.35 |
| 4/17/2015 | CPT Group, Inc. | Notice Mailing | 763.06 |
| 5/22/2015 | ProLegal | Attorney Service | 144.95 |
| 6/2/2015 | U.S. Postmaster | Postage | 3.29 |
| 6/4/2015 | Case Anywhere, LLC | Attorney Service | 123.00 |
| 8/14/2015 | Case Anywhere, LLC | Attorney Service | 125.00 |
| 9/16/2015 | Golden State Overnight | Courier Service | 16.90 |
| 10/23/2015 | D. Elliot Gonzalez | Travel Reimbursement | 441.29 |
| 10/23/2015 | Esquire Deposition Solutions | Videography Service | 786.25 |
| 10/23/2015 | Esquire Deposition Solutions | Court Reporter | 994.61 |
| 11/3/2015 | CourtCall, LLC | Attorney Service | 86.00 |
| 12/17/2015 | Golden State Overnight | Courier Service | 11.17 |
| 12/29/2015 | Golden State Overnight | Courier Service | 14.98 |
| 1/4/2016 | Golden State Overnight | Courier Service | 11.22 |

# LAWYERS for JUSTICE PC CASE COST DETAIL
## Ferrell v. Buckingham Property Management

| | | | |
|---|---|---|---:|
| 1/6/2016 | Esquire Deposition Solutions | Court Reporter | 1,411.86 |
| 1/6/2016 | Esquire Deposition Solutions | Videography Service | 1,268.75 |
| 1/7/2016 | Elizabeth Parker | Travel Reimbursement | 613.38 |
| 1/7/2016 | Esquire Deposition Solutions | Court Reporter | 1,600.00 |
| 1/7/2016 | Esquire Deposition Solutions | Court Reporter | 1,750.95 |
| 1/13/2016 | Paul Hastings LLP | Mediation Fee | 6,000.00 |
| 1/25/2016 | Golden State Overnight | Courier Service | 33.71 |
| 1/27/2016 | Maryam Jafari | Travel Reimbursement | 82.89 |
| 2/2/2016 | Golden State Overnight | Courier Service | 16.31 |
| 2/17/2016 | ProLegal | Attorney Service | 99.95 |
| 2/29/2016 | Golden State Overnight | Courier Service | 22.80 |
| 10/14/2016 | FedEx Express | Courier Service | 35.61 |
| 10/14/2016 | Golden State Overnight | Courier Service | 15.05 |
| 10/19/2016 | FedEx Express | Courier Service | 31.89 |
| 10/26/2016 | FedEx Express | Courier Service | 18.23 |
| 3/1/2017 | One Legal | Attorney Service | 13.55 |
| 3/9/2017 | One Legal | Attorney Service | 13.55 |
| 3/14/2017 | CourtCall, LLC | Attorney Service | 86.00 |
| 3/30/2017 | CourtCall, LLC | Attorney Service | 86.00 |
| 8/22/2017 | Fresno Superior Court | Filing Fee | 20.00 |
| 8/22/2017 | One Legal | Attorney Service | 14.62 |
| 8/22/2017 | U.S. Postmaster | Postage | 1.19 |
| 12/22/2017 | Fresno Superior Court | Filing Fee | 20.00 |
| 12/22/2017 | One Legal | Attorney Service | 14.62 |
| 5/9/2018 | Fresno Superior Court | Filing Fee | 20.00 |
| 5/9/2018 | One Legal | Attorney Service | 14.22 |
| 5/22/2018 | Fresno Superior Court | Filing Fee | 60.00 |
| 5/22/2018 | One Legal | Attorney Service | 15.26 |
| 6/1/2018 | CourtCall, LLC | Attorney Service | 86.00 |
| 8/10/2018 | Fresno Superior Court | Filing Fee | 20.00 |
| 8/10/2018 | One Legal | Attorney Service | 14.22 |
| 11/15/2018 | Fresno Superior Court | Filing Fee | 60.00 |
| 11/15/2018 | One Legal | Attorney Service | 15.68 |
| 1/29/2019 | One Legal | Attorney Service | 34.36 |
| 2/15/2019 | CourtCall, LLC | Attorney Service | 94.00 |
| 3/7/2019 | One Legal | Attorney Service | 13.55 |
| 5/7/2019 | San Diego Superior Court | Document Download Fee | 8.48 |
| 11/27/2019 | Legal Document Server, Inc. | Attorney Service | 245.00 |
| | | **Total:** | **22,227.07** |

1  Edwin Aiwazian (Cal. State Bar No. 232943)
   edwin@lfjpc.com
2  Arby Aiwazian (Cal. State Bar No. 269827)
   arby@lfjpc.com
3  Joanna Ghosh (Cal. State Bar No. 272479)
   joanna@lfjpc.com
4  LAWYERS for JUSTICE, PC
   410 West Arden Avenue, Suite 203
5  Glendale, California 91203
   Telephone: (818) 265-1020
6  Facsimile: (818) 265-1021

7
   HEATHER DAVIS, S B N  239372
8  heather@protectionlawgroup.com
   AMIR NAYEBDADASH, SBN 232204
9  amir@protectionlawgroup.com
   **PROTECTION LAW GROUP, LLP**
10 237 California Street
   El Segundo, California 90245
11 Telephone: (424) 290-3095
   Facsimile: (866) 264-7880
12

13 Attorneys for Plaintiffs

14

15                **UNITED STATES DISTRICT COURT**

16                **EASTERN DISTRICT OF CALIFORNIA**

17 | KEVIN FERRELL; individually, and on | Case No.: 1:19-cv-00332-NONE-SAB
18 | behalf of other members of the general public |
   | similarly situated; CHERYL BAKER, | Honorable Judge Dale A. Drozd
19 | individually, and on behalf of other members | Courtroom 5
   | of the general public similarly situated and on |
20 | behalf of other aggrieved employees pursuant | **DECLARATION OF HEATHER DAVIS**
   | to the California Private Attorneys General | **IN SUPPORT OF PLAINTIFFS'**
21 | Act; | **RENEWED MOTION FOR FINAL**
                                                     **APPROVAL OF CLASS AND**
22 |             Plaintiff, | **COLLECTIVE ACTION**
                                                     **SETTLEMENT AND IN SUPPORT OF**
23 |      vs. | **PLAINTIFFS' MOTION FOR CLASS**
                                                     **COUNSEL FEES, COSTS, AND**
24 |                | **INCENTIVE AWARDS**
25 | BUCKINGHAM PROPERTY |
   | MANAGEMENT, a California corporation; | Hearing Date:  November 16, 2021
26 | and DOES 1 through 100, inclusive, | Hearing Time:  9:30 a.m.
                                                     Department:    5
27 |             Defendants. |

28

---

DECLARATION OF HEATHER M. DAVIS, ESQ.

1

## DECLARATION OF HEATHER M. DAVIS ESQ.

2

I, Heather M. Davis, declare as follows:

3

      1.     I am an attorney duly licensed to practice law before all courts of the State of

4

California and all United States District Courts in the State of California.  I am a Partner of the

5

Protection Law Group, LLP, attorneys of record for named plaintiffs Kevin Ferrell and Cheryl

6

Baker "Plaintiffs") in the class action lawsuit against defendant Buckingham Property

7

Management ("Defendant").  I have personal knowledge of the facts stated herein and if called as

8

a witness I could and would competently testify thereto.

9

      2.     I am a duly licensed attorney and have been a member of the Colorado State Bar

10

since 1998, the California State Bar since 2005 and the Arizona State Bar since 2007.  I

11

graduated from the University of Denver School of Law in 1998 and I am licensed to practice

12

before all courts of the State of California and Colorado as well as the State of Arizona and

13

District Courts throughout the country.

14

## CLASS COUNSEL'S BACKGROUND AND EXPERIENCE

15

      3.     Prior to opening my law firm, I developed particular experience in the area of

16

wage and hour litigation.  For instance, between 2004 and 2007, I worked for a national law firm

17

solely devoted to the representation of employers and largely represented Wal-Mart and Sam's

18

Club, as the largest employer in the United states in hundreds of employment matters. Further,

19

between 2007 and 2013, I joined the law firm of Littler Mendelson, P.C., the largest labor and

20

employment law firm in the United States.

21

      4.     During my employment with Littler Mendelson, P.C., I continued my practice of

22

employment law and was responsible for and defended dozens of complex class actions

23

involving some of the largest representative and class actions brought under the California Labor

24

Code, including meal and rest break violations, overtime, minimum wage claims, off-the-clock

25

work and other related wage claims. My practice included the management of dozens of class

26

actions.  My management of these cases included taking and defending hundreds of depositions

27

and interviews of hundreds of putative class members as well as extensive state, federal and

28

appellate briefing on hundreds of wage and hour issues involving class actions.

---

5.      During my employment at Littler Mendelson, I played a significant role in the class actions for which I was responsible.  In particular, I was often in charge of leading the strategy of the cases and drafting all of the briefs.  I received a wide-array of wage and hour class action experience performing the following types of tasks: drafting demurrers; motions to strike and/or dismiss; removing actions from state court to federal court; drafting and responding to written discovery; drafting and opposing discovery related motions; arguing discovery related motions; drafting motions to consolidate related matters; interviewing putative class members and obtaining declarations in connection with class certification; drafting oppositions to motions for class certification; drafting motions for decertification following class certification; conducting exposure analyses to assess the strengths and weaknesses of asserted claims, the likelihood of prevailing at class certification and potential damages resulting from such claims; drafting mediation briefs; serving as the primary contact to in-house counsel; deposing Plaintiff and putative class members; deposing retained expert witnesses; and defending the depositions of corporate witnesses.  In short, I played an integral role in all aspects of litigation from the inception of a matter through and beyond class certification.

6.      During my practice in other jurisdictions and continuing today, I have been primarily devoted to working in employment law and on complex class action and representative litigation and multi-plaintiff work.

7.      Protection Law Group LLP is a law firm specifically devoted to the representation of employees against Employers in California involving claims relating to violations of the California Labor Code, including claims for failure to pay all wages owed, failure to pay overtime premiums, failure to any meal and rest premiums and failure to provide accurate wage records. The practice of employment law is a very specific, narrow field which requires diligence in an ever-evolving field of substantive and procedural law.

8.      Although not exhaustive, below is a representative list of several of the wage and hour class actions that I performed substantial work on while I was an attorney with Littler Mendelson, including, but not limited to: *Villacres v. ABM Industries, Inc*., 189 Cal.App.4th 562 (2010); *Brizuela v. Copart, Inc.,* CIVRS11101592, (San Bernardino Superior Court class action settlement); *Augustus v. ABM Industries, Inc.,* 233 Cal.App.4th 1065 (2014); *Tagaki v. United*

DECLARATION OF HEATHER M. DAVIS, ESQ - 2

*Airlines,* 2:11-CV9191 (Central District class action settlement), *Babasa v. Comerica, Inc.,* 3:11-CV00595, *Leyva v. Medline Industries, Inc.* 5:11-cv-00164 (Central District), *Blue v. Coldwell Banker Residential Brokerage Co*., BC417335, (Los Angeles Superior Court, class action settlement), and *Acosta v. Texwood Industries, Inc*., 2:07-cv-03237-DDP-PLA (Central District class action settlement).

9.      Since opening my firm, I have served as lead counsel or co-class counsel in several wage and hour class and/or representative actions seeking wages and penalties owed on behalf of employees for which final approval of the settlement or class certification has been granted, including, but not limited to the following:

- *Morera v. Continental Assets Mgmt*., BC502003, (Los Angeles Superior Court wage and hour Class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Fong et al. v. Regis Corporation*, 3:13-cv-13-04497 VC, (United States District Court, Northern District of California, appointing Protection Law Group, LLP as class counsel in settlement);

- *Drayton v. Hollywood Park Casino*, BC593935 (Los Angeles Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Holzer v. Wedbush Securities, Inc*., BC550462 (Los Angeles Superior Court wage and hour class action certifying class and appointing Protection Law Group, LLP as class counsel);

- *Khan v. FPI Management, Inc.*, JCCP4819 (Los Angeles Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Byrd v. Masonite Corp*., 5:16-cv-00035-JGBKK (United States District Court, Central District of California appointing Protection Law Group, LLP as class counsel in settlement);

- *Utterbach v. Daylight Transport, LLC* BC600994 (Los Angeles Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement)

- *Hadrick v. Woodmont Real Estate Services., et al*., CIV 530405 (San Mateo County Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Eiden v. Olive & June*, BC654685 (Los Angeles Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Lemus v. Slater Inc.*, CIVDS1703633 (San Bernardino Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Deluna v. Amerit Fleet Solutions et al.*, CIVDS1721564 (San Bernardino Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Commick v. Prometheus Real Estate Group*, CIV531264 (San Mateo Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Martinez v. AMRO Fabricating Corp.*, BC681938 (Los Angeles Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Ramirez v. Western National Properties*, BC639319 (Los Angeles Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Hernandez v. Access Dental Plan et. al*, 34-2017-00220944 (Sacramento Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Fernandez v. Sumitomo Rubber North America, Inc.*, CIVDS 1803211 (San Bernardino Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Stone v. Universal Protection Services*, AAA Case No. 01-15-0002-7497 (American Arbitration Association wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Fuentes v. Communications Test Design, Inc*. Case No. CIVDS1802427 (San Bernardino Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement);

- *Hartline v. Senior Operations, LLC*, Case No. BC697665 (Los Angeles Superior Court wage and our class action appointing Protection Law Group, LLP as class counsel in settlement);

- *White v. Windy Pizza Plus, LLC*, Case No BC593377 (Los Angeles Superior Court wage and hour class action certifying class and appointing Protection Law Group, LLP as class counsel);

- *Carrozzella v. Basalite Concrete Products, LLC*, Case No. 34-2017-00220214 (Sacramento Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement)

- *Howey v. Battery Systems, Inc.*, Case No. 2026114 (Stanislaus Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement)

- *Correa v. Cashbak*, *LLC*, Case No. BC723845 (Los Angeles Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement)

- *Lemus v. Cass Construction*, Case No 37-2017-00028180 (San Diego Superior Court wage and hour class action appointing Protection Law Group, LLP as class counsel in settlement).

10.    I am fully familiar with the legal and factual issues in this case, and have specific experience litigating complex wage and hour actions as class actions, including employment cases as set forth above.

11.    The Settlement presented here only resulted after having engaged in extensive informal discovery and investigation and is the product of hard-fought litigation and extensive arm's-length negotiations. In my opinion as an experienced class counsel, the Settlement is fair, reasonable, adequate, and in the best interests of the Class.

## THE SETTLEMENT IS REASONABLE

12.     The preliminarily approved settlement is the result of intense and hotly contested litigation between the parties. At all times, the negotiations leading to this settlement were adversarial, non-collusive, and at arms' length. The parties attended a full day of mediation with

1   Paul Grossman, Esq. After substantial negotiations, and with the assistance of the mediator, the

2   parties were able to reach agreeable terms.

3       13.   Prior to reaching a settlement, my office and Lawyers *for* Justice conducted

4   significant investigation into the claims alleged by Plaintiffs Ferrell and Baker. My office

5   conducted legal research regarding the applicable Labor Code Sections and reviewed and

6   analyzed the Class Members' time and pay records, as well as its relevant employment policies,

7   practices, and procedures. Prior to mediation, my office along with Lawyers *for* Justice

8   conducted a class-wide assessment and analysis of potential damages. This investigation prior to

9   mediation allowed Class Counsel to effectively and intelligently negotiate the Settlement.

10      14.   The Settlement provides a significant recovery for the Class: (1) the Settlement

11  Class will obtain recovery over a reasonably short period of time as opposed to waiting years for

12  the same, or possibly a worse result; (2) a guaranteed result that compares favorably with other

13  similar class action settlements of this type; (3) significant savings in Class Counsel's fees and

14  costs which would have only increased significantly had the case progressed through trial,

15  appeals, etc. The settlement has also received substantial support and participation from the

16  class.

17      15.   I am fully familiar with the legal and factual issues in this case, and have specific

18  experience litigating and settlement complex and class actions, including employment cases as

19  set forth above. I have diligently pursued an investigation of the claims asserted against

20  Defendant while Defendant vigorously defended against such claims. Counsel for the parties

21  used the pre mediation time period to investigate the veracity, strength, and scope of the claims,

22  and Class Counsel were actively preparing the case for class certification and trial. Based on my

23  experience for more than 15 years as a defense attorney in wage and hour employment cases and

24  now working as a plaintiffs' attorney for many years puts me in a unique position to evaluate the

25  strengths and weakness of a case and has helped to prosecute this class action with maximum

26  efficiency.

27

28

16.     Accordingly, for the reasons set forth above as well as in Plaintiffs' Motions for Preliminary and Final Approval I submit that the settlement is fair, reasonable, adequate and in the best interest of Plaintiffs and other class members.

## WORK PERFORMED BY CLASS COUNSEL

17.     Attached hereto as **Exhibit A** is the Attorney Task and Time Chart that sets forth in detail the numerous tasks that each firm performed in this case and the time required for completing those tasks. The chart demonstrates the manner in which the two firms divided the tasks performed on behalf of Plaintiffs and the Class Members. The chart indicates that Lawyers *for* Justice, PC has spent an estimated 500.10 hours and my firm, Protection Law Group LLP spent a total 190.80 hours litigating these cases. Collectively, Class Counsel have spent a total of 690.90 hours performing tasks on behalf of Plaintiffs and the Class.

18.     Alongside my co-counsel with Lawyers *for* Justice, my firm has fully and actively participated in this litigation process including *inter alia* conducting legal research and investigations, analyzing voluminous documents produced in this matter, participating in case strategy and analysis, drafting, reviewing, and revising pleadings, motions, and the mediation brief. My office also took time preparing for mediation, engaging in settlement negotiations, and preparing for hearings with the Court.   These efforts have spanned more than six years of litigation.

19.     Including myself, Protection Law Group currently includes eight attorneys, all of whom actively and continuously represent plaintiffs in employment class actions and representative actions, in Superior Courts throughout the State of California, in the Court of Appeal, and in various Federal courts. Because of the unique history and nature of our practice, all of the attorneys at Protection Law Group have a high level of knowledge and experience in labor and employment law. Besides myself, the following attorneys at Protection Law Group expended significant time in connection with this matter:

a.   Amir Nayebdadash – Mr. Nayebdadash, received his Bachelor of Arts degree from University of California, Los Angeles in 1998 and a Juris Doctor degree from Pepperdine University School of Law in 2003. He was admitted to practice

law in California in November of 2004, and has been admitted to practice in all federal district courts in the State of California. Prior to founding Protection Law Group, LLP, Mr. Nayebdadash worked at Littler Mendelson, P.C., the largest labor and employment law firm in the United States. In 2013, Mr. Nayebdadash and I founded Protection Law Group LLP.  Since the inception of Protection of Law Group, LLP, Mr. Nayebdadash has focused his practice on the representation of employees against employers in California. Mr. Nayebdadash has extensive experience in all aspects of employment litigation, with a focus on wage and hour class and representative action, including, but not limited to taking and defending depositions, briefing and arguing motions, preparing for class certification, negotiating complex wage and hour settlements, trial and appeal.

b.  Eric Boyajian –Mr. Boyajian worked at Protection Law Group between 2013 and 2017. Prior working with myself and Mr. Nayebdadash, Mr. Boyajian held several clerkships and judicial externships, as follows: the L.A. District Attorney's Office-Preliminary Hearings Unit & Hardcore Gang Unit; National Association of Securities Dealers; California Superior Court, Malibu Courthouse – Judge Lawrence Mira; and United States District Court, Central District of California – Judge Dikran Tevrizian. After he was admitted to practice law, he worked for the law firm of Lewis Brisbois Bisgaard & Smith LLP which practice dealt exclusively with employment related matters on the defense side, from 2005 to 2007.  Thereafter, through February 2012, Mr. Boyajian served as General Counsel and Vice President for a large employer in California and counseled on all issues related to wage and hour matters, including, the hiring and retention of labor and employment counsel related to wage matters until he began working at Protection Law Group in 2013.

c.  D. Luke Clapp – Mr. Clapp received his Bachelor of Arts degree from Macalester College in 2010, and a Juris Doctor degree from Indiana University Maurer School of Law in 2015. He was admitted to practice law in California in

December of 2015, and has also been admitted to the Central District of California. Since being admitted to California State Bar, Mr. Clapp's practice has focused on the representation of employee plaintiffs in complex wage and hour class and representative actions. Mr. Clapp has extensive experience briefing and arguing motions, managing written discovery, preparing for class certification, and drafting mediation briefs and complex wage and hour settlements.

12.     My billing rate during this case and the actual rate I charged clients on an hourly basis was $750 per hour. My partner, Amir Nayebdadash' s billing rate and the actual rate he charges clients on an hourly basis was $650 per hour. Mr. Boyajian's hourly rate at the time he left the firm was approximately $500 per hour. Luke Clapp is a current associate with Protection Law Group and has a billing rate of $350 per hour. While the overwhelming majority of my firm's practice is contingency-based, this is the actual rate we charge billing clients if retained on an hourly basis to handle employment-law related issues.

13.     Based on my familiarity with prevailing market rates for work of similar complexity in California, including my extensive involvement in fee application work on my own behalf and on behalf of others, I can attest that these hourly rates are within the prevailing market rate for work of similar complexity performed by attorneys of similar skill and experience.  I have extensive knowledge of the prevailing hourly rates in the community for work of similar nature and complexity to the work in this case.  My experience and knowledge in this regard comes from a variety of sources, including: (a) reviewing dozens of fee applications in other matters; (b) my familiarity with fee application orders in other cases; and (c) my independent research and knowledge of the prevailing market rates based on fee requests of other counsel and my familiarity with rates charged in other law firms; and (d) my independent reading and research regarding law firm billing rates.

14.     As such, it is my opinion that our requested hourly rates of $750 for myself, $650 for Mr. Nayebdadash, $500 for Mr. Boyajian, and $350 for Mr. Clapp, and the use of a blended rate of approximately $685 for Protection Law Group based on the work performed in this matter is well within the range of a reasonable rates for attorneys of our skill, knowledge, experience,

and ability. Accordingly, a lodestar value of at least $130,725 is appropriate for the work performed by Protection Law Group over the course of this matter.

| PROTECTION LAW GROUP | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Lodestar** |
| Heather Davis | $750 | 129.30 | $96,975 |
| Amir Nayebdadash | $650 | 28.50 | $18,525 |
| Eric Boyajian | $500 | 24.50 | $12,250 |
| Luke Clapp | $350 | 8.50 | $2,975 |
| | **TOTAL:** | **190.8** | **$130,725** |
| | **Blended Hourly Rate:** | **$685.14** | |

## LITIGATION COSTS AND EXPENSES

15.    Protection Law Group, LLP has incurred $385 in costs and expenses associated with this matter including expenses incurred as a result of litigation in this matter prior to removal of litigation by Defendant. Attached hereto as **Exhibit B**, is a true and correct copy of the costs incurred by Protection Law Group, LLP related to this matter.

## SERVICE AWARD TO THE CLASS REPRESENTATIVES

16.    Plaintiffs Kevin Ferrell and Cheryl Baker request a service award of $3,000 each ($6,000 total). Based on the work Plaintiffs have performed for the benefit of the class, I believe this requested award is both fair and appropriate. Both Plaintiffs searched for and produced documents, employment records, and first-hand facts and evidence necessary to prove the claims alleged in the complaint on behalf of not just themselves but others. They greatly contributed towards the resolution of this matter on a class-wide basis and have diligently followed this matter over the course of nearly six years of litigation. Accordingly, I believe it is appropriate for them to receive a reasonable service award of $3,000 each in addition to their individual settlement amount for the services they performed on behalf of the Class.

//

//

1          I declare under penalty of perjury under the laws of the State of California and the United

2    States of America that the foregoing is true and correct.

3

4          Executed on January 6, 2021, at El Segundo, California.

5

6                                _____

7                                  Heather M. Davis

DECLARATION OF HEATHER M. DAVIS, ESQ - 11

# Exhibit A

## ATTORNEY TASK AND TIME CHART
### *FERRELL V. BUCKINGHAM PROPERTY MANAGEMENT*
### EASTERN DISTRICT OF CALIFORNIA CASE NO. 1:19-CV-00332-NONE-SAB

| TASK | LAWYERS *for* JUSTICE, PC | PROTECTION LAW GROUP, LLP |
|---|---|---|
| **Investigation and Research / Due Diligence** | | |
| Pre-Lawsuit Investigation of (1) the Key Facts with a Focus on Class Certification Elements, Including Adequacy, Typicality, Superiority, and Commonality; (2) the Merits of Plaintiff Kevin Ferrell's Claims and the Merits of the Claims of the Putative Class Members; and (3) Potential Damages Exposure of Defendant Buckingham Property Management ("Defendant") with Respect to the Damages Sustained by Plaintiff and the Putative Class Members<br><br>• Edwin Aiwazian – 6 hours<br>• Arby Aiwazian – 3 hours<br>• Amir Nayebdadash – 6.25 hours | 9 | 6.25 |
| Pre-Lawsuit Legal Research and Analysis of Latest Off-the-Clock, Meal and Rest Break, and Certification Decisions in California, Including all New Relevant DLSE Materials<br><br>• Arby Aiwazian – 4 hours<br>• Heather Davis – 3.75 hours | 4 | 3.75 |
| Investigation of Defendant, Defendant's Business Relationships, and the Industry in which Defendant Operates<br><br>• Arby Aiwazian – 2 hours<br>• Amir Nayebdadash – 4 hours | 2 | 4 |

1

| | | |
|---|---|---|
| Research and Investigation Re: Arbitration and Analysis of Enforceability<br><br>• Heather Davis – 4 hours | 0 | 4 |
| Research and Investigation Re: Locations Owned, Managed, or Operated by Defendant in California During the Class Period, Including Differences Between the Various Locations to Determine Whether Those Differences Will Cause Individual Issues to Predominate Over Common Issues<br><br>• Heather Davis – 3 hours | 0 | 3 |
| Research and Investigation Re: Defendant's Policies, Practices, and Procedures Relating to Timekeeping, Meal/Rest Breaks, Reporting Time, Overtime Compensation, and Reimbursement of Business-Related Expenses<br><br>• Edwin Aiwazian – 5.75 hours<br>• Arby Aiwazian – 4.25 hours<br>• Heather Davis – 5 hours | 10 | 5 |
| Research and Analysis of Potential Defenses Defendant May Raise, Including *De Minimis* Work, Non-Compensable Off-the-Clock Work, Waiver, and Compliant Policies<br><br>• Edwin Aiwazian – 3 hours | 3 | 0 |
| Research and Investigation Re: Post-*Duran vs. U.S. Bank* Trial Manageability Issues, including Research Regarding Which Experts to Retain and For What Purpose<br><br>• Amir Nayebdadash – 5 hours | 0 | 5 |

| | | |
|---|---|---|
| **Meet and Communicate with Plaintiff Kevin Ferrell Throughout the Pendency of the Case**<br><br>• Edwin Aiwazian – 4.25 hours<br>• Arby Aiwazian – 5 hours<br>• Joanna Ghosh – 6.50 hours<br>• Danielle L. Perry – 5.25 hours<br>• Stephanie S. Ponek – 3 hours<br>• Melissa A. Huether – 3 hours<br>• Amir Nayebdadash – 3.50 hours<br>• Heather Davis – 3.50 hours | 27 | 7 |
| **Meet and Communicate with Plaintiff Cheryl Baker Throughout the Pendency of the Case**<br><br>• Edwin Aiwazian – 5 hours<br>• Arby Aiwazian – 5.75 hours<br>• Joanna Ghosh – 6.50 hours<br>• Danielle L. Perry – 1 hour<br>• Stephanie S. Ponek – 3 hours<br>• Melissa A. Huether – 2.75 hours<br>• Amir Nayebdadash – 2 hours<br>• Heather Davis – 3 hours | 24 | 5 |
| **Investigate Potential Witnesses and Meet and Communicate with Putative Class Members**<br><br>• Arby Aiwazian – 5 hours<br>• Heather Davis – 4.50 hours<br>• Luke Clapp – 5.50 hours | 5 | 10 |

3

| **Pleadings and Court Filings** | | |
|---|---|---|
| Research and Draft Plaintiff Ferrell's Class Action Complaint for Damages and Legal Research and Analysis of All Claims Involved (filed on August 8, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 9 hours<br>• Heather Davis – 2 hours | 9 | 2 |
| Review Court's Minute Order and Initial Status Conference Order (filed on August 26, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Review and Analyze Defendant's Answer to Class Action Complaint for Damages and Research Affirmative Defenses in Defendant's Answer (served on September 29, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 3 hours | 3 | 0 |
| Review Court's Notice of Complex Fee Due & Order to Show Cause (filed on October 1, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Review Defendant's Notices of Substitution of Attorney and Civil Deposit Form (served on October 31, 2014) (Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Draft Plaintiff Ferrell's Notice (filed on November 18, 2014 in Los Angeles Superior Court)<br><br>• Arby Aiwazian – 0.50 hours | 0.50 | 0 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation and [Proposed] Order to Transfer Venue (submitted on November 20, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 2.50 hours<br>• Heather Davis – 1 hour | 2.50 | 1 |
| Review Courts Minute Order and Order Granting Stipulation to Transfer Venue (submitted on December 4, 2014) (Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours<br>• Heather Davis – 0.10 hours | 0.10 | 0.10 |
| Review and Analyze Defendant's Answer to Class Action Complaint for Damages and Research Affirmative Defenses in Defendant's Answer (served on December 5, 2014) (Los Angeles Superior Court)<br><br>• Amir Nayebdadash – 1.50 hours | 0 | 1.50 |
| Draft Civil Deposit Form (filed on December 10, 2014) (Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.25 hours | 0.25 | 0 |
| Review Court's Notice of Outgoing Transfer (filed on December 24, 2014 in Los Angeles Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Review Court's Notice of Case Management Conference and Assignment of Judge for All Purposes and Notice of Receipt of Papers and Pleadings (filed on January 29, 2015 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Case Management Statement Per Local Rule 2.1.11(D) (filed on February 17, 2015 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 2 hours | 2 | 0 |
| Review Court's Notice of Assignment of Judge for All Purposes (filed on February 18, 2015 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Review Court's Order Designating Case as Provisionally Complex and Requiring Parties to Meet and Confer and File Joint Status Report and Case Management Conference Minutes/ Order to Show Cause (filed on February 23, 2015 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Conference Report (filed on May 22, 2015 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Review Court's Minute Order (filed on June 5, 2015 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Review Court's Minute Order (filed on November 3, 2015 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Notice of Settlement (filed on February 17, 2016 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 1.50 hours | 1.50 | 0 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Conference Statement (filed on September 13, 2016 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 1.50 hours | 1.50 | 0 |
| Review Court's Minute Order (filed on September 20, 2016 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Vacate or Continue Hearing Date for a Contested Class Certification Motion; and [Proposed] Order Thereon (submitted on August 16, 2017 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Review Court's Order Granting Joint Stipulation to Vacate or Continue Hearing Date for a Contested Class Certification Motion (filed on August 18, 2017 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation to Vacate or Continue Hearing Date for a Contested Class Certification Motion; and [Proposed] Order Thereon (submitted on December 22, 2017 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.50 hours | 1.50 | 0 |
| Review Court's Order Granting Joint Stipulation to Vacate or Continue Hearing Date for a Contested Class Certification Motion (filed on January 2, 2018 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Shortening Time for Plaintiff to File and Serve the Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification; and [Proposed] Order Thereon (submitted on May 8, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1 hour | 1 | 0 |
| Review Court's Notice of Assignment of Judge for All Purposes (filed on May 9, 2018 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Review Court's Order Granting Joint Stipulation Shortening Time for Plaintiff to File and Serve the Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification (submitted on May 14, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Review Court's Minute Order (filed on June 19, 2018 in Fresno Superior Court)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial; [Proposed] Order Thereon (submitted on August 9, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Review Court's Order Granting Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial (filed on August 10, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |

| | | |
|---|---|---|
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial; [Proposed] Order Thereon (submitted on November 14, 2018 in Fresno Superior Court)<br><br>• Stephanie S. Ponek – 1 hour | 1 | 0 |
| Review Court's Order Granting Joint Stipulation Continuing Hearing Dates for Motion for Class Certification and Trial Setting Conference and Deadlines to File a Motion for Class Certification and Bring the Action to Trial (filed on November 16, 2018 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Stipulation Granting Plaintiff Leave to File a First Amended Complaint and Continuing Motion for Class Certification and Trial Setting Conference; and [Proposed] Order Thereon (submitted on January 24, 2019 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Review Court's Minute Order (filed on February 26, 2019 in Fresno Superior Court)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Research and Draft Plaintiffs' Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code Section 2698, Et Seq. and Legal Research and Analysis of All Claims Involved (filed on March 5, 2019 in Fresno Superior Court in Fresno Superior Court)<br><br>• Edwin Aiwazian – 1.50 hours<br>• Heather Davis – 3 hours | 1.50 | 3 |
| Review and Analyze Defendant's Answer to First Amended Complaint and Research Affirmative Defenses in Defendant's Answer (served on March 6, 2019 in Fresno Superior Court)<br><br>• Heather Davis – 2 hours | 0 | 2 |

| | | |
|---|---|---|
| Review Defendant's Notice to Adverse Party of Removal to Federal Court (served on March 12, 2019 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Review Court's Standing Order, Order Setting Mandatory Scheduling Conference, Notice of Availability of Magistrate Judge, and Notice of Availability Voluntary Dispute Resolution (filed on March 12, 2019)<br><br>• Edwin Aiwazian – 0.10 hours<br>• Heather Davis – 0.10 hours | 0.10 | 0.10 |
| Review Court's Order Advancing Mandatory Scheduling Conference to April 2, 2019 (filed on March 14, 2019)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Rule 26(f) Report (filed on March 26, 2019)<br><br>• Joanna Ghosh – 3 hours<br>• Heather Davis – 1 hour | 3 | 1 |
| Review Defendant's Declination of Jurisdiction of United States Magistrate Judge (served on March 26, 2019)<br><br>• Heather Davis – 0.10 hours | 0 | 0.10 |
| Review Court's Order Continuing Mandatory Scheduling Conference to May 14, 2019 (filed on March 29, 2019)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report and Stipulation to Continue Mandatory Scheduling Conference and [Proposed] Order Thereon (submitted on May 9, 2019)<br><br>• Joanna Ghosh – 1.25 hours | 1.25 | 0 |

| | | |
|---|---|---|
| Review Court's Order Continuing Mandatory Scheduling Conference to July 29, 2019 (filed on May 9, 2019)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report and Stipulation to Continue Mandatory Scheduling Conference and [Proposed] Order Thereon (submitted on July 23, 2019)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report and Stipulation to Continue Mandatory Scheduling Conference (submitted on September 20, 2019)<br><br>• Joanna Ghosh – 0.75 hours | 0.75 | 0 |
| Review Court's Order Continuing Mandatory Scheduling Conference to December 3, 2019 at 2:30 P.M. (filed on September 23, 2019)<br><br>• Joanna Ghosh – 0.10 hours | 0.10 | 0 |
| Review Court's Minute Order (filed on November 26, 2019)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel, and Draft Joint Status Report and Stipulation to Continue Mandatory Scheduling Conference and [Proposed] Order Thereon (submitted on November 26, 2019)<br><br>• Edwin Aiwazian – 0.75 hours | 0.75 | 0 |
| Review Court's Order Vacating January 15, 2020 Hearing on Motion for Preliminary Approval (filed on January 13, 2020)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |

| | | |
|---|---|---|
| Review Court's Order Unassigning District Judge and Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (filed on February 3, 2020)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Meet and Confer with Defendant's Counsel and Draft Joint Stipulation to Modify Settlement Administration Procedure; [Proposed] Order Approving Stipulation to Modify Settlement Administration Procedure (filed on December 15, 2020)<br><br>• Edwin Aiwazian – 1 hour<br>• Stephanie S. Ponek – 1.50 hours | 2.50 | 0 |
| Review Court's Order Approving Stipulation to Modify Settlement Administration Procedure (filed on December 23, 2020)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| **Appearances** | | |
| Prepare for and Attend Initial Status Conference (November 7, 2014 in Los Angeles Superior Court)<br><br>• Arby Aiwazian – 3 hours | 3 | 0 |
| Prepare for and Attend Status Conference via CourtCall (November 3, 2015 in Fresno Superior Court)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Prepare for and Attend Status Conference via CourtCall (September 20, 2016 in Fresno Superior Court)<br><br>• Henna Choi – 1 hour | 1 | 0 |
| Prepare for and Attend Hearing on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement via CourtCall (May 9, 2017 in Fresno Superior Court)<br><br>• Joanna Ghosh – 1.75 hours | 1.75 | 0 |

| | | |
|---|---|---|
| Prepare for and Attend Hearing on Trial Setting Conference and Motion for Class Certification (February 26, 2019 in Fresno Superior Court)<br><br>• Joanna Ghosh – 4 hours | 4 | 0 |
| **Discovery and Deposition** | | |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Kevin Ferrell (served on June 27, 2014)<br><br>• Edwin Aiwazian – 1.25 hours | 1.25 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Kevin Ferrell (served on July 30, 2014)<br><br>• Arby Aiwazian – 2 hours<br>• Heather Davis – 1.50 hours | 2 | 1.50 |
| Draft Plaintiff Ferrell's Form Interrogatories - General (Set One), Special Interrogatories (Set One), Special Interrogatories (Set Two), and Requests for Production of Documents (Set One) to Defendant (served on November 11, 2014)<br><br>• Danielle L. Perry – 9 hours<br>• Heather Davis – 2 hours | 9 | 2 |
| Draft Plaintiff Ferrell's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (December 9, 2014; Organizational Structure) (served on November 11, 2014)<br><br>• Danielle L. Perry – 3 hours<br>• Heather Davis – 1 hour | 3 | 1 |

13

| | | |
|---|---|---|
| Draft Plaintiff Ferrell's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (December 10, 2014; Job Duties) (served on November 11, 2014)<br><br>• Danielle L. Perry – 4.50 hours<br>• Heather Davis – 1.75 hours | 4.50 | 1.75 |
| Review and Analyze Defendant's Objections to the Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (December 9, 2014; Organizational Structure) (served on December 1, 2014)<br><br>• Heather Davis – 3.50 hours | 0 | 3.50 |
| Review and Analyze Defendant's Objections to the Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (December 10, 2014; Job Duties) (served on December 2, 2014)<br><br>• Heather Davis – 5 hours | 0 | 5 |
| Review and Analyze Defendant's Objections and Responses to Plaintiff's Special Interrogatories (Set One) (served on December 15, 2014)<br><br>• Heather Davis – 1.50 hours | 0 | 1.50 |
| Review and Analyze Defendant's Objections and Responses to Plaintiff's Form Interrogatories - General (Set One), Objections and Responses to Special Interrogatories (Set Two), and Objections and Responses to Requests for Production of Documents (Set One) (served on January 16, 2015<br><br>• Danielle L. Perry – 8.25 hours<br>• Elizabeth Parker-Fawley – 4.25 hours<br>• Joanna Ghosh – 6 hours<br>• Heather Davis – 4 hours | 18.50 | 4 |

| | | |
|---|---|---|
| Review and Analyze Documents Produced by Defendant (served on January 16, 2015)<br><br>• Danielle L. Perry – 2.50 hours<br>• Heather Davis – 2.50 hours | 2 | 2.50 |
| Review and Analyze Defendant's Form Interrogatories - General (Set One), Form Interrogatories – Employment Law (Set One), Special Interrogatories (Set One), and Requests for Production of Documents (Set One) to Plaintiff Kevin Ferrell (served on December 5, 2014); and Draft Plaintiff Ferrell's Responses to Defendant's Form Interrogatories - General (Set One), Responses to Form Interrogatories – Employment Law (Set One), Responses to Special Interrogatories (Set One), and Responses to Requests for Production of Documents (Set One) (served on February 18, 2015)<br><br>• Edwin Aiwazian – 5.50 hours<br>• Danielle L. Perry – 11.75 hours<br>• Heather Davis – 3 hours | 17.25 | 3 |
| Draft Plaintiff's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (February 26, 2015; Organizational Structure & Job Duties) (served on February 24, 2015)<br><br>• Danielle L. Perry – 1.50 hours | 1.50 | 0 |
| Review and Analyze Defendant's Objections to the Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (February 26, 2015; Organizational Structure & Job Duties) (served on February 26, 2015)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Prepare for, Travel to/from, and Take the Deposition of Person Most Knowledgeable Rosemary Lynch (February 26, 2015; Fresno, California) and Review Deposition Transcript<br><br>• Edwin Aiwazian – 3 hours<br>• Danielle L. Perry – 17.50 hours | 20.50 | 0 |

| | | |
|---|---|---|
| Review and Analyze Documents Produced by Defendant (served on February 26, 2015)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Cheryl Baker (served on March 10, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft *Belaire-West* Administration Notice and Opt-Out Postcard (drafted March 24, 2015)<br><br>• Edwin Aiwazian – 2 hours | 2 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Plaintiff Cheryl Baker (served on March 31, 2015)<br><br>• Heather Davis – 2.50 hours | 0 | 2.50 |
| Draft Plaintiff Ferrell's Supplemental Responses to Defendant's Form Interrogatories - General (Set One), Supplemental Responses to Form Interrogatories – Employment Law (Set One), Supplemental Responses to Special Interrogatories (Set One), and Supplemental Responses to Requests for Production of Documents (Set One) (served on June 2, 2015)<br><br>• Edwin Aiwazian – 2.25 hours<br>• Danielle L. Perry – 6.50 hours | 8.75 | 0 |
| Review Defendant's Notices to Consumer or Employee to Plaintiff Kevin Ferrell (served on June 8, 2015)<br><br>• Edwin Aiwazian – 1 hour | 1 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on August 6, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |

| | | |
|---|---|---|
| Review Defendant's Deposition Subpoena to Shrine Hospitality, LLC (served on August 20, 2015)<br><br>• Edwin Aiwazian – 1 hour | 1 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Class Member (served on August 27, 2015)<br><br>• Arby Aiwazian – 1.25 hours<br>• Heather Davis – 3.50 hours | 1.25 | 3.50 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on September 9, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on September 14, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft Plaintiff Ferrell's Special Interrogatories (Set Three) and Requests for Production of Documents (Set Two) to Defendant (served on September 16, 2015)<br><br>• Danielle L. Perry – 4.50 hours<br>• Heather Davis – 1 hour | 4.50 | 1 |
| Draft Plaintiff Ferrell's Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (October 6, 2015; Affirmative Defenses) (served on September 16, 2015)<br><br>• Danielle L. Perry – 2.50 hours | 2.50 | 0 |

17

| | | |
|---|---|---|
| Draft Notices of Deposition of Forty-Five (45) Non-Party Witness: Cynthia Baca, Cheryl Baker, Clarissa Pulido, David Lara, Damian Manuel, Diana Montejano, Jacquelyn West, Evelyn Zepeda, Francisco Hernandez, Chris Del Bosque, Joe Britsch, Jimmy Cook, Jose Lopez, John Sadler, Karina Alvarado, Katie Barrera, Kristan Gant, Kadia Hunter, Kandis Keb, Karina Ramirez, Kathy Taylor, Lakesha Myles, Lorena Ramos, Lathe Strange, Marc Belger, Jose Manuel Bucio Arteaga, Mayra De Alfaro, Maria Hernandez, Marco Ramos, Misty Villarreal, Nora Berrera, Nathan Bergum, Natasha James, Pamela Chimienti, Peggy Solis, Patricia West, Ruben Acosta, Reponia Agostini, Richard Raya, Rocio Tapia, Richelle Thompson, Shawna Dulan, Suzanne Grocha, Wayne Rivera, and Yisel Perez (served on September 25, 2015) <br><br> • Danielle L. Perry – 7.50 hours <br> • Heather Davis – 3 hours | 7.50 | 3 |
| Review and Analyze Defendant's Objections and Responses to the Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (October 6, 2015; Affirmative Defenses) (served on September 29, 2015) <br><br> • Edwin Aiwazian – 3 hours | 3 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on September 29, 2015) <br><br> • Arby Aiwazian – 1.50 hours <br> • Amir Nayebdadash – 1 hour | 1.50 | 1 |
| Review and Analyze Defendant's Objections to the Deposition Notices of Non-Party Witnesses Karina Alvarado and Reponia Aogostini (served on October 2, 2015) <br><br> • Arby Aiwazian – 0.75 hours | 0.75 | 0 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on October 5, 2015) <br><br> • Amir Nayebdadash – 3.25 hours | 0 | 3.25 |

| | | |
|---|---|---|
| Review and Analyze Defendant's Objections to the Deposition Notices of Non-Party Witnesses: Cheryl Baker, Cynthia Baca, David Lara, Jimmy Cook, Jose Manuel Bucio Arteaga, Mark Belger, Mayra de Alfaro, Pamela Chimenti, Shuana Dulan, Suzanne Grocha, and Maria Hernandez (served on October 6, 2015)<br><br>• Edwin Aiwazian – 0.75 hours | 0.75 | 0 |
| Review and Analyze Defendant's Objections and Responses to Plaintiff's Special Interrogatories (Set Three) and Objections and Responses to Requests for Production of Documents (Set Two) (served on October 20, 2015)<br><br>• Edwin Aiwazian – 6 hours | 6 | 0 |
| Draft Plaintiff Ferrell's Re-Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (October 23, 2015; Affirmative Defenses) (served on October 20, 2015)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Review and Analyze Defendant's Objections and Responses to Plaintiff's Re-Notice of Deposition of Person Most Knowledgeable at Defendant and Requests for Production of Documents (October 23, 2015; Affirmative Defenses) (served on October 22, 2015)<br><br>• Danielle L. Perry – 1 hour | 1 | 0 |
| Prepare for, Travel to/from, and Take the Deposition of Person Most Knowledgeable Rosemary Lynch (October 23, 2015; Fresno, California) and Review Deposition Transcript<br><br>• Edwin Aiwazian – 2.50 hours<br>• D. Elliot Gonzalez – 13 hours | 15.50 | 0 |

19

| | | |
|---|---|---|
| Draft Plaintiff Ferrell's Further Supplemental Responses to Defendant's Form Interrogatories - General (Set One), Further Supplemental Responses to Form Interrogatories – Employment Law (Set One), and Further Supplemental Responses to Special Interrogatories (Set One) (served on November 10, 2015)<br><br>• Danielle L. Perry – 6 hours | 6 | 0 |
| Review and Analyze Defendant's Notice to Consumer or Employee to Plaintiff Kevin Ferrell (served on November 18, 2015)<br><br>• Edwin Aiwazian – 1.50 hours | 1.50 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on November 23, 2015)<br><br>• Edwin Aiwazian – 0.75 hours | 0.75 | 0 |
| Draft Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on December 1, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft Follow-up Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on December 22, 2015)<br><br>• Edwin Aiwazian – 0.50 hours | 0.50 | 0 |
| Draft Plaintiff's Notice of Deposition of Non-Party Witness Yeshi Wisniewski and Re-Notice of Deposition of Non-Party Witness Evelyn Zepeda (served on December 29, 2015)<br><br>• Danielle L. Perry – 2 hours | 2 | 0 |
| Draft Follow-up Letter to Defendant Re: Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on December 30, 2015)<br><br>• Edwin Aiwazian – 0.25 hours | 0.25 | 0 |

| | | |
|---|---|---|
| Draft Plaintiff's Notice of Deposition of Non-Party Witness Gerald Johnson (served on January 4, 2016)<br><br>• Danielle L. Perry – 1.75 hours | 1.75 | 0 |
| Review and Analyze Defendant's Objection to the Deposition Notice of Non-Party Witness Gerald Johnson (served on January 5, 2016)<br><br>• Heather Davis – 1 hour | 0 | 1 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on January 5, 2016)<br><br>• Arby Aiwazian – 1 hour<br>• Heather Davis – 1 hour | 1 | 1 |
| Review and Analyze Documents Produced by Defendant in Response to the Request for Personnel File, Pay Stubs, and Time Records for Putative Class Member (served on January 5, 2016)<br><br>• Edwin Aiwazian – 1 hour<br>• Heather Davis – 3 hours | 1 | 3 |
| Prepare for, Travel to/from, and Take the Deposition of Non-Party Witness Yeshi Uriah Wisniewski (January 6, 2016; Fresno, California) and Review Deposition Transcript<br><br>• Edwin Aiwazian – 3 hours<br>• Elizabeth Parker-Fawley – 11.50 hours | 14.50 | 0 |
| Prepare for, Travel to/from, and Defend the Deposition of Non-Party Witness Evelyn Zepeda (January 7, 2016; Fresno, California) and Review Deposition Transcript<br><br>• Edwin Aiwazian – 2.50 hours<br>• Elizabeth Parker-Fawley – 12 hours | 14.50 | 0 |

| | | |
|---|---|---|
| Draft Plaintiff's Second Further Supplemental Responses to Defendant's Form Interrogatories - General (Set One) (served on January 25, 2016)<br><br>• Danielle L. Perry – 5 hours | 5 | 0 |
| Review and Analyze Documents Produced by Defendant (served on May 22, 2017)<br><br>• Edwin Aiwazian – 1.50 hours<br>• Heather Davis – 1 hour | 1.50 | 1 |
| **Letters and Correspondence** | | |
| Draft PAGA Notice to California Labor and Workforce Development Agency Re: Claims of Plaintiff Cheryl Baker for Penalties Under California Labor Code section 2698, *et seq.* (served on August 7, 2015)<br><br>• Edwin Aiwazian – 3 hours<br>• Heather Davis – 1 hour | 3 | 1 |
| Meet with Defendant's Counsel, and Draft Correspondence to, and Respond to Correspondence from, Defendant's Counsel<br><br>• Edwin Aiwazian – 6 hours<br>• Arby Aiwazian – 1.50 hour<br>• Danielle L. Perry – 5 hours<br>• Joanna Ghosh – 2.50 hours<br>• Heather Davis – 3 hours<br>• Amir Nayebdadash – 2 hours | 15 | 5 |

| **Mediation/Settlement** | | |
|---|---|---|
| Review and Analyze Mediation Data and Documents Produced by Defendant (served on December 28, 2015)<br><br>• Edwin Aiwazian – 7.25 hours<br>• Joanna Ghosh – 6 hours<br>• Danielle L. Perry – 8 hours<br>• Stephanie S. Ponek – 6.75 hours<br>• Eric Boyajian – 8 hours<br>• Heather Davis – 4 hours | 28 | 12 |
| Prepare for Mediation, Including Researching Settlement-Related Issues and Merits of Claims, Drafting the Mediation Brief, Compiling the Exhibits in Support of Mediation Brief, and Performing Damages Analysis/Calculations (submitted on January 25, 2016)<br><br>• Edwin Aiwazian – 5.50 hours<br>• Danielle L. Perry – 7.50 hours<br>• Eric Boyajian – 6.50 hours<br>• Heather Davis – 3.50 hours | 13 | 10 |
| Travel to/from and Attend Mediation Session (January 27, 2016; Los Angeles, California)<br><br>• Edwin Aiwazian – 10 hours<br>• Eric Boyajian – 10 hours<br>• Heather Davis – 8 hours | 10 | 18 |

| | | |
|---|---|---|
| Draft, Review, Revise, Negotiate, and Finalize Joint Stipulation of Settlement and Release to Settle Class Action (executed on February 22, 2017) and Draft Exhibits<br><br>• Edwin Aiwazian – 3.25 hours<br>• Joanna Ghosh – 7.75 hours<br>• Heather Davis – 4 hours | 11 | 4 |
| Draft, Review, Revise, Negotiate, and Finalize Amended Joint Stipulation of Settlement and Release to Settle Class Action (executed on May 18, 2018) and Draft Exhibits<br><br>• Edwin Aiwazian – 2 hours<br>• Joanna Ghosh – 4.50 hours<br>• Heather Davis – 3 hours | 6.50 | 3 |
| Draft, Review, Revise, Negotiate, and Finalize Joint Stipulation of Settlement and Release to Settle Class, Collective, and PAGA Claims (executed on September 16, 2019) and Draft Exhibits<br><br>• Edwin Aiwazian – 2.75 hours<br>• Joanna Ghosh – 4.25 hours<br>• Melissa A. Huether – 3.25 hours<br>• Heather Davis – 4 hours | 10.25 | 4 |
| Coordinate Settlement Administration with Settlement Administrator, Ongoing Monitoring of Settlement Administration, and Respond to Class Inquiries<br><br>• Edwin Aiwazian – 2 hours<br>• Joanna Ghosh – 2 hours<br>• Stephanie S. Ponek – 4 hours<br>• Heather Davis – 1 hour | 8 | 1 |

| Law and Motion | | |
|---|---|---|
| Research and Draft Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Declaration of Edwin Aiwazian in Support Thereof, Declaration of Heather Davis in Support Thereof, Declaration of Kevin Ferrell in Support Thereof, Declaration of Cheryl Baker in Support Thereof, and [Proposed] Order Thereon (filed on February 22, 2017 and February 24, 2017 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 3 hours<br>• Julia Z. Wells – 6 hours<br>• Heather Davis – 5.50 hours | 9 | 5.50 |
| Review Court's Minute Order Regarding Motion for Preliminary Approval of Class Action Settlement (filed on May 9, 2017 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |
| Research and Draft Plaintiffs' Notice of Motion and Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement, Declaration of Edwin Aiwazian in Support Thereof, Declaration of Heather Davis in Support Thereof, Declaration of Kevin Ferrell in Support Thereof, Declaration of Cheryl Baker in Support Thereof, and [Proposed] Order Thereon (filed on May 18, 2018 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 1 hour<br>• Joanna Ghosh – 1.25 hours<br>• Stephanie S. Ponek – 6 hours<br>• Heather Davis – 4 hours | 8.25 | 4 |
| Review and Analyze Defendant's Declaration of Rosemary Lynch in Support of Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement (filed on May 18, 2018 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 1 hour | 1 | 0 |

| | | |
|---|---|---|
| Review and Analyze Defendant's Notice of Removal of Action Pursuant to 28 U.S.C. §§1331, 1441, and 1446; Declaration of John T. Egley in Support Thereof; Corporate Disclosure Statement in Support Thereof; Civil Cover Sheet; and Notice of Interested Parties (served on March 11, 2019 in Fresno Superior Court)<br><br>• Edwin Aiwazian – 3 hours<br>• Heather Davis – 0.50 hours | 3 | 0.50 |
| Research and Draft Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, Declaration of Edwin Aiwazian in Support Thereof, Declaration of Heather Davis in Support Thereof, Declaration of Kevin Ferrell in Support Thereof, Declaration of Cheryl Baker in Support Thereof, and [Proposed] Order Thereon (filed on November 25, 2019)<br><br>• Edwin Aiwazian – 2 hours<br>• Joanna Ghosh – 1.50 hours<br>• Stephanie S. Ponek – 4.25 hours<br>• Melissa A. Huether – 4.25 hours<br>• Heather Davis – 1.50 hour<br>• Luke Clapp – 1 hour | 12 | 2.50 |
| Review and Analyze Defendant's Declaration of Rosemary Lynch in Support of Motion for Preliminary Approval of Class Action Settlement (served on November 25, 2019)<br><br>• Edwin Aiwazian – 0.75 hours | 0.75 | 0 |
| Review Court's Findings and Recommendations Recommending Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (filed on January 21, 2020)<br><br>• Edwin Aiwazian – 1 hour | 1 | 0 |
| Review Court's Order Directing the Filing of Supplemental Briefing and Documentation Re Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (filed on May 5, 2020)<br><br>• Edwin Aiwazian – 0.10 hours | 0.10 | 0 |

26

| | | |
|---|---|---|
| Research and Meet and Confer with Defendant's Counsel to Draft Joint Supplemental Brief in Support of Plaintiffs' Motion for Preliminary Approval of Class and Collective Action; Supplemental Declaration of Edwin Aiwazian in Support Thereof; and Supplemental Declaration of Heather Davis in Support Thereof<br><br>• Edwin Aiwazian – 3.25 hours<br>• Stephanie S. Ponek – 2.75 hours<br>• Melissa A. Huether – 8.50 hours<br>• Heather Davis – 4 hours<br>• Luke Clapp – 1 hour | 14.50 | 5 |
| Review and Analyze Settlement Administrator's Declaration Regarding Settlement Notice Administration; and Research and Draft Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement; Motion for Attorneys' Fees, Costs, and Incentive Awards, Declaration of Edwin Aiwazian in Support Thereof, Declaration of Heather Davis in Support Thereof, and Revise [Proposed] Final Approval Order and Judgment and [Proposed] Order Granting Class Counsel Fees and Costs, and Incentive Awards<br><br>• Edwin Aiwazian – 1.50 hours<br>• Arby Aiwazian – 2 hours<br>• Stephanie S. Ponek – 3.25 hours<br>• Melissa A. Huether – 7.25 hours<br>• Heather Davis – 4 hours<br>• Luke Clapp – 1 hour | 14 | 5 |
| **Total Hours:** | 500.10 | 190.80 |
| **Total Combined Hours:** | **690.90** | |

# Exhibit B

**Ferrell v. Buckingham Property Management, Case No. 1:19-cv-00332 (E.D. Cal)**
**Ferrell v. Buckingham Property Management, Fresno Superior Court Case No. 14CECG03920**

**PROTECTION LAW GROUP LLP EXPENSE REPORT**

| Date | Memo | Debit |
|------|------|-------|
| February 2015-September 2015 | Case Anywhere Fees | $    348.00 |
| March 2016 | Mediation Costs | $     37.00 |
| | **TOTAL  COSTS** | **$    385.00** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN FERRELL, individually, and on behalf of other members of the general public similarly situated; CHERYL BAKER, individually, and on behalf of other members of the general public similarly situated ad on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>          Plaintiffs,<br><br>    vs.<br><br>BUCKINGHAM PROPERTY MANAGEMENT, a California corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No.: 1:19-cv-00332-NONE-SAB<br><br>Honorable Judge Dale A. Drozd<br>Courtroom 5<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER AWARDING FEES AND COSTS AWARD TO CLASS/COLLECTIVE COUNSEL AND INCENTIVE AWARDS TO PLAINTIFFS**<br><br>Date:         November 16, 2021<br>Time:        9:30 a.m.<br>Courtroom:  5<br><br>Complaint Filed:  August 8, 2014<br>FAC Filed:      March 5, 2019<br>Trial Date:     None Set |

1    This matter has come before the Honorable Dale A. Drozd in Courtroom 5 of the United

2    States District Court for the Eastern District of California, Robert E. Coyle United States

3    Courthouse, 2500 Tulare Street, Fresno, California 93721, on Plaintiffs Kevin Ferrell and Cheryl

4    Baker's ("Plaintiffs") Motion for Fees and Cost Award and Incentive Awards.

5    On July 29, 2020, the Court entered an Order Adopting Findings and Granting Plaintiffs'

6    Motion for Conditional Certification and Preliminary Approval of Class and Collective Action

7    Settlement (Doc. No. 28) ("Order Granting Preliminary Approval"), and thereby preliminarily

8    approved the settlement of the above-entitled action ("Action") in accordance with the Joint

9    Stipulation of Settlement and Release of Class, Collective, and PAGA Claims ("Agreement" or

10   "Settlement Agreement") entered into by and between Plaintiffs and Defendant Buckingham

11   Property Management Company ("Defendant"), which, together with the exhibits annexed

12   thereto and Amendment No. 1 to the Settlement Agreement ("Amendment No. 1") set forth the

13   terms and conditions for settlement of the Action ("Settlement").

14   Having reviewed the Settlement Agreement and Amendment No. 1 (together, "Amended

15   Settlement Agreement"), and duly considered the parties' papers and oral argument, and good

16   cause appearing,

17   **THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

18   1.    All terms used herein shall have the same meaning as defined in the Amended

19   Settlement Agreement and the Order Granting Preliminary Approval.

20   2.    This Court has jurisdiction over the claims of the Settlement Class Members and

21   FLSA Collective Members asserted in this proceeding and over all parties to the Action.

22   3.    The Court finds that the Incentive Awards sought are fair and reasonable for the

23   work performed by Plaintiffs on behalf of the Class Members and Proposed FLSA Collective

24   Members.  It is hereby ordered that the Settlement Administrator issue payment in the amount of

25   $3,000 each to Plaintiffs Kevin Ferrell and Cheryl Baker for their Incentive Awards, according to

26   the terms set forth in the Amended Settlement Agreement.

27   4.    The Court finds that the request for attorneys' fees in the amount of $210,000 to

28   Lawyers *for* Justice, PC and Protection Law Group, LLP (together, "Class/Collective Counsel")

falls within the range of reasonableness, and the results achieved justify the award sought. The requested attorneys' fees to Class/Collective Counsel are fair, reasonable, and appropriate, and are hereby approved. It is hereby ordered that the Settlement Administrator issue payment in the amount of $105,000 to Lawyers *for* Justice PC and $105,000 to Protection Law Group LLP for Fees and Costs Award, in accordance with the Amended Settlement Agreement.

5.    The Court finds that litigation costs and expenses in the amount of $22,612.07 to Class/Collective Counsel is reasonable, and hereby approved. It is hereby ordered that the Settlement Administrator issue payment in the amount of $22,227.07 to Lawyers *for* Justice PC and $385 to Protection Law Group LLP for litigation costs and expenses, in accordance with the Amended Settlement Agreement.

6.    Notice of entry of this Order shall be given to Class Members by posting a copy of this Order on Simpluris, Inc.'s website for a period of at least sixty (60) calendar days after the date of entry of this Order. Individualized notice is not required.

**IT IS SO ORDERED.**


DATE: _____          _____

                                        Judge of the United States District Court

Exhibit 4

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

KEVIN FERRELL, et al.,

No.  1:19-cv-00332-JLT-BAK (EPG)

12

          Plaintiffs,

ORDER GRANTING MOTION FOR FINAL
APPROVAL AND GRANTING IN PART
MOTION FOR ATTORNEYS' FEES AND
COSTS

13

     v.

14

BUCKINGHAM PROPERTY
MANAGEMENT,

(Docs. 43 & 44)

15

16

          Defendant.

17

      Kevin Ferrell and Cheryl Baker, individually and on behalf of others, filed renewed

18

motions for final approval of their class-action settlement agreement and for attorneys' fees and

19

costs on October 19, 2021.  (Docs. 43 & 44.)  These motions replace the previous motions, filed

20

on January 6, 2021 (Docs. 32 & 33), which the Court denied because portions of the Private

21

Attorney General Act payment were scheduled to revert to Defendant Buckingham Property

22

Management (Doc. 39).  The Court's order noted the settlement agreement could otherwise be

23

approved.  (*Id.* at 11.)

24

      In this formulation, the only changes to the settlement agreement were the ones the Court

25

found objectionable.  (*Compare* Doc. 39 (order) *with* Doc. 43-2, Ex. 1 (amendment to settlement

26

agreement).)  Accordingly, the Court will grant the motion for final approval of the class-action

27

settlement (Doc. 43).

28

      The Court's previous order did not address the original motion for fees, costs and

1

1   enhancements.  Plaintiffs have now filed a revised motion.  (Doc. 44.)  For the following reasons,

2   that motion is granted in part.

3   **A.      Attorneys' Fees**

4           This Court has an "independent obligation to ensure that the award [of attorneys' fees],

5   like the settlement itself, is reasonable, even if the parties have already agreed to an amount."  *In*

6   *re Bluetooth*, 654 F.3d at 941.  This is because, when fees are to be paid from a common fund, the

7   relationship between the class members and class counsel "turns adversarial."  *In re Mercury*

8   *Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010); *In re Wash. Pub. Power Supply*

9   *Sys. Secs. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994).  As such, the district court assumes a

10  fiduciary role for the class members in evaluating a request for an award of attorneys' fees from

11  the common fund.  *In re Mercury*, 618 F.3d at 994; *see also Rodriguez v. Disner*, 688 F.3d 645,

12  655 (9th Cir. 2012); *W. Publ'g Corp.*, 563 F.3d at 968.

13          The Ninth Circuit has approved two methods for determining attorneys' fees in such cases

14  where the attorneys' fee award is taken from the common fund set aside for the entire settlement:

15  the "percentage of the fund" method and the "lodestar" method.  *Vizcaino v. Microsoft Corp.*, 290

16  F.3d 1043, 1047 (9th Cir. 2002) (citation omitted).  The district court retains discretion in

17  common fund cases to choose either method.  *Id.*; *Vu v. Fashion Inst. of Design & Merch.*, No.

18  14-cv-08822-SJO-E, 2016 WL 6211308, at *5 (C.D. Cal. Mar. 22, 2016).  Under either approach,

19  "[r]easonableness is the goal, and mechanical or formulaic application of method, where it yields

20  an unreasonable result, can be an abuse of discretion."  *Fischel v. Equitable Life Assurance Soc'y*

21  *of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002).  The Ninth Circuit has generally set a 25 percent

22  benchmark for the award of attorneys' fees in common fund cases.  *Id.* at 1047–48; *see also In re*

23  *Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for

24  a reasonable fee award, providing adequate explanation in the record of any 'special

25  circumstances' justifying a departure.").  Reasons to vary the benchmark award may be found

26  when counsel achieves exceptional results for the class, undertakes "extremely risky" litigation,

27  generates benefits for the class beyond simply the cash settlement fund, or handles the case on a

28  contingency basis.  *Vizcaino*, 290 F.3d at 1048–50; *see also In re Online DVD-Rental*, 779 F.3d

1    at 954–55.  Ultimately, however, "[s]election of the benchmark or any other rate must be

2    supported by findings that take into account all of the circumstances of the case."  *Vizcaino*, 290

3    F.3d at 1048.  The Ninth Circuit has approved the use of lodestar cross-checks as a way of

4    determining the reasonableness of a particular percentage recovery of a common fund.  *Id.* at

5    1050 ("Where such investment is minimal, as in the case of an early settlement, the lodestar

6    calculation may convince a court that a lower percentage is reasonable.  Similarly, the lodestar

7    calculation can be helpful in suggesting a higher percentage when litigation has been

8    protracted."); *see also In re Online DVD-Rental*, 779 F.3d at 955.

9         Class counsel has requested 35% of the common fund in attorneys' fees, amounting to

10   $210,000.  (Doc. 44.)

11           1.     <u>Percentage of the Fund</u>

12        There is a three-step process to apply the percentage-of-the-fund method:

13
14           First, the court will ascertain the size of the fund against which the
             percentage will be taxed.

15           Second, the court will review the percentage counsel seek, ensuring
16           that the fee resulting from application of that percentage is
             reasonable.

17           Third, the court will sometimes undertake a lodestar cross-check,
             comparing the percentage award to the time counsel expended on the
18           case at the prevailing hourly rates, to further ensure the fee's
             reasonableness.

19   5 Newberg on Class Actions § 15:68 (5th ed.); *cf. Vizcaino*, 290 F.3d at 1050-51 (approving use

20   of lodestar cross-check).

21        Notwithstanding the reversionary nature of the settlement agreement, the Court must use

22   the maximum settlement amount in step one.  *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d

23   1026, 1027 (9th Cir. 1997) (reversing district court's percentage-of-the-fund calculation of

24   attorneys' fees in settlement agreement where district court based percentage on amount claimed,

25   not amount possible to be claimed); *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 WL

26   10483569, at *12 (E.D. Cal. Sept. 2, 2011) ("It is well established that, in claims made or class

27   reversion cases where there is a maximum fund, and unclaimed funds revert to the defendant, it is

28   appropriate to award class fund attorneys' fees based on the gross settlement fund." (citing

                                             3

1    sources)).  Accordingly, the size of the fund is $600,000.

2         Class counsel's request of 35% exceeds the 25% benchmark in this circuit.  Thus, the

3    Court looks to see whether there are "special circumstances" to adjust the percentage recovery "in

4    light of the hours devoted to the case or other relevant factors."  *Six (6) Mexican Workers v. Az.*

5    *Citrus Growers*, 804 F.2d 1301, 1311 (9th Cir. 1990).  The Court looks to the following factors:

6              the extent to which class counsel achieved exceptional results for the
              class, whether the case was risky for class counsel, whether counsel's
7              performance generated benefits beyond the cash settlement fund, the
              market rate for the particular field of law (in some circumstances),
8              the burdens class counsel experienced while litigating the case (e.g.,
              cost, duration, foregoing other work), and whether the case was
9              handled on a contingency basis.

10    *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 954-55.  These factors are non-exhaustive.

11    *Steiner v. American Broadcasting Co.*, 248 F. App'x 780, 782 (unreported) (9th Cir. 2007) ("In

12    *Vizcaino*, we did not set forth narrow legal standards cabined by the particular set of

13    circumstances that the district court had found relevant.  Rather, we emphasized that in selecting a

14    reasonable percentage fee award in a common fund case the district court must consider all

15    relevant circumstances.").

16         The first factor is whether the class counsel achieved exceptional results.  The

17    reversionary settlement amounts to approximately 5% of the maximum settlement possible.

18    (Doc. 28 at 3 (court's calculation of maximum settlement amount).)  Counsel argues the

19    requested percentage is reasonable because the class will obtain immediate relief.  (Doc. 44 at 22–

20    23.)[1] Counsel does not explain why that makes the recovery exceptional.  In fact, the requested

21    $210,000 in fees is almost as much as the $221,991.58 going to the class.[2]  The parties' proposed

22    settlement agreements have been rejected three times for being insufficiently favorable to the

23    class: twice by the state court and once by this Court.  (*See* Docs. 1 ¶¶ 26–34 (noting two rejected

24    settlements at state court); 39 (previous order denying motion for final approval).)  Accordingly,

25    this factor does not weigh in favor of an enhancement.

26         The second factor is whether the case was risky.  Counsel argues it was but uses

27    _____

28    [1]  The relief is far from immediate.  In part because the parties have had three settlement agreements
    rejected, this case has proceeded for nearly eight years.
    [2]  $203,722.18 + $1,250.00 + $17,019.40 = $221,991.58.

                                        4

1   boilerplate arguments.  (Doc. 44 at 20.)  A main risk identified by Plaintiff in his motion for final

2   approval is Defendant's financial situation—or ability to pay a substantial judgment.  (Doc. 32 at

3   16–17.)  The parties briefed this issue after the final approval hearing.  (Doc. 35.)  The findings

4   and recommendations for the initial motion for final approval found that counsel "performed due

5   diligence and properly considered the financial condition of Defendant when structuring the terms

6   of the Settlement Agreement."  (Doc. 36 at 21 n.4.)  Thus, the Court finds support to increase

7   beyond the benchmark due to the riskiness of the case.

8        The third factor is whether counsel generated non-cash consideration to the class.

9   Counsel does not argue that it did.  The fourth factor is the market rate for the particular field of

10  law, when appropriate.  Counsel does not argue that this factor is relevant.  The fifth factor is the

11  burdens on class counsel.  This case was initially filed in 2014.  (Doc. 1-1 (state court summons

12  and complaint).)  However, much of the delay was due to counsel's failure to obtain an

13  approvable settlement agreement.  Therefore, the importance of this factor is reduced.  The sixth

14  factor is whether this was handled on contingency.  Counsel avers that it was.  (Doc. 44-4 ¶ 10.)

15       Counsel also argues that their skill and reputation favor an additional award.  The Court

16  does not find this factor relevant here given the three rejected settlement agreements. After

17  weighing the factors, the Court finds that the circumstances do not warrant an upward departure

18  from the 25% benchmark.  Although the reversionary portion of the settlement agreement could

19  warrant decreasing the percentage below the benchmark, the Court will not because counsel has

20  litigated this case for nearly eight years.

21                    2.    Lodestar Crosscheck

22       Counsel argues for a lodestar amount of $520,776, based on 500.1 hours at an hourly rate

23  of $780 and 190.8 hours at an hourly rate of $685.  (Doc. 44-1 at 24.)

24       Where a lodestar is merely being used as a cross-check, the court "may use a 'rough

25  calculation of the lodestar.'"  *Bond v. Ferguson Enters., Inc.*, No. 1:09-cv-1662-OWW-MJS,

26  2011 WL 2648879, at *12 (E.D. Cal. June 30, 2011) (quoting *Fernandez v. Victoria Secret

27  Stores, LLC*, No. 06-cv-04149-MMM-SHx, 2008 WL 8150856 (C.D. Cal. July 21, 2008)).

28  Beyond simply the multiplication of a reasonable hourly rate by the number of hours worked, a

1    lodestar multiplier is may be applied.  "Multipliers in the 3–4 range are common in lodestar

2    awards for lengthy and complex class action litigation."  *Van Vranken v. Atl. Richfield Co.*, 901 F.

3    Supp. 294, 298 (N.D. Cal. 1995) (citing *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549

4    (S.D. Fla. 1988)); *see also* 4 NEWBERG ON CLASS ACTIONS § 14.7 (courts typically approve

5    percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher, and "the multiplier

6    of 1.9 is comparable to multipliers used by the courts"); *In re Prudential Ins. Co. Am. Sales*

7    *Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998) ("[M]ultiples ranging from one to

8    four are frequently awarded in common fund cases when the lodestar method is applied.")

9    (quoting NEWBERG).

10          In its order granting preliminary approval, the Court warned Plaintiff's counsel that "the

11   assigned magistrate judge will carefully re-examine the award of attorneys' fees and conduct a

12   final lodestar cross-check."  (Doc. No. 28 at 7.)  The magistrate judge noted that the difficulties of

13   performing a cross-check because of the parties' block billing.  (Doc. 36 at 52–56.)  Nonetheless,

14   the magistrate judge conducted a cross-check at the initial approval stage—which used the same

15   calculations for the lodestar crosscheck as at final approval (*compare* Docs. 33 & 44)—and

16   determined that the cross-check showed a lodestar amount of $208,310.40 after discounting for

17   block billing and excessive rates.  (Doc. 36 at 56.)  If the Court were conducting a full analysis, it

18   would likely find an even lower number because the Court finds that many entries were

19   excessively billed.  Counsel billed 15 hours to negotiate and to draft the first settlement

20   agreement, 9.5 hours for the second, and 14.25 for the third.  (Doc. 44-4 at 24.)  The first two

21   settlement agreements look substantially similar and appear to be based on a form.  (*Compare*

22   Doc. 1-10, at 46–83 *with* Doc. 1-13, at 2–42.)  *See also Ruiz v. Towne Air Freight, Inc.*, No. CV

23   15-2853 DWF (SSx), 2018 WL 5936551, at *2 (C.D. Cal. March 13, 2018) (for some of the same

24   counsel as here, criticizing number of hours billed because "counsel's charges for tasks such as

25   discovery, drafting, research, etc., appear clearly excessive for counsel that file so many very

26   similar cases.").  Moreover, it seems unreasonable to bill the class for the entirety of drafting

27   settlement agreements that courts determined were unfair to class members.  Accordingly, the

28   Court finds that a lodestar crosscheck does not warrant an increase from the Ninth Circuit's

benchmark.

**B.      Remaining Costs**

The motion also contains requests for expenses of class counsel, representative enhancements, and settlement administrator costs.  Specifically, class counsel Lawyers for Justice PC request $22,227.07 in costs and Protection Law Group, LLP requests $385 in costs.  Each of the two named Plaintiffs requests $3,000 in representative enhancements.  The settlement administrator is set to be paid $16,000.  (Doc. 44.)  These amounts were the same in the original fee motion.  (*See* Doc. 33.)  The magistrate judge found them to be reasonable and recommended approving them for the initial motion for final approval.  (*See* Doc. 36 at 57–59.)  The Court agrees and will award those amounts.

<div align="center">

**CONCLUSION**

</div>

The Court will grant the motion for final approval and grant, in part, the motion for attorneys' fees and costs.  Because the attorneys' fees are being reduced below the requested amount to $150,000, the remaining amounts being provided to the PAGA class and the FLSA collective will change.  Accordingly, the Court will order Plaintiffs to file a revised proposed order.  Accordingly,

    1.   The Court grants the motion for final approval (Doc. 43);

    2.   The Court grants, in part, the motion for attorneys' fees and costs (Doc. 44), as set forth above; and

    3.   Within 21 days, the parties shall file a revised proposed order.

IT IS SO ORDERED.

Dated:   **January 25, 2022**

UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 300 S. Grand Ave., Suite 1500, Los Angeles, CA 90071.

On September 6, 2022, I served a true copy of the following document described as:

**DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC.'S
NOTICE OF REMOVAL**

on the interested parties in this action as follows:

| | |
|---|---|
| Edwin Aiwazian (SBN 232943)<br>LAWYERS *for* JUSTICE, PC<br>410 West Arden Avenue, Suite 203<br>Glendale, California 91203<br>Tel: (818) 265-1020<br>Fax: (818) 265-1021 | Attorneys for Plaintiff |

☒     by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below. by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☒     by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 6, 2022, in Los Angeles, California.

*/s/Dana Chan*
DANA CHAN

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213)337-6550